IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. Corp. d/b/a BECKETT APOTHECARY, et al., Plaintiffs, ) ) ) v. ) ) WYETH-AYERST LABORATORIES, INC., ) et al., Defendants. ) | CIVIL ACTION NO. C-1-01-704 Judge Sandra S. Beckwith Magistrate Judge Timothy S. Hogan |

CERTIFICATION OF MAILING AND PUBLICATION
OF CLASS NOTICE AND REPORTING ON OPT-OUTS

As set forth in the Declaration of Jay S. Cohen Certifying Mailing and Publication of Class Notice and Reporting on Opt-Outs, and pursuant to this Court's Orders of May 8, 2003 and August 20, 2003, Plaintiffs state the following:

1. On September 9, 2003, twenty-thousand and fourteen (20,014) copies of the Notice of Pendency of Class Action were mailed to class members by first class mail, postage prepaid.

2. On September 29, 2003, The Summary Notice of Pendency of Class Action was published in *Chain Drug Review* and *The Pink Sheet*.

3. Nine (9) opt-outs have been received which were postmarked by the exclusion deadline of November 10, 2003.

Respectfully submitted,

MURDOCK GOLDENBERG
SCHNEIDER & GROH, L.P.A.

_____
Theresa L. Groh, No. 0029806
700 Walnut Street, Suite 400

Dated: December 16th, 2003

Cincinnati, OH 45202-2011
Tel: (513) 345-8291
Fax: (513) 345-8294

*Liaison Counsel for Direct
Purchaser Plaintiffs*

Eugene A. Spector
Jay S. Cohen
**SPECTOR, ROSEMAN & KODROFF, P.C.**
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611

Laddie Montague, Jr.
Ruthanne Gordon
Eric L. Cramer
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

*Co-Lead Counsel for Direct
Purchaser Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. Corp. d/b/a BECKETT APOTHECARY, et al., Plaintiffs, ) ) ) v. ) ) WYETH-AYERST LABORATORIES, INC., ) et al., Defendants. ) | CIVIL ACTION NO. C-1-01-704 Judge Sandra S. Beckwith Magistrate Judge Timothy S. Hogan |

## DECLARATION OF JAY S. COHEN CERTIFYING MAILING AND PUBLICATION OF CLASS NOTICE AND REPORTING ON OPT-OUTS

I, Jay S. Cohen, co-lead counsel for Plaintiffs, declare as follows:

Pursuant to this Court's Order of May 8, 2003 certifying the Class and this Court's further Order of August 20, 2003 authorizing Plaintiffs' motion to disseminate the Notice of Pendency of Class Action, Plaintiffs state the following:

1. On September 9, 2003, twenty-thousand and fourteen (20,014) copies of the Notice of Pendency of Class Action were mailed to class members by first class mail, postage prepaid by Smith-Edwards-Dunlap Printing Company. An affidavit to this effect by Tim Walters, Production Coordinator, is attached as Exhibit "A". One-hundred twenty-nine (129) returned pieces were remailed by Valley Forge Administrative Services for which updated addresses were obtained.

2. The Summary Notice of Pendency of Class Action was published in *Chain Drug Review* on September 29, 2003. An affidavit to this effect is attached hereto as Exhibit "B".

3. The Summary Notice of Pendency of Class Action was also published in *The Pink Sheet* on September 29, 2003. An affidavit to this effect is attached hereto as Exhibit "C".

4. Exclusions from the Class were to be postmarked no later than November 10, 2003.

Nine (9)[1] opt-outs have been received postmarked within the time period. No late exclusion requests have been received. The nine opt-outs are as follows:

1. Francoise Rothman, M.D.

2. Arlington Pharmacy

3. Peckenpaugh Drug Co.

4. Elliotts Pharmacy

5. Susquehanna Drug Stores

6. Deer Creek Drug

7. CVS Meridian, Inc. by and through:

    a. Its subsidiaries and affiliates ("CVS").

    b. Cardinal Health with respect to goods resold to CVS.

    c. National PharmPak with respect to goods resold to CVS.

    d. Bindley-Western, Inc. with respect to goods resold to CVS.

8. Rite Aid Corporation by and through:

    a. Its subsidiaries and affiliates.

    b. McKesson Corp. with respect to goods resold to Rite Aid.

