IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| J.B.D.L. Corp., d/b/a<br>BECKETT APOTHECARY, et al.,<br>　　　　　　　　Plaintiffs,<br>　　　vs.<br>WYETH-AYERST LABORATORIES, INC., et al.,<br>　　　　　　　　Defendants | Civil Action No. C-1-01-704<br><br>Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |

### AFFIDAVIT OF SMITH-EDWARDS-DUNLAP PRINTING COMPANY
### IN CONNECTION WITH NOTICE BY MAILING

**COMMONWEALTH OF PENNSYLVANIA**　　　：　SS:
**COUNTY OF PHILADELPHIA**

　　BE IT KNOWN that appeared before me Tim Walters who being duly sworn deposes and says that:

　　1. He is Production Coordinator of Smith-Edwards-Dunlap Printing Company, Agents for Valley Forge Administrative Services which was retained to aid in giving notice to the Settlement Class in this matter.

　　2. Using information supplied to us, Smith-Edwards-Dunlap Printing Company addressed and delivered on September 9, 2003 to the United States Post Office, at 30th Street Station, Philadelphia, Pennsylvania, 20,014 pieces of First Class Presort Mail of the attached material marked "Exhibit A".

SWORN TO AN SUBSCRIBED TO

before me this __10__ day of

__Sept.__, 20__03__.

_Tim Walters_ (signature)

Tim Walters

_Margaret M Witalec_ (signature)
NOTARY PUBLIC

NOTARIAL SEAL
MARGARET M. WITALEC, Notary Public
City of Philadelphia, Phila. County
My Commission Expires February 25, 2006



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. Corp., d/b/a<br>BECKETT APOTHECARY, et al.,<br><br>                          Plaintiffs,<br><br>     vs.<br><br>WYETH-AYERST LABORATORIES, INC., et al.,<br><br>                          Defendants. | Civil Action No. C-1-01-704<br><br>Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |

## NOTICE OF PENDENCY OF CLASS ACTION

TO: ALL PERSONS AND ENTITIES WHO PURCHASED PREMARIN IN THE UNITED STATES DIRECTLY FROM WYETH-AYERST LABORATORIES, INC. ("WYETH") AT ANY TIME DURING THE PERIOD FROM MARCH 24, 1999 THROUGH MAY 12, 2003, EXCLUDING WYETH AND ITS OFFICERS, DIRECTORS, MANAGEMENT, EMPLOYEES, CORPORATE PARENTS, SUBSIDIARIES, AND/OR AFFILIATES, FEDERAL GOVERNMENTAL ENTITIES, PHARMACY BENEFITS MANAGERS, AND/OR MANAGED CARE ORGANIZATIONS.

### I. PURPOSE OF NOTICE

Your rights may be affected by a lawsuit, *J.B.D.L. Corp. et al. v. Wyeth-Ayerst Laboratories, Inc., et al.*, Case No. C-1-01-704 (the "Class Action"), now pending before the United States District Court for the Southern District of Ohio (the "Court"), brought by J.B.D.L. Corporation and McHugh Pharmacy Wynnewood, Inc. ("Plaintiffs"), on behalf of themselves and certain other similarly situated direct purchasers of Premarin (the "Class"), against the defendants Wyeth Pharmaceuticals, Inc. (formerly known as Wyeth-Ayerst Laboratories, Inc.), the marketer of Premarin and Wyeth (formerly known as American Home Products Corporation) (collectively "Wyeth" or "Defendants"), its parent corporation.

Plaintiffs allege that Wyeth has market dominance with respect to Premarin and has leveraged such market dominance in violation of sections 1 & 2 of the Sherman Act by entering into exclusive and "disguised" exclusive dealing contracts with pharmacy benefits managers ("PBMs") and managed care organizations ("MCOs"). Plaintiffs further allege that these contracts have effectively prevented PBMs, MCOs, and their drug formularies from competitively offering Cenestin, a conjugated estrogen product that competes with Premarin. Plaintiffs claim Wyeth's alleged anti-competitive conduct has severely restricted the sales of Cenestin, thereby allowing Wyeth to unlawfully maintain and exploit its alleged monopoly. Plaintiffs claim that Wyeth's conduct caused Plaintiffs and the Class to overpay on their purchases of Premarin. The Class Action seeks damages under Section 4 of the Clayton Act to recover treble (triple) the amount of any anti-competitive overcharge, plus reasonable attorneys' fees and costs.

