**PLEASE DELIVER**

**LAW OFFICES
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365
Telephone No.: (215) 875-3000**

# TELECOPIER COVER PAGE

TO: _David Egqub, Esq_  

DATE: _12/23/03_

TELECOPIER NO.: _202-942-5999_

TELEPHONE NO.: _____

FROM: _David Sorensen_

SENDER'S TELEPHONE NO.: _____

CASE NAME: _Premarin_

FILE NO.: _01153-000_

**OUR TELECOPIER NUMBERS: (215) 875-4604**

Number of Pages (Including This Cover Page): _10_

MESSAGE: _____

If you do not receive all the pages indicated above, call sender's direct number.

**WARNING!!**

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address by mail. Thank you.

1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

# Berger&Montague, P.C.
ATTORNEYS AT LAW

DAVID F. SORENSEN
WRITER'S DIRECT DIAL | 215/875-5705
WRITER'S DIRECT FAX | 215/875-5707
WRITER'S DIRECT E-MAIL | dsorensen@bm.net

December 23, 2003

**VIA FAX AND U.S. MAIL**
David S. Eggert, Esquire
**ARNOLD & PORTER**
555 Twelfth Street, N.W.
Washington, D.C.  20004-1206

        Re:    **J.B.D.L. Corp., et al. v. Wyeth-Ayerst Laboratories, Inc. et al.**
               **Civil Action No. C-1-01-704**

Dear David:

    Attached please find the Objections of Class Plaintiffs to Defendants' Subpoenas, Dated December 1, 2003, Directed to Absent Class Members for Inspection of Documents.

    Please call if you have any questions.

Sincerely,

David F. Sorensen

DFS
Enclosure

cc:    Teresa Groh (via fax only)
       Jan Bartelli (via fax only)
       Grant S. Cowan (via fax only)
       Peggy Balesteri (via fax only)
       Jay S. Cohen (via fax only)

375311

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

J.B.D.L. CORP. d/b/a
BECKETT APOTHECARY, et al.
        Plaintiffs,

v.

WYETH-AYERST LABORATORIES,
INC., et al.
        Defendants.

CIVIL ACTION NO. C-1-01-704

Judge Sandra S. Beckwith
Magistrate Judge Timothy S. Hogan

**OBJECTIONS OF CLASS PLAINTIFFS TO DEFENDANTS'
SUBPOENAS, DATED DECEMBER 1, 2003, DIRECTED TO ABSENT CLASS
MEMBERS FOR INSPECTION OF DOCUMENTS**

On or about December 1, 2003, defendants Wyeth-Ayerst Laboratories, Inc., et al. ("Wyeth") served subpoenas on eight absent class members of the certified Class ("Class members"), seeking the production of documents, as follows:

(1) AmerisourceBergen Corporation; issued out of the United States District Court for the Eastern District of Pennsylvania;

(2) Cardinal Health, Inc.; issued out of the United States District Court for the Southern District of Ohio;

(3) McKesson Corporation; issued out of the United States District Court for the Northern District of California;

(4) Wal-Mart Stores, Inc.; issued out of the United States District Court for the District of Delaware;

(5) Quality King Distributors, Inc.; issued out of the United States District Court for the Eastern District of New York;

(6) Eckerd Corporation; issued out of the United States District Court for the Middle

District of Florida;

(7) The Kroger Co.; issued out of the United States District Court for the Southern District of Ohio; and

(8) Walgreen's Co., issued out of the United States District Court for the Northern District of Illinois (collectively, the "Subpoenas").

Representative Class Plaintiffs J.B.D.L. Corp. and McHugh Pharmacy Wynnewood, Inc. ("Plaintiffs"), through Class counsel, hereby serve these objections to the Subpoenas.

