IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. Corp. d/b/a<br>BECKETT APOTHECARY, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>WYETH-AYERST LABORATORIES, INC.,<br> et al.,<br><br>      Defendants. | Civil Action No. C-1-01-704<br><br>Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |

**AFFIDAVIT OF MATTHEW D. MEISNER PURSUANT TO
FED. R. CIV. P. 37 AND LOCAL RULE 37.2 IN SUPPORT OF DEFENDANT
WYETH'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS
FROM CARDINAL HEALTH, INC. AND AMERISOURCE BERGEN CORP.**

1.  My name is Matthew D. Meisner. I am over eighteen years old and am an attorney for Wyeth in this matter. I have personal knowledge of the facts set forth in this affidavit.

2.  In connection with this matter, Wyeth issued subpoenas dated December 1, 2003 to eight absent class members, including four wholesalers -- Cardinal Health, Inc. ("Cardinal"), Amerisource Bergen Corp. ("Amerisource Bergen), McKesson Corp. ("McKesson") and Quality King Distributors ("Quality King") -- and four retail pharmacies. Cardinal and Amerisource Bergen, the two wholesalers who are the subject of this motion, alone account for nearly half of the total Premarin purchases of the entire class during the class period.

3.  On December 23, 2003, counsel for the class served objections to Wyeth's subpoenas to each of the eight subpoenaed class members, including Cardinal and

1

Amerisource Bergen. At or about the same time, counsel for Cardinal and Amerisource Bergen served individual objections to Wyeth's subpoenas (virtually identical to those asserted by class counsel) and refused to produce any documents.

4.  Wyeth had a lengthy "meet and confer" discussion by telephone with class counsel on January 6, 2004, in an attempt to secure the requested information without court involvement. Because Cardinal and Amerisource Bergen were also individually represented, Wyeth had meet and confer discussions by telephone with counsel for both of these companies. Despite Wyeth's best efforts to resolve this matter without judicial intervention, Cardinal and Amerisource Bergen have refused to provide any discovery in response to a number of Wyeth's subpoena requests. Wyeth's efforts to obtain discovery from Cardinal and Amerisource Bergen are discussed in more detail below.

5.  My colleague David Eggert and I had had a meet and confer discussion by telephone on January 23, 2004 with Thomas L. Long of Baker & Hostetler, outside counsel for Cardinal. David Sorensen of Berger & Montague, counsel for the class, also participated on the call. Each request in the subpoena was discussed in detail. We explained the relevance of each request, and provided the basis for Wyeth's need for the requested documents. We also offered to limit the scope of certain requests in order to reduce the burden to Cardinal in responding to the subpoena. Mr. Long indicated that he would get back to us to discuss the extent to which Cardinal intended to produce documents in response to the subpoena. On February 2, 2004, Mr. Long sent me a letter stating Cardinal's final position with respect to Wyeth's subpoena. A copy of this letter is attached to the accompanying memorandum as Exhibit F. While Cardinal has agreed to produce documents in response to some of Wyeth's requests, Cardinal refuses to

produce any documents in response to several very important requests. In particular, Mr. Long indicated that Cardinal does not plan to produce any documents in response to the following requests: 1, 2, 3, 4, 6, 8, 9, 13, 14, and 16. Id. As detailed in the memorandum supporting Wyeth's motion to compel, these requests seek information that is central to Wyeth's defense in this matter. Wyeth's motion to compel is focused on the requests for which Cardinal has refused to produce documents.

6.     David Eggert and I had had a meet and confer discussion by telephone on January 12, 2004 with Howard Scher, Elliot Long and Kendra Baisinger of Buchanan Ingersoll, outside counsel for Amerisource Bergen. David Sorensen of Berger & Montague, counsel for the class, also participated on the call. Each request in the subpoena was discussed in detail. We explained the relevance of each request, and provided the basis for Wyeth's need for the requested documents. We also offered to limit the scope of certain requests in order to reduce the burden to Amerisource Bergen in responding to the subpoena. Mr. Scher indicated that he would undertake to determine what, if anything, Amerisource Bergen would agree to produce in response to the subpoena. I placed several calls to Ms. Baisinger and Mr. Long between January 22 and February 3 in an unsuccessful effort to determine Amerisource Bergen's final position with respect to Wyeth's subpoena. On February 4, Mr. Long called to inform me that Amerisource Bergen would not produce any documents in response to Request Nos. 2, 3, 4, 6, 8, 9, 12, 13, and 17 of Wyeth's subpoena. As with Cardinal, these requests seek information that is central to Wyeth's defense in this matter. Amerisource Bergen has consented to the jurisdiction of this Court with respect to this motion.

3

7.    Despite Wyeth's best efforts to resolve these issues without judicial intervention, Cardinal and Amerisource Bergen have refused to provide any discovery in response to a number of Wyeth's subpoena requests.

I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on February 9, 2004.

_____
Matthew D. Meisner