IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE: INFANT FORMULA
ANTITRUST LITIGATION

CASE NO. MDL 878

THIS MATTER PERTAINS
TO ALL CLASS ACTIONS

O R D E R

A status conference in this case was held Wednesday, January
15, 1992, in Tallahassee. The court heard oral argument on all
outstanding motions. Several other matters were raised in open
court and in the parties' proposed agendas. See Docs. 70
(Defendants' Proposed Agenda), 75 (Class Plaintiffs' Proposed
Agenda), and 76 (State of Florida's Proposed Agenda). Each
matter will be addressed in turn.[1]

RECEIVED
JAN 2 3 1992

ITERED ON DOCKET 2 3 JAN 1992    BY
les 58 & 79(a) FRCP or 32(b)(1) & 58 FRCRP]

pies mailed to:

OFFICE OF CLERK
U. S. DISTRICT CT.
NORTH DIST. FLA.
GAINESVILLE, FLA.

92 JAN 22  AM 10: 37

---

[1]    Unless otherwise noted, all document references are to
case number MDL 878.

FILED

79

(1)  <u>Coordination of Discovery with California Cases.</u>

A pre-trial order in the California infant formula cases has been entered.  Pursuant to this order, depositions taken after March 1, 1992, in this case will be treated as though also taken in the California cases.[2]  The March 1, 1992, deadline has been set in order to allow the California plaintiffs sufficient time to prepare for taking the depositions.

Class plaintiffs seek to depose certain of the defendants personnel beginning February 10, 1992.  Defendants seek a three week delay in order to coordinate these depositions with those being taken for purposes of the California cases.  This delay is sought with respect to personnel of the various defendants only, and is based upon a belief that without the delay, persons will be deposed on multiple occasions.

By Order of this court, non-expert discovery is to be complete by May 15, 1991 (Doc. 25).  To impose a three week moratorium on deposing defendants' personnel would more than likely preclude the parties from meeting this deadline.  This court is disinclined to rule in such a manner as to make meeting the discovery cut-off unlikely.

Moreover, the possibility of duplicitous depositions is decreasing.  The class and Albertson's[3] plaintiffs represented to

---

[2]     Because the parties have not provided this court with a copy of the California pre-trial order, the facts as stated in this order are based solely on the representations of counsel.

[3]     Those plaintiffs in case number TCA 91-40011-MMP will be collectively referred to as the Albertson's plaintiffs.

2

this court that the California plaintiffs have already participated in several depositions, and have given notice of further participation in the immediate future. It appears as though their preparation took less time than anticipated.

On the basis of the above, defendants' request for a three week stay on deposing parties is DENIED. Discovery shall proceed in accordance with the previous order entered by this court (Doc. 25).

(2)  Simultaneous Deposition Schedules.

Defendants informed plaintiffs some three months ago that certain depositions may have to be taken simultaneously. Plaintiffs consented, on the condition that only one deposition for each side to this litigation would be scheduled each day ("double tracking"). Plaintiffs have now scheduled multiple depositions on the same days.

The positions of the parties prior to this disagreement, as announced in open court, shall govern the deposition process. Double tracking shall be allowed. If it becomes necessary to schedule more than one deposition on each side for the same day, the party so seeking must notify this court. Authorization for this scheduling shall be granted only upon good cause shown. Otherwise, any deposing involving more than one party on each side on the same day shall not be allowed.

(3)  Discovery Treatment of Assignors.

3

Defendants sought to present further argument on the discovery obligations of assignors.  In light of this court's Order of January 14, 1992, this issue is MOOT (Doc. 73).

(4)  Ex Parte Contacts with Former Employees.

Defendants sought to present further argument on ex parte contacts with former employees.  In light of this court's Order of January 14, 1992, this issue is MOOT (Doc. 73).

(5)  Videotaped Depositions.

