# EXHIBIT 2

# (part 1)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

J.B.D.L. CORP. d/b/a                        :
BECKETT APOTHECARY, et al.                  :
     Plaintiffs,    :
                :
                :
     v.    :   CIVIL ACTION NO. C-1-01-704
WYETH-AYERST LABORATORIES,                  :
INC., et al.                                :
     Defendants.     :

**PLAINTIFF AMERISOURCEBERGEN CORPORATION'S OBJECTIONS
AND RESPONSES TO DEFENDANT WYETH-AYERST LABORATORIES, INC.'S
SUBPOENA FOR INSPECTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 45, Plaintiff AmerisourceBergen

Corporation ("ABC"), by and through its undersigned counsel, Buchanan Ingersoll PC, hereby

submits its objections and responses to defendant Wyeth-Ayerst Laboratories, Inc.'s ("Wyeth"),

Subpoena, served on or about December 2, 2003, for inspection of documents, as follows:

**GENERAL OBJECTIONS AND RESERVATIONS**

1.   ABC objects to the Subpoena on the grounds that discovery of unnamed or absent

class members is strongly disfavored; "should be permitted only on a 'strong showing of

justification;'" and should be "carefully limited to ensure that it serves a legitimate purpose and is

not used to harass either the class representatives or the class members." *Manual for Complex

Litigation (Third)* § 30.232 (1995) (citation omitted). ABC accordingly objects to the Subpoena

on the grounds that: (a) Wyeth has not made a "strong showing of justification;" and (b) the

Subpoena is not "carefully limited to ensure it serves a legitimate purpose."

2.   ABC objects to the Subpoena insofar and to the extent it seeks "downstream"

discovery, i.e., discovery to the extent, if any, that ABC was able to "pass on" or otherwise offset

the economic effect of defendants' alleged illegal overcharge. The Supreme Court has held that:

(a) an overcharged direct purchaser is entitled to recover the "full amount" of the overcharge; (b) the presence or absence of net gain or loss is irrelevant to antitrust standing, damages, or any other aspect of an antitrust overcharge claim; and (c) consideration of the "downstream" or net economic effects of anticompetitive conduct should be prohibited in order to promote the enforcement of the antitrust laws and to deter illegal conduct. *See Hanover Shoe v. United Shoe Machinery Corp.,* 392 U.S. 481, 493-94 (1968); *Illinois Brick Co. v. Illinois,* 431 U.S. 720, 724-25 (1977); and *Kansas v. UtiliCorp United, Inc.,* 497 U.S. 199, 211 (1990).

3.      ABC objects to the Subpoena to the extent that it exceeds the scope of discovery permissible under the Federal Rules of Civil Procedure, including Rules 26 and 45.

4.      ABC objects to the Subpoena to the extent that it is not narrowly tailored so as to avoid imposing undue burden or expense on ABC as required by Rule 45(c)(1) of the Federal Rules of Civil Procedure.

5.      ABC objects to the Subpoena because the time specified for a response – December 31, 2003 for production of documents – is wholly inadequate given the complexity and breadth of the definitions, instructions and requests, and the nature and amount of information requested.

6.      ABC objects to the Subpoena to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable discovery privilege or exemption.

7.      ABC objects to the Subpoena to the extent it seeks information that contains trade secrets, proprietary commercial information or other confidential information protected by constitutional, statutory or common law rights of privacy, or information subject to a confidentiality agreement between ABC and any other person or entity.

8.    ABC objects to the Subpoena on the ground that it purports to require the production of documents that are neither relevant to the claims and defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence.

9.    ABC objects to the Subpoena on the grounds that it is overly broad and fails to specify the documents sought with reasonable particularity.

10.    ABC objects to the Subpoena on the grounds that certain of the requests are vague and ambiguous.

11.    ABC objects to the Subpoena to the extent it seeks documents referring to parties who have entrusted the documents and the matters they disclose to ABC on an understanding of confidentiality and/or privilege.

12.    ABC objects to the Subpoena on the grounds that it is unduly burdensome and oppressive.

13.    ABC objects to the Subpoena to the extent it seeks information not within ABC's possession, custody or control.

14.    ABC objects to the Subpoena to the extent it seeks information that may be obtained from another source that is more convenient, less burdensome and/or less expensive.

