# EXHIBIT 2

# (part 2)

Case 1:01-cv-00704-SSB-TSH   Document 78-5   Filed 02/10/2004   Page 1 of 13

1105860
AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.B.D.L. Corp. d/b/a<br>BECKETT APOTHECARY, et al.,<br>     Plaintiffs,<br>v.<br>WYETH-AYERST LABORATORIES, INC., et al.,<br>     Defendants. | SUBPOENA IN A CIVIL CASE<br><br>CASE NUMBER: C-1-01-704<br><br>Judge Sandra S. Beckwith<br>CASE PENDING IN THE SOUTHERN<br>DISTRICT OF OHIO, WESTERN DIVISION |

**TO:** Custodian of Records
AmerisourceBergen Corporation
1300 Morris Drive, Suite 100
Chesterbrook, PA 19087

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attachment.**

| PLACE   Arnold & Porter<br>555 Twelfth Street, N.W.<br>Washington, DC 20004 | DATE AND TIME<br>December 31, 2003<br>5 p.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>_[signature]_     Attorney for Defendant | Date<br><br>December 1, 2003 |
|---|---|

Issuing Officer's Name, Address, and Phone Number

Son Nguyen, Esq., Arnold & Porter, 555 Twelfth Street, N.W., Washington, DC 20004; (202) 942-6156

AO 88 (Rev. 1/94) Subpoena in a Civil Case

1105860

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## ATTACHMENT

## DEFINITIONS

For the purpose of these document requests and accompanying instructions, the following terms are defined as indicated:

1. "You" and "your" shall mean AmerisourceBergen Corporation, or any other persons, including parents, subsidiaries, accountants, or advisors, acting or purporting to act on behalf of you.

2. "Duramed" shall mean Duramed Pharmaceuticals, Inc., and any predecessors, successors, or assigns (including but not limited to Barr Pharmaceuticals), and any subsidiaries, parent companies, affiliates, officers, directors, agents, employees, contractors, or any other persons, including attorneys, accountants, or advisors, acting or purporting to act on behalf of Duramed.

3. "Wyeth" shall mean the defendants in this action, Wyeth Pharmaceuticals (formerly Wyeth-Ayerst Laboratories, Inc.) and Wyeth (formerly American Home Products Corporation).

4. "Document" shall be construed broadly to mean any material that a party may seek through Rule 34 of the Federal Rules of Civil Procedure, i.e., any written, graphic, electronic, photographic, recorded or illustrative material of any kind or description, however produced or reproduced, and regardless of whether approved, signed, sent, received, redrafted, or executed.

5. "Communication" shall mean any transmission or transfer of information of any kind, orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances.

6. "Relate to", "relating to" and "concerning" shall mean referencing, discussing, contradicting, undermining, supporting, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining in any way, directly, indirectly, legally, factually, or logically to the matter described.

7. "Person" shall mean any natural person, public or private corporation, partnership, joint venture, association, government or governmental entity, and any other form of business or legal organization or entity.

8. "Cenestin" shall mean all dosages and forms of Duramed's branded conjugated estrogens product.

9. "Premarin" shall mean all dosages and forms of Wyeth's branded conjugated estrogens products, including Premarin®, Premphase®, and Prempro™.

10. "ET" shall mean estrogen replacement therapy, including all dosages and forms of estrogen products for women.

11. "HT" shall mean hormone replacement therapy, including all dosages and forms of the estrogen and progestin combination products for women.

12. "MCO" shall mean any managed care organization, including but not limited to healthcare maintenance organizations (HMOs), preferred provider organizations (PPOs), point of service plans (POS), and pharmacy benefits managers (PBMs).

2

13. "Speculative Purchasing" shall mean any purchases in which the volume of product purchased is determined, in whole or in part, by the purchaser's expectation, belief, or knowledge that the manufacturer will increase the price of its product after the purchase is completed.

14. "Repackaging" shall mean the practice of purchasing products packaged in large containers from manufacturers and repackaging the product in smaller containers for resale.

15. The "Duramed Litigation" shall mean the lawsuit captioned *Duramed Pharmaceuticals, Inc. v. Wyeth-Ayerst Laboratories, Inc.*, Civil Action No. C-1-00-735 (S.D. Ohio, Western Division).

## INSTRUCTIONS

In construing the document requests listed below, the following instructions shall apply:

1. Unless otherwise specified, the period covered by these document requests is from March 30, 1998, to the date of your responses to these requests or your production, whichever is later.

2. All documents and things responsive to these requests that come into your possession, custody or control after you have made your first response to these requests shall be produced promptly to Wyeth in accordance with your obligation to supplement responses under Rule 26(e) of the Federal Rules of Civil Procedure.

3. With respect to each document that is withheld from production for any reason, or any portion of a document that has been redacted in connection with the production for any reason, provide a statement setting forth:

3

(a)  the name and title of the document's author(s);

(b)  the name and title of the person(s) to whom copies of the document were sent;

(c)  the name and title of the person(s) to whom copies of the document were addressed;

(d)  the dates on which the document was written or otherwise produced, and the date on which it was mailed, sent, or otherwise delivered to the addressee(s);

(e)  the number of pages;

(f)  a brief description of the document's nature and subject matter; and

(g)  all grounds on which the document, or portion of the document, is being withheld or redacted.

