# EXHIBIT 3

# (part 1)

# LATHAM&WATKINS LLP

505 Montgomery Street, Suite 1900
San Francisco, California 94111-2562
Tel: (415) 391-0600  Fax: (415) 395-8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Boston | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| | Washington, D.C. |

December 23, 2003

File No. 021532-0025

**VIA U.S. MAIL**

Son Nguyen, Esq.
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004

Re:  <u>JBDL Corp. d/b/a Beckett Apothecary et al. v. Wyeth Ayerst Laboratories, Inc.</u> (E.D.Penn. Case No. 1-01-704)

Dear Mr. Nguyen:

McKesson Corporation ("McKesson") is in receipt of the subpoena you sent in the above-referenced action. McKesson objects to the subpoena, pursuant to Federal Rule of Civil Procedure 45, on the following grounds:

## General Objections and Reservations[1]

1. McKesson objects to the subpoena to the extent it is not narrowly tailored so as to avoid imposing undue burden or expense on McKesson as required by Federal Rule of Civil Procedure 45(c)(1).

2. McKesson objects to the Subpoena on the grounds that discovery of unnamed or absent class members is strongly disfavored, should be permitted only on a "'strong showing of justification,'" and "should be carefully limited to ensure that it serves a legitimate purpose and is not used to harass either the class representatives or the class members." *Manual for Complex Litigation (Third)* § 30.232 (1995) (citation omitted). McKesson accordingly objects to the Subpoena on the grounds that: (a) Wyeth has not made a "strong showing of justification;" and (b) the Subpoena is not "carefully limited to ensure that it serves a legitimate purpose."

---

[1] These general objections to the subpoena are incorporated into each response to the specific requests for production and specific subject matters set forth below.

Son Nguyen, Esq.
December 23, 2003
Page 2

**LATHAM&WATKINS**LLP

3. McKesson objects to the subpoena because the times specified for responses are wholly inadequate given the complexity and breadth of the definitions, instructions and requests, and the nature and amount of information requested.

4. McKesson objects to the subpoena to the extent it seeks information that is outside of the discovery requirements imposed upon McKesson by the Federal Rules of Civil Procedure.

5. McKesson objects to the subpoena to the extent it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Due to the nature and amount of documents requested, the cost of responding to the requests as written greatly exceeds any value to the defendants in obtaining the requested documents from McKesson.

6. McKesson objects to the Subpoena insofar and to the extent its seeks "downstream" discovery, i.e., discovery into the extent, if any, that McKesson was able to "pass on" or otherwise offset the economic effect of defendants' alleged illegal overcharge. The Supreme Court has held that: (a) an overcharged direct purchaser is entitled to recover the "full amount" of the overcharge; (b) the presence or absence of net gain or loss is irrelevant to antitrust standing, damages, or any other aspect of an antitrust overcharge claim; and (c) consideration of the "downstream" or net economic effects of anticompetitive conduct should be prohibited in order to promote the enforcement of the antitrust laws and to deter illegal conduct. *See Hanover Shoe v. United Shoe Machinery Corp.*, 392 U.S. 481 (1968); *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977); and *Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199 (1990).

7. McKesson objects to each request to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable discovery privilege or exemption.

8. McKesson objects to the subpoena to the extent it seeks information that contain trade secrets, proprietary commercial information or other confidential information protected by constitutional, statutory or common law rights of privacy, or information subject to a confidentiality agreement between McKesson and any other person or entity. Such documents will be produced, if at all, only upon the entry of an appropriate protective order applicable to McKesson's documents.

9. McKesson objects to the subpoena to the extent it seeks information not within McKesson's possession, custody or control.

10. McKesson objects to the subpoena to the extent it seeks information that is already in the possession, custody or control of the parties to the litigation.

11. McKesson objects to the subpoena to the extent it seeks information that may be obtained from another source that is more convenient, less burdensome or less expensive.

Son Nguyen, Esq.
December 23, 2003
Page 3

**LATHAM&WATKINS**LLP

12. McKesson objects to the subpoena to the extent it is overbroad because various terms are not adequately defined and, thus, seeks information without proper limit to their subject matter or scope.

13. McKesson objects to the Subpoena as overly broad, unduly burdensome, and neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents relating to the policies and practices used to promote the use of any generic prescription drug rather than just generic conjugated estrogens products, which are the only drugs at issue in this litigation.

14. McKesson objects to the Subpoena on the grounds that certain of the requests are vague and ambiguous.

15. McKesson objects to the subpoena to the extent it is unreasonably cumulative or duplicative.

16. McKesson reserves the right to (i) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action, (ii) object on any ground to other discovery requests that involve or relate to the subject matter of the subpoena, and (iii) revise, correct, supplement or clarify any of the specific responses set forth herein.

