# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

J.B.D.L. CORP. d/b/a
BECKETT APOTHECARY, et al.
        Wal-Marts,

            v.

WYETH-AYERST LABORATORIES,
INC., et al.
           Defendants.

CIVIL ACTION NO. C-1-01-704

## WAL-MART STORES, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT WYETH-AYERST LABORATORIES, INC.'S SUBPOENA FOR INSPECTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 45, Wal-Mart Stores, Inc., ("Wal-Mart") by and through its undersigned counsel, hereby submits its objections and responses to defendant Wyeth-Ayerst Laboratories, Inc.'s ("Wyeth's"), Subpoena, served on or about December 3, 2003, for inspection of documents, as follows:

## GENERAL OBJECTIONS AND RESERVATIONS

1.      Wal-Mart objects to the Subpoena on the grounds that discovery of unnamed or absent class members is strongly disfavored; should be permitted only on a "'strong showing of justification;'" and "should be carefully limited to ensure that it serves a legitimate purpose and is not used to harass either the class representatives or the class members." *Manual for Complex Litigation (Third)* § 30.232 (1995) (citation omitted). Wal-Mart accordingly objects to the Subpoena on the grounds that: (a) Wyeth has not made a "strong showing of justification;" and (b) the Subpoena is not "carefully limited to ensure that it serves a legitimate purpose."

2.      Wal-Mart objects to the Subpoena insofar and to the extent it seeks "downstream" discovery, i.e., discovery into the extent, if any, that Wal-Mart was able to "pass on" or otherwise

1

offset the economic effect of defendants' alleged illegal overcharge. The Supreme Court has held that: (a) an overcharged direct purchaser is entitled to recover the "full amount" of the overcharge; (b) the presence or absence of net gain or loss is irrelevant to antitrust standing, damages, or any other aspect of an antitrust overcharge claim; and (c) consideration of the "downstream" or net economic effects of anticompetitive conduct should be prohibited in order to promote the enforcement of the antitrust laws and to deter illegal conduct. *See Hanover Shoe v. United Shoe Machinery Corp.*, 392 U.S. 481 (1968); *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977); and *Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199 (1990).

3.    Wal-Mart objects to the Subpoena to the extent that it exceeds the scope of discovery permissible under the Federal Rules of Civil Procedure, including Rules 26 and 45.

4.    Wal-Mart objects to the Subpoena to the extent that it is not narrowly tailored so as to avoid imposing undue burden or expense on Wal-Mart as required by Rule 45(c)(1) of the Federal Rules of Civil Procedure.

5.    Wal-Mart objects to the Subpoena because the time specified for a response – December 31, 2003 for production of documents – is wholly inadequate given the complexity and breadth of the definitions, instructions and requests, and the nature and amount of information requested.

6.    Wal-Mart objects to the Subpoena to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable discovery privilege or exemption.

7.    Wal-Mart objects to the Subpoena to the extent it seeks information that contains trade secrets, proprietary commercial information or other confidential information protected by

constitutional, statutory or common law rights of privacy, or information subject to a confidentiality agreement between Wal-Mart and any other person or entity.

8.    Wal-Mart objects to the Subpoena on the ground that it purports to require the production of documents that are neither relevant to the claims and defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence.

9.    Wal-Mart objects to the Subpoena on the grounds that it is overly broad and fails to specify the documents sought with reasonable particularity.

10.    Wal-Mart objects to the Subpoena on the grounds that certain of the requests are vague and ambiguous.

11.    Wal-Mart objects to the Subpoena to the extent it seeks documents referring to parties who have entrusted the documents and the matters they disclose to Wal-Mart on an understanding of confidentiality and/or privilege.

12.    Wal-Mart objects to the Subpoena on the grounds that it is unduly burdensome and oppressive.

13.    Wal-Mart objects to the Subpoena to the extent it seeks information not within Wal-Mart's possession, custody or control.

14.    Wal-Mart objects to the Subpoena to the extent it seeks information that may be obtained from another source that is more convenient, less burdensome and/or less expensive.

15.    Wal-Mart objects to the Subpoena as unduly burdensome to the extent that it seeks the production of documents or information already in the possession of the defendants, or other parties to the litigation.

16.    Wal-Mart objects to the Subpoena to the extent that certain requests are unreasonably cumulative or duplicative.

17.     Wal-Mart objects to the Subpoena as overly broad, unduly burdensome, and neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents relating to the policies and practices used to promote the use of any generic prescription drug rather than just generic conjugated estrogens products, which are the only drugs at issue in this litigation.

