# EXHIBIT 5

# (part 1)

Anthony J. Viola (AV-7366)
Edwards & Angell, LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411
Attorneys for Non-Party
Quality King Distributors, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
J.B.D.L. CORP. d/b/a
BECKETT APOTHECARY, et al.
           Plaintiffs,

      v.                               CIVIL ACTION NO. C-1-01-704
WYETH-AYERST LABORATORIES,     (Southern District of Ohio, Western Division)
INC., et al.
           Defendants.
------------------------------------------------X

### OBJECTIONS AND RESPONSES OF NON-PARTY QUALITY KING DISTRIBUTORS, INC. TO DEFENDANT WYETH-AYERST LABORATORIES, INC.'S SUBPOENA FOR INSPECTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 45, Quality King Distributors, Inc. ("Quality King"), by and through its undersigned counsel, hereby submits its objections and responses to defendant Wyeth-Ayerst Laboratories, Inc.'s ("Wyeth"), Subpoena, served on or about December 4, 2003, for inspection of documents, as follows:

### GENERAL OBJECTIONS AND RESERVATIONS

1.    Quality King objects to the Subpoena on the grounds that discovery of unnamed or absent class members is strongly disfavored; should be permitted only on a "'strong showing of justification;'" and "should be carefully limited to ensure that it serves a legitimate purpose and is not used to harass either the class representatives or the class members." *Manual for Complex Litigation (Third)* § 30.232 (1995) (citation omitted). Quality King accordingly objects

to the Subpoena on the grounds that: (a) Wyeth has not made a "strong showing of justification;" and (b) the Subpoena is not "carefully limited to ensure that it serves a legitimate purpose."

2. Quality King objects to the Subpoena insofar and to the extent its seeks "downstream" discovery, i.e., discovery into the extent, if any, that Quality King was able to "pass on" or otherwise offset the economic effect of defendants' alleged illegal overcharge. The Supreme Court has held that: (a) an overcharged direct purchaser is entitled to recover the "full amount" of the overcharge; (b) the presence or absence of net gain or loss is irrelevant to antitrust standing, damages, or any other aspect of an antitrust overcharge claim; and (c) consideration of the "downstream" or net economic effects of anticompetitive conduct should be prohibited in order to promote the enforcement of the antitrust laws and to deter illegal conduct. *See Hanover Shoe v. United Shoe Machinery Corp.*, 392 U.S. 481 (1968); *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977); and *Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199 (1990).

3. Quality King objects to the Subpoena to the extent that it exceeds the scope of discovery permissible under the Federal Rules of Civil Procedure, including Rules 26 and 45.

4. Quality King objects to the Subpoena to the extent that it is not narrowly tailored so as to avoid imposing undue burden or expense on Quality King as required by Rule 45(c)(1) of the Federal Rules of Civil Procedure.

5. Quality King objects to the Subpoena because the time specified for a response – December 31, 2003 for production of documents – is wholly inadequate given the complexity and breadth of the definitions, instructions and requests, and the nature and amount of information requested.

NYC_167831_1/AVIOLA

6. Quality King objects to the Subpoena to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable discovery privilege or exemption.

7. Quality King objects to the Subpoena to the extent it seeks information that contains trade secrets, proprietary commercial information or other confidential information protected by constitutional, statutory or common law rights of privacy, or information subject to a confidentiality agreement between Quality King and any other person or entity.

8. Quality King objects to the Subpoena on the ground that it purports to require the production of documents that are neither relevant to the claims and defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence.

9. Quality King objects to the Subpoena on the grounds that it is overly broad and fails to specify the documents sought with reasonable particularity.

10. Quality King objects to the Subpoena on the grounds that certain of the requests are vague and ambiguous.

11. Quality King objects to the Subpoena to the extent it seeks documents referring to parties who have entrusted the documents and the matters they disclose to Quality King on an understanding of confidentiality and/or privilege.

12. Quality King objects to the Subpoena on the grounds that it is unduly burdensome and oppressive.

13. Quality King objects to the Subpoena to the extent it seeks information not within Quality King's possession, custody or control.

NYC_167831_1/AVIOLA

14. Quality King objects objects to the Subpoena to the extent it seeks information that may be obtained from another source that is more convenient, less burdensome and/or less expensive.

15. Quality King objects to the Subpoena as unduly burdensome to the extent that it seeks the production of documents or information already in the possession of the defendants, or other parties to the litigation.

16. Quality King objects to the Subpoena to the extent that certain requests are unreasonably cumulative or duplicative.

17. Quality King objects to the Subpoena as overly broad, unduly burdensome, and neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents relating to the policies and practices used to promote the use of any generic prescription drug rather than just generic conjugated estrogens products, which are the only drugs at issue in this litigation.

