# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. Corp. d/b/a<br>BECKETT APOTHECARY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WYETH-AYERST LABORATORIES, INC., et al.,<br><br>　　　　　Defendants. | Civil Action No. C-1-01-704<br><br>Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |

**DECLARATION OF JAY S. COHEN IN SUPPORT
OF DIRECT PURCHASER CLASS PLAINTIFFS'
<u>MOTION FOR PROTECTIVE ORDER</u>**

JAY S. COHEN, of Spector, Roseman & Kodroff, P.C., declares and states as follows:

1. I am one of the co-lead counsel for plaintiffs in the Premarin Direct Purchaser litigation captioned above and this Declaration is filed pursuant to Rule 37.2 of the Local Rules of the United States District Court for the Southern District of Ohio.

2. On January 6, 2004, I had a Local Rule 37.1 telephone meet and confer conference with David Eggert and Matthew Meisner, counsel for Wyeth. Also participating was David Sorensen, one of plaintiffs' counsel from Berger & Montague, P.C., co-lead counsel. Among the purposes of the meet and confer was to discuss the Objections of Class Plaintiffs to Defendants' Subpoenas, served on Wyeth on December 23, 2003 related to the eight subpoenas they served on absent Class members on December 1, 2003. The call was also intended to discuss the similar objections lodged by the eight absent Class members (AmerisourceBergan Corporation, Cardinal Health, Inc., McKesson Corporation, Wal-Mart Stores, Inc., Quality King Distributors, Inc., Eckerd

Corporation, The Kroger Co. and Walgreens' Co.) subpoenaed by Wyeth.

3. As class counsel for the class certified by this Court, and following the January 6 call, Mr. Sorensen and I arranged for meet and confer sessions between Wyeth and counsel for the eight absent class members who were subpoenaed, with the agreement that class counsel would be participating.

4. During the course of the meet and confer calls, and subsequent thereto, all (as of the date of this Declaration, having been unable to contact counsel for McKesson, it is unclear if they have had *ex parte* talks with counsel for Wyeth in which their position changed) subpoenaed Class members uniformly affirmed their general and specific objections to the downstream data requested. With respect to that issue, the meet and confer process has been exhausted.

5. With respect to non-downstream data, the eight Class members continue to search for and determine 1) the existence of non-downstream documents and 2) the burden entailed in producing the non-downstream data.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Jay S. Cohen