# EXHIBIT 12

LITCHFORD CHRISTOPHER 11-19-93 ; 9:55AM         LCR ORLANDO→

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE CARBON DIOXIDE
ANTITRUST LITIGATION

MDL Docket No. 940
Judge Patricia C. Fawsett

THIS DOCUMENT RELATES TO:
ALL ACTIONS

RECEIVED
NOV 1 9 1993
LITCHFORD, CHRISTOPHER
& RUTA

### ORDER

This case comes before the Court upon the following matters:

(1) Plaintiffs' Rule 37(B) Motion to Compel BOC Group, Inc. to comply with the Court's July 12, 1993 Order Authorizing Rule 30(b)(6) Depositions and for Sanctions (Doc. No. 242, filed September 7, 1993); and Response of the BOC Group, Inc. (Doc. No. 245, filed September 20, 1993).

Plaintiffs contend that Defendant BOC has failed to comply with this Court's Order of July 12, 1993, that required Defendants to produce knowledgeable witnesses in response to Plaintiffs' Amended Notice of Rule 30(b)(6) Deposition. Plaintiffs assert that the witness provided by BOC for its deposition on August 24, 1993, had inadequate knowledge about many of the topics specified in Plaintiffs' Notice. Specifically, Plaintiffs state that the witness knew nothing

LITCHFIRD CHRISTOPHER 11-19-93 · 9:56AM · LCR ORLANDO→

about three databases which Plaintiffs claim are key to their investigation of Defendants' alleged conspiracy: the Special Pricing Request, Competitive Accounts, and New Business Information databases.

BOC responds that the Plaintiff is demanding additional information not sought by its Notice of Deposition. BOC argues that the subject matter of Plaintiffs' Notice was limited to "the form and location of records maintained by the BOC group in a computer readable form" on various subjects relating to carbon dioxide or nitrogen. BOC says that it has fully complied with this more limited version of Plaintiffs' Notice and the Court's July 12 Order.

The Court finds that BOC's reading of Plaintiffs' Deposition Notice is too narrow. The Plaintiffs clearly sought more than just the "form and location" of records kept by BOC. The deposition testimony reveals that BOC's witness knew nothing about the three key databases on which Plaintiffs sought information even though Plaintiffs included documents regarding each of them in the materials they predesignated for use at the BOC Rule 30(b)(6) deposition. The witness also had no knowledge of data maintained on computers in regional offices and productions plants, and limited knowledge of databases maintained by his own department.

Accordingly, the Plaintiffs' Rule 37(B) Motion to Compel BOC Group to Comply With the Court's July 12, 1993, Order Authorizing Rule 30(b)(6) Depositions is **GRANTED**. Defendants

2

ITCHFIRD, CHRISTOPHER 11-19-93 ; 9:37AM ;       LCR ORLANDO→

shall provide the documents Plaintiffs' seek, and shall produce knowledgeable witnesses to respond to Plaintiffs' additional concerns.

(2) Certain Plaintiffs' Motion for a Protective Order to Quash Defendant BOC's Rule 30(b)(6) Deposition Notice and Memorandum of Law in Support Thereof (Doc. Nos. 246 & 247, filed September 22, 1993); Defendants' Response to Motion for a Protective Order (Doc. No. 267, filed October 7, 1993).

BOC seeks to take depositions of Plaintiffs' corporate personnel knowledgeable about the information that Plaintiffs maintain on computer with respect to their sales, profits, and costs of the products for which liquid carbon dioxide and or nitrogen is used. BOC also wants to take depositions of corporate personnel knowledgeable about the information that Plaintiffs maintain on computer relating in general to liquid carbon dioxide and nitrogen.

Plaintiffs argue that, as a matter of law, Defendants are not entitled to information about sales, profits, and costs where, as here, Plaintiffs are merely seeking to recover the amount of <u>overcharges</u> resulting from defendants' alleged antitrust violations on commodities sold to Plaintiffs. Plaintiffs also state that they have already described all responsive information that they maintain on computer in formal Responses to Defendants' Second Document Request and have produced all information regarding their purchases of liquid carbon dioxide that they maintain on computer.

3

PITCHFORD CHRISTOPHER 11-19-93 9:57AM   LCR ORLANDO-

Therefore, they ask the Court to enter a protective order quashing Defendants' Rule 30(b)(6) Deposition Notice.

Defendants argue that information about the Plaintiffs' costs and profits is highly relevant to Plaintiffs' theory of liability. Defendants assert that if Plaintiffs intend to construct an inference of conspiracy from evidence of Defendants' allegedly "excessive" profits or "unreasonably high" prices, that Defendants are entitled to show that Plaintiffs' own profits were the same or even greater. Defendants also assert that Plaintiffs have produced nothing in computer readable form regarding purchases they made of liquid carbon dioxide.

