IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. CORP., d/b/a BECKETT APOTHECARY, et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> WYETH-AYERST LABORATORIES, INC., et al., : <br> : <br> Defendants. : | Civil No. C-1-01-704 |

**ABSENT CLASS MEMBER AMERISOURCEBERGEN CORPORATION'S
CROSS MOTION TO MODIFY SUBPOENA *DUCES TECUM* AND
TO QUASH SUBPOENAS *AD TESTIFICANDUM* SERVED BY
DEFENDANT WYETH-AYERST LABORATORIES, INC.**

Absent class member AmerisourceBergen Corporation ("ABC") respectfully moves the Court, pursuant to Rules 26(c) and 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure, to modify the subpoena *duces tecum* and quash the subpoenas *ad testificandum* served on it by defendant Wyeth-Ayerst Laboratories, Inc. In support of this motion, ABC respectfully refers the Court to its accompanying Memorandum of Law, which ABC incorporates by reference herein.

Respectfully submitted,

/s/ Thomas L. Long

Thomas L. Long (0023127)
Baker & Hostetler
Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215
(614) 228-1541

OF COUNSEL (motions for
admission *pro hac vice* pending):

Howard D. Scher
Eliot G. Long
BUCHANAN INGERSOLL PC
1835 Market Street , 14th Floor
Philadelphia, PA  19103
Telephone:  (215) 665-8700
Facsimile:   (215) 665-8760

Attorneys for AmerisourceBergen Corporation

Dated:  March 1, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. CORP., d/b/a BECKETT APOTHECARY, et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> WYETH-AYERST LABORATORIES, INC., et al., : <br> : <br> Defendants. : | Civil No. C-1-01-704 |

**ABSENT CLASS MEMBER AMERISOURCEBERGEN CORPORATION'S
MEMORANDUM OF LAW IN OPPOSITION TO WYETH'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS AND IN SUPPORT
OF ITS CROSS MOTION TO MODIFY SUBPOENA *DUCES TECUM* AND
TO QUASH SUBPOENAS *AD TESTIFICANDUM* SERVED BY WYETH**

Absent class member AmerisourceBergen Corporation ("ABC") respectfully moves the Court, pursuant to Rules 26(c) and 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure, to modify the subpoena *duces tecum* and quash the subpoenas *ad testificandum* served on it by defendant Wyeth-Ayerst Laboratories, Inc. ("Wyeth"), opposes Wyeth's motion to enforce the subpoena *duces tecum*, and joins in Class Plaintiffs' motion for a protective order.

ABC, as an absent class member, is subject to discovery "only on a strong showing of justification." *Kline v. First Western Gov't Sec., Inc.*, No. Civ. A. 83-1076, 1996 WL 122717, at *2 (E.D. Pa. Mar. 11, 1996) (quoting WRIGHT, MILLER & KANE, FEDERAL PRAC. & PROC. § 2171 (2d ed. 1994)). Wyeth has no such justification here, because its stated purposes in seeking discovery from ABC – including the deposition of its Chief Executive Officer – are irrelevant as a matter of law. Accordingly, Wyeth's subpoenas should be modified and quashed as set forth herein.

## II.  FACTUAL BACKGROUND

On December 1, 2003, Wyeth served ABC with the subpoena *duces tecum* that is the subject of Class Plaintiffs' and Wyeth's respective motions (the subpoena is attached as Exhibit 2 to Class Plaintiffs' motion and as Exhibit B to Wyeth's motion). On December 22, 2003, ABC served timely objections to that subpoena (ABC's responses to the subpoena are attached as Exhibit 2 to Class Plaintiffs' motion and as Exhibit B to Wyeth's motion).

During the "meet and confer" process in which the parties attempted to resolve their disputes over the subpoena before resorting to motions practice, ABC informed counsel for Wyeth that ABC would agree to undertake a search for documents responsive to Request Nos. 1, 5, 7, 10, 11, 14, 15 and 16, but would stand on its objections to Request Nos. 2, 3, 4, 6, 8, 9, 12, 13 and 17. *See* Decl. of Eliot G. Long ¶ 3, a true and correct copy of which is attached hereto as Exhibit "A." Wyeth's and Class Plaintiffs' respective motions followed.

On February 24, 2004, after Class Plaintiffs and Wyeth had filed their motions, Wyeth served on ABC two subpoenas *ad testificandum*, one purporting to compel the deposition of an ABC corporate representative on March 3, 2004, and one purporting to compel the deposition of David Sidney of ABC on March 5, 2004. *See* Ex. A at ¶ 5 and Ex. 1 thereto. ABC promptly objected to these subpoenas and requested that Wyeth withdraw them. *See id.* ¶ 7 and Ex. 3 thereto. In response to ABC's objection, Wyeth agreed that no depositions of ABC would be conducted unless and until ordered by the Court. *See id.* Wyeth then served an additional subpoena ad testificandum on ABC, this one purporting to compel the deposition of David Yost, ABC's Chief Executive Officer, on March 4, 2004. *See id.* ¶ 6 and Ex. 2 thereto.

