# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| J.B.D.L. CORP., d/b/a BECKETT APOTHECARY, et al., | : | |
| Plaintiffs, | : | Civil No. C-1-01-704 |
| v. | : | |
| WYETH-AYERST LABORATORIES, INC., et al., | : | |
| Defendants. | : | |

**DECLARATION OF ELIOT G. LONG IN SUPPORT OF THIRD-PARTY AMERISOURCEBERGEN CORPORATION'S CROSS MOTION TO MODIFY SUBPOENA *DUCES TECUM* AND TO QUASH SUBPOENAS *AD TESTIFICANDUM* SERVED BY DEFENDANT WYETH-AYERST LABORATORIES, INC.**

I, Eliot G. Long, declare under penalty of perjury as follows:

1. I am an associate with Buchanan Ingersoll PC, counsel for AmerisourceBergen Corporation ("ABC") in this matter, and make this Declaration pursuant to Rule 37.2 of the Local Rules of the United State District Court for the Southern District of Ohio.

2. On January 12, 2004, Howard D. Scher, Kendra Baisinger and I, for ABC, and David F. Sorensen, class counsel, conferred by telephone with David Eggert and Matthew Meisner, counsel for Wyeth-Ayerst Laboratories, Inc. ("Wyeth"), to discuss ABC's objections to the subpoena *duces tecum* that Wyeth had served on ABC.

3. On February 4, 2004, I called Mr. Meisner to inform him that ABC would agree to search for documents responsive to Request Nos. 1, 5, 7, 10, 11, 14, 15 and 16 of the subpoena, but would stand on its objections to Request Nos. 2, 3, 4, 6, 8, 9, 12, 13 and 17 of the subpoena.

4. Thereafter, Wyeth filed its motion to compel production from ABC, and class counsel filed their motion for a protective order.

5. After these motions were filed, on February 24, 2004, Wyeth served ABC with two subpoenas *ad testificandum*, one purporting to compel the deposition of an ABC corporate representative on March 3, 2004, and one purporting to compel the deposition of David Sidney of ABC on March 5, 2004. True and correct copies of these subpoenas are attached hereto as Exhibit "1."

6. The next day, Wyeth served another subpoena *ad testificandum* on ABC, this one purporting to compel the deposition of David Yost of ABC on March 4, 2004. A true and correct copy of this subpoena is attached hereto as Exhibit "2."

7. On February 24, 2004, after receiving the subpoenas directed to ABC and Mr. Sidney, I wrote a letter to Mr. Meisner objecting to the subpoenas and requesting that he withdraw them. During a subsequent telephone conversation, Mr. Meisner and I agreed that no depositions of ABC would be conducted unless and until ordered by the Court. True and correct copies of correspondence confirming these events are attached hereto as Exhibit "3."

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct. Executed on February 26, 2004.

Eliot G. Long

EXHIBIT 1

ARNOLD & PORTER LLP

Matthew D. Meisner
Matthew_Meisner@aporter.com

202.942.6507
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

February 24, 2004

**VIA FACSIMILE AND MAIL**
Elliot Long, Esq.
Buchanan & Ingersoll PC
1835 Market Street
14th Floor
Philadelphia, PA 19103

Re: J.B.D.L. Corp., et al. v. Wyeth-Ayerst Laboratories, Inc., et al. Civil Action No. C-1-01-704

Dear Elliott:

Enclosed please find subpoenas pursuant to Fed. R. Civ. P. 45 for the depositions of Amerisource Bergen Corp. ("ABC") and David Sidney of ABC. Thank you for agreeing to accept service of these subpoenas on behalf of ABC. I have also enclosed attendance fees of $80 ($40 per deposition), payable to ABC, as required by Rule 45 and 28 U.S.C. § 1821. Please let me know if you have any questions.

Sincerely,

Matthew D. Meisner

Issued by the

# United States District Court

## EASTERN DISTRICT OF PENNSYLVANIA

**SUBPOENA IN A CIVIL CASE**

J.B.D.L. Corp. d/b/a
BECKETT APOTHECARY, et al.,
Plaintiffs,

v.

WYETH-AYERST LABORATORIES, INC., et al.,
Defendants.

CASE NUMBER: C-1-01-704

Judge Sandra S. Beckwith
CASE PENDING IN THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

**TO: AmerisourceBergen Corporation**
**c/o Elliot Long**
**Buchanan Ingersoll**
**1835 Market Street, 14th Floor**
**Philadelphia, PA 19103-2985**

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Reed Smith**<br>**1650 Market Street**<br>**Philadelphia, PA 19103** | **March 3, 2004**<br>**9:30 a.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6). **See attached Schedule A for 30(b)(6) deposition topics.**

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| [signature] Attorney for Defendant | February 24, 2004 |

Issuing Officer's Name, Address, and Phone Number

**Matthew D. Meisner, Esq., Arnold & Porter, 555 Twelfth Street, N.W., Washington, DC 20004; (202) 942-6507**

## PROOF OF SERVICE

DATE PLACE

SERVED

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**SCHEDULE A**

**DEFINITIONS**

For the purpose of the following 30(b)(6) deposition topics, the following terms are defined as indicated:

1. "You" and "your" shall means Amerisource Bergen Corporation, or any other persons, including parents, subsidiaries, accountants, or advisors, acting or purporting to act on behalf of you.

