FILED
JAMES BONINI
CLERK

04 MAR -2 AM 9:03

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. CORP., d/b/a BECKETT APOTHECARY, et al., :<br><br>Plaintiffs, :<br><br>v. :<br><br>WYETH-AYERST LABORATORIES, INC., et al., :<br><br>Defendants. : | Civil No. C-1-01-704<br><br>JUDGE BECKWITH |

### ABSENT CLASS MEMBER CARDINAL HEALTH, INC.'S CROSS MOTION TO MODIFY SUBPOENA *DUCES TECUM* AND TO QUASH SUBPOENAS *AD TESTIFICANDUM* SERVED BY DEFENDANT WYETH-AYERST LABORATORIES, INC.

Absent class member Cardinal Health, Inc. ("Cardinal Health") respectfully moves the Court, pursuant to Rules 26(c) and 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure, to modify Defendant's subpoena *duces tecum* and quash the subpoenas *ad testificandum* served on it by defendant Wyeth-Ayerst Laboratories, Inc. A memorandum in support is attached hereto.

Respectfully submitted,

*/s/ Thomas L. Long*
Thomas L. Long (0023127)
Baker & Hostetler
Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215
(614) 228-1541

Attorneys for Cardinal Health, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. CORP., d/b/a BECKETT APOTHECARY, et al., : <br> : <br> Plaintiffs,   : <br> : <br> v.   : <br> : <br> WYETH-AYERST LABORATORIES, INC., et al., : <br> : <br> Defendants.   : | Civil No. C-1-01-704 |

### ABSENT CLASS MEMBER CARDINAL HEALTH, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO WYETH'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND IN SUPPORT OF ITS CROSS MOTION TO MODIFY SUBPOENA *DUCES TECUM* AND TO QUASH SUBPOENAS *AD TESTIFICANDUM* SERVED BY WYETH

Absent class member Cardinal Health, Inc. ("Cardinal Health") respectfully: (1) moves the Court, pursuant to Rules 26(c) and 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure, to modify the subpoena *duces tecum* and quash the subpoenas *ad testificandum* served on it by defendant Wyeth-Ayerst Laboratories, Inc. ("Wyeth"), (2) opposes Wyeth's motion to enforce the subpoena *duces tecum*, and (3) joins in Class Plaintiffs' motion for a protective order.

Cardinal Health, as an absent class member, is subject to discovery "only on a strong showing of justification." *Kline v. First Western Gov't Sec., Inc.*, No. Civ. A. 83-1076, 1996 WL 122717, at *2 (E.D. Pa. Mar. 11, 1996) (quoting WRIGHT, MILLER & KANE, FEDERAL PRAC. & PROC. § 2171 (2d ed. 1994)). Wyeth has no such justification here, because its stated purposes in seeking discovery from Cardinal Health and other absent members – are irrelevant as a matter of law. As a result, Wyeth's subpoenas should be modified and quashed as set forth herein.

## II. FACTUAL BACKGROUND

On December 2, 2003, Wyeth served Cardinal Health with the subpoena *duces tecum* that is the subject of Class Plaintiffs' and Wyeth's respective motions (the subpoena is attached as Exhibit 2 to Class Plaintiffs' motion and as Exhibit B to Wyeth's motion). On December 23, 2003, Cardinal Health served timely objections to that subpoena (Cardinal Health's responses to the subpoena are attached as and as Exhibit D to Wyeth's motion).

During the "meet and confer" process in which the parties attempted to resolve their disputes over the subpoena before resorting to motions practice, Cardinal Health informed counsel for Wyeth that Cardinal Health would agree to undertake a search for documents responsive to Request Nos. 5, 10, 11, 12 (erroneously numbered 11), 15 and 16, but would stand on its objections to Request Nos. 1, 2, 3, 4, 6, 8, 9, 13, 14 and 16. In addition, Cardinal Health indicated that it would produce certain other documents that it had produced as a witness in unrelated litigation under a protective order so long as the parties to the protective order consented to the production. Wyeth's and Class Plaintiffs' respective motions followed.

On February 24, 2004, after Class Plaintiffs and Wyeth had filed their motions, Wyeth served on Cardinal Health three subpoenas *ad testificandum*, one purporting to compel the deposition of an Cardinal Health corporate representative on March 8, 2004, and two purporting to compel the depositions of Sid Geller and Robert Sabers of Cardinal Health of Cardinal Health on March 10, 2004. Class Plaintiffs objected to the depositions and Wyeth agreed that no depositions of Cardinal Health would be conducted unless and until ordered by the Court.

As explained below, Wyeth's subpoena *duces tecum* should be modified, and its subpoenas *ad testificandum* should be quashed.

## III. ARGUMENT

3

As noted in their filings, in the interests of brevity, Cardinal Health adopts the arguments filed by the Class Plaintiffs and absent class member Amerisource Bergen Corporation. Under Rule 45 of the Federal Rules of Civil Procedure, subpoenas must be modified or quashed if they would impose an "undue burden" on the subpoenaed party. FED. R. CIV. P. 45(c)(3)(A)(iv). Among the factors considered in determining whether a subpoena imposes an undue burden are the relevance of the discovery sought and the status of the target as a non-party. *See American Elec. Power Co. v. U.S.*, 191 F.R.D. 132, 136 (S.D. Ohio 1999). Both of those factors weigh decisively against allowing Wyeth the discovery it seek here, and both warrant (1) modifying the subpoena *duces tecum* to exclude those requests at issue in the parties' motions and (2) quashing the subpoenas *ad testificandum*.

