IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

04 FEB -9 AM 9: 06

| | |
|---|---|
| **CVS MERIDIAN, INC.** and **RITE AID CORPORATION**<br>     Plaintiffs,<br><br>     v.<br><br>**WYETH**<br>     Defendant. | NO. C-1-03-781<br><br>Judge Beckwith |

## PLAINTIFFS' MOTION TO AMEND CASE MANAGEMENT ORDER

Plaintiffs CVS Meridian, Inc. ("CVS") and Rite Aid Corporation ("Rite Aid") hereby move this Court to amend the Amended Case Management Order in the Coordinated Action known as *In re J.B.D.L. and Ferrell Litigation* to 1) order that Plaintiffs' action, having been brought by individual parties who have opted out of the class action, is coordinated only for pretrial purposes with the related class cases and is not consolidated with those actions; 2) direct that counsel for CVS and Rite Aid shall be responsible for their own case but shall confer and coordinate with lead counsel in the related class cases; 3) order that the provisions of the Amended Case Management Order pertaining to the caption to be used in the Coordinated Action and to the procedures for service of documents, be changed to reflect the inclusion of the present case as part of the Coordinated Action. The grounds for this motion are set forth in the accompanying memorandum of law.

WHEREFORE, for the foregoing reasons, Plaintiffs CVS Meridian, Inc. and Rite Aid Corporation respectfully request that the Amended Case Management Order in *In re J.B.D.L. and Ferrell Litigation*, be amended to include this action as part of the Coordinated Action and to make such other changes as are necessary to implement the coordination of this action.

Respectfully submitted,

*W.B. Markovits by Gordon Einhorn per Telephone Authorization*
W.B. Markovits (0018514) Trial Attorney
Markovits & Griewe, Co. L.P.A.
119 E. Court Street
Cincinnati, OH 45202
(513) 977-4774

Steve D. Shadowen, I.D. No. 41953
Gordon A. Einhorn, I.D. No. 59006
Hangley Aronchick Segal & Pudlin
30 North Third Street, Suite 700
Harrisburg, PA 17101
(717) 364-1004
(717) 364-1020 – facsimile

*Attorneys for Plaintiffs CVS Meridian, Inc. and Rite Aid Corporation*

Dated: February 9, 2004

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served this 9th day of February 2004 via facsimile and first class mail.

| | |
|---|---|
| Grant S. Cowan<br>FROST BROWN TODD LLC<br>2200 PNC Center<br>201 East Fifth Street<br>Cincinnati, OH  45202<br>Facsimile:  513 651-6981 | Kenneth A. Wexler<br>KENNETH A. WEXLER AND ASSOCIATES<br>One North LaSalle, Suite 2000<br>Chicago, IL  60602<br>Facsimile:  312 346-0022 |
| Theresa L. Groh<br>MURDOCK, GOLDENBERG, SCHNEIDER & GROH<br>700 Walnut Street, Suite 400<br>Cincinatti, OH  45202<br>Facsimile:  513 345-8294 | Daniel E. Gustafson<br>HEINS MILLS & OLSON, P.C.<br>700 Northstar East<br>608 Second Avenue South<br>Minneapolis, MN  55402<br>Facsimile:  612 338-4692 |
| Jay S. Cohen<br>SPECTOR, ROSEMAN & KODROFF<br>1818 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Facsimile:  215 496-6611 | Joseph E. Conley, Jr.<br>BUECHEL & CONLEY<br>25 Crestview Hills Mall Road, Suite 104<br>Crestview Hills, KY  41017<br>Facsimile:  859 578-6609 |
| Ruthanne Gordon<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Facsimile:  215 875-4604 | Marc H. Edelson<br>HOFFMAN & EDELSON<br>45 West Court Street<br>Doylestown, PA 18901<br>Facsimile: |
| David S. Eggert<br>ARNOLD & PORTER<br>555 Twelfth Street, N.W.<br>Washington, DC  20004<br>Facsimile:  202 942-5999 | Patrick E. Cafferty<br>MILLER FAUCHER & CAFFERTY LLP<br>101 N. Main Street, Suite 885<br>Ann Arbor, MI  48104<br>Facsimile:  734 769-1207 |
| Janet G. Abaray<br>LOPEZ, HODES, RESTAINO, MILMAN, SKIKOS & POLOS<br>312 Walnut Street, Suite 2090<br>Cincinnati, OH  45202<br>Facsimile:  513 852-5611 | |

_____
Gordon A. Einhorn

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CVS MERIDIAN, INC. and<br>RITE AID CORPORATION<br>　　　　Plaintiffs,<br><br>　　v.<br><br>WYETH<br>　　　　Defendant. | NO. C-1-03-781<br><br>Judge Beckwith |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO AMEND CASE MANAGEMENT ORDER

Plaintiffs CVS Meridian, Inc. ("CVS") and Rite Aid Corporation ("Rite Aid") have moved this Court to amend the Case Management Order in the *In re J.B.D.L. and Ferrell Litigation* (the "Coordinated Action") to provide for the coordination of the present case with those actions and to make clear that the coordination is for pretrial purposes only. The present action can clearly be coordinated with the Coordinated Action because Plaintiffs' complaint makes similar federal antitrust claims and because those claims arise out of the same facts alleged in the Coordinated Action. It is equally clear, however, that this case should not be consolidated with the pending class actions because CVS and Rite Aid are individual plaintiffs who have specifically opted out of the class action and are therefore entitled to separately prosecute their claims against Defendant Wyeth. The coordination of this action requires that several amendments discussed below, be made to the Case Management Order.

