FILED by __ D.C.

FEB 1 4 2000

CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S. D. OF FLA. MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

CASE NO. 99-MDL-1317 (ALL CASES)

IN RE TERAZOSIN HYDROCHLORIDE
ANTITRUST LITIGATION

_____/

## CASE MANAGEMENT ORDER

Upon review of the proposed Case Management Order, it is hereby ORDERED that:

1. Those actions listed on Schedule A of the January 19, 2000 Practice and Procedure Order Upon Transfer Pursuant to 28 U.S.C. § 1407(a), and all actions subsequently transferred to this Court brought by one or more direct purchasers under federal antitrust law, shall be collectively referred to as the "Sherman Act cases." Those Sherman Act cases that have been filed as class actions shall be collectively referred to as the "Sherman Act class cases." Those Sherman Act cases that have not been filed as class actions shall be referred to as the "Sherman Act individual cases." All actions subsequently removed to this Court or transferred to this following removal to another federal court shall be collectively referred to as the "removed cases." Removed cases brought by indirect and/or direct purchasers shall be collectively referred to as the "indirect purchaser cases." Removed cases brought by third-party payors shall be referred to as the "third-party payor cases."

2. The Court designates the following to act on behalf of all plaintiffs in the Sherman Act class cases, with the responsibilities hereinafter described. These designees are not authorized to act on behalf of plaintiffs in the removed cases or the Sherman Act individual cases.

**EXHIBIT 1**

a.    As Lead or Co-Lead Counsel:

Boies, Schiller & Flexner, L.L.P.
Garwin, Bronzaft, Gerstein & Fisher, L.L.P.

b.    As Members of the Executive Committee:

Berger & Montague, P.C.
Calvin, Richardson & Verner, P.C.

3.    Co-Lead Counsel in the Sherman Act class cases shall have sole authority over the following matters on behalf of all plaintiffs in their respective cases: (a) the initiation response, scheduling, briefing and argument of all motions; (b) the scope, order and conduct of all discovery proceedings; (c) such work assignments to other plaintiffs' counsel as they may deem appropriate; (d) the retention of experts; and (e) the initiation of motions on behalf of any plaintiff in the Sherman Act class cases.

4.    Although two Co-Lead Counsel have been appointed by the Court, they are to act as a unit and the actions of one are binding upon the other.

5.    The Court has not designated any Lead Counsel to act on behalf of all plaintiffs in the removed class cases (including both the indirect purchaser cases and the third-party payor cases). Counsel in those cases SHALL meet and be prepared to designate Lead Counsel at the next status conference.

5.    Co-Lead Counsel in the removed class cases shall have sole authority over the following matters on behalf of all plaintiffs in their respective cases: (a) the initiation response, scheduling, briefing and argument of all motions; (b) the scope, order and conduct of all discovery proceedings; (c) such work assignments to other plaintiffs' counsel as they may deem appropriate; and (d) the retention of experts.

6.    No motion shall be initiated or filed on behalf of any plaintiff in the removed class cases except through Co-Lead Counsel in those cases.

7.    Co-Lead Counsel shall have sole authority to communicate with defendants' counsel and the Court on behalf of all plaintiffs in their respective cases, unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Co-Lead Counsel, and such agreements shall be binding on all other plaintiffs' counsel in those cases.

8.    Plaintiffs' counsel in each coordinated individual (non-class) action shall be responsible for the conduct of his or her own case. However, counsel in such individual case or cases shall confer among themselves and with both the Co-lead Counsel in the Sherman Act class cases and the removed class cases, and to make all reasonable efforts to coordinate the conduct of their cases with the conduct of all other coordinated cases, including the formulation of discovery requests, pleadings, briefs and motion papers and the taking of depositions.

9.    Counsel for each defendant shall be responsible for the conduct of his or her own defense. However, counsel for defendants shall confer among themselves and make all reasonable efforts to coordinate the conduct of their cases, including the formulation of discovery requests, pleadings, briefs and motion papers and the taking of depositions.

10.    Co-Lead Counsel in the Sherman Act class cases and removed class cases and counsel in the individual cases shall coordinate their discovery requests, including notices of deposition upon oral examination. Those counsel shall confer before serving any discovery requests and shall endeavor to eliminate duplicative or overlapping requests. If notice is given to all parties in accordance with the terms of this Order, discovery taken by any party in any of these cases shall be deemed to have been taken in all cases. Subject to the terms of any protective order entered in these actions, all discovery obtained by any plaintiff shall be shared with all other plaintiffs.

3

11.     The Court appoints Berger, Davis & Singerman, P.A. to act as Liaison Counsel for all plaintiffs in all coordinated cases.  The Court appoints Munger, Tolles & Olsen to act as Liaison Counsel for defendant Abbott Laboratories, Dewey Ballantine as Liaison Counsel for defendant Geneva Pharmaceuticals, Inc., and Williams & Connolly for defendant Zenith Goldline Pharmaceuticals, Inc. in all coordinated cases.  Liaison Counsel shall have the responsibilities enumerated in ¶ 7 of the Court's January 19, 2000 Practice and Procedure Order.

12.     For purposes of service, counsel for Valley Drug Company is Boies, Schiller & Flexner, L.L.P, 26 South Main Street, Hanover, NH 03755, fax (603) 643-9010; counsel for Louisiana Wholesale Co., Inc. is Garwin, Bronzaft, Gerstein & Fisher, L.L.P., 1501 Broadway, Suite 1416, New York, NY 10036, fax (212) 764-6620; counsel for Walgreen Co. is Kenny, Nachwalter, Seymour, Arnold, Critchlow & Spector, P.A., 1100 Miami Center, 201 South Biscayne Boulevard, Miami, FL 33131-4327, fax (305) 372-1861; counsel for Drug Mart Pharmacy Corp. is Barrett Gravante Carpinello & Stern LLP, 570 Lexington Avenue, New York, NY, 10022, fax (212) 446-2350; counsel for CVS Meridian is Schnader Harrison Segal & Lewis LLP, 30 N. Third St., Suite 700, Harrisburg, PA 17101, fax (717) 231-4012; counsel for Abbott Laboratories is Munger, Tolles & Olsen, 355 South Grand Avenue, 35th Floor, Los Angeles, California, 90071 ; counsel for Geneva Pharmaceuticals, Inc. is Dewey Ballantine LLP, 1301 Avenue of the Americas, New York, NY, 10019-6092, fax (212) 259-6333; counsel for Zenith Goldline Pharmaceuticals, Inc. is Williams & Connolly, 725 Twelfth Street, N.W., Washington, D.C. 20005-5901, fax (202) 434-5029.

