IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **MARJORIE FERRELL**, *et al.*, **Plaintiffs,** ) | CIVIL ACTION NO. C-1-01-447 |
| ) | |
| v.  ) | Judge Sandra S. Beckwith |
| ) | Magistrate Judge Timothy S. Hogan |
| **WYETH-AYERST LABORATORIES, INC.,** ) | |
| *et al.*, **Defendants.** ) | |
| | |
| **J.B.D.L. Corp. d/b/a BECKETT** ) | CIVIL ACTION NO. C-1-01-704 |
| **APOTHECARY**, *et al.*, **Plaintiffs,** ) | |
| ) | Judge Sandra S. Beckwith |
| v.  ) | Magistrate Judge Timothy S. Hogan |
| ) | |
| **WYETH-AYERST LABORATORIES, INC.,** ) | |
| *et al.*, **Defendants.** ) | |

**MEMORANDUM IN PARTIAL OPPOSITION TO MOTION OF
CVS MERIDIAN, INC. AND RITE AID CORP.
TO AMEND CASE MANAGEMENT ORDER**

Defendant Wyeth respectfully opposes the motion by CVS Meridian, Inc. and Rite Aid Corp. to revise this Court's longstanding case management order ("CMO").

The existing CMO – which consolidates all direct purchaser lawsuits involving the subject matter of these actions – promotes efficiency and avoids unnecessary duplication of effort by the parties and the Court. When plaintiffs filed suit just last fall, they sought (successfully) to have their case consolidated with the other direct purchaser litigation. Now, however, they have changed their mind. Plaintiffs' proposed revision to the CMO would cause massive inefficiencies and duplication, require an additional and unnecessary trial, and frustrate the central purpose of the CMO. Any legitimate interests that CVS and Rite Aid seek to protect can easily be secured by minor adjustments to the

CMO, rather than the sweeping modification they request. Wyeth requests that plaintiffs' motion be denied.

## FACTS

This lawsuit is a consolidated action in which entities that purchased Premarin directly from Wyeth seek recovery for alleged overcharges in the prices they paid Wyeth. Plaintiffs claim that the "overcharges" are attributable to Wyeth's contracts with pharmacy benefit managers ("PBMs") and the effect that those contracts had on Cenestin, a drug that competes with Premarin.

In Amended Case Management Order No. 1, issued on January 9, 2002 (the "CMO"), this Court consolidated, "for all purposes," all direct purchaser actions pending in this Court into one Direct Purchaser Action. CMO, ¶ 12. The purpose of the CMO was to "promote judicial economy and avoid duplication" by, among other things, consolidating all Direct Purchaser actions "and any subsequently filed Direct Purchaser actions" (CMO, at 2). The Court also stated that it would "consolidate any newly filed or transferred related Direct Purchaser cases with the Direct Purchaser Action, and such newly filed or transferred actions shall be treated as 'tag-along' actions." CMO, ¶ 12. The CMO did not distinguish between class actions and other lawsuits for this purpose,[1] but expressly stated that it would apply to <u>any</u> subsequently-filed "tag along" actions. Indeed, the CMO expressly stated that it "shall apply to <u>each</u> substantially related action

---

[1] At the same time, this Court separately consolidated several pending actions by indirect purchasers (the "end payors,") for all purposes, and ordered that the Direct Purchaser Action and the End Payor Action be coordinated for pre-trial purposes.

asserting claims against any or all of the defendants . . . <u>subsequently</u> <u>filed</u> in this Court or transferred to this Court . . ..." CMO, ¶ 14. (emphasis added).

This Court certified a class of direct purchasers in May 2003. Class notice was subsequently disseminated. On the last day of the opt-out period (November 10, 2003), two retailers – CVS Meridian, Inc. and Rite Aid Corp. – gave notice that they intended to opt out of the class. On that same day, they filed a joint antitrust complaint against Wyeth in this Court seeking recovery for alleged Premarin overcharges and also seeking to prosecute similar claims they purport to hold by assignment from Cardinal Health, Inc. and McKesson Corp. – both members of the certified class. The action is plainly a "tag-along" action within the meaning of the CMO. It was initially assigned to Judge Dlott.

On December 1, 2003, CVS and Rite Aid submitted a motion requesting that their tag-along action be reassigned to Judge Beckwith and that – pursuant to the CMO – it be consolidated with the Direct Purchaser Action. Wyeth filed a document concurring with the transfer of the case and its consolidation [cite]. On December 30, 2003, Judge Dlott issued an order granting plaintiffs' motion to consolidate and transferring the matter to Judge Beckwith.

CVS and Rite Aid have now changed their mind. By the present motion they seek to deconsolidate the case they previously (and successfully) sought to have consolidated. They also request this Court to cast aside the existing CMO – which requires consolidation of all direct purchaser actions pending in this Court – and seek an amendment that would allow them to burden this Court and Wyeth with a separate, duplicative trial (if summary judgment is not granted).

3

**ARGUMENT**

The existing CMO, which consolidates all Direct Purchaser actions pending before this Court in a single action, maximizes efficiency and promises to minimize duplication of effort and multiplication of costs in this complex matter. The lawsuit filed by CVS and Rite Aid rests on the very same allegations as the Direct Purchaser class action. Plaintiffs' effort to undo the existing CMO and to deconsolidate the cases will thus only serve to burden this Court and the parties with a duplicative trial.

Granting CVS, Rite Aid, or any other tag-along plaintiffs separate trials would lead to the very inefficiencies and duplication this Court sought to avoid when it issued the CMO. The evidence needed to prove – and defend against – the claims of CVS and Rite Aid will be essentially identical to the evidence necessary to try the class claims of the Direct Purchaser class.