9. Abts Pharmacy, Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
JAY S. COHEN

---

[1] An additional letter received from Family HealthCare Center and Family HealthCare Pharmacy, NDSV noted they were a federal community health center not entitled to participate- federal governmental entities are not part of the Class. Therefore, this was not an opt-out.

# EXHIBIT A

EXHIBIT B

# RACHER PRESS INC.

*Publishers of:*

Chain Drug Review

MMR

RX Mass Market Retail Pharmacy

October 3, 2003

Smith-Edwards-Dunlap
2867 E. Allegheny Ave
Philadelphia, PA  19134

To Whom It May Concern:

This is to verify that the legal notice for Wyeth Premarin Litigation ran in Chain Drug Review on September 29, 2003, attached is a copy of the legal notice for verification.

Sincerely,

*Barbara G. Cirruzzo*
Barbara A. Cirruzzo
Accounts Receivable Manager

MYRA T. DOMANTAY
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES APRIL 26, 2006

*Myra Domantay*

Sworn to and subscribed before me
this 3 day of Oct 2003

RX/NEWS

# Study: Independents Tops in Consumer Satisfaction

ALEXANDRIA, Va. — According to a nationwide survey of consumer satisfaction published in *Consumer Reports* magazine, independent pharmacies were rated tops among all retail pharmacy outlets.

In an article titled "Time to Switch" the magazine stated, "If you're among the 47% of Americans who get medicine from the drug store giants, here's a prescription:

Try shopping somewhere else. The best place to look is one of the independent pharmacies making a comeback throughout the United States."

The survey included 32,000 readers who described their experiences at 31 national and regional mass retail chains, including CVS Corp., Walgreen Co., Rite Aid Corp., Publix Super Markets Inc., Wal-Mart Stores Inc. and Target Corp. as well as numerous independent pharmacies.

Over 85% of respondents were very satisfied or completely satisfied with their independent pharmacy experience, compared with 58% of chain drug store customers.

When consumers did favor drug store chains and supermarkets the survey points out that typically these were family-owned pharmacies or businesses in which workers have a stake, such as Medicine Shoppe International Inc.'s independent pharmacies.

"It is gratifying to know that our patients value the high level of service they receive from their independent pharmacist," remarks Joe Smith, president of th National Community Pharmacists Association.

## Coverage Slips

WASHINGTON — Fewer employed Americans are the beneficiaries of health plans from their employers, while others are seeing premiums rise and coverage decline, according to the Bureau of Labor Statistics.

It says less than 50% of all workers now have health insurance through their employers compared with about two-thirds about 10 years ago.

Other factors that have caused coverage to fall include shifts in the composition of the workforce and the economic decline over the last few years. For example, there has been a steady rise in the percentage of workers employed by service companies — a segment that is less likely to offer health coverage than the manufacturing industry and other groups.

The study finds 45% of the nation's employees have insurance at work, down from 63% in 1993.

The bureau blames rising premiums as the main reason why workers are dropping coverage at a time when copayments for drugs and fees for office visits are increasing.

Employees pay an average premium of $60.24 for a single plan and $228.98 for a family, compared with the respective 1993 rates of $34.09 and $130.65.

About one-third of workers earning less than $15 an hour are covered by health insurance, compared with nearly two-thirds for those earning more money.

## Cholesterol Drugs Don't Pose Risk

CHICAGO — Popular cholesterol-lowering drugs do not appear to raise the risk of suicide and may actually reduce depression, according to researchers.

While a number of previous studies appeared to link older cholesterol-lowering drugs to increased risk of suicide, aggression and unintentional injury, recent research refutes this.

The latest study, an analysis of data on nearly 95,000 adults in the United Kingdom, included 458 diagnosed with depression and 105 who thought about, attempted or com-

---

# ANYONE WHO PURCHASED PREMARIN IN THE U.S.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

J.B.D.L. Corp., d/b/a
BECKETT APOTHECARY, et al.,
    Plaintiffs,
vs.
WYETH-AYERST LABORATORIES, INC., et al.,
    Defendants.

Civil Action No. C-1-01-704

Judge Sandra S. Beckwith
Magistrate Judge Timothy S. Hogan

### SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

**THIS NOTICE MAY AFFECT YOUR RIGHTS
PLEASE READ CAREFULLY.**

**To:** All persons and entities who purchased Premarin in the United States directly from Wyeth-Ayerst Laboratories, Inc. ("Wyeth") at any time during the period from March 24, 1999 through May 12, 2003, excluding Wyeth and its officers, directors, management, employees, corporate parents, subsidiaries, and/or affiliates, federal governmental entities, pharmacy benefits managers, and/or managed care organizations.