Defendants deny Plaintiffs' allegations, and have raised several affirmative defenses. Specifically, Wyeth asserts that its contracts offer PBMs and MCOs rebates for placing Premarin in a preferred position and/or for making Premarin the sole conjugated estrogen on their drug formularies. Wyeth claims that such contracts are common in the industry and do not foreclose competition but foster competition and lower the cost of Premarin to consumers. Wyeth further asserts that its contracts have not restricted the availability of Cenestin and that Cenestin has been reimbursed for a majority of PBM and MCO members. Wyeth claims that Cenestin's sales have not been unlawfully restricted thereby permitting Wyeth to overcharge for Premarin but rather have been consistent with Cenestin's fewer therapeutic indications and limited promotional support compared to Premarin.

Pre-trial discovery on the issues of liability, causation, and damages, as well as on Defendants' defenses, is ongoing. The Court has not ruled on the merits of Plaintiffs' claims or on the denials and other defenses made by the Defendants. The Court has not yet set a trial date.

On May 12, 2003, the Court ruled that Plaintiffs' lawsuit may proceed as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure. You may be a member of this Class. The purpose of this notice is to advise you of your rights as a potential Class member.

### II. THE CLASS ACTION RULING

The Court has ruled that this lawsuit may be maintained under the federal antitrust laws not only by the individual Plaintiffs named in the Complaint but also on behalf of a class consisting of other direct purchasers of

Premarin as defined below. The Court has approved J.B.D.L. Corp. and McHugh Pharmacy Wynnewood, Inc. as Class representatives and has appointed the law firms of Spector, Roseman & Kodroff, P.C. and Berger & Montague, P.C. as co-lead counsel for the Class.

**Definition of the Class.** The Class is defined as:

> All persons and entities who purchased Premarin in the United States directly from Wyeth-Ayerst Laboratories, Inc. (now known as "Wyeth") at any time during the period from March 24, 1999 through May 12, 2003, excluding Wyeth and its officers, directors, management, employees, corporate parents, subsidiaries, and/or affiliates, federal governmental entities, pharmacy benefits managers, and/or managed care organizations.

The rulings by the Court to date, including the certification of the Class, do not mean that any recovery will necessarily be obtained for Class members. For instance, the Court has not yet ruled on whether Wyeth had a monopoly, maintained it illegally, or whether Wyeth's alleged exclusive dealing contracts caused Class members any harm. The Class certification ruling simply means that the final outcome of the lawsuit, whether favorable to the Class or to the Defendants, will apply in like manner to every Class member who does not timely elect to be excluded from the Class, as set forth below. The Court may reconsider its decision by decertifying the Class, modifying the definition of the Class, or creating subclasses in light of future developments.

The Class is limited to those persons and companies that have made at least one purchase of Premarin directly from Wyeth any time from March 24, 1999 through and including May 12, 2003. If you have bought Premarin during this period, but only indirectly, from sources other than Wyeth (for example, only from wholesalers or retailers), you are not a member of the Class on whose behalf this suit will be maintained.

### III. ELECTION BY CLASS MEMBERS

If you fit the above description of a Class member, you have a choice as to whether or not to remain a member of the Class on whose behalf this suit is being maintained. This choice will have consequences, which you should understand before making your decision.

1. If you want to remain a member of the Class, you are *not* required to do anything at this time. By remaining a Class member, any claims against the Defendants for damages under the federal antitrust laws arising from the Defendants' conduct as alleged by the Class representatives will be determined in this case and cannot be presented in any other lawsuit.