### GENERAL OBJECTIONS AND RESERVATIONS

1. Plaintiffs object to the Subpoenas on the grounds that discovery of unnamed or absent class members is strongly disfavored; should be permitted only on a "'strong showing of justification;'" and "should be carefully limited to ensure that it serves a legitimate purpose and is not used to harass either the class representatives or the class members." *Manual for Complex Litigation (Third)* § 30.232 (1995) (citations omitted). Plaintiffs accordingly object to the Subpoenas on the grounds that: (a) Wyeth has not made a "strong showing of justification;" and (b) the Subpoenas are not "carefully limited to ensure that [they] serve[] a legitimate purpose."

2. Plaintiffs object to the Subpoenas insofar and to the extent they seek "downstream" discovery, i.e., discovery into the extent, if any, that any Class member was able to "pass on" or otherwise offset the economic effect of defendants' alleged illegal overcharge. The Supreme Court has held that: (a) an overcharged direct purchaser is entitled to recover the "full amount" of the overcharge; (b) the presence or absence of net gain or loss is irrelevant to antitrust standing, damages, or any other aspect of an antitrust overcharge claim; and (c) consideration of the "downstream" or net economic effects of anticompetitive conduct should be

2

12/23/03  17:07 FAX 215 875 4604          BERGER & MONTAGUE P.C.                    ⌀005/010

prohibited in order to promote the enforcement of the antitrust laws and to deter illegal conduct. *See Hanover Shoe v. United Shoe Machinery Corp.*, 392 U.S. 481 (1968); *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977); and *Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199 (1990).

3. Plaintiffs object to the Subpoenas to the extent that they exceed the scope of discovery permissible under the Federal Rules of Civil Procedure, including Rules 26 and 45.

4. Plaintiffs object to the Subpoenas to the extent that they are not narrowly tailored so as to avoid imposing undue burden or expense on Class members as required by Rule 45(c)(1) of the Federal Rules of Civil Procedure.

5. Plaintiffs object to the Subpoenas because the time specified for a response – December 31, 2003 for production of documents – is wholly inadequate given the complexity and breadth of the definitions, instructions and requests, and the nature and amount of information requested.

6. Plaintiffs object to the Subpoenas to the extent they seek information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable discovery privilege or exemption.

7. Plaintiffs object to the Subpoenas to the extent they seek information that contains trade secrets, proprietary commercial information or other confidential information protected by constitutional, statutory or common law rights of privacy, or information subject to a confidentiality agreement between any Class member and any other person or entity.

8. Plaintiffs object to the Subpoenas on the ground that they purport to require the production of documents that are neither relevant to the claims and defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence.

3

9. Plaintiffs object to the Subpoenas on the ground that they are overly broad and fail to specify the documents sought with reasonable particularity.

10. Plaintiffs object to the Subpoenas on the ground that certain of the requests are vague and ambiguous.

11. Plaintiffs object to the Subpoenas to the extent they seek documents referring to parties who have entrusted the documents and the matters they disclose to class members on an understanding of confidentiality and/or privilege.

12. Plaintiffs object to the Subpoenas insofar as they appear unduly burdensome and oppressive.

13. Plaintiffs object to the Subpoenas to the extent they seeks information not within the possession, custody or control of the Class members subpoenaed.

14. Plaintiffs object to the Subpoenas to the extent they seek information that may be obtained from another source that is more convenient, less burdensome and/or less expensive, including from defendants themselves.

15. Plaintiffs object to the Subpoenas as unduly burdensome to the extent that they seek the production of documents or information already in the possession of the defendants, or other parties to the litigation.

16. Plaintiffs object to the Subpoenas to the extent that certain requests are unreasonably cumulative or duplicative.

17. Plaintiffs object to the Subpoenas as overly broad, unduly burdensome, and neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence to the extent that they seek documents

4

relating to prescription drugs other than conjugated estrogen products.

18. Plaintiffs object to the Definitions and Instructions set forth in the Subpoenas to the extent that they: (a) are neither authorized by, nor comply with, the Federal Rules of Civil Procedure; (b) call for information or documents that are neither relevant to any claims or defenses at issue in this cause of action, nor reasonably calculated to lead to the discovery of admissible evidence or that are irrelevant to common questions; (c) are overly broad, vague, ambiguous, indefinite and unduly burdensome; or (d) seek to impose duties or obligations on Class members beyond those imposed by Rule 45 of the Federal Rules of Procedure.