The parties are in agreement about all but one aspect of videotaped depositions.  Plaintiffs seek to have only the deponent on the screen, while defendants seek to have the chief person questioning and the chief person objecting on the screen in addition to the deponent.

This court find the former position to be more in accordance with modern guidelines for videotaped depositions.  See, e.g., Rice's Toyota World, Inc. v. Southeast Toyota Distribs., 114 F.R.D. 647, 652 (M.D.N.C. 1987) ("One camera shall be used and fixed solely on the witness."); In re Daniels, 69 F.R.D. 579, 582 (N.D.Ga. 1975) ("simply line up the camera straight ahead on the deponent").  Accordingly, for all videotaped depositions, only the deponent shall appear on the screen.

(6)  Access to Attorney General Material.

4

Defendants seek access to materials gathered by the Attorney General during its pre-Complaint investigation.[4] Specifically, they seek certain Civil Investigation Demand (CID) transcripts. The State opposes this request, and asserts that the materials are privileged under the work product doctrine. See Fed. R. Civ. P. 26(b)(3).

A recent ruling in the Pensacola division of this court compelled production of CID depositions. Florida v. Industrial Chems., Inc., 90-30287-RV (Doc. 219). Several facts relied upon by Judge Vinson in issuing his ruling are absent from the present record, and need be added before this court will rule upon the dispute. Within ten (10) days of this Order being entered on the docket, the State of Florida shall submit the following information to this court:

(A)  An affidavit from the official whose decision it was to institute a suit against defendants for alleged antitrust violations which shall contain, to as certain an extent as possible, the exact date on which the decision to bring suit was made. If the decision was made by more than one person, the affidavits of all those responsible shall be submitted.

(B)  An affidavit listing the CID transcripts by date on which they were taken, and indicating from whom they were taken.

(C)  If the State believes any of the above material to enjoy protection as work product, it may be submitted under seal for review by this court in camera.

Upon submission of this information, this court shall rule upon this dispute.

---

[4]     No formal motion has been filed regarding this matter; rather, it was presented in defendants' proposed agenda. See Doc. 70 (Defendants' Proposed Agenda) at 5. Given the posture of this dispute, it is unnecessary for defendants to file a motion.

(7)  <u>Motions to Compel.</u>

Three motions to compel remain outstanding.  A full
discussion of each follows below.

<u>(A) Joint Motion by Class Plaintiffs to Compel<br>Abbot Laboratories to Answer Modified Interrogatory<br>Number Two</u>

The class plaintiffs have filed a Motion to Compel Abbot

Laboratories to Answer Modified Interrogatory Number Two (doc.

53), which is accompanied by a Memorandum in Support (doc. 54).

Abbot Lab has filed a Response (Doc. 66).

Because Abbot Lab has agreed to provide the requested

information, this motion is DENIED AS MOOT.

<u>(B) Motion by Defendants to Compel Production<br>by the Class Plaintiffs</u>

Defendants have filed a Motion to Compel Production by the

Class Plaintiffs (doc. 50), which is accompanied by a Memorandum

in Support (Doc. 51).  The Class Plaintiffs have filed a Joint

Memorandum in Opposition (Doc. 67).  Defendants have requested

leave of court to file a Reply (doc. 71), and have simultaneously

submitted the Reply (Doc. 72).[5]

Defendants seek information regarding plaintiffs' methods of

stocking, shelving, pricing, and marketing infant formula.  The

original request was rejected by plaintiffs, and has been

reproduced in its entirety for the court.  <u>See</u> Appendix "A" to

_____

[5]    As announced in open court, leave to file the reply is
GRANTED.

6

doc. 50. Defendants submitted a subset of questions as a compromise, a subset identical to that proffered to, and answered by, the State assignors. The plaintiffs again objected on the same grounds of burden and relevance. At this point, the parties submitted full memoranda to the court.