15.    ABC objects to the Subpoena as unduly burdensome to the extent that it seeks the production of documents or information already in the possession of the defendants, or other parties to the litigation.

16.    ABC objects to the Subpoena to the extent that certain requests are unreasonably cumulative or duplicative.

17.    ABC objects to the Subpoena as overly broad, unduly burdensome, and neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead

to the discovery of admissible evidence to the extent that it seeks documents relating to the policies and practices used to promote the use of any generic prescription drug rather than just generic conjugated estrogens products, which are the only drugs at issue in this litigation.

18.    ABC objects to the Definitions and Instructions set forth in the Subpoena to the extent that they:  (a) are neither authorized by, nor comply with, the Federal Rules of Civil Procedures; (b) call for information or documents that are neither relevant to any claims or defenses at issue in this cause of action, nor reasonably calculated to lead to the discovery of admissible evidence or that are irrelevant to common questions; (c) are overly broad, vague, ambiguous, indefinite and unduly burdensome; or (d) seek to impose duties or obligations on ABC beyond those imposed by Rule 45 of the Federal Rules of Procedure.

19.    ABC objects to the Subpoena as unduly burdensome to the extent it seeks to require production in Washington D.C., of documents that may be maintained elsewhere in the normal course of business.

20.    ABC reserves the right to:  (i) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (ii) object on any ground to other discovery requests that involve or relate to the subject matter of the subpoena; and (iii) revise, correct, supplement or clarify any of the specific responses set forth herein.

21.    ABC reserves the right to redact portions of documents to excise information protected from discovery by the attorney-client privilege, the work product doctrine, the party communication privilege, the joint defense privilege, or any other applicable discovery privilege or exemption.  The inadvertent production of a privileged or otherwise protected document shall not be deemed to waive the privilege or protection with respect to that document or any other document.

22.    Each of the general objections above is incorporated into each response set forth below. ABC's failure to object to a particular request or category of documents on a particular ground or grounds shall not be construed as a waiver of its right to object on any additional ground(s).

## GENERAL OBJECTIONS TO DEFINITIONS

1.    ABC objects to the Definitions of the Subpoena to the extent that they purport to impose on ABC obligations beyond those imposed by the Federal Rules of Civil Procedure or the local rules of the United States District Court for the Eastern District of Pennsylvania.

2.    ABC objects to the definition of "you" or "AmerisourceBergen Corporation" as used in the Subpoena to the extent it purports to require ABC to respond on behalf of its "parents, subsidiaries, accountants, or advisors, acting or purporting to act on behalf of you" since such entities are not relevant to the disputes and issues in this lawsuit, and the definition therefore is overbroad and unduly burdensome.

3.    ABC objects to the definition of "Duramed" on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

4.    ABC objects to the definition of "Document" as used in the Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

5

5.    ABC objects to the definition of "Communication" as used in the Subpoena insofar as it (1) seeks information not in the possession, custody or control of ABC, or (2) seeks information that is subject to the attorney-client or attorney work product privilege, or (3) purports to require ABC to produce information regarding computer programs or program documentation containing proprietary or otherwise protected information, or (4) is otherwise in contravention of the definition contemplated in either Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001.

6.    ABC objects to the definition of "Relate to", "relating to" and "concerning" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims of defenses in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

7.    ABC objects to the definition of "Person" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

8.    ABC objects to the definition of "ET" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

9.    ABC objects to the definition of "HT" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither

relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

10.    ABC objects to the definition of "MCO" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

11.    ABC objects to the definition of "Speculative Purchasing" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

12.    ABC objects to the definition of "Repackaging" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

13.    ABC objects to the definition of "Duramed Litigation" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

## GENERAL OBJECTIONS TO INSTRUCTIONS

1.      ABC objects to the Instructions set forth in the Subpoena to the extent that they: (a) are neither authorized by, nor comply with, the Federal Rules of Civil Procedures; (b) call for information or documents that are neither relevant to any issues that are or may be involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence or that are irrelevant to common questions; (c) are overly broad, vague, ambiguous, indefinite and unduly burdensome; or (d) seek to impose duties or obligations on ABC beyond those imposed by Rule 45 of the Federal Rules of Procedure.