4. This request for production of documents seeks production of every version of the documents requested, including, but not limited to, copies of the documents with marginalia, additional attachments, additional handwritten or typed notes, indications of carbon copies, blind carbon copies, or distribution lists, and drafts and revisions of the document.

5. If any of the requested documents cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to produce the remainder.

6. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

7. The use of the singular herein shall be determined to include the plural, the masculine and the feminine, as appropriate in the context.

8. "Any" shall include and encompass "all" and vice versa.

9. "Each" shall include and encompass "every" and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**    All communications concerning possible or actual price increases for Premarin.

**REQUEST NO. 2**    All documents reflecting your anticipation of price increases for Premarin or other pharmaceutical products, including but not limited to any business plan or budget which anticipates such price increases.

**REQUEST NO. 3**    All documents which relate to "speculative purchasing" of Premarin or other pharmaceutical products.

**REQUEST NO. 4**    All documents which relate to whether your business model has relied upon price increases for Premarin and other products in order for you to maintain or increase your profitability, including but not limited to documents relating to the statement in your 10-K filed December 24, 2002 in which you noted, "The increase in merchandise inventories reflected necessary inventories to support the strong revenue increase, and inventory purchased to take advantage of buy-side gross profit margin

5

opportunities including opportunities associated with manufacturer price increases and negotiated deals."[1]

**REQUEST NO. 5:**  Documents (in electronic format where available) sufficient to show, for each purchase of Premarin, Cenestin or any other ET or HT product from Wyeth, Duramed, or any other person, the following information:

    (a)    name and address of supplier (e.g., Wyeth, Duramed, Barr or other entities engaged in the distribution of brand name pharmaceuticals);

    (b)    product purchased (by NDC code);

    (c)    date of purchase;

    (d)    quantity purchased;

    (e)    list price;

    (f)    any charge-backs;

    (g)    net price (price paid after discounts, rebates, and any other adjustments to list price).

**REQUEST NO. 6:**  All documents relating to your guidelines, policies, procedures or practices in setting prices for Premarin, Cenestin, or other products purchased using "speculative purchasing" practices.

**REQUEST NO. 7:**  All documents constituting or concerning communications with MCOs, Wyeth, Duramed or any other person relating to Premarin or Cenestin, or any other ET or HT product including, but not limited to, communications relating to the

---

[1] AmerisourceBergen Corporation 10-K at 25 (filed Dec. 24, 2002).

price, availability, coverage, or reimbursement of Premarin, Cenestin or any other ET or HT product.

**REQUEST NO. 8:** All documents which relate to whether your business model has relied upon "repackaging" in order for you to maintain or increase profitability.

**REQUEST NO. 9:** All documents discussing or concerning profits you earn from sales of "repackaged" product as opposed to sales of non "repackaged" product.

**REQUEST NO. 10:** All communications concerning this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

**REQUEST NO. 11:** All documents relating to this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

**REQUEST NO. 12:** All documents discussing or concerning profits you earn from sales of Premarin as opposed to sales of Cenestin.

**REQUEST NO. 13:** All documents relating to whether you receive an economic benefit from price increases of Premarin.

**REQUEST NO. 14:** All documents discussing or concerning Wyeth's use of a "sole conjugated estrogens" clause in its contracts with MCOs and/or Wyeth's use of market share incentive rebates in its contracts with MCO's.

**REQUEST NO. 15:** All documents relating to any assignment of antitrust claims with respect to your purchases of Premarin to any other entity.

7

**REQUEST NO. 16:** Documents (in electronic format where available) sufficient to show, for each entity to which you assigned your claims with respect to your purchases of Premarin, the following information:

    (a)    name and address of purchaser;

    (b)    date of purchase;

    (c)    quantity purchased;

    (d)    list price;

    (e)    any charge-backs;

    (f)    net price (price paid after discounts, rebates, and any other adjustments to list price.

**REQUEST NO. 17:** All documents and organizational charts reflecting or listing your officers, directors, employees, and agents involved in "speculative purchasing" or "repackaging" practices.

Dated: December ___, 2003        WYETH

By: _____
      One of its attorneys

James R. Adams
Grant S. Cowan
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-5715
(513) 651-6800

8

Dan K. Webb
W. Gordon Dobie
WINSTON & STRAWN
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

William J. Baer
David S. Eggert
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000

9

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served this 1st day of December 2003 in the manner indicated below:

Theresa L. Groh (by overnight delivery and fax)
**MURDOCK, GOLDENBERG, SCHNEIDER & GROH**
700 Walnut Street, Suite 400
Cincinnati, OH 45202-2011

Jay S. Cohen (by overnight delivery and fax)
**SPECTOR, ROSEMAN & KODROFF**
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Ruthanne Gordon (by overnight delivery and fax)
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103

_____
Ryan Watts