17. McKesson reserves the right to redact portions of documents to excise information protected from discovery by the attorney-client privilege, the work product doctrine, the party communication privilege, the joint defense privilege, the consulting expert exemption or any other applicable discovery privilege or exemption. The inadvertent production of a privileged or otherwise protected document shall not be deemed to waive the privilege or protection with respect to that document or any other document.

18. By making a specific objection to a particular request, McKesson does not imply that the general objections are not applicable to such request.

19. McKesson objects to the subpoena as unduly burdensome to the extent it seeks to require production in Washington D.C. of documents that may be maintained elsewhere in the normal course of business.

20. McKesson objects to time period covered by the Notice (March 30, 1998 to present) on the grounds that it renders the subpoena overbroad, unduly burdensome, and not limited to information reasonably calculated to lead to the discovery of admissible evidence.

21. McKesson objects to the "Instructions" on the grounds that it seeks to impose on McKesson obligations beyond those set forth in the Federal Rules of Civil Procedure.

22. McKesson objects to the Definitions of the Subpoena to the extent that they purport to impose on McKesson obligations beyond those imposed by the Federal Rules of Civil

**LATHAM&WATKINS**LLP

Procedure or the local rules of the United States District Court for Northern District of California.

23. McKesson objects to the definition of "you" or "McKesson" as used in the Subpoena to the extent it purports to require McKesson to respond on behalf of its "parents, subsidiaries, accountants, or advisors, acting or purporting to act on behalf of you" since such entities are not relevant to the disputes and issues in this lawsuit, and the definition therefore is overbroad and unduly burdensome.

24. McKesson objects to the definition of "Duramed" on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

25. McKesson objects to the definition of "Document" as used in the Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

26. McKesson objects to the definition of "Communication" as used in the Subpoena insofar as it (1) seeks information not in the possession, custody or control of McKesson, or (2) seeks information that is subject to the attorney-client or attorney work product privilege, or (3) purports to require McKesson to produce information regarding computer programs or program documentation containing proprietary or otherwise protected information, or (4) is otherwise in contravention of the definition contemplated in either Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001.

27. McKesson objects to the definition of "Relate to", "relating to" and "concerning" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims of defenses in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

28. McKesson objects to the definition of "Person" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

29. McKesson objects to the definition of "ET" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

Son Nguyen, Esq.
December 23, 2003
Page 5

**LATHAM&WATKINS**LLP

30. McKesson objects to the definition of "HT" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

31. McKesson objects to the definition of "MCO" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

32. McKesson objects to the definition of "Speculative Purchasing" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

33. McKesson objects to the definition of "Repackaging" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

34. McKesson objects to the definition of "Duramed Litigation" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

### Requests for Production and Objections

Subject to and without waiving the foregoing general objections, McKesson also makes the following additional objections to the specific document requests in the subpoena:

Request No. 1:

All communications concerning possible or actual price increases for Premarin.

Response:

In addition to its general objections, McKesson objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. McKesson further objects on the grounds that the request is vague and ambiguous.

Son Nguyen, Esq.
December 23, 2003
Page 6

**LATHAM&WATKINS**LLP

Request No. 2:

All documents reflecting your anticipation of price increases for Premarin or other pharmaceutical products, including but not limited to any business plan or budget which anticipates such price increases.

Response:

In addition to its general objections, McKesson objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. McKesson further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. McKesson also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

Request No. 3:

All documents which relate to "speculative purchasing" of Premarin or other pharmaceutical products.

Response:

In addition to its general objections, McKesson objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. McKesson further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

Request No. 4:

All documents which relate to whether your business model has relied upon price increases for Premarin and other products in order for you to maintain or increase your profitability.

Response:

In addition to its general objections, McKesson objects to this request because it is overbroad, unduly burdensome, oppressive, and seeks information that is irrelevant to this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to Request No. 4 to the extent that it seeks current or future information and documents that constitute or contain highly confidential, proprietary and/or trade secret information. McKesson also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

Son Nguyen, Esq.
December 23, 2003
Page 7

LATHAM&WATKINS LLP

Request No. 5:

Documents (in electronic format where available) sufficient to show, for each purchase of Premarin, Cenestin or any other ET or HT product from Wyeth, Duramed, or any other person, the following information:

> (a) name and address of supplier (e.g., Wyeth, Duramed, Barr or other entities engaged in the distribution of brand name pharmaceuticals);
> (b) product purchased (by NDC code);
> (c) date of purchase;
> (d) quantity purchased;
> (e) list price;
> (f) any charge-backs;
> (g) net price (price paid after discounts, rebates, and any other adjustments to list price).