18.     Wal-Mart objects to the Subpoena as unduly burdensome to the extent it seeks to require production in Washington D.C., of documents that may be maintained elsewhere in the normal course of business.

19.     Wal-Mart Stores, Inc. (Wal-Mart) objects to the issuance of this subpoena for documents through any Court other than the Federal Western District of Arkansas under FRCP 45. The subpoena was issued to Wal-Mart Stores, Inc. at its home office in Bentonville, Arkansas and requires production of documents from files located in Bentonville and through the efforts of persons whose workplaces are also located in Bentonville. *See* FRCP 45, 1991 Notes of Advisory Committee, ¶ 5, 7, and 33.

20.     Wal-Mart reserves the right to: (i) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (ii) object on any ground to other discovery requests that involve or relate to the subject matter of the subpoena; and (iii) revise, correct, supplement or clarify any of the specific responses set forth herein.

21.     Wal-Mart reserves the right to redact portions of documents to excise information protected from discovery by the attorney-client privilege, the work product doctrine, the party communication privilege, the joint defense privilege, or any other applicable discovery privilege or exemption. The inadvertent production of a privileged or otherwise protected document shall not be deemed to waive the privilege or protection with respect to that document or any other document.

4

22.     Each of the general objections above is incorporated into each response set forth below. Wal-Mart's failure to object to a particular request or category of documents on a particular ground or grounds shall not be construed as a waiver of its right to object on any additional ground(s).

## GENERAL OBJECTIONS TO DEFINITIONS

1.     Wal-Mart objects to the Definitions of the Subpoena to the extent that they purport to impose on Wal-Mart obligations beyond those imposed by the Federal Rules of Civil Procedure or the local rules of the United States District Court for District of Delaware.

2.     Wal-Mart objects to the definition of "you" or "your" as used in the Subpoena to the extent it purports to require Wal-Mart to respond on behalf of its "parents, subsidiaries, accountants, or advisors, acting or purporting to act on behalf of you" since such entities are not relevant to the disputes and issues in this lawsuit, and the definition therefore is overbroad and unduly burdensome.

3.     Wal-Mart objects to the definition of "Duramed" on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

4.     Wal-Mart objects to the definition of "Document" as used in the Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

5.     Wal-Mart objects to the definition of "Communication" as used in the Subpoena insofar as it (1) seeks information not in the possession, custody or control of Wal-Mart, or (2) seeks information that is subject to the attorney-client or attorney work product privilege, or (3) purports to

5

require Wal-Mart to produce information regarding computer programs or program documentation containing proprietary or otherwise protected information, or (4) is otherwise in contravention of the definition contemplated in either Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001.

6.    Wal-Mart objects to the definition of "Relate to", "relating to" and "concerning" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims of defenses in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

7.    Wal-Mart objects to the definition of "Person" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

8.    Wal-Mart objects to the definition of "ET" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

9.    Wal-Mart objects to the definition of "HT" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

10.    Wal-Mart objects to the definition of "MCO" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant

to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

11.    Wal-Mart objects to the definition of "Speculative Purchasing" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

12.    Wal-Mart objects to the definition of "Duramed Litigation" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

13.    Wal-Mart objects to the definition of "Wholesaler" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

## GENERAL OBJECTIONS TO INSTRUCTIONS

1.    Wal-Mart objects to the Instructions set forth in the Subpoena to the extent that they: (a) are neither authorized by, nor comply with, the Federal Rules of Civil Procedures; (b) call for information or documents that are neither relevant to any issues that are or may be involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence or that are irrelevant to common questions; (c) are overly broad, vague, ambiguous, indefinite and unduly burdensome; or

(d) seek to impose duties or obligations on Wal-Mart beyond those imposed by Rule 45 of the Federal Rules of Procedure.

2.    Wal-Mart objects to Instructions 3 and 4 to the extent that they purport to impose on Wal-Mart obligations beyond those imposed by Rules 26 and 34 of the Federal Rules of Civil Procedure or the local rules of the United States District Court for the Districts of Delaware and the Western District of Arkansas.

## SPECIFIC OBJECTIONS AND RESPONSES TO WYETH'S SUBPOENA
### Request No. 1:

All communications concerning possible or actual price increases for Premarin.

**Response:**

In addition to its general objections, Wal-Mart objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Wal-Mart further objects on the grounds that the request is vague and ambiguous.