18. Quality King objects to the Definitions and Instructions set forth in the Subpoena to the extent that they: (a) are neither authorized by, nor comply with, the Federal Rules of Civil Procedures; (b) call for information or documents that are neither relevant to any claims or defenses at issue in this cause of action, nor reasonably calculated to lead to the discovery of admissible evidence or that are irrelevant to common questions; (c) are overly broad, vague, ambiguous, indefinite and unduly burdensome; or (d) seek to impose duties or obligations on Quality King beyond those imposed by Rule 45 of the Federal Rules of Procedure.

NYC_167831 1/AVIOLA

19. Quality King objects to the Subpoena as unduly burdensome to the extent it seeks to require production in Washington D.C., of documents that are maintained elsewhere in the normal course of business.

20. Quality King reserves the right to: (a) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (b) object on any ground to other discovery requests that involve or relate to the subject matter of the subpoena; and (c) revise, correct, supplement or clarify any of the specific responses set forth herein.

21. Quality King reserves the right to redact portions of documents.

22. Each of the general objections above is incorporated into each response set forth below. Quality King's failure to object to a particular request or category of documents on a particular ground or grounds shall not be construed as a waiver of its right to object on any additional ground(s).

## GENERAL OBJECTIONS TO DEFINITIONS

1. Quality King objects to the Definitions of the Subpoena to the extent that they purport to impose on Quality King obligations beyond those imposed by the Federal Rules of Civil Procedure or the local rules of the United States District Court for the Eastern District of New York.

2. Quality King objects to the definition of "you" or "your" as used in the Subpoena to the extent it purports to require Quality King to respond on behalf of its "parents, subsidiaries, accountants, or advisors, acting or purporting to act on behalf of you" since such entities are not relevant to the disputes and issues in this lawsuit, and the definition therefore is overbroad and unduly burdensome. The definition is also thereby rendered vague and ambiguous.

3. Quality King objects to the definition of "Duramed" on the grounds that this definition is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

4. Quality King objects to the definition of "Document" as used in the Subpoena on the grounds that this definition is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

5. Quality King objects to the definition of "Communication" as used in the Subpoena insofar as it (1) seeks information not in the possession, custody or control of Quality King, or (2) seeks information that is subject to the attorney-client or attorney work product privilege, or (3) purports to require Quality King to produce information regarding computer programs or program documentation containing proprietary or otherwise protected information, or (4) is otherwise in contravention of the definition contemplated in either Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001.

6. Quality King objects to the definition of "ET" as used in this Subpoena on the grounds that this definition is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

7.     Quality King objects to the definition of "HT" as used in this Subpoena on the grounds that this definition is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

8.     Quality King objects to the definition of "MCO" as used in this Subpoena on the grounds that this definition is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

9.     Quality King objects to the definition of "Speculative Purchasing" as used in this Subpoena on the grounds that this definition is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

10.    Quality King objects to the definition of "Repackaging" as used in this Subpoena on the grounds that this definition is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

## GENERAL OBJECTIONS TO INSTRUCTIONS

1.     Quality King objects to the Instructions set forth in the Subpoena to the extent that they: (a) are neither authorized by, nor comply with, the Federal Rules of Civil Procedures; (b)

call for information or documents that are neither relevant to any issues that are or may be involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence or that are irrelevant to common questions; (c) are overly broad, vague, ambiguous, indefinite and unduly burdensome; or (d) seek to impose duties or obligations on Quality King beyond those imposed by Rule 45 of the Federal Rules of Procedure.

2. Quality King objects to Instruction 1 to the extent it calls for production of documents dated or created after the date of service of the Subpoena.

3. Quality King objects to Instructions 3, 4 and 5 to the extent that they purport to impose on Quality King obligations beyond those imposed by Rules 26 and 34 of the Federal Rules of Civil Procedure or the local rules of the United States District Court for the Eastern District of New York.

## SPECIFIC OBJECTIONS AND RESPONSES TO WYETH'S SUBPOENA

**Request No. 1:** All communications concerning possible or actual price increases for Premarin.

**Response:** In addition to its general objections, Quality King objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Quality King further objects on the grounds that the request is vague and ambiguous.

**Request No. 2:** All documents reflecting your anticipation of price increases for Premarin or other pharmaceutical products, including but not limited to any business plan or budget which anticipates such price increases.

**Response:** In addition to its general objections, Quality King objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither

NYC_167831_1/AVIOLA

relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Quality King further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. Quality King also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

**Request No. 3:** All documents which relate to "speculative purchasing" of Premarin or other pharmaceutical products.

**Response:** In addition to its general objections, Quality King objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Quality King further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

**Request No. 4:** All documents which relate to whether your business model has relied upon price increases for Premarin and other products in order for you to maintain or increase your profitability.