The Court finds that Defendants are not entitled to information about Plaintiffs' costs and profits. A long line of cases has held that the price at which plaintiffs sold their products has no relevance to the issue of whether defendants fixed prices in violation of the Sherman Act. See In re Wirebound Boxes Antitrust Litigation, 131 F.R.D. 578 (D.Minn. 1990); Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977); and Hanover Shoe v. United Shoe Machinery Corp., 392 U.S. 481, 489 (1968). The Court acknowledged the force of these precedents in its Order of December 12, 1992 (Doc. No. 50) when it sustained Plaintiffs' objections to Defendants' discovery requests concerning possible resale of liquid carbon dioxide.

The Court is unable to ascertain from the pleadings

4

submitted to it what, if anything, the Plaintiffs have provided in response to Defendants' request for computerized information relating to Plaintiffs' purchases of liquid carbon dioxide. Therefore, the Court will conduct a 15 minute telephonic hearing at 11:30 a.m. on Thursday, December 2, 1993, to consider Plaintiffs' Motion as it relates to providing this information. Counsel for the Plaintiff shall set up the telephone hearing.

Accordingly, Plaintiffs' Motion for a Protective Order to Quash Defendants' Rule 30(b)(6) Notice of Deposition is **GRANTED** as to production of information related to Plaintiffs' profits and costs, and **DEFERRED** as to production of computerized information related to Plaintiffs' purchases of liquid carbon dioxide.

(3) Defendants' Motion to Dismiss Certain Individual Plaintiffs (Doc. No. 254, filed September 28, 1993); Individual Plaintiffs' Opposition to the Motion to Dismiss Certain Individual Plaintiffs (Doc. No. 279, filed October 29, 1993).

Defendants claim that Plaintiffs have misled the Court by stating that they only represent 25 opt-out Plaintiffs when, in fact, the number is closer to 1200. Defendants base their argument on the fact that Plaintiffs have stated that they represent all of the "predecessors, subsidiaries, divisions, and affiliates" of the named opt-out Plaintiffs. Defendants assert that these other entities are virtually all

5

separate corporations with separate claims which have not properly opted out of the class action. Defendants accuse the Plaintiffs of "hiding" these additional plaintiffs, thereby preventing Defendants from making arguments that would have defeated class certification. Therefore, Defendants ask the Court to dismiss the claims of all parties purporting to be plaintiffs except for the 25 companies actually named in the Anheuser-Busch and PepsiCo actions.

Plaintiffs respond that the "one thousand plus" opt-out plaintiffs referred to in Defendants' Motion are not separate legal entities. Plaintiffs state that 1,000 of them are predecessor companies, divisions, and trade names of the 25 named opt-out Plaintiffs, whose claims belong to the named Plaintiffs as a matter of law. The other approximately 165 parties are subsidiaries of Plaintiffs' and they have ratified the filing of these actions on their behalf. Plaintiffs also dispute Defendants' contention that they hid these parties until after the class was certified, pointing out that the two complaints Plaintiffs filed in September 1992, and May 1993, explicitly allege that the claims are brought on behalf of each Plaintiff and its "predecessors, subsidiaries, divisions, and affiliates."

The Court finds that the Defendants' fears of being deluged by actions from "one thousand plus" plaintiffs "lurking on the sidelines" are groundless. The Defendants raised this issue previously when they sought to stay the non-

class action cases and to have the class de-certified. (Doc. Nos. 228, 230-235, filed August 25, 1993). The Defendants claimed that the efficiencies of a class action would be defeated because the opt-out plaintiffs numbered more than 1,000 and intended to pursue their claims. After the August 26 hearing, the Court entered an Order denying Defendants' requests. The Defendants have presented nothing new in this Motion to convince the Court that they are in danger of being overwhelmed by complaints from unknown individual plaintiffs. Plaintiffs have demonstrated that they own the vast majority of the "one thousand plus" claims, thus eliminating the possibility of additional claims being filed. The ratification notices filed by the remaining plaintiffs should allay any other fears the Defendants may have of being ambushed at the last minute by unexpected plaintiffs.

Accordingly, the Defendants' Motion to Dismiss Certain Individual Plaintiffs (Doc. No. 254) is **DENIED**.

(4) Defendants' Joint Motion and Memorandum to Compel Certain Opt-Out Plaintiffs to Respond to Defendants' Joint Interrogatories 3, 32(a) and 32(b) (Doc. No. 255, filed September 28, 1993); Plaintiffs' Opposition to Defendants' Joint Motion to Compel Certain Opt-Out Plaintiffs to Respond to Defendants' Joint Interrogatories 3, 32(a) and 32(b) (Doc. No. 280, filed October 29, 1993).