As explained below, Wyeth's subpoena *duces tecum* should be modified, and its subpoenas *ad testificandum* should be quashed.[1]

## III.  ARGUMENT

Under Rule 45 of the Federal Rules of Civil Procedure, subpoenas must be modified or quashed if they would impose an "undue burden" on the subpoenaed party. FED. R. CIV. P. 45(c)(3)(A)(iv). Among the factors considered in determining whether a subpoena imposes an undue burden are the relevance of the discovery sought and the status of the target as a non-party. *See American Elec. Power Co. v. U.S.*, 191 F.R.D. 132, 136 (S.D. Ohio 1999). Both of those factors weigh decisively against allowing Wyeth the discovery it seeks here, and both warrant (1) modifying the subpoena *duces tecum* to exclude those requests at issue in the parties' motions and (2) quashing the subpoenas *ad testificandum*.

First, the discovery Wyeth seeks from ABC is completely irrelevant to this litigation. Wyeth claims that the discovery it seeks is relevant both to the merits of Class Plaintiffs' claims and to the issue of whether Class Plaintiffs can adequately represent ABC's interests in this litigation. *See* Def. Br. at 2-3. Class Plaintiffs, however, have explained that, under controlling

---

[1]  The subpoenas that Wyeth has served on ABC were issued out of the U.S. District Court for the Eastern District of Pennsylvania, but the parties agree that the propriety of those subpoenas is properly before this Court, as the Court in which this class action is pending. *See* Def. Br. at 7 n.12. Although ABC is not aware of any authority specifically authorizing a district court to quash or enforce subpoenas issued by another district court even on the consent of the parties (aside from situations in which the court sits as an MDL court, *see, e.g., United States v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 274 (D.D.C. 2002), or where the court that issues the subpoena transfers the matter to the court in which the litigation is pending, *see, e.g., United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 485-86 (D. Md. 2002)), ABC respectfully submits that it would be most efficient for this Court to resolve the instant dispute. *See Int'l Brotherhood of Teamsters v. Eastern Conf. of Teamsters*, 162 F.R.D. 25, 28 (S.D.N.Y. 1995) (ruling on relevance of information sought in subpoena issued by another court). *But see Baxter Travenol Labs., Inc. v. Lemay*, 89 F.R.D. 410, 418 (S.D. Ohio 1981) (stating that "this Court lacks the authority" to enforce a subpoena issued by another district court). In addition, were the parties' motions brought in the U.S. District Court for the Eastern District of Pennsylvania, out of which the subpoenas served on ABC were issued, that court likely would remit any discovery disputes arising from those subpoenas to this Court. *See Central States, Southeast and Southwest Areas Pension Fund v. Quickie Trans. Co.*, 174 F.R.D. 50, 51-52 (E.D. Pa. 1997) (remitting motion for protective order to Illinois that issued subpoena where "[t]he underlying action is factually complex, and the Illinois court is more familiar with the issues involved"). If the Court nevertheless declines to exercise jurisdiction over ABC's motion, the Court should decline to exercise jurisdiction over Wyeth's motion, insofar as it concerns ABC, as well.

3

United States Supreme Court and other precedent, the discovery that Wyeth seeks is irrelevant as a matter of law to the merits of their claims, and ABC adopts Class Plaintiffs' exposition of the law in this regard. *See* Pl. Br. at 4-11.

As for Wyeth's contention that this discovery is somehow relevant to the issue of whether Class Plaintiffs can adequately represent ABC's own interests, ABC itself (while it appreciates Wyeth's concern) does not believe that there is any conflict between its own interests and those of the Class Plaintiffs. *See* Decl. of Steven Lefebure ¶¶ 4-6, a true and correct copy of which is attached hereto as Exhibit "B." In fact, ABC itself believes that the Class Plaintiffs can and will adequately represent its interests, and has expressly authorized Class Plaintiffs to prosecute this litigation on its behalf. *See id.* ABC's express authorization of Class Plaintiffs to represent its own interests in this action should conclusively foreclose any discovery of ABC on this issue. *See, e.g.* WRIGHT, MILLER & KANE, FEDERAL PRAC. & PROC. § 1765 at 276-77 (2d ed. 1994) ("Of course, when the [named representative] has been expressly given authority to maintain or defend the action . . . his capacity to act as a representative is more or less assumed by the courts.") (collecting cases).[2] Wyeth should not be permitted to subject ABC to burdensome discovery in an effort to tease out a hypothetical conflict of interest between Class Plaintiffs and ABC that ABC itself does not believe exists.

Second, Wyeth's ability to conduct discovery of ABC is sharply restricted by ABC's status as a non-party and absent member of the class. "A Rule 23 class action is intended to be prosecuted by a class representative without the necessity of absent class members taking an

---

[2] For this reason, Wyeth's heavy reliance on the Eleventh Circuit's opinion in *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181 (11th Cir. 2003) is misplaced. In that case, the Eleventh Circuit based its ruling on the potential for a conflict of interest between the class plaintiffs and absent members of the class. *See id.* at 1195. As Mr. Lefebure explains in his Declaration, there is no such conflict between ABC and Class Plaintiffs here. *See* Ex. B ¶¶ 4-6.