2. "Wyeth" shall mean the defendants in this action, Wyeth Pharmaceuticals (formerly Wyeth-Ayerst Laboratories, Inc.) and Wyeth (formerly American Home Products Corporation).

3. "Cenestin" shall mean any dosage or form of Duramed's branded conjugated estrogens product.

4. "Premarin" shall mean any dosage or form of Wyeth's branded conjugated estrogens products, including Premarin®, Premphase®, and Prempro™.

5. "ET" shall mean estrogen therapy, including all dosages and forms of estrogen products for women.

6. "HT" shall mean hormone therapy, including all dosages and forms of the estrogen and progestin combination products for women.

7. "MCO" shall mean any managed care organization, including but not limited to healthcare maintenance organizations (HMOs), preferred provider organizations (PPOs), point of service plans (POS), and pharmacy benefits managers (PBMs).

8. "Speculative Purchasing" shall mean any purchases in which the volume of product purchased is determined, in whole or in part, by the purchaser's expectation, belief, or knowledge that the manufacturer will increase the price of its product after the purchase is completed.

**DEPOSITION TOPICS**

1. The prices you have paid for Premarin, Cenestin and other ET and HT products from 1998 to the present, including the timing and size of manufacturers' price increases with respect to such products.

2. Any speculative purchasing of Premarin or other pharmaceutical products, including: (a) your guidelines, policies, procedures or practices in setting prices for Premarin, Cenestin, or other products purchased using speculative purchasing practices; (b) your anticipation of price increases for Premarin or other products; (c) your reliance on price increases for Premarin or other products as part of your business model.

3. Your guidelines, policies, procedures or practices in setting resale prices for Premarin, Cenestin, and other ET and HT products.

4. The nature and extent of any injury you contend was caused by the conduct alleged in the Complaint, including the amount of damages you allegedly suffered as a result of such conduct.

5. The assignment of all or any portion of your antitrust claims with respect to purchases of Premarin including (a) the identity of all entities to whom your claims have been assigned; and (b) the nature and scope of the assignment.

6. Chargebacks in connection with your purchases of Premarin from Wyeth.

Issued by the

# United States District Court
## EASTERN DISTRICT OF PENNSYLVANIA

J.B.D.L. Corp. d/b/a
BECKETT APOTHECARY, et al.,
Plaintiffs,

v.

WYETH-AYERST LABORATORIES, INC., et al.,
Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: C-1-01-704

Judge Sandra S. Beckwith
CASE PENDING IN THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

TO: **David Sidney**
**Amerisource Bergen Corporation**
**c/o Elliot Long**
**Buchanan Ingersoll**
**1835 Market Street, 14th Floor**
**Philadelphia, PA 19103-2985**

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Reed Smith**<br>**1650 Market Street**<br>**Philadelphia, PA 19103** | **March 5, 2004**<br>**9:30 a.m.** |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):.

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ] YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| [signature] Attorney for Defendant | February 24, 2004 |

Issuing Officer's Name, Address, and Phone Number

**Matthew D. Meisner, Esq., Arnold & Porter, 555 Twelfth Street, N.W., Washington, DC 20004; (202) 942-6507**

## PROOF OF SERVICE

DATE PLACE

SERVED

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on DATE SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

EXHIBIT 2

ARNOLD & PORTER LLP

Matthew D. Meisner
Matthew_Meisner@aporter.com

202.942.6507
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

February 25, 2004

**VIA FACSIMILE AND MAIL**
Elliot Long, Esq.
Buchanan & Ingersoll PC
1835 Market Street
14th Floor
Philadelphia, PA 19103

Re: J.B.D.L. Corp., et al. v. Wyeth-Ayerst Laboratories, Inc., et al. Civil Action No. C-1-01-704

Dear Elliot:

Enclosed please find a subpoena pursuant to Fed. R. Civ. P. 45 for the deposition of David Yost of Amerisource Bergen Corp. on March 4, 2004 at Reed Smith, 1650 Market Street, Philadelphia, PA 19103. The attendance fee of $40 for Mr. Yost was included with the subpoenas I sent yesterday (for Mr. Sidney and the 30(b)(6) deposition of Amerisource Bergen). Please let me know if you have any questions.