First, the discovery Wyeth seeks from Cardinal Health is completely irrelevant to this litigation. Wyeth claims that the discovery it seeks is relevant both to the merits of Class Plaintiffs' claims and to the issue of whether Class Plaintiffs can adequately represent Cardinal Health's interests in this litigation. *See* Def. Br. at 2-3. Class Plaintiffs, however, have explained that, under controlling United States Supreme Court and other precedent, the discovery that Wyeth seeks is irrelevant as a matter of law to the merits of their claims, and Cardinal Health adopts Class Plaintiffs' exposition of the law in this regard. *See* Pl. Br. at 4-11.

As for Wyeth's contention that this discovery is somehow relevant to the issue of whether Class Plaintiffs can adequately represent Cardinal Health's own interests, Cardinal Health is well aware of the case, having received notice of the filing of the case in September, 2003 and has never raised any issue with the Court that somehow its interests will not be adequately represented by Class Plaintiff. In fact, Cardinal Health itself believes that the Class Plaintiffs can and will adequately represent its interests. *See, e.g.* WRIGHT, MILLER & KANE, FEDERAL PRAC.

4

& PROC. § 1765 at 276-77 (2d ed. 1994) ("Of course, when the [named representative] has been expressly given authority to maintain or defend the action . . . his capacity to act as a representative is more or less assumed by the courts.") (collecting cases). Wyeth should not be permitted to subject Cardinal Health to burdensome discovery in an effort to tease out a hypothetical conflict of interest between Class Plaintiffs and Cardinal Health that Cardinal Health does not believe exists.

Second, Wyeth's ability to conduct discovery of Cardinal Health is sharply restricted by Cardinal Health's status as a non-party and absent member of the class. "A Rule 23 class action is intended to be prosecuted by a class representative without the necessity of absent class members taking an active role in the litigation. The class action rule was designed to protect the class member from this burden." ALBA CONTE AND HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 16:4 (4th ed. 2002). Thus, as other courts have aptly recognized, discovery from absent class members like Cardinal Health "should be sharply limited and allowed only on a strong showing of justification." *Kline v. First Western Gov't Sec., Inc.*, No. Civ. A. 83-1076, 1996 WL 122717, at *2 (E.D. Pa. Mar. 11, 1996) (quoting WRIGHT, MILLER & KANE, FEDERAL PRAC. & PROC. § 2171 (2d ed. 1994)) (denying motion for leave to take discovery of absent class members). *See also In re Worlds of Wonder Sec. Litig.*, No. C-87-5491, 1992 WL 330411, at *2 (N.D. Cal. July 9, 1992) (granting motion to quash subpoena served on absent class member and explaining that "[a]bsent class members are not parties and separate discovery of individual class members not representatives is ordinarily not permitted").

Where, as here, a defendant seeks depositions as well as documents from an absent member, "the party seeking to take deposition discovery of absent class members has an even *heavier* burden with respect to demonstrating necessity. . . ." *In re Worlds of Wonder Sec. Litig.*,

5

1992 WL 330411, at *3 (emphasis in original) (citing *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974)). *See also Redmond v. Moody's Inv. Serv.*, No. 92 CIV 9161, 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995) ("[T]he burden on the defendant to justify discovery of absent class members by means of deposition is particularly heavy.").

Given the irrelevance of the discovery that Wyeth seeks, Wyeth can show no justification for subjecting Cardinal Health to discovery here. Cardinal Health, although denying that it is obligated to produce *any* discovery in response to Wyeth's subpoenas, has nevertheless agreed to undertake a search for documents responsive to many of Wyeth's document requests as well as provide certain electronic data. In light of the particularly heavy burden that Wyeth bears to justify the subpoenas *ad testificandum* that it served on Cardinal Health, Cardinal Health should not be obligated to produce its representatives for depositions, whether or not the Court agrees with Class Plaintiffs' and Cardinal Health's arguments in other respects.

For these reasons, Wyeth's subpoena *duces tecum* should be modified to exclude the requests at issue in the parties' motions, and its subpoenas *ad testificandum* should be quashed outright.

IV. **CONCLUSION**

For the foregoing reasons, Cardinal Health respectfully requests that the Court enter an Order (1) modifying Wyeth's subpoena *duces tecum* to exclude Request Nos. 1, 2, 3, 4, 6, 8, 9, 13, 14 and 16 and (2) quashing Wyeth's subpoenas *ad testificandum*.

Respectfully submitted,

Thomas L. Long (0023127)
Baker & Hostetler
Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215
(614) 228-1541

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing document has been served electronically this 1ST day of March, 2004, on all counsel of record with CM/ECF registration and by U.S. Mail, postage pre-paid upon the following:

Grant S. Cowan, Esquire
Frost Brown Todd LLC
2200 PNC Center, 201 East Fifth Street
Cincinnati, OH 45202-5715

Dan K. Webb, Esquire
W. Gordon Dobie, Esquire
Winston & Strawn
35 West Wacker Drive
Chicago, IL 60601

David S. Eggert, Esquire
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

Theresa L. Groh, Esquire
Murdock, Goldenberg, Schneider & Groh
700 Walnut Street, Suite 400
Cincinnati, OH 45202-2011

Jay S. Cohen, Esquire
Spector, Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Ruthanne Gordon, Esquire
David Sorensen, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Thomas L. Long

BARRISTERS, 61244, 00227, 500077726.1, Motion and Memorandum.DOC