## **PROCEDURAL HISTORY**

Plaintiffs commenced this action with the filing of a Complaint on November 10, 2003 and the case was initially signed to the Honorable Susan J. Dlott. The Summons and Complaint were subsequently served on Defendant Wyeth by the Clerk of the Court via certified mail.

On December 1, 2003 Plaintiffs filed a Motion for Reassignment, Consolidation and Coordination seeking reassignment of the case to Judge Sandra Beckwith so that it might be coordinated with the related actions already pending before her. However, subsequent to filing this motion, counsel for Plaintiffs realized that while reassignment and coordination were appropriate, it would not be appropriate for the claims of CVS and Rite Aid, who had opted out of the class claims, to be consolidated for all purposes with the class cases. Rather than file an amended motion, counsel elected to make the Court aware of this issue after the Court had issued a notice of Plaintiffs' motion which was to be issued pursuant to the terms of the Amended Case Management Order. According to the Case Management Order, upon the Court becoming aware of the filing of a related case, a Notice of Reassignment, Coordination, and Consolidation would be issued to all parties in the Coordinated Action as well as to the parties in the newly filed case, thereby triggering a 10 day period during which objections could be filed. However, before a notice of reassignment was issued, Judge Dlott issued an Order on December 30, 2003 reassigning the action to Judge Beckwith and directing consolidation with the related actions pending in Judge Beckwith's Court.

Having had their motion for Reassignment, Consolidation, and Coordination granted, Plaintiffs now seek to amend the Amended Case Management Order to make clear that the present action is coordinated with the related actions for pretrial purposes only and that the

2

claims of the individual plaintiffs are not consolidated with the claims of the class plaintiffs for all purposes.

## ARGUMENT

The Amended Case Management Order in the Coordinated Action provides that subsequently filed actions should be coordinated with *In re J.B.D.L. and Ferrell Litigation* if such actions allege similar violations of federal or state antitrust law and arise out of the facts alleged in the Coordinated Action. The present case clearly meets those requirements. Plaintiffs' Complaint alleges facts virtually identical to those stated in the various complaints that comprise the Coordinated Action and Plaintiffs similarly state a monopolization claim against Defendant Wyeth under Section 2 of the Sherman Act (15 U.S.C. § 2). As such, the present action should be coordinated with the Coordinated Action for pretrial purposes.

However, consolidation of this case with the class cases is inappropriate and Plaintiffs erred in including a request for consolidation in their motion for reassignment and coordination. Unlike the cases which comprise the Consolidated Actions (i.e. the Direct Purchaser action and the End Payor action), this case is not a class action. While Plaintiffs CVS and Rite Aid have brought claims as direct purchasers of the drug Premarin, both chose to opt out of participation in the direct purchasers' case and it would therefore be inappropriate to consolidate their claims with those in the Direct Purchaser action.

Consolidating this case with the direct purchaser action would defeat the purpose of the opt out procedure set forth in Federal Rule of Civil Procedure 23. As the Supreme Court has explained, "due process requires at a minimum that an absent plaintiff [in class action litigation] be provided with an opportunity to remove himself from the class by executing and returning an "Opt Out" or "Request for Exclusion" form to the Court." *Phillips Petroleum*

3

*Company v. Shutts*, 472 U.S. 797, 812 (1985). Allowing Plaintiffs to opt out of class action litigation gives them an opportunity to control the course of their own litigation. This right would be defeated if opt out plaintiffs' claims were subsequently consolidated with the class cases which they previously declined to join. Unless the present Case Management Order is changed, co-lead counsel for the class will have the sole authority to control not only the class' case but the case of the individual plaintiffs, including negotiating settlement, employing experts and filing motions and responses to defendant's motions. Plaintiffs in the present action chose to opt out of the class and therefore have the right to proceed separately and independently from the class claims. Therefore, coordination rather than consolidation is the only appropriate course.

This has been the structure imposed by various Federal District Courts in several recently litigated pharmaceutical antitrust cases. In each of those cases, the class cases were consolidated, while actions brought by individual plaintiffs were coordinated with those of other individual plaintiffs and with the consolidated class cases. See Case Management Orders in *In re Terazosin Hydrochloride Antitrust Litigation*, MDL 1317 (S.D. Fla.) (Seitz, J.); *In re Cardizem CD Antitrust Litigation*, MDL 1278 (E.D. Mich.) (Edmunds, J.); *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, MDL 1383 (E.D.N.Y.) (Trager, J.) attached hereto as Exhibits 1 through 3.