13.     The Court expects all counsel in these coordinated actions to make every effort to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. However, nothing stated herein shall be construed to diminish the right of any counsel to be heard

4

on matters that are not susceptible to joint or common action or as to which there is a genuine and substantial disagreement among counsel.

15.    The parties and counsel are reminded that they are required to comply with the Local Rules of this Court. In particular, the parties are advised to review Local Rule 7.1 which states that other than a motion, response and reply, "no further or additional memoranda of law shall be filed without prior leave of court." S.D. Fla. L.R. 7.1 (emphasis added). In addition, counsel shall review the rule regarding the length of memoranda. Counsel shall provide the Court with one copy of a proposed order on all agreed motions and motions for extensions of time. Finally, with respect to motions that have been referred to the Honorable Barry L. Garber for disposition, counsel shall deliver a copy of the motion to his chambers and include self-addressed, stamped envelopes.

DONE AND ORDERED in Miami, Florida this _ll_ day of February, 2000.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    The Honorable Barry L. Garber
       Counsel of record (service list attached)

5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CARDIZEM CD          :     Master File No. 99-md-1278
ANTITRUST LITIGATION        :     MDL No. 1278

THIS DOCUMENT RELATES TO:   :     Honorable Nancy G. Edmunds
ALL ACTIONS                 :
                            :
_____/

## CASE MANAGEMENT ORDER NO. 1

This Court having received the transfer order of the Judicial Panel on Multidistrict

Litigation dated June 11, 1999, <u>In re: Cardizem CD Antitrust Litigation</u>, MDL-1278; and

Having conducted a pretrial conference with counsel for the parties in this

multidistrict litigation pursuant to Rule 16, Federal Rules of Civil Procedure; and

Having reviewed the submissions and heard the arguments of counsel for the

parties with regard to the coordination of pretrial proceedings and the efficient

management of this multidistrict litigation,

IT IS HEREBY ORDERED as follows:

I.

### COORDINATION OF ACTIONS

1.     All actions that have been or will be transferred to this Court by the

Judicial Panel for Multidistrict Litigation pursuant to any transfer order in MDL Docket

No. 1278 are hereby coordinated for pretrial purposes. Those actions listed on

Schedule A, and all actions subsequently transferred to this Court brought by one or

more indirect purchasers under state antitrust law, shall be collectively referred to as

**EXHIBIT 2**

the "State law cases." Those actions listed on Schedule B, and all actions subsequently transferred to this Court brought by one or more direct purchasers under federal antitrust law, shall be collectively referred to as the "Sherman Act cases." Those Sherman Act cases that have been filed as class actions shall be collectively referred to as the "Sherman Act class cases," and all other Sherman Act cases shall be referred to as the "Sherman Act individual cases."

2.      This Order is made without prejudice to the right of any party to apply for a severance of any claim or action.

3.      No action taken hereunder shall have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

II.

## MASTER DOCKET AND SEPARATE ACTION DOCKETS

4.      A Master Docket is hereby established for the pretrial proceedings in these coordinated actions and in all other actions filed in or transferred to this Court and coordinated herewith for pretrial purposes. Entries in the Master Docket shall be applicable to these coordinated actions as more fully set forth below. Separate dockets shall also be maintained for each action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future Order of this Court.

III.

## MASTER FILE AND SEPARATE FILES

5.    A Master File is hereby established for the pretrial proceedings in these coordinated actions. The Master File shall be Master File No. 99-md-1278. The original of this Order shall be filed by the Clerk in the Master File. The Clerk shall maintain a separate file for each action and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Court shall serve: Elwood S. Simon & Associates, P.C.; Lowey, Dannenberg, Bemporad & Selinger, P.C.; Berman, DeValerio, Pease & Tabacco, P.C.; Boise & Schiller, L.L.P.; Garwin, Bronzaft, Gerstein & Fisher, L.L.P.; Kenny, Nachwalter, Seymour, Arnold, Critchlow & Spector, P.A.; Shook, Hardy & Bacon, L.L.P.; Dykema Gossett, P.L.L.C.; Solomon, Zauderer, Ellenhorn, Frischer & Sharp; and Honigman, Miller, Schwartz and Cohen. Elwood Simon & Associates, P.C. will forward true copies of this Order to all other plaintiffs' counsel.

IV.

## NEWLY FILED OR TRANSFERRED ACTIONS

6.    When a case that relates to the same subject matter as these actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

      a.    Make an appropriate entry in the Master Docket.

      b.    Mail a copy of this Order to the attorney(s) for the plaintiffs in the newly filed or transferred cases.

3

c.    Upon the first appearance of any new defendant(s), mail to the

attorney(s) for the defendant(s) in such newly filed or transferred

case a copy of this Order.

V.

## APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED CASES

7.    This Order shall apply to each case subsequently filed in or transferred to

this Court, alleging claims similar to those set forth in these actions, unless a party

serves an application for relief from this Order or from any of its provisions within twenty

(20) days after the date on which the Clerk mails a copy of this Order to counsel for that

party.

VI.