The similarity of the cases and commonality of evidence is unaffected by the fact that the lawsuit by CVS and Rite Aid is not a class action. In addition, one component of CVS' and Rite Aid's claims is the purportedly assigned claims belonging to Cardinal Health, Inc. and McKesson Corp. – two major wholesalers who remain part of the Direct Purchaser class and whose non-assigned claims[2] will thus be litigated in the Direct Purchaser Action. In essence, CVS and Rite Aid ask this Court to allow them to split those claims. In addition to the consolidation already required by the CMO, existing authority indicates that the holder of such a partial assignment from a class member is

---

[2]   CVS and Rite Aid claim to have received assignments of part of these wholesalers' claims but not the entirety of their claims. Accordingly, substantial claims by Cardinal and McKesson remain to be litigated in the class action.

subject to compulsory joinder in the class action. See In re Fine Paper Litigation, 632 F.2d 1081, 1091 (3rd Cir. 1980).[3]

Plaintiffs suggest that consolidation would defeat the purpose of Rule 23's opt out procedure and would somehow be inconsistent with Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985) (Pl. Mem. at 3-4). But Shutts dealt only with the issue of whether the Court had personal jurisdiction over absent class members. By contrast, personal jurisdiction is conceded here: plaintiffs, by their own choice, brought their action in this district. Nor is due process an issue: Amended Case Management Order No. 1 is a matter of public record and has governed this case for two years. Plaintiffs were well aware of it when they filed their action in this district and accurately summarized it when they themselves requested consolidation. They certainly had the opportunity to file their lawsuit in another district if they had wished to do so. It ill behooves them to come before the Court now, just weeks before the close of fact discovery, and seek to multiply proceedings in this action beyond those contemplated by the existing order.

Nor does consolidation impinge in any way on plaintiffs' right to opt out of the class. With their claims consolidated with the Direct Purchaser class action, CVS and Rite Aid will still be entitled to present their own evidence at trial and to obtain individualized jury verdicts. Accordingly, their right to opt out is fully protected. The right to opt out does not carry with it the right to avoid consolidation that promotes efficiency and eliminates the waste of scarce judicial resources. And, again, if CVS and

---

[3] CVS and Rite Aid attach CMOs from several other cases to their motion, but none of these documents even addresses whether tag-along cases will be tried in consolidated fashion or separately.

5

Rite Aid had wanted to proceed with their opt-out claims entirely independently, they could have filed their claims in a forum other than this Court, where they knew that the existing CMO required consolidation.

Moreover – despite their suggestion to the contrary – CVS and Rite Aid will not be precluded from asserting their own interests in a consolidated trial. They are now represented by separate counsel. Wyeth has no objection to providing for service of process of all papers on counsel for CVS and Rite Aid. Indeed, even though Wyeth is not technically required to do so under the current CMO, it has done so since CVS and Rite Aid filed their suit. Nor does Wyeth object to CVS and Rite Aid making independent filings on matters of independent significance to them.[4] Deconsolidation, however – and a separate duplicative trial – are not necessary to serve any legitimate interest of CVS and Rite Aid and would engender needless duplication and waste of effort.

## CONCLUSION

For the reasons set forth above, the motion should be denied.

---

[4] Accordingly, Wyeth has no objection to plaintiffs' minor requested adjustments to paragraphs 24 and 25 of the CMO, which would confirm the right of CVS' and Rite Aid's counsel to receive service and to make independent filings where justified on matters of significance to their clients.

6

        Respectfully submitted,

        s/*Grant S. Cowan*
        James R. Adams  (0008253)
        Grant S. Cowan   (0029667)
        **FROST BROWN TODD LLC**
        2200 PNC Center
        201 E. Fifth Street
        Cincinnati, Ohio  45202-4182

        William J. Baer
        David S. Eggert
        **ARNOLD & PORTER LLP**
        555 Twelfth Street, N.W.
        Washington, D.C.  20004-1206
        (202) 942-5000

        Dan K. Webb
        W. Gordon Dobie
        **WINSTON & STRAWN LLP**
        35 West Wacker Drive
        Chicago, Illinois  60601-9703
        (312) 558-5600

        Counsel for Defendants

Dated:  February 27, 2004

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing **MEMORANDUM IN OPPOSITION TO MOTION OF CVS MERIDIAN, INC. AND RITE AID CORP. TO AMEND CASE MANAGEMENT ORDER** has been served electronically this 27th day of February, 2004 on all counsel of record with CM/ECF registration and by U.S. mail, postage prepaid and Facsimile upon the following:

Ruthanne Gordon
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Facsimile: (215) 875-4606

Marc H. Edelson, Esq.
**HOFFMAN & EDELSON**
45 West Court Street
Doylestown, PA 18901

Steve D. Shadowen
Gordon A. Einhorn
**HANGLEY ARONCHICK SEGAL & PUDLIN**
30 North Third Street, Suite 700
Harrisburg, PA 17101-1810
Facsimile: (787)364-1020

Daniel E. Gustafson, Esq.
**GUSTAFSON GLUEK PLLC**
725 Northstar E.
608 2nd Ave. S.
Minneapolis, MN 55402

Thomas L. Long, Esq.
**BAKER & HOSTETLER LLP**
Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215

Eliot Long, Esq.
**BUCHANAN INGERSOL**
1835 Market Street, 14th Floor
Philadelphia, PA 19103

s/*Grant S. Cowan*_____
Grant S. Cowan
Frost Brown Todd LLC