Your rights may be affected by a lawsuit, *J.B.D.L. Corp. et al. v. Wyeth-Ayerst Laboratories, Inc., et al.*, Case No. C-1-01-704 (the "Class Action"), now pending before the United States District Court for the Southern District of Ohio (the "Court"), brought by J.B.D.L. Corporation and McHugh Pharmacy Wynnewood, Inc. ("Plaintiffs") on behalf of themselves and certain other similarly situated direct purchasers of Premarin (the "Class"), against the defendants Wyeth Pharmaceuticals, Inc. (formerly known as Wyeth Laboratories, Inc.), the marketer of Premarin and Wyeth (formerly known as American Home Products Corporation) (collectively "Wyeth" or "Defendants"), its parent corporation.

In the Class Action, Plaintiffs allege that Wyeth unreasonably restrained trade in violation of the federal antitrust laws through the use of alleged exclusive and "disguised" exclusive dealing contracts between Wyeth and pharmacy benefits managers ("PBMs") or managed care organizations ("MCOs"). Plaintiffs specifically allege that Wyeth has market dominance with respect to Premarin and has leveraged such market dominance to induce PBMs and MCOs to enter into exclusive dealing arrangements. Plaintiffs further allege that these contracts have effectively prevented PBMs, MCOs, and their drug formularies from competitively offering Cenestin, a conjugated estrogen product that competes with Premarin. Plaintiffs claim that Wyeth's alleged anti-competitive conduct has severely restricted the sales of Cenestin, thereby allowing Wyeth to unlawfully maintain and exploit its alleged monopoly. Plaintiffs claim that Wyeth's conduct caused Class members to overpay on their purchases of Premarin. The Class Action seeks damages under Section 4 of the Clayton Act to recover treble (triple) the amount of any anti-competitive overcharge, plus reasonable attorneys' fees and costs.

Defendants have denied Plaintiffs' allegations and raised affirmative defenses. Specifically, Wyeth asserts that its contracts offer PBMs and MCOs rebates for placing Premarin in a preferred position and/or for making Premarin the sole conjugated estrogen on their drug formularies. Wyeth claims that such contracts are common in the industry and do not foreclose competition but foster competition and lower the cost of Premarin to consumers. Wyeth further asserts that its contracts have not restricted the availability of Cenestin and that Cenestin has been reimbursed for a majority of PBM and MCO members. Wyeth claims that Cenestin's sales have not been unlawfully restricted thereby permitting Wyeth to overcharge for Premarin but rather have been consistent with Cenestin's fewer therapeutic indications and limited promotional support compared to Premarin.

The Court has not ruled on the merits of Plaintiffs' claims or on the denials and other defenses made by the Defendants. The Court has, however, ruled that this lawsuit may proceed as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who have directly purchased Premarin from Defendant Wyeth at any time from March 24, 1999 through and including May 12, 2003. Excluded from the Class are all defendants in this lawsuit, and their officers, directors, management and employees, subsidiaries or affiliates, and federal governmental entities. Also excluded from the Class are pharmacy benefit managers and managed care organizations. You may be a member of this Class. The purpose of this notice is to advise you of your rights as a potential Class member.

The parties plan to conduct pre-trial discovery on the issues of liability, causation and damages. The Court has not yet set a trial date.

Persons and entities that have been identified as possible members of the Class are being advised by mail of their rights with respect to the lawsuit, including the right to exclude themselves from the Class if they so desire. If you believe that you are or may be a member of the Class as defined above but have not yet received the mailed "Notice of Pendency of Class Action," you may obtain a copy by sending a written request and giving your full name and address to:

    Premarin Direct Purchaser Antitrust Litigation
    c/o Valley Forge Administrative Services
    P.O. Box 220
    Villanova, PA 19085

You will then be mailed a more detailed explanation of your rights in this litigation and be placed on the mailing list for future notifications regarding the suit.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

Dated: August 20, 2003

    Office of the Clerk
    United States District Court
    Southern District of Ohio
    Potter Stewart U.S. Courthouse
    Room 324
    100 East Fifth Street
    Cincinnati, Ohio 45202

EXHIBIT C

Case 1:01-cv-00704-SSB-TSH   Document 74   Filed 12/16/2003   Page 9 of 12



**F-D-C REPORTS, Inc.**

5550 Friendship Blvd., Suite One, Chevy Chase, MD 20815 ■ (301) 657-9830



# Memo

**To:** Peter Pakradooni
**From:** Nicole Deschamps
**Date:** 10/8/2003
**Re:** Valley Forge Administration

---

This is to verify the legal notice, which ran in The Pink Sheet on 9/29/2003. The 1/2 page black and white display ad ran as the first right hand page in the publication, facing editorial page 18.