2. If you want to be excluded from the Class, you must send in writing your name, present address, and your request for exclusion from the Class to Premarin Direct Purchaser Antitrust Litigation, c/o Valley Forge Administrative Services, P.O. Box 220, Villanova, PA 19085, by first-class mail, postmarked no later than November 10, 2003. By making an election to be excluded:

    (a) you will not share in any recovery that might be paid to the Class as a result of trial or settlement of this lawsuit;

    (b) you will not be bound by any decision on this lawsuit favorable to the Defendants;

    (c) you may present any claim you may have against the Defendants by filing your own lawsuit, or you may seek to intervene in this lawsuit.

### IV. RIGHTS AND OBLIGATIONS OF CLASS MEMBERS

If you remain a member of this Class:

1. The Plaintiffs and their attorneys will act as your representatives and counsel for the presentation of the case against the Defendants. Plaintiffs' counsel will advance all costs of litigation. If the Class obtains no recovery, you will not be required to pay any court costs or attorneys' fees. If any monies are recovered for the Class, then all fees and expenses of counsel for the Class will be paid only out of any recovery by the Class as determined by the Court.

2. Any Class member who does not request exclusion may, if the Class member desires, also enter an appearance through its own counsel at its own expense. You may also seek to intervene individually and may advise the Court at any time you consider that you are not being fairly and adequately represented by the representative Plaintiffs and counsel for the Class.

3. Your participation in any recovery, which may be obtained from the Defendants through trial or settlement, will depend on the result of this lawsuit. If no recovery is obtained for the Class, you will be bound by that result as well.

4. You may be required as a condition to participating in any recovery through settlement or trial to present evidence respecting your purchases of Premarin, including, among other data, the amounts in units and dollars and the net price paid, during the relevant time period. You should, therefore, preserve invoices and other records reflecting this information.

2

5. You will be entitled to receive notice of any ruling affecting the Class and also notice of, and an opportunity to be heard respecting, any proposed settlement or dismissal of the Class claims. For this reason, as well as to participate in any recovery, you must notify Premarin Direct Purchaser Antitrust Litigation, c/o Valley Forge Administrative Services, P.O. Box 220, Villanova, PA 19085 of any correction or changes in your name or address.

## V. ADDITIONAL INFORMATION

Any corrections or changes of name or address should not be directed to the Court but should be directed in writing to:

> Premarin Direct Purchaser Antitrust Litigation
> c/o Valley Forge Administrative Services
> P.O. Box 220
> Villanova, PA 19085

If you decide to remain a member of the Class and wish to communicate with Co-Lead Counsel as your attorney in this litigation, you may do so by contacting either Co-Lead Counsel:

| | |
|---|---|
| Eugene A. Spector | H. Laddie Montague, Jr. |
| Jay Cohen | Ruthanne Gordon |
| **SPECTOR, ROSEMAN &** | Eric L. Cramer |
| **KODROFF, P.C.** | **BERGER & MONTAGUE, P.C.** |
| 1818 Market Street, Suite 2500 | 1622 Locust Street |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 |
| (215) 496-0300 | (215) 875-3000 |

You may, of course, seek the advice and guidance of your own attorney if you desire and at your own expense. The portion of the pleadings and other records of this litigation that is publicly available may be examined and copied at any time during regular office hours at Office of the Clerk, United States District Court, Southern District of Ohio, Western Division, Potter Stewart U.S. Courthouse, Room 324, 100 East Fifth Street, Cincinnati, Ohio 45202.

## VI. REMINDER AS TO TIME LIMIT

If you wish to be excluded from the Class you must so indicate in writing to the Premarin Direct Purchaser Antitrust Litigation, c/o Valley Forge Administrative Services, P.O. Box 220, Villanova, PA 19085, by first-class mail postmarked no later than November 10, 2003.

DATED: August 20, 2003

BY ORDER OF THE COURT
Sandra S. Beckwith
United States District Judge

Premarin Direct Purchaser Antitrust Litigation
c/o Valley Forge Administrative Services
P.O. Box 220
Villanova, PA 19085

```
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
PERMIT NO. 138
PHILADELPHIA, PA
```

# FIRST-CLASS MAIL

**PLEASE FORWARD—IMPORTANT LEGAL NOTICE**