19. Plaintiffs object to the Subpoenas as unduly burdensome to the extent they seek to require production in Washington D.C., of documents that may be maintained elsewhere in the normal course of business.

20. Plaintiffs reserve the right to: (a) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (b) object on any ground to other discovery requests that involve or relate to the subject matter of the Subpoenas; and (c) revise, correct, supplement or clarify any of the objections set forth herein.

21. If any documents are produced in response to the Subpoenas, the Class members reserve the right to redact portions of documents to excise information protected from discovery by the attorney-client privilege, the work product doctrine, the party communication privilege, the joint defense privilege, or any other applicable discovery privilege or exemption. The inadvertent production of a privileged or otherwise protected document shall not be deemed to waive the privilege or protection with respect to that document or any other document.

Plaintiffs hereby incorporate each of the above General Objections as their objection and response to each of the Subpoenas, and to each of the separate document requests in each of the Subpoenas.

## GENERAL OBJECTIONS TO DEFINITIONS

1.  Plaintiffs object to the Definitions in the Subpoenas to the extent that they purport to impose on Class members obligations beyond those imposed by the Federal Rules of Civil Procedure, or the local rules of the issuing court.

2.  Plaintiffs object to the definition of "you" or "your" as used in the Subpoenas to the extent they purport to require Class members to respond on behalf of their "parents, subsidiaries, accountants, or advisors, acting or purporting to act on behalf of you" since such entities are not relevant to the disputes and issues in this lawsuit, and the definition therefore is overbroad and unduly burdensome.

3.  Plaintiffs object to the definition of "Communication" as used in the Subpoenas insofar as it (1) seeks information not in the possession, custody or control of Class members; or (2) seeks information that is subject to the attorney-client or attorney work product privilege, or (3) purports to require Class members to produce information regarding computer programs or program documentation containing proprietary or otherwise protected information, or (4) is otherwise in contravention of the definition contemplated in either Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001.

4.  Plaintiffs object to the definitions of "Document", "Duramed", "Relate to", "relating to", "concerning", "Person", "ET", "HT", "MCO", "Speculative Purchasing", "Repackaging", "Duramed Litigation", and "Wholesaler", as used in the Subpoenas on the

6

grounds that these definitions are overly broad, unduly burdensome, and seek information that is neither relevant to the claims or defenses in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

Plaintiffs hereby incorporate each of the above General Objections to Definitions, as their objection and response to the Definitions in the Subpoenas.

## GENERAL OBJECTIONS TO INSTRUCTIONS

1. Plaintiffs object to the Instructions set forth in the Subpoenas to the extent that they: (a) are neither authorized by, nor comply with, the Federal Rules of Civil Procedures; (b) call for information or documents that are neither relevant to any issues that are or may be involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence; (c) are overly broad, vague, ambiguous, indefinite and unduly burdensome; or (d) seek to impose duties or obligations on Class members beyond those imposed by Rule 45 of the Federal Rules of Procedure.

2. Plaintiffs object to Instructions 3 and 4 in the Subpoenas to the extent that they purport to impose on Class members obligations beyond those imposed by Rules 26 and 34 of the Federal Rules of Civil Procedure or the local rules of the United States District Court for the Southern District of Ohio, or the issuing courts.

Plaintiffs hereby incorporate each of the above General Objections to Instructions, as its objection and response to the Instructions in the Subpoenas.

Dated: December 23, 2003        BERGER & MONTAGUE, P.C.

/s/ Ruthanne Gordon
Ruthanne Gordon
David F. Sorensen
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

SPECTOR, ROSEMAN & KODROFF, P.C.
Jay S. Cohen
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611

Co-lead Counsel for Direct Purchaser Class

8