Defendants' argument is simple. They seek information from plaintiffs regarding the retail pricing of infant formula. It is their position that the retailers hold prices of all infant formulas steady, regardless of fluctuations in wholesale prices. With this pricing scheme in place, the manufacturers have no incentive to lower wholesale prices: to do so would not increase market share, but would rather only cut profits. Hence, the information sought is argued to be relevant to the proof of pricing.

Plaintiffs counter that defendants have not proven that they in fact relied on retail prices, and should not be afforded discovery on hypotheticals. They further assert that defendants encouraged retail price parity, and should not be allowed to use the same as a defense.

Both of these counter-arguments address the merits of the defense which may be presented. Under Rule 26(b)(1), Federal Rules of Civil Procedure, matters are discoverable if they are "reasonably calculated to lead to the discovery of admissable evidence." It is not necessary that a claim or defense be proven valid before discovery thereon will be allowed. Nor is it required that the materials sought be admissable. Rather, it is

7

sufficient that the material sought may lead to other admissable
evidence.  Under this relaxed standard, most materials sought
here are certainly discoverable.

Not all requested information, however, is relevant.
Defendants seek information regarding the stocking, shelving,
pricing, and retailing of six products other than infant formula.
The possible defense as presented by the defendants is whether
they in fact relied on retail price parity in setting wholesale
prices.  This other material is not relevant to the defense being
asserted, and is not properly subject to discovery.

The Motion to Compel is GRANTED, with the exception of
modified interrogatory number six, which seeks information
regarding the pricing of six other products (Doc. 51 at 7).  The
Motion to Compel as to that request is DENIED.

### (C) Defendants' Motion to Compel Production of Documents by the Attorney General of the State of Florida and Assignor Toys "R" Us, Inc.

Defendants' Motion to Compel (doc. 124 in TCA 91-40002-MMP)
contains a compromise.  Defendants have posited that, without
waiving their right to seek additional materials in the future,
they would eliminate the original requests to which the State has
objected, and substitute in their place seven (7) new requests
(Doc. 124 in TCA 91-40002-MMP at 2-3).

In response to this motion, the State has represented that
Toys "R" Us has reviewed these seven (7) requests, and has agreed
to provide, within two weeks, a complete set of responsive

8

documents (Doc. 68 in MDL at 3).  This acquiescence renders the defendants' motion moot

Accordingly, defendants Motion to Compel is DENIED AS MOOT.

(8)  <u>Attorney Fee Records.</u>

Class plaintiffs requested in open court that a system for recording attorneys' fees be established.  Pursuant to the standard scheduling order of this court, accurate attorney fee records be maintained and submitted to the Clerk of Court every thirty (30) days.  <u>See</u> Standard Scheduling Order (on file with Clerk) at 5.

This court will entertain, if the any party submits it, an order proposing a method for submitting attorney fee records in a consolidated manner.  For example, it has been suggested that the class plaintiffs may wish to submit their fee records as one. This court will be quite hesitant, however, to consider any modification of the thirty-day (30) periods in which the records are to be filed.

CONCLUSION

With the foregoing as authority, this court order as follows:

(1)  Defendants' request for a three week stay on deposing parties is DENIED (Doc. 70).

9

(2)   Class plaintiffs' Motion to Compel Abbot Laboratories to Answer Modified Interrogatory Number Two is DENIED AS MOOT (Doc. 53).

(3)   Defendants' Request for Leave of Court to File a Reply is GRANTED (Doc. 71).

(4)   Defendants' Motion to Compel Production by the Class Plaintiffs is GRANTED as to modified questions one through five, and seven.  The Motion is DENIED as to question six (Doc. 50).

(5)   Defendants' Motion to Compel (doc. 124 in TCA 91-40002-MMP) is DENIED AS MOOT.

(6)   A status conference in this case is set for April 3, 1992, at 9:00 a.m. in Tallahassee.  Any party may submit a proposed agenda, but must do so on or before March 27, 1992.

DONE AND ORDERED this __22nd__ day of January, 1992.

_____
United States District Judge