2.      ABC objects to Instructions 3 and 4 to the extent that they purport to impose on Bergen obligations beyond those imposed by Rules 26 and 34 of the Federal Rules of Civil Procedure or the local rules of the United States District Court for the District of Eastern Pennsylvania.

## SPECIFIC OBJECTIONS AND RESPONSES TO WYETH'S SUBPOENA

### Request No. 1:

All communications concerning possible or actual price increases for Premarin.

### Response:

In addition to its general objections, ABC objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence.  ABC further objects on the grounds that the request is vague and ambiguous.

**Request No. 2:**

All documents reflecting your anticipation of price increases for Premarin or other pharmaceutical products, including but not limited to any business plan or budget which anticipates such price increases.

**Response:**

In addition to its general objections, ABC objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. ABC further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. ABC also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

**Request No. 3:**

All documents which relate to "speculative purchasing" of Premarin or other pharmaceutical products.

**Response:**

In addition to its general objections, ABC objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. ABC further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

**Request No. 4:**

All documents which relate to whether your business model has relied upon price increases for Premarin and other products in order for you to maintain or increase your profitability, including but not limited to documents relating to the statement in your 10-K filed December 24, 2002 in which you noted, "The increase in merchandise inventories reflected necessary inventories to support the strong revenue increase, and inventory purchased to take advantage of buy-side gross profit margin opportunities including opportunities associated with manufacturer price increases and negotiated deals."

**Response:**

In addition to its general objections, ABC objects to this request because it is overbroad, unduly burdensome, oppressive, and seeks information that is irrelevant to this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence. ABC further objects to Request No. 4 to the extent that it seeks current or future information and documents that constitute or contain highly confidential, proprietary and/or trade secret information. ABC also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

**Request No. 5:**

Documents (in electronic format where available) sufficient to show, for each purchase of Premarin, Cenestin or any other ET or HT product from Wyeth, Duramed, or any other person, the following information:

      (a)     Name and address of supplier (e.g., Wyeth, Duramed, Barr or other entities engaged in the distribution of brand name pharmaceuticals);

      (b)     Product purchased (by NDC code);

      (c)     Date of purchase;

(d)    Quantity purchased;

(e)    List price;

(f)    Any charge-backs;

(g)    Net price (price paid after discounts, rebates, and any other adjustments to list price).

**Response:**

In addition to its general objections, ABC objects to this request because it is overbroad, unduly burdensome, oppressive, and seeks information that is irrelevant to this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.  By way of further answer, ABC objects to this request to the extent that the information requested either may not exist nor may be available to ABC in the form requested.  ABC also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

**Request No. 6:**

All documents relating to your guidelines, policies, procedures or practices in setting prices for Premarin, Cenestin, or other products purchased using "speculative purchasing" practices.

**Response:**

In addition to its general objections, ABC objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence.  ABC further objects on the grounds that the request is vague and ambiguous.  ABC also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

11

**Request No. 7:**

All documents constituting or concerning communications with MCOs, Wyeth, Duramed or any other person relating to Premarin or Cenestin, or any other ET or HT product including, but not limited to, communications relating to the price, availability, coverage, or reimbursement of Premarin, Cenestin or any other ET or HT product.

**Response:**

In addition to its general objections, ABC objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. ABC further objects on the grounds that the request is vague and ambiguous. ABC also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges. Additionally, ABC objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

**Request No. 8:**

All documents which relate to whether your business model has relied upon "repackaging" in order for you to maintain or increase profitability.

**Response:**

In addition to its general objections, ABC specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. ABC also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product

doctrine or other applicable privileges. ABC also objects to this request on the ground that it
seeks information that is trade secret, proprietary and/or confidential. ABC further objects on the
grounds that the request is vague and ambiguous.

**Request No. 9:**

All documents discussing or concerning profits you earn from sales of "repackaged"
product as opposed to sales of non "repackaged" product.