Response:

In addition to its general objections, McKesson objects to this request because it is overbroad, unduly burdensome, oppressive, and seeks information that is irrelevant to this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence. By way of further answer, McKesson objects to this request to the extent that the information requested either may not exist nor may be available to McKesson in the form requested. McKesson also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

Request No. 6:

All documents relating to your guidelines, policies, procedures or practices in setting prices for Premarin, Cenestin, or other products purchased using "speculative pricing" practices.

Response:

In addition to its general objections, McKesson objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. McKesson further objects on the grounds that the request is vague and ambiguous. McKesson also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

Request No. 7:

All documents constituting or concerning communications with MCOs, Wyeth, Duramed or any other person relating to Premarin or Cenestin, or any other ET or HT product including,

**LATHAM&WATKINS**LLP

but not limited to, communications relating to the price, availability, coverage, or reimbursement of Premarin, Cenestin or any other ET or HT product.

Response:

In addition to its general objections, McKesson objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. McKesson further objects on the grounds that the request is vague and ambiguous. McKesson also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. McKesson also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

Request No. 8:

All documents which relate to whether your business model has relied upon "repackaging" in order for you to maintain or increase profitability.

Response:

In addition to its general objections, McKesson specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. McKesson also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges. McKesson also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. McKesson further objects on the grounds that the request is vague and ambiguous.

Request No. 9:

All documents discussing or concerning profits you earn from sales of "repackaged" product as opposed to sales of non "repackaged" product.

Response:

In addition to its general objections, McKesson objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. McKesson further objects on the grounds that the request is vague and ambiguous. McKesson also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

Son Nguyen, Esq.
December 23, 2003
Page 9

**LATHAM&WATKINS**LLP

Request No. 10:

All communications concerning this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

Response:

In addition to its general objections, McKesson specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. McKesson also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

Request No. 11

All documents relating to this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

Response:

In addition to its general objections, McKesson specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. McKesson also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

Request No. 12

All documents relating to any assignment of antitrust claims with respect to your purchases of Premarin, whether to Rite Aid Corporation or any other entity.

Response:

In addition to its general objections, McKesson specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. McKesson further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. McKesson also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

Request No. 13

Documents (in electronic format where available) sufficient to show, for each entity to which you assigned your claims with respect to your purchases of Premarin, the following information:

      (a) name and address of purchaser
      (b) date of purchasse;
      (c) quantity purchased;
      (d) list price;
      (e) any charge-backs;
      (f) net price (price paid after discounts, rebates, and any other adjustments to list price.

Response:

In addition to its general objections, McKesson specifically objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. McKesson also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges. By way of further answer, McKesson objects to this request to the extent that the information requested either may not exist nor may be available to McKesson in the form requested.

Request No. 14

All documents discussing or concerning profits you earn from sales of Premarin as opposed to sales of Cenestin.

Response:

In addition to its general objections, McKesson objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. McKesson further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

Request No. 15

All documents relating to whether you receive an economic benefit from price increases of Premarin.

Son Nguyen, Esq.
December 23, 2003
Page 11

**LATHAM&WATKINS**LLP

Response:

    In addition to its general objections, McKesson specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. McKesson further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

Request No. 16

    All documents discussing or concerning Wyeth's use of a "sole conjugated estrogens" clause in its contracts with MCOs and/or Wyeth's use of market share incentive rebates in its contracts with MCO's.

Response:

    In addition to its general objections, McKesson objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. McKesson further objects on the grounds that the request is vague and ambiguous. McKesson further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

Request No. 17

    All documents and organizational charts reflecting or listing your officers, directors, employees, and agents involved in "speculative purchasing" or "repackaging" practices, including but not limited your Investment Purchasing group, Investment Buying group, and your Procurement and Investment group.

Response:

    In addition to its general objections, McKesson objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. McKesson further objects on the grounds that the request is vague and ambiguous.

### Payment Of McKesson's Expenses In Responding To The Subpoena

    In addition to the objections listed above, McKesson is entitled to protection from significant expense resulting from the document inspection requested by the subpoena. Given the breadth of the subpoena, and the fact that McKesson may have responsive documents in many different locations throughout the United States, McKesson believes that it can only be protected from such expense if the defendant agrees in advance to reimburse McKesson for its reasonable costs to comply with the subpoena. Those costs would include computer time,

LATHAM&WATKINS LLP

employee time in searching for, reviewing and assembling the responsive documents and other costs incurred in reviewing, copying, redacting, and shipping documents. Once the scope of the subpoena is resolved, we will need to reach agreement on the payment of those costs prior to McKesson responding to the subpoena.

Very truly yours,

Peter K. Huston
of LATHAM & WATKINS LLP

SF\445621.2