### Request No. 2:

All documents reflecting your anticipation of price increases for Premarin or other pharmaceutical products, including but not limited to any business plan or budget which anticipates such price increases.

**Response:**

In addition to its general objections, Wal-Mart objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Wal-

8

Mart further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

Subject to and without waiving these objections: none.

**Request No. 3:**

All documents which relate to "speculative purchasing" of Premarin or other pharmaceutical products.

**Response:**

In addition to its general objections, Wal-Mart objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Wal-Mart further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

Subject to and without waiving these objections: none.

**Request No. 4:**

All documents which relate to whether your business model, or Wholesalers' business models have relied upon price increases or average wholesale price increases for Premarin and other products in order for you or Wholesalers to maintain or increase profitability.

**Response:**

In addition to its general objections, Wal-Mart objects to this request because it is overbroad, unduly burdensome, oppressive, and seeks information that is irrelevant to this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart further objects to Request No. 4 to the extent that it seeks current or future information and documents that constitute or contain highly confidential, proprietary and/or trade secret information. Wal-Mart also

9

objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

Subject to and without waiving these objections: none.

## Request No. 5:

Documents (in electronic format where available) sufficient to show, for each purchase of Premarin, Cenestin or any other ET or HT product from Wyeth, Duramed, or any other person, the following information:

> (a) name and address of supplier (e.g., Wyeth, Duramed, Barr or other entities engaged in the distribution of brand name pharmaceuticals);
>
> (b) product purchased (by NDC code);
>
> (c) date of purchase;
>
> (d) quantity purchased;
>
> (e) list price;
>
> (f) any charge-backs;
>
> (g) net price (price paid after discounts, rebates, and any other adjustments to list price).

## Response:

In addition to its general objections, Wal-Mart objects to this request because it is overbroad, unduly burdensome, oppressive, and seeks information that is irrelevant to this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence. By way of further answer, Wal-Mart objects to this request to the extent that the information requested either may not exist nor may be available to Wal-Mart in the form requested. Wal-Mart also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

**Request No. 6:**

All documents relating to your guidelines, policies, procedures or practices in setting prices for Premarin, Cenestin, or other products purchased using "speculative purchasing" practices.

**Response:**

In addition to its general objections, Wal-Mart objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Wal-Mart further objects on the grounds that the request is vague and ambiguous. Wal-Mart also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. Subject to and without waiving these objections: none.

**Request No. 7:**

All documents constituting or concerning communications with MCOs, Wyeth, Duramed or any other person relating to Premarin or Cenestin, or any other ET or HT product including, but not limited to, communications relating to the price, availability, coverage, or reimbursement of Premarin, Cenestin or any other ET or HT product.

**Response:**

In addition to its general objections, Wal-Mart objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Wal-Mart further objects on the grounds that the request is vague and ambiguous. Wal-Mart also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. Wal-Mart also objects to this request to the extent that it seeks information which is

protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

### Request No. 8:

All communications concerning this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

### Response:

In addition to its general objections, Wal-Mart specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

Subject to and without waiving these objections: none.

### Request No. 9:

All documents relating to this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

### Response:

In addition to its general objections, Wal-Mart specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

### Request No. 10:

All documents discussing or concerning profits you earn from sales of Premarin as opposed to sales of Cenestin.

### Response:

12

In addition to its general objections, Wal-Mart objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Wal-Mart further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

**Request No. 11:**

All documents relating to whether you receive an economic benefit from price increases of Premarin.

**Response:**

In addition to its general objections, Wal-Mart specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Wal-Mart further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

**Request No. 12:**

All documents discussing or concerning Wyeth's use of a "sole conjugated estrogens" clause in its contracts with MCOs and/or Wyeth's use of market share incentive rebates in its contracts with MCO's.

**Response:**

In addition to its general objections, Wal-Mart objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Wal-Mart further objects on the grounds that the request is vague and ambiguous. Wal-Mart further

13

objects to this request on the ground that it seeks information that is trade secret, proprietary and/or

confidential.

Subject to and without waiving these objections: none.

Respectfully submitted,

Mark Taylor
Wal-Mart Legal Department
702 S.W. 8th Street
Bentonville, AR 72716-0215
Phone: 479-277-1837
Fax: 479-277-5991
Email: Mark.Taylor@wal-mart.com

14

## CERTIFICATE OF SERVICE

This is to certify that a copy of the forgoing has been served by facsimile on Son Nguyen, Arnold & Porter, 555 Twelfth Street, N.W., Washington, D.C. 20004; facsimile number: (202) 942-5000 and on David Sorenson, Berger & Montague, 1622 Locust Street, Philadelphia, PA 19103; facsimile number (215) 875-5707.