**Response:** In addition to its general objections, Quality King objects to this request because it is vague and ambiguous, overbroad, unduly burdensome, oppressive, and seeks information that is irrelevant to this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence. Quality King further objects to Request No. 4 to the extent that it seeks current or future information and documents that constitute or contain highly confidential, proprietary and/or trade secret information. Quality King also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

Request No. 5: Documents (in electronic format where available) sufficient to show, for each purchase of Premarin, Cenestin or any other ET or HT product from Wyeth, Duramed, or any other person, the following information:
    (a) name and address of supplier (e.g., Wyeth, Duramed, Barr or other entities engaged in the distribution of brand name pharmaceuticals);
    (b) product purchased (by NDC code);
    (c) date of purchase;
    (d) quantity purchased;
    (e) list price;
    (f) any charge-backs;
    (g) net price (price paid after discounts, rebates, and any other adjustments to list price).

Response: In addition to its general objections, Quality King objects to this request because it is overbroad, unduly burdensome, oppressive, and seeks information that is irrelevant to this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence. Quality King further objects to this request to the extent that the information requested either may not exist or may not be available to Quality King in the form requested. Quality King also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

Request No. 6: All documents relating to your guidelines, policies, procedures or practices in setting prices for Premarin, Cenestin, or other products purchased using "speculative purchasing" practices.

Response: In addition to its general objections, Quality King objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Quality King further objects on the grounds that the request is vague and ambiguous. Quality King also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

**Request No. 7:** All documents constituting or concerning communications with MCOs, Wyeth, Duramed or any other person relating to Premarin or Cenestin, or any other ET or HT product including, but not limited to, communications relating to the price, availability, coverage, or reimbursement of Premarin, Cenestin or any other ET or HT product.

**Response:** In addition to its general objections, Quality King objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Quality King also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. Quality King also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

**Request No. 8:** All documents which relate to whether your business model has relied upon "repackaging" in order for you to maintain or increase profitability.

**Response:** In addition to its general objections, Quality King specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Quality King also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges. Quality King also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. Quality King further objects on the grounds that the request is vague and ambiguous.

**Request No. 9:** All documents discussing or concerning profits you earn from sales of "repackaged" product as opposed to sales of non "repackaged" product.

**Response:** In addition to its general objections, Quality King objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Quality King also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

**Request No. 10:** All communications concerning this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

**Response:** In addition to its general objections, Quality King specifically objects to this request on the ground that it is vague and ambiguous, and calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Quality King also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

**Request No. 11:** All documents relating to this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

**Response:** In addition to its general objections, Quality King specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Quality King also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

**Request No. 12:** All documents discussing or concerning profits you earn from sales of Premarin as opposed to sales of Cenestin.

<u>Response:</u> In addition to its general objections, Quality King objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Quality King further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

<u>Request No. 13:</u> All documents relating to whether you receive an economic benefit from price increases of Premarin.

<u>Response:</u> In addition to its general objections, Quality King specifically objects to this request on the ground that it is vague and ambiguous, and calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Quality King further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

<u>Request No. 14:</u> All documents discussing or concerning Wyeth's use of a "sole conjugated estrogens" clause in its contracts with MCOs and/or Wyeth's use of market share incentive rebates in its contracts with MCO's.

<u>Response:</u> In addition to its general objections, Quality King objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. Quality King further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

<u>Request No. 15:</u> All documents relating to any assignment of antitrust claims with respect to your purchases of Premarin to any other entity.

**Response:** In addition to its general objections, Quality King specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Quality King further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. Quality King also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

**Request No. 16:** Documents (in electronic format where available) sufficient to show, for each entity to which you assigned your claims with respect to your purchases of Premarin, the following information:
- (a) name and address of purchaser;
- (b) date of purchase;
- (c) quantity purchased;
- (d) list price;
- (e) any charge-backs;
- (f) net price (price paid after discounts, rebates, and any other adjustments to list price.

**Response:** In addition to its general objections, Quality King specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Quality King further objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential. Quality King also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges. Quality King also objects to this request to the extent that the information requested either may not exist or may not be available to Quality King in the form requested.

**Request No. 17:** All documents and organizational charts reflecting or listing your officers, directors, employees, and agents involved in "speculative purchasing" or "repackaging" practices.

**Response:** In addition to its general objections, Quality King objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence.

Dated: New York, NY
       December 23, 2003

 

*Anthony J. Viola*
Anthony J. Viola (AV-7366)
Edwards & Angell, LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411
Attorneys for Non-Party
Quality King Distributors, Inc.

## CERTIFICATE OF SERVICE

I, Anthony J. Viola, an attorney at law of the State of New York, certify that on the 23rd day of December, 2003, I caused to be served by U.S. mail and by telecopier a true copy of the attached Objections and Responses of Non-Party Quality King Distributors, Inc. to Defendant Wyeth-Ayerst Laboratories, Inc.'s Subpoena for Inspection of Documents upon

Son Nguyen, Esq..
Attorney for Defendant
Wyeth-Ayerst Laboratories, Inc.
Arnold & Porter
555 Twelfth Street, N.W.
Washington, DC 20004
202-942-6156

_____
Anthony J. Viola (AJ-7366))

NYC_70832_1/AVIOLA