After careful consideration of the Motions and Exhibits presented by both parties, the Court finds that the Plaintiffs

7

TCHFORD CHRISTOPHER 11-19-93 10:00AM          LCR ORLANDO-

have provided the Defendants with all the information and documents they possess which are responsive to Interrogatories 3, 32(a), and 32(b). Accordingly, the Defendants' Joint Motion and Memorandum to Compel Certain Opt-Out Plaintiffs to Respond to Defendants' Joint Interrogatories 3, 32(a), 32(b) (Doc. No. 255) is **DENIED**.

(5) Agreed Motion to Extend Time for Individual Plaintiffs' Responses to Defendants' Motions to Dismiss and to Compel. (Doc. No. 265, filed October 6, 1993).

Upon consideration, the Agreed Motion to Extend Time for Individual Plaintiffs' Responses to Defendants' Motions to Dismiss and to Compel is **GRANTED**.

(6) Defendants' Joint Motion and Memorandum to Compel Certain Plaintiffs to Answer Interrogatories and to Produce Documents Concerning the Wiesemanns (Doc. No. 271, filed October 14, 1993); Individual Plaintiffs' Response to Defendants' Joint Motion and Memorandum to Compel Certain Plaintiffs to Answer Interrogatories and to Produce Documents Concerning the Wiesemanns (Doc. No. 277, filed October 28, 1993); Plaintiff, State of Florida's Response to Defendants' Joint Motion and Memorandum to Compel Certain Plaintiffs to Answer Interrogatories and to Produce Documents Concerning the Wiesemanns (Doc. No. 278, filed October 28, 1993).

The Defendants ask the State of Florida, the Individual Plaintiffs, the Class Plaintiffs, and Archer Daniels Midland Company ("ADM") to serve written responses to the following

8

interrogatories and produce documents in response to the following requests:

(1) Describe in detail all information provided to you by Robert O. Wiesemann, Sr.; Eric P. ("Rick") Wiesemann; or Robert O. Wiesemann, Jr. concerning (i) any allegation in the State of Florida's First Amended Complaint, the Individual Plaintiffs' Second Amended Complaint or the First Consolidated Class Action Complaint; (ii) any allegation or investigation of anticompetitive conduct in in the carbon dioxide industry or by any participant in that industry; (iii) any proposed modification to any consent decree pertaining to the carbon dioxide industry or any participant in that industry; (iv) the "lack of competition in the carbon dioxide business" as stated in Benedict P. Kuehne's June 23, 1993 letter to Scott E. Clodfelter (AGO43145A55A) ("Kuehne letter"); or (v) "Bob and Rick Wiesemann['s]...involvement in the liquid CO2 business," as stated in the Kuehne letter.

(2) This interrogatory is directed to ADM alone. Describe in detail how "ADM helped Rick Wiesemann build his own liquid CO2 business, and assisted Bob Wiesemann's business" as stated in the Kuehne letter.

(3) This interrogatory is directed to the State of Florida alone. Describe in detail all information provided to you by Jim Davis a/k/a "Mr. Barton," as stated in the Kuehne letter.

(4) Produce all documents which constitute, concern, reflect or relate to information provided to you by Robert O. Wiesemann, Sr.; Eric P. Wiesemann; or Robert O. Wiesemann, Jr. concerning the subject matters set forth in Interrogatory 1.

(5) Produce all documents that you have received from Robert O. Wiesemann concerning the subject matters set forth in Interrogatory 1.

Defendants assert that they need this information to prepare for deposing the Wiesemanns and to defend against Plaintiffs' charges.

The Plaintiffs contend that to respond to Defendants'

LITCHFIRD CHRISTOPHER 11-19-93 10:1AM         LCR ORLANDO-                21556919955 #00 29

interrogatories, Plaintiffs' counsel would have to provide a summary of every matter of substance contained in their notes of their discussions with the Wiesemanns and to summarize any information they can recall obtaining from the Wiesemanns that they did not write down. They argue that that material is covered by the work product doctrine and that the Defendants have not shown the exceptional need required for the disclosure of work product. They also assert that the Defendants' effort to compel an answer at this time violates the Court's May 3, 1993 Order regarding the timing for further answers to contention interrogatories.

The Court finds that the information sought by Defendants is covered by the work product doctrine. Although, as Defendants assert, Fed. R. Civ. P. 26(b)(3) only applies to discovery of documents and other tangible things, when discovery of "work product" is sought through interrogatories, the principles enunciated in Hickman v. Taylor, 329 U.S. 495 (1947), apply. Hickman v. Taylor makes it clear that counsel cannot be compelled to describe what they learned in witness interviews without a showing of exceptional need. To justify disclosure, a party must show the importance of the information to the party's case and the difficulty the party will face in obtaining substantially the same information from other sources. Where, as here, the opposing has access to the same witness, there is no exceptional need which would justify disclosure. See Castle v. Sangamo Weston, Inc., 744 F.2d 1464

TCHFORD CHRISTOPHER 11-19-93 10:02AM    LCR ORLANDO-    2155680956-#13 26

(11th Cir. 1984) (order compelling production of statements taken by attorneys with respect to employment discrimination litigation was an abuse of discretion, since the defendant could have deposed the witnesses to obtain their statements).[1]

The Court also finds that the Defendants' document request is premature in light of the Court's Order of May 3, 1993. Accordingly, the Defendants' Joint Motion to Compel Certain Plaintiffs to Answer Interrogatories and to Produce Documents Concerning the Wiesemanns (Doc. No. 271) is **DENIED**.