4

active role in the litigation. The class action rule was designed to protect the class member from this burden." ALBA CONTE AND HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 16:4 (4th ed. 2002). Thus, as other courts have aptly recognized, discovery from absent class members like ABC "should be sharply limited and allowed only on a strong showing of justification." *Kline v. First Western Gov't Sec., Inc.*, No. Civ. A. 83-1076, 1996 WL 122717, at *2 (E.D. Pa. Mar. 11, 1996) (quoting WRIGHT, MILLER & KANE, FEDERAL PRAC. & PROC. § 2171 (2d ed. 1994)) (denying motion for leave to take discovery of absent class members). *See also In re Worlds of Wonder Sec. Litig.*, No. C-87-5491, 1992 WL 330411, at *2 (N.D. Cal. July 9, 1992) (granting motion to quash subpoena served on absent class member and explaining that "[a]bsent class members are not parties and separate discovery of individual class members not representatives is ordinarily not permitted").

Where, as here, a defendant seeks depositions as well as documents from an absent member, "the party seeking to take deposition discovery of absent class members has an even *heavier* burden with respect to demonstrating necessity. . . ." *In re Worlds of Wonder Sec. Litig.*, 1992 WL 330411, at *3 (emphasis in original) (citing *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974)). *See also Redmond v. Moody's Inv. Serv.*, No. 92 CIV 9161, 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995) ("[T]he burden on the defendant to justify discovery of absent class members by means of deposition is particularly heavy.").

Given the irrelevance of the discovery that Wyeth seeks, Wyeth can show no justification for subjecting ABC to discovery here. ABC, although denying that it is obligated to produce *any* discovery in response to Wyeth's subpoenas, has nevertheless agreed to undertake a search for documents responsive to many of Wyeth's document requests. What ABC should not be obligated to do, however, is devote its scarce Information Technology resources to indulging

Wyeth's fishing expedition into matters that bear no conceivable relevance either to the merits of Class Plaintiffs' claims or to Class Plaintiffs' ability to adequately represent ABC's own interests, which ABC knowingly and voluntarily supports. Nor, in light of the particularly heavy burden that Wyeth bears to justify the subpoenas *ad testificandum* that it continues to serve on ABC, should ABC be obligated to produce its representatives for depositions, whether or not the Court agrees with Class Plaintiffs' and ABC's arguments in other respects.

Moreover, Wyeth has directed one of these subpoenas to David Yost, ABC's Chief Executive Officer. Courts properly view such requests to depose senior executives with considerable skepticism. *See, e.g. Travel Center of Fairfield County, Inc. v. Royal Cruise Line Ltd.*, No. 3:96CV10125(JBA), 2000 WL 306934, at *3 (D. Conn. Jan. 24, 2000) ("When the discovery to be obtained is through the deposition of a senior executive, a court must remain mindful that 'permitting unfettered discovery of corporate executives would threaten disruption of their business and could serve as a potent tool for harassment in litigation.'") (quoting *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 102 (S.D.N.Y. 1997)). Mr. Yost cannot possibly be said to have relevant information that could not be obtained through other means without disrupting the schedule of ABC's top executive, and the timing of this subpoena – the third in a series of subpoenas served during the pendency of these motions concerning the production of documents – certainly calls into question Wyeth's purported need for Mr. Yost's testimony.

For these reasons, Wyeth's subpoena *duces tecum* should be modified to exclude the requests at issue in the parties' motions, and its subpoenas *ad testificandum* should be quashed outright.

## IV. CONCLUSION

For the foregoing reasons, ABC respectfully requests that the Court enter an Order (1) modifying Wyeth's subpoena *duces tecum* to exclude Request Nos. 2, 3, 4, 6, 8, 9, 12, 13 and 17, and (2) quashing Wyeth's subpoenas *ad testificandum*.

Respectfully submitted,

*[signature]*

Thomas L. Long (0023127)
Baker & Hostetler
Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215
(614) 228-1541

OF COUNSEL (motions for
admission *pro hac vice* pending):

Howard D. Scher
Eliot G. Long
BUCHANAN INGERSOLL PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103
Telephone: (215) 665-8700
Facsimile: (215) 665-8760

Attorneys for AmerisourceBergen
Corporation

Dated: March 1, 2004

7

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing document has been served electronically this 1st day of March 2004, on all counsel of record with CM/ECF registration and by U.S. Mail, postage pre-paid and facsimile upon the following:

Grant S. Cowan, Esquire
Frost Brown Todd LLC
2200 PNC Center, 201 East Fifth Street
Cincinnati, OH 45202-5715

David S. Eggert, Esquire
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

Jay S. Cohen, Esquire
Spector, Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Dan K. Webb, Esquire
W. Gordon Dobie, Esquire
Winston & Strawn
35 West Wacker Drive
Chicago, IL 60601

Theresa L. Groh, Esquire
Murdock, Goldenberg, Schneider & Groh
700 Walnut Street, Suite 400
Cincinnati, OH 45202-2011

Ruthanne Gordon, Esquire
David Sorensen, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

_____
Thomas L. Long

G:\COdata1\tll0734\61244\00227-Premarin\Motion and Memorandum 2.DOC