Sincerely,

Matthew D. Meisner

Issued by the

# United States District Court

## EASTERN DISTRICT OF PENNSYLVANIA

J.B.D.L. Corp. d/b/a
BECKETT APOTHECARY, et al.,
Plaintiffs,
v.

WYETH-AYERST LABORATORIES, INC., et al.,
Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: C-1-01-704

Judge Sandra S. Beckwith
CASE PENDING IN THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

**TO: David Yost**
**Amerisource Bergen Corporation**
**c/o Elliot Long**
**Buchanan Ingersoll**
**1835 Market Street, 14th Floor**
**Philadelphia, PA 19103-2985**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Reed Smith**<br>**1650 Market Street**<br>**Philadelphia, PA 19103** | **March 4, 2004**<br>**9:30 a.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| [signature] Attorney for Defendant | February 25, 2004 |

Issuing Officer's Name, Address, and Phone Number

**Matthew D. Meisner, Esq., Arnold & Porter, 555 Twelfth Street, N.W., Washington, DC 20004; (202) 942-6507**

## PROOF OF SERVICE

DATE PLACE

SERVED

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

EXHIBIT 3

**Buchanan Ingersoll**
ATTORNEYS

Eleven Penn Center, 14th Floor
1835 Market Street
Philadelphia, PA 19103-2985

T 215 665 8700
F 215 665 8760

www.buchananingersoll.com

**Eliot G. Long**
(215) 665-3829
longeg@bipc.com

February 25, 2004

**By Facsimile and Regular Mail**

Matthew D. Meisner, Esquire
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, D.C. 20004-1206

**Re:** ***J.B.D.L. Corp. v. Wyeth-Ayerst Labs., Inc., et al.,***
**S.D. Ohio, Civ. No. C-1-01-704**

Dear Matt:

I have received the depositions subpoenas for AmerisourceBergen Corporation ("ABC") and David Sidney of ABC that you served on me yesterday. ABC, as an absent member of the class that has been certified in this litigation, does not believe that it is obligated to produce any witnesses for a deposition, and therefore objects to these subpoenas. Accordingly, I request that you withdraw them. Please let me know by the close of business on Thursday, February 26, 2004, whether you will agree to do so.

Very truly yours,

Eliot G. Long

cc: David F. Sorensen, Esquire

**Buchanan Ingersoll**
ATTORNEYS

Eleven Penn Center, 14th Floor
1835 Market Street
Philadelphia, PA 19103-2985

T 215 665 8700
F 215 665 8760
www.buchananingersoll.com

**Eliot G. Long**
(215) 665-3829
longeg@bipc.com

February 26, 2004

**By Facsimile and Regular Mail**

Matthew D. Meisner, Esquire
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, D.C. 20004-1206

**Re:** ***J.B.D.L. Corp. v. Wyeth-Ayerst Labs., Inc., et al.,***
**S.D. Ohio, Civ. No. C-1-01-704**

Dear Matt:

I am writing to confirm our telephone conversation of yesterday, during which you agreed that the depositions of AmerisourceBergen Corporation, David Sidney and David Yost that you have subpoenaed on behalf of Wyeth will not be conducted unless and until the Court rules that they may go forward.

Very truly yours,

Eliot G. Long

cc: David F. Sorensen, Esquire

ARNOLD & PORTER LLP

Matthew D. Meisner
Matthew_Meisner@aporter.com

202.942.6507
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

February 26, 2004

**VIA FACSIMILE**
Eliot Long, Esq.
Buchanan & Ingersoll PC
1835 Market Street
14th Floor
Philadelphia, PA 19103

Re: J.B.D.L. Corp., et al. v. Wyeth-Ayerst Laboratories, Inc., et al. Civil Action No. C-1-01-704

Dear Eliot:

This is in response to your letter yesterday in which you objected to Wyeth's subpoenas for the depositions of Amerisource Bergen Corporation ("ABC") and ABC officials, as well as the letter you sent this morning.

As I mentioned yesterday, Wyeth will not withdraw the deposition subpoenas served on ABC and its officials. As noted in your letter this morning, however, Wyeth has agreed not to go forward with the depositions on the dates indicated in the subpoenas. Given that the objections raised in your February 25 letter will be before the Court on plaintiffs' motion for protective order and Wyeth's motion to compel, Wyeth and ABC have agreed to postpone the dates for the depositions until a mutually convenient time after the court rules on these motions (unless the Court prohibits such deposition discovery). We further agreed that, in the event the depositions cannot be completed before March 19, 2004, the parties will not object to the depositions on the grounds that the fact discovery period has expired.

Please let me know by the close of business today if this letter does not accurately reflect our agreement.

Sincerely,

Matthew D. Meisner

cc: David Sorensen, Esq.