In addition, coordination of Plaintiffs' case with the Coordinated Action will require certain changes to the Amended Case Management Order which was entered before any non-class claims were filed. In order to take into account the existence of individual claims in the Coordinated Action, the following changes should be made to the Amended Case Management Order:

4

1. A sentence should be added to Paragraph 1 of the Amended Case Management Order stating that Consolidated Direct Purchaser action does not include the claims brought by individual plaintiffs CVS Meridian, Inc. and Rite Aid Corporation in *CVS Meridian, Inc. and Rite Aid Corporation v. Wyeth*, No. C-1-03-781.

2. A sentence should be added to Paragraph 3 of the Amended Case Management Order stating that the Coordinated Action shall also include *CVS Meridian Inc. and Rite Aid Corporation v. Wyeth*, 1:03-CV-781.

3. Paragraph 8 of the Amended Case Management Order should be amended so that the present case is included in the caption set forth for the Coordinated Action.

4. Paragraph 24 of the Amended Case Management Order should be amended to provide that Defendants shall effect service of all moving and responding papers by serving a copy of same on counsel for CVS and Rite Aid in addition to service on co-lead counsel in the Direct Purchaser and End Payor actions and on Liaison Counsel.

5. Paragraph 25 should be amended to exclude Plaintiffs Rite Aid and CVS from the requirement that all plaintiffs file a single, joint response to any motion, pleading, or other paper filed by defendants and directed to all plaintiffs. In addition, a sentence should be added to this paragraph stating that counsel for Plaintiffs CVS and Rite Aid shall be responsible for their own case but shall confer and coordinate with class counsel during the coordinated pretrial phase of the case. It should also be stated that co-lead

counsel for the class cases are not authorized to act for the individual plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs CVS Meridian, Inc. and Rite Aid Corporation respectfully request that the present action be coordinated for pretrial purposes with the Coordinated Action and that appropriate amendments be made to the Amended Case Management Order to implement the coordination of this action.

Respectfully submitted,

*W. B. Markovits by Gordon Einhorn per Telephone Authorization*

W.B. Markovits (0018514) Trial Attorney
Markovits & Griewe, Co. L.P.A.
119 E. Court Street
Cincinnati, OH 45202
(513) 977-4774

Steve D. Shadowen, I.D. No. 41953
Gordon A. Einhorn, I.D. No. 59006
Hangley Aronchick Segal & Pudlin
30 North Third Street, Suite 700
Harrisburg, PA 17101
(717) 364-1004
(717) 364-1020 – facsimile

*Attorneys for Plaintiffs CVS Meridian, Inc. and Rite Aid Corporation*

Dated: February 9, 2004

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served this 9th day of February 2004 via facsimile and first class mail.

| | |
|---|---|
| Grant S. Cowan<br>FROST BROWN TODD LLC<br>2200 PNC Center<br>201 East Fifth Street<br>Cincinnati, OH 45202<br>Facsimile: 513 651-6981 | Kenneth A. Wexler<br>KENNETH A. WEXLER AND ASSOCIATES<br>One North LaSalle, Suite 2000<br>Chicago, IL 60602<br>Facsimile: 312 346-0022 |
| Theresa L. Groh<br>MURDOCK, GOLDENBERG, SCHNEIDER & GROH<br>700 Walnut Street, Suite 400<br>Cincinatti, OH 45202<br>Facsimile: 513 345-8294 | Daniel E. Gustafson<br>HEINS MILLS & OLSON, P.C.<br>700 Northstar East<br>608 Second Avenue South<br>Minneapolis, MN 55402<br>Facsimile: 612 338-4692 |
| Jay S. Cohen<br>SPECTOR, ROSEMAN & KODROFF<br>1818 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>Facsimile: 215 496-6611 | Joseph E. Conley, Jr.<br>BUECHEL & CONLEY<br>25 Crestview Hills Mall Road, Suite 104<br>Crestview Hills, KY 41017<br>Facsimile: 859 578-6609 |
| Ruthanne Gordon<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Facsimile: 215 875-4604 | Marc H. Edelson<br>HOFFMAN & EDELSON<br>45 West Court Street<br>Doylestown, PA 18901<br>Facsimile: |
| David S. Eggert<br>ARNOLD & PORTER<br>555 Twelfth Street, N.W.<br>Washington, DC 20004<br>Facsimile: 202 942-5999 | Patrick E. Cafferty<br>MILLER FAUCHER & CAFFERTY LLP<br>101 N. Main Street, Suite 885<br>Ann Arbor, MI 48104<br>Facsimile: 734 769-1207 |
| Janet G. Abaray<br>LOPEZ, HODES, RESTAINO, MILMAN, SKIKOS & POLOS<br>312 Walnut Street, Suite 2090<br>Cincinnati, OH 45202<br>Facsimile: 513 852-5611 | |

_____
Gordon A. Einhorn