## CAPTIONS OF CASES

8.    Every pleading filed in these coordinated actions, or in any separate

action included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CARDIZEM CD<br>ANTITRUST LITIGATION | MASTER FILE NO. 99-md-1278<br>MDL NO. 1278 |
| THIS DOCUMENT RELATES TO: | Honorable Nancy G. Edmunds |

_____
-----------------------------------------------/

4

9.   When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "ALL ACTIONS" shall appear after the words "THIS DOCUMENT RELATES TO:" in the caption.  When a pleading is intended to be applicable only to some, but not all, of such actions, the party filing the pleading shall indicate the actions to which the pleading is intended to be applicable by docket number.

VII.

## FILING AND DOCKETING

10.    When a paper is filed and the caption, pursuant to Section VI above, shows that it is to be applicable to "ALL ACTIONS," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket.  No further copies need be filed, nor docket entries made.

11.    When a paper is filed and the caption, pursuant to Section VI above, shows that it is to be applicable to less than all of the coordinated actions, the Clerk shall file the original of such paper in the file of each specific action to which the paper is intended to be applicable.

VIII.

## ORGANIZATION OF COUNSEL

12.    The Court designates the following to act on behalf of all plaintiffs in the State law cases, with the responsibilities hereinafter described.  These designees are not authorized to act on behalf of plaintiffs in the Sherman Act cases.

a.    As Co-Lead Counsel

Lowey Dannenberg Bemporad & Selinger, P.C.

5

Berman, DeValerio, Pease & Tabacco, P.C.

b.    As Members of the Executive Committee:

Beasley, Wilson, Allen, Crow & Methvin
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Elwood S. Simon & Associates, P.C.
Goodkind, Labaton, Rudolf & Sucharow, L.L.P.
Law Offices of Gordon Ball, Esq.
Lockridge Grindal Nauen & Holstein, P.L.L.P.
Miller Faucher Cafferty & Wexler, L.L.P.
Milberg Weiss Bershad Hynes & Lerach
Zwerling, Schachter & Zwerling, L.L.P.

13.    The Court designates the following to act on behalf of all plaintiffs in the

Sherman Act class cases, with the responsibilities hereinafter described.  These

designees are not authorized to act on behalf of plaintiffs in the Sherman Act individual

cases or on behalf of plaintiffs in the State law cases, but (Co-)Lead Counsel in the

Sherman Act class cases shall act as coordinating lead counsel for procedural

purposes in the Sherman Act individual cases.

a.    As Lead or Co-Lead Counsel:

Boies & Schiller, LLP
Garwin, Bronzaft, Gerstein & Fisher, L.L.P.

b.    As Members of the Executive Committee:

Boies & Schiller, LLP
Garwin, Bronzaft, Gerstein & Fisher, L.L.P.
Berger & Montague, P.C.
Calvin, Richardson & Verner

14.    (Co-)Lead Counsel shall have sole authority over the following matters on

behalf of all plaintiffs in their respective cases (as set forth in paragraphs 12 and 13

above):  (a) the initiation, response, scheduling, briefing and argument of all motions;

(b) the scope, order and conduct of all discovery proceedings; (c) such work

6

assignments to other plaintiffs' counsel as they may deem appropriate; (d) the retention

of experts; (e) designation of which attorneys may appear at hearings and conferences

with the Court; (f) the timing and substance of any settlement negotiations with

defendants; and (g) other matters concerning the prosecution or resolution of their

respective cases.

15.    No motion shall be initiated or filed on behalf of any plaintiff in the State

law cases or the Sherman Act class cases except through (Co-)Lead Counsel in those

cases.

16.    (Co-)Lead Counsel shall have sole authority to communicate with

defendants' counsel and the Court on behalf of all plaintiffs in their respective cases (as

set forth in paragraphs 12 and 13 above), unless that authority is expressly delegated

to other counsel.  Defendants' counsel may rely on all agreements made with (Co-)

Lead Counsel, and such agreements shall be binding on all other plaintiffs' counsel in

those cases.

17.    Plaintiffs' counsel in each coordinated individual (non-class) action shall

be responsible for the substantive conduct of his or her own case.  However, counsel in

such individual case or cases shall confer among themselves and with (Co-)Lead

Counsel in both the State law cases and the Sherman Act cases to coordinate the

procedural conduct of their cases with the conduct of all other coordinated cases,

including the formulation of discovery requests, notices and the taking of depositions,

pleadings, briefs and motion papers, and shall be bound by the decisions made by (Co-

) Lead Counsel in the State law and Sherman Act cases, except as may be specifically

excepted by the Court.

18.    Those counsel identified in paragraph 17 above shall confer before serving any discovery requests and shall endeavor to eliminate duplicative or overlapping discovery requests.  If notice is given to all parties in accordance with the terms of this Order, discovery taken by any party in any of these coordinated cases shall be deemed to have been taken in all such cases.  Subject to the terms of any protective order entered in these actions, all discovery obtained by any plaintiff shall be shared with all other plaintiffs.

19.    Counsel for each defendant shall be responsible for the conduct of his or her own defense.  However, counsel for defendants shall confer among themselves and make all reasonable efforts to coordinate the conduct of their cases, including the formulation of discovery requests, pleadings, briefs and motion papers and the taking of depositions.

20.    The Court appoints Elwood S. Simon & Associates, P.C. to act as Liaison Counsel for plaintiffs in all coordinated cases.  The Court appoints Dykema Gossett, P.L.L.C. to act as Liaison Counsel for defendants Hoechst Aktiengesellschaft and Hoechst Marion Roussel, Inc. and Honigman, Miller, Schwartz & Cohen as Liaison Counsel for defendant Andrx Corporation in all coordinated cases.  Liaison Counsel shall be responsible for ensuring that orders of the Court are served on all counsel in each case; communicating with the Court on behalf of all counsel in each case as to scheduling matters; and for maintaining a master service list of all parties and their respective counsel.  Only Liaison Counsel may write letters to the Court, unless permission is otherwise granted by the Court.