Thank you and please contact me with any questions or concerns.

Nicole Deschamps

*[signature]*

STATE OF MARYLAND, COUNTY OF MONTGOMERY, to wit:

I hereby certify that on the 8th day of October, 2003, before me, the subscriber, a notary public of the State of Maryland, in and for Montgomery County, personally appeared **Nicole Deschamps** and made an oath in due form of law that the matters and facts in this bill of sale are true.

As witness, my hand and notarial seal.

*[signature]*

RICHARD C. BROWNE JR.
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires December 1, 2005

● Page 1

## Physician and Scientific Recruiting Specialists Serving the Pharmaceutical and Biotechnology Industries

**Eagle Research, Inc.** is committed to physician and scientific recruiting. Fifteen years of experience and vast networking capabilities result in successfully matching candidates with our client companies nationwide.

For a confidential discussion regarding the next appropriate step in YOUR career, please contact us via phone, fax, email, or online questionnaire.

### EAGLE RESEARCH, INC. 
373D Route 46 West • Fairfield, NJ 07004
Tel: 973-244-0992 • Fax: 973-244-1239
www.eagleresearch.net • eagle@eagleresearch.net
Annette S. Baron, President

**PAREXEL** International Corporation is one of the world's largest Contract Research Organizations. Our success is based on a reputation for providing high quality and highly focused services to the pharmaceutical, biotech and medical devices industries - a reputation we're striving hard to enhance every day.
**PAREXEL** currently has the following exciting opening:

### Associate Director
### Payer Relations

As part of our Health Policy and Payer Relations team, based in the Washington, DC metro area, you will direct a team of healthcare consultants in consulting with pharmaceutical, biotech and medical device clients in areas of health policy, patient access and reimbursement, including advising clients on policy information and product pricing, interviewing industry thought-leaders, acting as liaison to third-party payers, and preparing summaries of key issues. Will also develop new business with existing clients, recruit new clients and publish reimbursement articles in industry media. Requires Master's in Business/Public Administration, Public Health Policy or other relevant discipline; at least 5 to 7 years' industry experience (e.g., in a leading healthcare consulting firm, policy think tank, provider association, government agency or relevant manufacturer); and ability to work in a high-pressure environment. Relocation not required.

Please forward resumes and salary requirements to Sueann Knecht at:
**PAREXEL** International Corporation, 5820 Trinity Parkway, Suite 600, Centreville, VA 20120. Fax: 703-310-2517; Email: sueann.knecht@parexel.com



### Make a difference. Make an impact.

**PAREXEL** International Corporation is an equal opportunity employer that develops strength through diversity.



www.parexel.com                    *Clinically thinking*

---

### ANYONE WHO PURCHASED PREMARIN IN THE U.S.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. Corp., d/b/a BECKETT APOTHECARY, et al., | Civil Action No. C-1-01-704 |
| Plaintiffs, | Judge Sandra S. Beckwith |
| vs. | Magistrate Judge Timothy S. Hogan |
| WYETH-AYERST LABORATORIES, INC., et al., | |
| Defendants. | |

### SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

**THIS NOTICE MAY AFFECT YOUR RIGHTS
PLEASE READ CAREFULLY.**

**To:** All persons and entities who purchased Premarin in the United States directly from Wyeth-Ayerst Laboratories, Inc. ("Wyeth") at any time during the period from March 24, 1999 through May 12, 2003, excluding Wyeth and its officers, directors, management, employees, corporate parents, subsidiaries, and/or affiliates, federal governmental entities, pharmacy benefits managers, and/or managed care organizations.