**Response:**

In addition to its general objections, ABC objects to this request on the grounds that it is
overbroad, unduly burdensome and seeks information which is neither relevant to the subject
matter of the present dispute nor reasonably likely to lead to the discovery of admissible
evidence. ABC further objects on the grounds that the request is vague and ambiguous. ABC
also objects to this request on the ground that it seeks information that is trade secret, proprietary
and/or confidential.

**Request No. 10:**

All communications concerning this lawsuit, the *Duramed* Litigation or the allegations
set forth in the Complaint.

**Response:**

In addition to its general objections, ABC specifically objects to this request on the
ground that it calls for the production of documents that are neither relevant to any claim or
defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or
admissible evidence. ABC also objects to this request to the extent that it seeks information
which is protected from disclosure by the attorney-client privilege, the attorney work product
doctrine or other applicable privileges.

**Request No. 11:**

All documents relating to this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

**Response:**

In addition to its general objections, ABC specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. ABC also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

**Request No. 12:**

All documents discussing or concerning profits you earn from sales of Premarin as opposed to sales of Cenestin.

**Response:**

In addition to its general objections, ABC objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. ABC further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

**Request No. 13:**

All documents relating to whether you receive an economic benefit from price increases of Premarin.

14

**Response:**

In addition to its general objections, ABC specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. ABC further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

**Request No. 14:**

All documents discussing or concerning Wyeth's use of a "sole conjugated estrogens" clause in its contracts with MCOs and/or Wyeth's use of market share incentive rebates in its contracts with MCO's.

**Response:**

In addition to its general objections, ABC objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. ABC further objects on the grounds that the request is vague and ambiguous. ABC further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

**Request No. 15:**

All documents relating to any assignment of antitrust claims with respect to your purchases of Premarin to any other entity.

**Response:**

In addition to its general objections, ABC specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or

15

defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. ABC further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. ABC also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

### Request No. 16:

Documents (in electronic format where available) sufficient to show, for each entity to which you assigned your claims with respect to your purchases of Premarin, the following information:

      (a)    Name and address of purchaser;

      (b)    Date of purchase;

      (c)    Quantity purchased;

      (d)    List price;

      (e)    Any charge-backs;

      (f)    Net price (price paid after discounts, rebates, and any other adjustments to list price.

### Response:

In addition to its general objections, ABC specifically objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. ABC also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges. By way of further answer, ABC objects to this request to the extent that the information requested either may not exist nor may be available to ABC in the form requested.

16

**Request No. 17:**

All documents and organizational charts reflecting or listing your officers, directors, employees, and agents involved in "speculative purchasing" or "repackaging" practices.

**Response:**

In addition to its general objections, ABC objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. ABC further objects on the grounds that the request is vague and ambiguous.

Respectfully submitted,

BUCHANAN INGERSOLL PC

Dated:  December 22, 2003

Howard D. Scher, Esquire
Attorney ID No. 03673
1835 Market Street, 14th Floor
Philadelphia, PA 19103-2985
(215)665-8700

Attorney for AmerisourceBergen Corp.

17

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2003, the foregoing Plaintiff

AmerisourceBergen Corporation's Objections and Responses to Defendant Wyeth-Ayerst

Laboratories, Inc.'s Subpoena, for Inspection of Documents was served upon the following

parties in the following manner:

### Via Facsimile and Federal Express

Son Nguyen, Esquire
Arnold & Porter
555 Twelfth Street, N.W.
Washington D.C. 20004


### Via First-Class U.S. Mail

James R. Adams, Esquire
Grant S. Cowan, Esquire
Frost Brown Todd LLC
2200 PNC Center, 201 East Fifth Street
Cincinnati, OH  45202-5715

Dan K. Webb, Esquire
W. Gordon Dobie, Esquire
Winston & Strawn
35 West Wacker Drive
Chicago, IL  60601

William J. Baer, Esquire
David S. Eggert, Esquire
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C.  20004-1206

Theresa L. Groh, Esquire
Murdock, Goldenberg, Schneider & Groh
700 Walnut Street, Suite 400
Cincinnati, OH  45202-2011

Jay S. Cohen, Esquire
Spector, Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, PA  19103

Ruthanne Gordon, Esquire
David Sorensen, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103


Kendra L. Baisinger
Kendra L. Baisinger