Mark Taylor

1105860
AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
### DISTRICT OF DELAWARE

J.B.D.L. Corp. d/b/a
    BECKETT APOTHECARY, et al.,
             Plaintiffs,

       v.

    WYETH-AYERST LABORATORIES, INC.,  et al.,
             Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:  C-1-01-704

Judge Sandra S. Beckwith
CASE PENDING IN THE SOUTHERN
DISTRICT OF OHIO, WESTERN DIVISION

**TO:   Custodian of Records**
      **Wal-Mart Stores, Inc.**
      **702 SW Eighth Street**
      **Bentonville, AR  72712**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attachment.

| PLACE   Arnold & Porter<br>         555 Twelfth Street, N.W.<br>         Washington, DC 20004 | DATE AND TIME<br>December 31, 2003<br>5 p.m. |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>                       Attorney for Defendant | Date<br><br>December 1, 2003 |
|---|---|

Issuing Officer's Name, Address, and Phone Number

Son Nguyen, Esq., Arnold & Porter,  555 Twelfth Street, N.W., Washington, DC 20004; (202) 942-6156

AO 88 (Rev. 1/94) Subpoena in a Civil Case

1105860

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## ATTACHMENT

## DEFINITIONS

For the purpose of these document requests and accompanying instructions, the following terms are defined as indicated:

1.  "You" and "your" shall mean Wal-Mart Stores, Inc. or any other persons, including parents, subsidiaries, accountants, or advisors, acting or purporting to act on behalf of you.

2.  "Duramed" shall mean Duramed Pharmaceuticals, Inc., and any predecessors, successors, or assigns (including but not limited to Barr Pharmaceuticals), and any subsidiaries, parent companies, affiliates, officers, directors, agents, employees, contractors, or any other persons, including attorneys, accountants, or advisors, acting or purporting to act on behalf of Duramed.

3.  "Wyeth" shall mean the defendants in this action, Wyeth Pharmaceuticals (formerly Wyeth-Ayerst Laboratories, Inc.) and Wyeth (formerly American Home Products Corporation).

4.  "Document" shall be construed broadly to mean any material that a party may seek through Rule 34 of the Federal Rules of Civil Procedure, i.e., any written, graphic, electronic, photographic, recorded or illustrative material of any kind or description, however produced or reproduced, and regardless of whether approved, signed, sent, received, redrafted, or executed.

5.  "Communication" shall mean any transmission or transfer of information of any kind, orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances.

6.    "Relate to", "relating to" and "concerning" shall mean referencing, discussing, contradicting, undermining, supporting, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining in any way, directly, indirectly, legally, factually, or logically to the matter described.

7.    "Person" shall mean any natural person, public or private corporation, partnership, joint venture, association, government or governmental entity, and any other form of business or legal organization or entity.

8.    "Cenestin" shall mean all dosages and forms of Duramed's branded conjugated estrogens product.

9.    "Premarin" shall mean all dosages and forms of Wyeth's branded conjugated estrogens products, including Premarin®, Premphase®, and Prempro™.

10.    "ET" shall mean estrogen replacement therapy, including all dosages and forms of estrogen products for women.

11.    "HT" shall mean hormone replacement therapy, including all dosages and forms of the estrogen and progestin combination products for women.

12.    "MCO" shall mean any managed care organization, including but not limited to healthcare maintenance organizations (HMOs), preferred provider organizations (PPOs), point of service plans (POS), and pharmacy benefits managers (PBMs).

13.    "Speculative Purchasing" shall mean any purchases in which the volume of product purchased is determined, in whole or in part, by the purchaser's expectation, belief, or knowledge that the manufacturer will increase the price of its product after the purchase is completed, or that the average wholesale price will increase

and that such increase will result in higher reimbursements from MCOs with respect to your sale of said product.

14.    The "Duramed Litigation" shall mean the lawsuit captioned *Duramed Pharmaceuticals, Inc. v. Wyeth-Ayerst Laboratories, Inc.*, Civil Action No. C-1-00-735 (S.D. Ohio, Western Division).

15.    "Wholesaler" shall mean any person (as that term is defined herein) that purchases pharmaceutical products directly from a manufacturer and resells the products to any person other than an end consumer.