(7) Defendants' Motion to Strike Certain Portions of Plaintiffs' Supplemental Milburn Submission (Doc. No. 272, filed October 15, 1993); and Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Strike (Doc. No. 281, filed October 29, 1993).

Upon careful consideration of the parties' pleadings and exhibits, the Defendants' Motion to Strike Certain Portions of Plaintiffs' Supplemental Milburn Submission (Doc. No. 272) is **DENIED**.

(8) Defendants' Motion to Dismiss Complaints of Those Plaintiffs That Did Not Request Exclusion From the Class and Memorandum in Support Thereof (Doc. Nos. 269 & 270, filed

---

[1] This Court denied a similar attempt by Defendants to compel the production of notes taken by a Florida Attorney General during two 1991 interviews with Robert Wiesemann, Sr. In its Order, the Court noted that BOC had not demonstrated a "substantial need" for the notes because the identity of the interviewee was known and the Court had authorized his deposition. (92-348, Doc. No. 58, filed February 12, 1993).

11

LITCHFORD CHRISTOPHER 11-19-93 10:03AM    LCR ORLANDO-

October 14, 1993); and Class Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Complaints of Plaintiffs That Did Not Request Exclusion From the Class (Doc. No. 276, filed October 27, 1993).

Defendants seek to dismiss the complaints of ten (10) Plaintiffs who did not request to be excluded from the class and were not named as class representatives.[2] On April 19, 1993, this Court certified a class consisting of "[a]ll individuals and entities...in the continental United States that purchased carbon dioxide directly from any Defendant...at any time during the period of January 1, 1968 to and including October 26, 1992." (Doc. No. 142). On June 15, 1993, this Court approved a Class Notice to be mailed to class members which provided that to be excluded from the class a purchaser of carbon dioxide must make a written request to be excluded that must be mailed on or before July 26, 1993. The Plaintiffs that are the subject of this motion never requested exclusion from the class.

---

[2] Defendants seek to dismiss the complaints of the following Plaintiffs: Bemidji Welders Supply, Inc., No. 92-805-CIV-ORL-19; Dakota Beverages, Inc.; Pepsicola Bottling Company of Fargo, Inc.; Min-Dak Beverages, Inc.; Pepsicola Bottling Company of Sioux Falls, Inc., No. 92-995-CIV-ORL-19; Fairbank Reconstruction Corporation,; Fairbank Farms, Inc., No. 92-411-CIV-ORL-19; Flame Welding Supply, Inc., No. 92-406-CIV-ORL-19; Gas Arc Supply, Inc., No. 93-187-CIV-ORL-19; Michael J. Iannacone, as bankruptcy trustee of The French Accent, Inc., 93-339-CIV-ORL-19; Industrial Testing Laboratories, Inc., No. 92-524-CIV-ORL-19; Multi-Flow Dispenseers, No. 92-454-CIV-ORL-19; Schwan's Sales Enterprises, Inc., No. 93-128-CIV-ORL-19; and Vineland Syrup, Inc., No. 92-767-CIV-ORL-19.

The Court finds that because these Plaintiffs did not exercise their right to opt out of the class, they remain class members. The individual Plaintiffs may take no further independent action in matters before this Court, and their complaints shall be deemed merged with the complaint of the class action representatives, Case Number 92-940-CIV-ORL-19. Accordingly, the Defendants' Motion to Dismiss Certain Individual Plaintiffs That Did Not Request Exclusion From the Class (Doc. No. 269) will be treated as a Motion to Consolidate. That motion is **GRANTED**, and all other proceedings and filings incident to such ten individual complaints shall be terminated.

(9) Defendants' Motion for Leave to File Reply Memorandum In Support of Motion to Dismiss Certain Individual Plaintiffs (Doc. No. 283, filed November 10, 1993); Opposition to Defendants' Motion for Leave to File Reply Memorandum in Support of Motion to Dismiss Certain Individual Plaintiffs (Doc. No. 284, filed November 12, 1993).

Upon consideration, the Defendants' Motion for Leave to File Reply Memorandum in Support of Motion to Dismiss Certain Individual Plaintiffs is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida, this 18th day November, 1993.

PATRICIA C. FAWSETT
UNITED STATES DISTRICT JUDGE

13

Copies to:
All Counsel of Record.