21.    Defendants shall effect service of papers on plaintiffs by serving a copy of the paper by overnight mail service, telecopy or hand delivery on (a) Liaison Counsel, (b) each Co-Lead Counsel in the State law cases, (c)each (Co-)Lead Counsel in the Sherman Act class cases, and (d) counsel in the Sherman Act individual cases. Elwood S. Simon & Associates will forward such service to all other plaintiffs' counsel by regular United States mail. Plaintiffs shall effect service of papers on defendants by serving a copy of the paper by overnight mail service, telecopy or hand delivery on all defendants' counsel. This Court's Master Service List shall govern in all proceedings.

22.    The Court expects all counsel in these coordinated actions to make every effort to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. However, nothing stated herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action or as to which there is a genuine and substantial disagreement among counsel.

23.    Attorneys admitted to practice in any United States District Court are hereby entitled to participate in these coordinated proceedings without further admission to the bar of this Court. Attorneys participating in these proceedings shall be subject to all rules applicable to members of the bar of this Court, including the Court's Civility Principles.

IX.

REMAND ISSUES OUTSTANDING

24.    For those actions listed in Schedule C which were transferred to this Court while motions to remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. §

1447(c) were pending in the transferor court, Co-Lead Counsel in the State law cases
shall provide courtesy copies of all moving and response papers to chambers within five
(5) days of the date of this Order.  No further briefing will be accepted by this Court,
unless otherwise ordered.

## X.

## OTHER MATTERS

25.    The Court shall set briefing, hearing and discovery schedules and pretrial
deadlines by separate orders.

26.    Preservation of Documents: During the pendency of this litigation, or until
further order of this Court, the parties shall take reasonable steps to preserve all
documents within their possession, custody or control, including computer generated
and stored information and materials such as computerized data and electronic mail,
containing information that is relevant to or may lead to the discovery of information
relevant to the subject matter of the pending litigation.

27.    Communications among counsel:  The Court recognizes that cooperation
by and among counsel is essential for the orderly and expeditious resolution of this
litigation.  Accordingly, the communication of information among and between plaintiffs'
counsel, and among and between defendants' counsel, shall not be deemed a waiver
of the attorney-client privilege or the attorney work product doctrine.

28.    Confidentiality Order:  Any party who has not already objected has ten
days from the date of receipt of this order to file objections to the provisions of the
Confidentiality Order entered in Zuccarini v. Hoechst Aktiengesellschaft, Case No. 98-

74043 (E.D. Mich.)(NGE), annexed hereto at Schedule D; otherwise said Confidentiality

Order shall have full force and effect in these coordinated proceedings.


Dated: _____SEP 0 3 1999_____          *Nancy G. Edmunds*

                                        Nancy G. Edmunds
                                        U.S. District Judge

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

IN RE CIPROFLOXACIN HYDROCHLORIDE
ANTITRUST LITIGATION

Master File No. 1:00-MD-1383
Hon. David G. Trager, USDJ
Hon. Steven M. Gold, USMJ

THIS DOCUMENT RELATES TO:

MARIA LOCURTO, individually and on behalf of
all others similarly situated,

                          Plaintiff,

          v.

BAYER AG, BAYER CORPORATION, BARR
LABORATORIES, INC., THE RUGBY GROUP,
INC., WATSON PHARMACEUTICALS, INC.,
and HOECHST MARION ROUSSEL, INC.

                         Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 00-CV-4428
Hon. David Trager

ARKANSAS CARPENTERS HEALTH AND
WELFARE FUND and the PAPER, ALLIED-
INDUSTRIAL, CHEMICAL, AND ENERGY
WORKERS INTERNATIONAL UNION, AFL-
CIO, CLC, individually and on behalf of all others
similarly situated,

                         Plaintiff,

          v.

BAYER AG, BAYER CORPORATION, BARR
LABORATORIES, INC., THE RUGBY GROUP,
INC., WATSON PHARMACEUTICALS, INC.,
and HOECHST MARION ROUSSEL, INC.

                         Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 00-CV-5033
Hon. David Trager

**EXHIBIT 3**

01/29/01

UNITED FOOD & COMMERCIAL WORKERS )     Case No. 00-CV-5246
AND PARTICIPATING FOOD INDUSTRY )     Hon. David Trager
EMPLOYERS TRI-STATE HEALTH & )
WELFARE FUND, individually and on behalf of all )
others similarly situated, )
)
                           Plaintiff, )
)
       v. )
)
BAYER AG, BAYER CORPORATION, BARR )
LABORATORIES, INC., THE RUGBY GROUP, )
INC., WATSON PHARMACEUTICALS, INC., )
and HOECHST MARION ROUSSEL, INC. )
)
                     Defendants. )

LINDA K. MCINTYRE, individually and on behalf )     Case No. 00-CV-7648
of all others similarly situated, )     Hon. David Trager
)
                           Plaintiff, )
)
       v. )
)
BAYER AG, BAYER CORPORATION, BARR )
LABORATORIES, INC., THE RUGBY GROUP, )
INC., WATSON PHARMACEUTICALS, INC., )
and HOECHST MARION ROUSSEL, INC. )
)
                     Defendants. )

LOUISIANA WHOLESALE DRUG CO., INC. )     Case No. 00-CV-7650
individually and on behalf of all others similarly )     Hon. David Trager
situated, )
)
                           Plaintiff, )
)
       v. )
)
BAYER CORPORATION, BARR )
LABORATORIES, INC. and THE RUGBY )
GROUP, INC., )
)
                     Defendants. )

2

ANN STUART AND DR. SOL LUBIN
individually and on behalf of all others similarly
situated,

                         Plaintiff,

         v.

BAYER CORPORATION, BARR
LABORATORIES, INC. and THE RUGBY
GROUP, INC.,

                       Defendants.