Your rights may be affected by a lawsuit, *J.B.D.L. Corp. et al. v. Wyeth-Ayerst Laboratories, Inc., et al.*, Case No. C-1-01-704 (the "Class Action"), now pending before the United States District Court for the Southern District of Ohio (the "Court"), brought by J.B.D.L. Corporation and McHugh Pharmacy Wynnewood, Inc. ("Plaintiffs") on behalf of themselves and certain other similarly situated direct purchasers of Premarin (the "Class"), against the defendants Wyeth Pharmaceuticals, Inc. (formerly known as Wyeth Laboratories, Inc.), the marketer of Premarin and Wyeth (formerly known as American Home Products Corporation) (collectively "Wyeth" or "Defendants"), its parent corporation.

In the Class Action, Plaintiffs allege that Wyeth unreasonably restrained trade in violation of the federal antitrust laws through the use of alleged exclusive and "disguised" exclusive dealing contracts between Wyeth and pharmacy benefits managers ("PBMs") or managed care organizations ("MCOs"). Plaintiffs specifically allege that Wyeth has market dominance with respect to Premarin and has leveraged such market dominance to induce PBMs and MCOs to enter into exclusive dealing arrangements. Plaintiffs further allege that these contracts have effectively prevented PBMs, MCOs, and their drug formularies from competitively offering Cenestin, a conjugated estrogen product that competes with Premarin. Plaintiffs claim that Wyeth's alleged anti-competitive conduct has severely restricted the sales of Cenestin, thereby allowing Wyeth to unlawfully maintain and exploit its alleged monopoly. Plaintiffs claim that Wyeth's conduct caused Class members to overpay on their purchases of Premarin. The Class Action seeks damages under Section 4 of the Clayton Act to recover treble (triple) the amount of any anti-competitive overcharge, plus reasonable attorneys' fees and costs.

Defendants have denied Plaintiffs' allegations and raised affirmative defenses. Specifically, Wyeth asserts that its contracts offer PBMs and MCOs rebates for placing Premarin in a preferred position and/or for making Premarin the sole conjugated estrogen on their drug formularies. Wyeth claims that such contracts are common in the industry and do not foreclose competition but foster competition and lower the cost of Premarin to consumers. Wyeth further asserts that its contracts have not restricted the availability of Cenestin and that Cenestin has been reimbursed for a majority of PBM and MCO members. Wyeth claims that Cenestin's sales have not been unlawfully restricted thereby permitting Wyeth to overcharge for Premarin but rather have been consistent with Cenestin's fewer therapeutic indications and limited promotional support compared to Premarin.

The Court has not ruled on the merits of Plaintiffs' claims or on the denials and other defenses made by the Defendants. The Court has, however, ruled that this lawsuit may proceed as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who have directly purchased Premarin from Defendant Wyeth at any time from March 24, 1999 through and including May 12, 2003. Excluded from the Class are all defendants in this lawsuit, and their officers, directors, management and employees, subsidiaries or affiliates, and federal governmental entities. Also excluded from the Class are pharmacy benefit managers and managed care organizations. You may be a member of this Class. The purpose of this notice is to advise you of your rights as a potential Class member.

The parties plan to conduct pre-trial discovery on the issues of liability, causation and damages. The Court has not yet set a trial date.

Persons and entities that have been identified as possible members of the Class are being advised by mail of their rights with respect to the lawsuit, including the right to exclude themselves from the Class if they so desire. If you believe that you are or may be a member of the Class as defined above but have not yet received the mailed "Notice of Pendency of Class Action," you may obtain a copy by sending a written request and giving your full name and address to:

Premarin Direct Purchaser Antitrust Litigation
c/o Valley Forge Administrative Services
P.O. Box 220
Villanova, PA 19085

You will then be mailed a more detailed explanation of your rights in this litigation and be placed on the mailing list for future notifications regarding the suit.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

| | |
|---|---|
| Dated: August 20, 2003 | Office of the Clerk<br>United States District Court<br>Southern District of Ohio<br>Potter Stewart U.S. Courthouse<br>Room 324<br>100 East Fifth Street<br>Cincinnati, Ohio 45202 |

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Certification of Mailing and Publication Of Class Notice and Report on Opt-Outs has been served this 16th day of December, 2003, by first class mail on the following:

Grant S. Cowan, Esquire
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202

David S. Eggert, Esquire
Asim Varma, Esquire
ARNOLD & PORTER
Thurman Arnold Building
555 Twelfth Street, N.W.
Washington, D.C. 20004

W. Gordon Dobie, Esquire
Peggy M. Balesteri, Esquire
WINSTON & STRAWN
35 West Wacker Drive
Chicago, IL 60601

_____
Theresa Groh