## INSTRUCTIONS

In construing the document requests listed below, the following instructions shall apply:

1.    Unless otherwise specified, the period covered by these document requests is from March 30, 1998, to the date of your responses to these requests or your production, whichever is later.

2.    All documents and things responsive to these requests that come into your possession, custody or control after you have made your first response to these requests shall be produced promptly to Wyeth in accordance with your obligation to supplement responses under Rule 26(e) of the Federal Rules of Civil Procedure.

3.    With respect to each document that is withheld from production for any reason, or any portion of a document that has been redacted in connection with the production for any reason, provide a statement setting forth:

(a)    the name and title of the document's author(s);

3

(b)    the name and title of the person(s) to whom copies of the document were sent;

(c)    the name and title of the person(s) to whom copies of the document were addressed;

(d)    the dates on which the document was written or otherwise produced, and the date on which it was mailed, sent, or otherwise delivered to the addressee(s);

(e)    the number of pages;

(f)    a brief description of the document's nature and subject matter; and

(g)    all grounds on which the document, or portion of the document, is being withheld or redacted.

4.    This request for production of documents seeks production of every version of the documents requested, including, but not limited to, copies of the documents with marginalia, additional attachments, additional handwritten or typed notes, indications of carbon copies, blind carbon copies, or distribution lists, and drafts and revisions of the document.

5.    If any of the requested documents cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to produce the remainder.

6.    The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

4

7.    The use of the singular herein shall be determined to include the plural, the masculine and the feminine, as appropriate in the context.

8.    "Any" shall include and encompass "all" and vice versa.

9.    "Each" shall include and encompass "every" and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    All communications concerning possible or actual price increases for Premarin.

**REQUEST NO. 2:**    All documents reflecting your anticipation of price increases for Premarin or other pharmaceutical products, including but not limited to any business plan or budget which anticipates such price increases.

**REQUEST NO. 3:**    All documents which relate to "speculative purchasing" of Premarin or other pharmaceutical products.

**REQUEST NO. 4:**    All documents which relate to whether your business model, or Wholesalers' business models have relied upon price increases or average wholesale price increases for Premarin and other products in order for you or Wholesalers to maintain or increase profitability.

**REQUEST NO. 5:**    Documents (in electronic format where available) sufficient to show, for each purchase of Premarin, Cenestin or any other ET or HT product from Wyeth, Duramed, or any other person, the following information:

(a)    name and address of supplier (e.g., Wyeth, Duramed, Barr or other entities engaged in the distribution of brand name pharmaceuticals);

(b)    product purchased (by NDC code);

5

(c)     date of purchase;

(d)     quantity purchased;

(e)     list price;

(f)     any charge-backs;

(g)     net price (price paid after discounts, rebates, and any other

adjustments to list price).

**REQUEST NO. 6:**    All documents relating to your guidelines, policies, procedures or practices in setting prices for Premarin, Cenestin, or other products purchased using "speculative purchasing" practices.

**REQUEST NO. 7:**    All documents constituting or concerning communications with MCOs, Wyeth, Duramed or any other person relating to Premarin or Cenestin, or any other ET or HT product including, but not limited to, communications relating to the price, availability, coverage, or reimbursement of Premarin, Cenestin or any other ET or HT product.

**REQUEST NO. 8:**    All communications concerning this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

**REQUEST NO. 9:**    All documents relating to this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

**REQUEST NO. 10:**    All documents discussing or concerning profits you earn from sales of Premarin as opposed to sales of Cenestin.

**REQUEST NO. 11:**    All documents relating to whether you receive an economic benefit from price increases of Premarin.

6

**REQUEST NO. 12:**  All documents discussing or concerning Wyeth's use of a "sole conjugated estrogens" clause in its contracts with MCOs and/or Wyeth's use of market share incentive rebates in its contracts with MCO's.

Dated:  December ____, 2003          WYETH

By: _____
          One of its attorneys

James R. Adams
Grant S. Cowan
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-5715
(513) 651-6800

Dan K. Webb
W. Gordon Dobie
WINSTON & STRAWN
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

William J. Baer
David S. Eggert
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served this 1st day of

December 2003 in the manner indicated below:

Theresa L. Groh (by overnight delivery and fax)
**MURDOCK, GOLDENBERG, SCHNEIDER & GROH**
700 Walnut Street, Suite 400
Cincinnati, OH 45202-2011

Jay S. Cohen (by overnight delivery and fax)
**SPECTOR, ROSEMAN & KODROFF**
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Ruthanne Gordon (by overnight delivery and fax)
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103

Ryan Watts