Case No. 00-CV-7649
Hon. David Trager

## CASE MANAGEMENT ORDER NO. 1

    WHEREAS, this Court has received the Transfer Order of the Judicial Panel on Multidistrict Litigation ("JPML") dated December 11, 2000, In re Ciprofloxacin Hydrochloride Antitrust Litigation, MDL-1383; and

    WHEREAS, in addition to the six above-captioned actions transferred by the above Order, the Defendants have applied to the JPML for the transfer to this Court of any potential tag-along actions, some of which are already subject to the JPML's Conditional Transfer Order dated January 10, 2001, including those set forth on Schedule A hereto;

    IT IS HEREBY ORDERED as follows:

### I.  COORDINATION OF ACTIONS

    1.    All actions that have been or will be transferred to this Court by the JPML pursuant to MDL Docket No. 1383 are hereby coordinated for pretrial purposes.

    2.    The Indirect Purchaser Class Cases. Those actions listed on Schedule B, and all class actions subsequently transferred to this Court that have been brought by one or more indirect purchasers of Cipro® at the end of the chain-of-distribution (i.e., consumers and third party payors) alleging claims under state antitrust statutes, consumer protection statutes, common law and/or for

3

injunctive relief only under federal antitrust law, shall be collectively referred to as the "Indirect Purchaser Class Cases".

      b.    The Direct Purchaser Class Cases. The class action listed on Schedule C, and all class actions subsequently transferred to this Court brought by one or more direct purchasers of Cipro® (or assignees of such purchasers) as a class action under federal antitrust law, shall be collectively referred to as the "Direct Purchaser Class Cases".

      c.    The Direct Purchaser Individual Cases. Any individual action brought by direct purchasers of Cipro® (or assignees of such purchasers) under federal antitrust law and transferred to this Court pursuant to MDL Docket No.1383 shall be collectively referred to as the "Direct Purchaser Individual Cases".

      d.    Other Indirect Purchaser Cases. Any action, whether filed as a class action or otherwise, commenced by an indirect purchaser of Cipro that is not at the end of the chain of distribution (e.g., pharmacies or retailers), shall be referred to as an "Other Indirect Purchaser Case"

      2.    This Order is made without prejudice to the right of any party to apply for severance of any claim or action.

      3.    No action taken hereunder shall have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

## II. MASTER DOCKET AND SEPARATE ACTION DOCKETS

      4.    A Master Docket is hereby established for the pretrial proceedings in these coordinated actions and in all other actions filed in or transferred to this Court and coordinated herewith for pretrial purposes. Entries in the Master Docket shall be applicable to these coordinated actions as more fully set forth below. Separate dockets shall also be maintained for each action, and

4

entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future Order of this Court.

## III. MASTER FILE AND SEPARATE FILES

5.    A Master File is hereby established for the pretrial proceedings in these coordinated actions. The Master File shall be Master File No. 1:00-MD-1383. The original of this Order shall be filed by the Clerk in the Master File. The Clerk shall maintain a separate file for each action and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by this Order. The Clerk shall make a notation of this Order on the docket sheet in each separate file. The Court shall deliver all orders and decisions filed in these proceedings to:

    a.    Zwerling, Schachter & Zwerling, LLP, on behalf of plaintiffs' counsel in the Indirect Purchaser Class Cases. Zwerling, Schachter & Zwerling, LLP shall forward copies of this Order to all other plaintiffs' counsel in the Indirect Purchaser Class Cases;

    b.    Garwin, Bronzaft, Gerstein & Fisher, L.L.P., on behalf of plaintiffs' counsel in the Direct Purchaser Class Cases. Garwin, Bronzaft, Gerstein & Fisher, L.L.P. shall forward copies of this Order to all other plaintiffs' counsel in the Direct Purchaser Class Cases;

    c.    Schnader Harrison Segal & Lewis, LLP on behalf of CVS Meridian, Inc. and Rite Aid Corp., plaintiffs in a Direct Purchaser Individual Case listed in Schedule A;

    d.    Counsel for plaintiff(s) in any Other Indirect Purchaser Case; and

    e.    Counsel for Defendants as follows: Jones, Day, Reavis & Pogue, and Bartlit Beck Herman Palenchar & Scott, on behalf of Bayer Corporation; Kirkland & Ellis, on behalf of Barr Laboratories, Inc.; Shearman & Sterling, on behalf of The Rugby Group, Inc. and Watson Pharmaceuticals, Inc.; and Stinson, Mag & Fizzell, P.C., on

behalf of Hoechst Marion Roussel, Inc.

## IV. NEWLY FILED OR TRANSFERRED ACTIONS

6.    When a case that relates to the same subject matter as the actions transferred to this Court by the JPML's December 11, 2000 Order is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

a.    Make an appropriate entry in the Master Docket.

b.    Mail a copy of this Order to the attorney(s) for the plaintiffs in the newly filed or transferred cases.

c.    Upon the first appearance of any new defendant(s), mail to the attorney(s) for the defendant(s) in such newly filed or transferred case a copy of this Order.

## V. APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED CASES

7.    This Order shall apply to each case subsequently filed in or transferred to this Court alleging claims similar to those set forth in these actions, unless a party serves an application for relief from this Order or from any of its provisions within twenty (20) days after the date on which the Clerk mails a copy of this Order to counsel for that party.

6

## VI. CAPTIONS OF CASES

8.      Every pleading filed in these coordinated actions, or in any separate action included

therein, shall bear the following caption:

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CIPROFLOXACIN HYDROCHLORIDE )<br>ANTITRUST LITIGATION )<br>_____ )<br> )<br>THIS DOCUMENT RELATES TO: )<br> )<br>_____ ) | Master File No. 1:00-MD-1383<br>Hon. David G. Trager, USDJ<br>Hon. Steven M. Gold, USMJ |

9.      When a pleading is intended to be applicable to all actions to which this Order is

applicable, the words "ALL ACTIONS" shall appear after the words "THIS DOCUMENT

RELATES TO:" in the caption.  When a pleading is intended to be applicable only to some, but not

all, of such actions, the party filing the pleading shall indicate the actions to which the pleading is

intended to be applicable by docket number.

## VII. FILING AND DOCKETING

10.     When a paper is filed and the caption, pursuant to Section VI above, shows that it is

to be applicable to "ALL ACTIONS," the Clerk shall file such pleading in the Master File and note

such filing in the Master Docket.  No further copies need be filed, nor docket entries made.

11.     When a paper is filed and the caption, pursuant to Section VI above, shows that it is

to be applicable to less than all of the coordinated actions, the Clerk shall file the original of such

paper in the Master File and make a notation on the docket sheet of each specific action to which the

paper is intended to be applicable.

7

## VIII. ORGANIZATION OF COUNSEL

12.    The Court designates the following Co-Lead Counsel to act on behalf of all plaintiffs in the Indirect Purchaser Class Cases: Zwerling, Schachter & Zwerling, LLP; Goodkind Labaton Rudoff & Sucharow LLP; Miller Faucher and Cafferty LLP; and Hoffman & Edelson, LLC.

13.    The Court designates the following Lead Counsel to act on behalf of all plaintiffs in the Direct Purchaser Class Cases:  Garwin, Bronzaft, Gerstein & Fisher, L.L.P.   The Court also designates the firms of Calvin, Richardson, Verner, Armstrong & Camp, P.C.; Odom & Des Roches, L.L.P.; and Durrette, Irvin & Bradshaw, P.C. to serve, together with Garwin, Bronzaft, Gerstein, & Fisher, L.L.P., as members of the Executive Committee in the Direct Purchaser Class Cases.

14.    These designees are not authorized to act on behalf of plaintiffs in the Direct Purchaser Individual Cases or Other Indirect Purchaser Cases.

15.    Lead or Co-Lead Counsel shall have sole authority over the following matters on behalf of all plaintiffs in their respective cases (as set forth in paragraphs 12 and 13 above): (a) the initiation, response, scheduling, briefing and argument of all motions; (b) the scope, order and conduct of all discovery proceedings; (c) such work assignments to other plaintiffs' counsel as they may deem appropriate; (d) the retention of experts; (e) designation of which attorneys may appear at hearings and conferences with the Court; (f) the timing and substance of any settlement negotiations with defendants; and (g) other matters concerning the prosecution or resolution of these coordinated cases.

16.    No motion shall be initiated or filed on behalf of any plaintiff in the Indirect Purchaser Class Cases or the Direct Purchaser Class Cases, except through Lead or Co-Lead Counsel in those cases.

17.    Lead or Co-Lead Counsel shall have sole authority to communicate with defendants'

counsel and the Court on behalf of all plaintiffs in their respective cases (as set forth in paragraphs 12 and 13 above), unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Lead or Co-Lead Counsel, and such agreements shall be binding on all other plaintiffs' counsel in those cases.

18.    Plaintiffs' counsel in any transferred action that does not fit within the definition of either the Indirect Purchaser Class Cases or the Direct Purchaser Class Cases (as set forth in paragraph 1 above) shall be responsible for the substantive conduct of his or her own case. However, counsel in any such case or cases shall confer among themselves and with Lead or Co-Lead Counsel in both the Indirect Purchaser Class Cases and the Direct Purchaser Class Cases to make all reasonable efforts to coordinate the procedural conduct of their cases with the conduct of all other coordinated cases, including the formulation of discovery requests, notices and the taking of depositions, pleadings, briefs and motion papers.

19.    If notice is given to all parties in accordance with the terms of this Order, discovery taken by any party in any of the coordinated cases shall be deemed to have been taken in all such cases.

20.    Counsel for defendants shall confer among themselves and make all reasonable efforts to coordinate the conduct of these coordinated cases, including the formulation of discovery requests, pleadings, briefs and motion papers and the taking of depositions.

21.    The Court appoints Zwerling, Schachter & Zwerling, LLP to act as Liaison Counsel for plaintiffs in the Indirect Purchaser Class Cases. The Court appoints Garwin, Bronzaft, Gerstein, & Fisher, L.L.P. to act as Liaison Counsel for plaintiffs in the Direct Purchaser Class Cases. The Court appoints the counsel referenced in ¶ 5 (e) to act as Liaison Counsel for each of the respective defendants. Liaison Counsel shall be responsible for ensuring that orders of the Court are served on

all counsel in each case for which they are acting as Liaison Counsel; communicating with the Court on behalf of all counsel in each such case as to scheduling matters; and for maintaining a master service list of all parties and their respective counsel.

22.    In the Indirect Purchaser Class Cases and the Direct Purchaser Class Cases, the defendants shall effect service of papers on plaintiffs by serving a copy of the paper by overnight mail service, telecopy or hand delivery on each Liaison Counsel, each Lead or Co-Lead Counsel, as well as Calvin, Richardson, Verner, Armstrong & Camp, P.C.; Odom & Des Roches, L.L.P.; and Durrette, Irvin & Bradshaw, P.C., members of the Executive Committee in the Direct Purchaser Class Cases. Plaintiffs shall effect service of papers on defendants by serving a copy of the paper by overnight mail service, telecopy or hand delivery on all defendants' counsel. This Court's Master Service List shall govern in all proceedings.

23.    The Court expects all counsel in these coordinated actions to make every effort to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. However, nothing stated herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action or as to which there is a genuine and substantial disagreement among counsel.

24.    Attorneys admitted to practice in any United States District Court are hereby entitled to participate in these coordinated proceedings without further admission to the bar of this Court. Attorneys participating in these proceedings shall be subject to all rules applicable to members of the bar of this Court.

## XI. OTHER MATTERS

25.    Consolidated Complaint(s) and Response(s) Thereto.

a) Plaintiffs in the Indirect Purchaser Class Cases shall serve their Consolidated Class Action Complaint(s) within thirty (30) after entry of this Order. Defendants shall answer, move or otherwise plead within sixty (60) days after entry of this Order. If any defendant files a motion under Rule 12 of the Federal Rules of Civil Procedure, the Indirect Purchaser Plaintiffs shall respond within thirty (30) days of service. Defendants shall have fifteen (15) days to reply. Defendants need not respond to the complaints heretofore filed in any Indirect Purchaser Class Case subsequently transferred to this Court by the JPML and consolidated by this Order.

b) Plaintiffs in the Direct Purchaser Class Cases shall serve their Consolidated Class Action Complaint within thirty (30) days after entry of this Order. Defendants shall answer, move or otherwise plead within sixty (60) days after entry of this Order. If any defendant files a motion under Rule 12 of the Federal Rules of Civil Procedure, the Direct Purchaser Class Plaintiffs shall respond within thirty (30) days of service. Defendants shall have fifteen (15) days to reply. Defendants need not respond to the complaints heretofore filed in any Direct Purchaser Class Case subsequently transferred to this Court by the JPML and consolidated by this Order.

26.    With respect to any Other Indirect Purchaser Cases transferred to or filed in this Court, counsel for plaintiffs in those cases shall coordinate with counsel for similarly situated plaintiffs with regard to the filing of or maintenance of pleadings pertaining to those cases. Any disagreements among the Other Indirect Purchaser cases or between these cases and Defendants, with regard to the filing, coordination or consolidation of pleadings, shall be resolved by the Court.

27.    Preservation of Documents. The parties acknowledge their responsibilities to take reasonable steps, during the pendency of this litigation, or until further order of this Court, to

11

preserve all documents within their possession, custody or control, including computer and electronically generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

28.    <u>Confidentiality Order.</u> The parties shall submit, by motion or stipulation, an order addressing the confidentiality of materials produced during discovery within thirty (30) days of the entry of this Order. Until this Court addresses any proposed confidentiality order, however, any documents produced by defendants to plaintiffs' counsel shall be treated as confidential and shall not be disclosed to any persons other than counsel for the plaintiffs and their staffs, including attorneys, paralegals, secretarial and clerical personnel, and experts, except where the prior consent of the producing defendant's counsel is obtained.

29.    <u>Filing of Documents Containing Confidential Information.</u> Until such time as this Court enters an order dealing with the treatment of confidential documents or information in this action, any document filed with the Clerk of this Court containing confidential information, or including as an attachment any confidential document, shall be filed under seal. Any document filed under seal pursuant to this paragraph shall be placed in a sealed envelope with a legend appearing on the outside of the envelope in bold and large type instructing the Clerk that the contents of the filed document are "confidential" and that access to the filed document is forbidden without express written approval from this Court. After filing any document containing confidential material, the filing party may file with the Clerk a duplicate, unsealed copy of the document with the confidential material redacted. This paragraph will be superseded by any subsequent order entered by the Court dealing with the treatment of confidential documents produced during discovery in this action.

30.    <u>Service of Pleadings on Bayer AG</u>.  Within a reasonable time after the filing of the Consolidated Complaint, plaintiffs in the Indirect Purchaser Class Cases shall attempt to serve the summons and consolidated pleadings on defendant Bayer AG pursuant to Rule 4 of the Federal Rule of Civil Procedure as pertains to service of pleadings on foreign corporations.  Nothing in this Order shall effect any right of Bayer AG to move to dismiss under Rule 12 of the Federal Rules of Civil Procedure for lack of personal jurisdiction or service of process or plaintiffs' right to oppose such a motion.  The provisions of this paragraph also shall apply to the Direct Purchaser Class Cases, if plaintiffs in those cases name Bayer AG as a defendant in their Consolidated Complaint.

SO ORDERED.

Dated:  January 29, 2001
        Brooklyn, New York

                                        Hon. David G. Trager, U.S.D.J.

## SCHEDULE A

## POTENTIAL TAG-ALONG AND RELATED ACTIONS TO MDL-1383

| CAPTION | DISTRICT | CA NO. | JUDGE |
|---|---|---|---|
| Greg Amluxen v. Bayer Corporation, Barr Laboratories, Inc. and The Rugby Group, Inc. | E.D. Pa. | 00-CV-5391 | J. Herbert J. Hutton |
| Arthur's Drug Store, Inc. v. Bayer Corporation, Barr Laboratories, Inc. The Rugby Group, Inc. and Hoechst Marion Roussel, Inc. | S.D.N.Y. | 00-CV-9177 | J. Colleen McMahon |
| Mark Aston v. Bayer Corporation, Barr Laboratories, Inc., The Rugby Group, Inc. and Does 1 through 25 | C.D. Cal. | 00 CV 12450 WJR | J. William J. Rea |
| Adele Brody v. Bayer Corporation, Barr Laboratories, Inc. and The Rugby Group, Inc. | S.D.N.Y. | CV-00 9668 | J. Colleen McMahon |
| John Coleman v. Bayer Corporation, Barr Laboratories, Inc. and The Rugby Group, Inc. | S.D. Cal. | 00 CV 2354 | J. Jeffrey T. Miller |
| CVS Meridian, Inc. and Rite Aid Corporation v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc., The Rugby Group, Inc., and Hoechst Marion Roussel, Inc. | S.D.N.Y. | CV-00-7951 | J Colleen McMahon |
| For Love & Money, Inc., d/b/a/ Rx Jennifer's Pharmacy v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc. The Rugby Group, Inc., Watson Pharmaceuticals, Inc. and Hoechst Marion Roussel, Inc. | S.D. Ill. | 00-865-WDS | J. William D. Stiehl |
| Madeline Eisenhauer v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc., Watson Pharmaceuticals, Hoechst Marion Roussel, Inc., and The Rugby Group, Inc., Inc. | E.D.N.Y. | CV 00 7482 | J. David Trager |
| Donna Franck and Claire Marianne Barley v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc., The Rugby Group, Inc., Watson Pharmaceuticals, Inc. and Hoechst Marion Roussel, Inc. | M.D. Fla. | 00-CV-02378-T-27E | J. James D Whittemore |

i

| CAPTION | DISTRICT | CA NO. | JUDGE |
|---|---|---|---|
| Barry Garber v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc., Watson Pharmaceuticals, Hoechst Marion Roussel, Inc., The Rugby Group, Inc., Inc., Aventis S.A. and Does 1 through 200 | N.D. Cal. | 00 CV 2459 | U.S. Magistrate Judge Maria-Elena James |
| David Green v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc., Watson Pharmaceuticals, Hoechst Marion Roussel, Inc., and The Rugby Group, Inc., Inc. | E.D.N.Y. | CV-00-6219 | J. David Trager |
| John H. Irons v. Bayer Corporation, Barr Laboratories, Inc. and The Rugby Group, Inc. | C.D. Cal. | CV-00-13295 ER | J. Edward Rafeedie |
| Peggy Lee v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc., The Rugby Group, Inc., Watson Pharmaceuticals, Inc., and Hoechst Marion Roussel, Inc. | N.D. Cal. | CV-00-04731 JCS | U.S. Magistrate Judge Joseph Spero |
| Caroline M. Loesch and Susan Gutman v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc., The Rugby Group, Inc., Watson Pharmaceuticals, Inc. and Hoechst Marion Roussel, Inc. | S.D. Fla. | 00-7738-CIV | J. Donald M. Middlebrooks |
| Kimberly McCullar v. Bayer Corporation, Barr Laboratories, Inc. and The Rugby Group, Inc. | N.D. Cal. | C 00-4645 | U.S. Magistrate Judge James Larson |
| Charles McKenzie v. Bayer Corporation, Barr Laboratories, Inc. and The Rugby Group | D. Ariz | CIV 00 2037 PHX LOA | U.S. Magistrate Judge Lawrence O. Anderson |
| Barbara A. Meyers v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc., The Rugby Group, Inc., Watson Pharmaceuticals, Inc., and Hoechst Marion Roussel, Inc. | E.D. Wisc. | 00 CV 1582 | J. Lynn Adelman |
| Theresa Meyers v. Bayer Corporation, Barr Laboratories, Inc. and The Rugby Group, Inc. | S.D.N.Y. | 00-CV-7746 | J. Colleen McMahon |
| Elaine Ozarow v. Bayer Corporation, Barr Laboratories, Inc., and The Rugby Group, Inc. | S.D. Fla. | 00-08922 | J. Kenneth L. Ryskamp |

| CAPTION | DISTRICT | CA NO. | JUDGE |
|---|---|---|---|
| *Ellen Relles and Linda Birke v. Bayer Corporation, Barr Laboratories, Inc., and The Rugby Group, Inc., d/b/a Rugby Laboratories, Inc. and Does 1 through 100* | C.D. Cal. | 00 CV 12453 | J. Lourdes G. Baird |
| *Shoshana Samole v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc., The Rugby Group, Inc., Watson Pharmaceuticals, Inc., Hoechst Marion Roussel, Inc., and Does 1 through 50* | N.D. Cal. | C 00 4530 EDL | U.S. Magistrate Judge Elizabeth LaPorte |
| *Rebecca Sandhaus v. Bayer Corporation, Barr Laboratories, Inc., and The Rugby Group, Inc.* | D. Ka. | 00 CV 2527 | J. G. Thomas Van Bebber |
| *Mary Ann Scott v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc., The Rugby Group, Inc., Watson Pharmaceuticals, Inc., and Hoechst Marion Roussel, Inc.* | N.D. Cal. | CV-00-4730 | J. Claudia Wilken |
| *Martha Thomas v. Bayer Corporation, Watson Pharmaceuticals, Inc., and Hoechst Marion Roussel, Inc.* | W. D. Tenn. | CV-00-3226 | J. Jon McCalla |

## SCHEDULE B

## INDIRECT PURCHASER CLASS ACTIONS TRANSFERRED BY MDL ORDER

| CAPTION | DISTRICT | CA NO. | JUDGE |
|---|---|---|---|
| Arkansas Carpenters Health & Welfare Fund and Paper, Allied-Industrial, Chemical, and Energy Workers International Union, AFL-CIO, CLC v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc., The Rugby Group, Inc., and Hoechst Marion Roussel, Inc. | E.D.N.Y. | 00CV5033 | J. Jacob Mishler |
| Maria Locurto v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc., The Rugby Group, Inc., Watson Pharmaceuticals, Inc. and Hoechst Marion Roussel, Inc. | E.D.N.Y. | 00-4428 | J. Jacob Mishler |
| Linda K. McIntyre v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc., The Rugby Group, Inc., and Hoechst Marion Roussel, Inc. | E.D. Mich. | 00CV60361 | J. Marianne Battani |
| Ann Stuart and Dr. Sol Lubin v. Bayer Corp., Barr Laboratories, Inc. and The Rugby Group, Inc. | D.N.J. | 00-4551 | J. Stephen Orlofsky |
| United Food & Commercial Workers and Participating Food Industry Employers Tri-State Health & Welfare Fund v. Bayer AG, Bayer Corporation, Barr Laboratories, Inc., The Rugby Group, Inc., and Hoechst Marion Roussel, Inc. | E.D.N.Y. | 00CV5246 | J. Jacob Mishler |

iv

## SCHEDULE C

### DIRECT PURCHASER CLASS ACTION

| CAPTION | DISTRICT | CA NO. | JUDGE |
|---|---|---|---|
| *Louisiana Wholesale Drug Co. v. Bayer Corp., Barr Laboratories, Inc. and The Rugby Group* | S.D.N.Y. | 00CV5191 | J. Colleen McMahon |

v

WA: 1130114v2