IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE: J.B.D.L. and FERRELL LITIGATION | CIVIL ACTION NO. C-1-01-447<br>Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |
| THIS DOCUMENT RELATES TO: | |
| CVS, MERIDIAN. INC. and RITE AID CORP., Plaintiffs<br>v.<br>WYETH, Defendant. | CIVIL ACTION NO. C-1-03-781<br>Judge Susan J. Dlott |
| MARJORIE FERRELL, et al., Plaintiffs,<br>v.<br>WYETH-AYERST LABORATORIES, INC., et al., Defendants. | |
| BARBARA FORGUE, et al., Plaintiffs,<br>v.<br>WYETH-AYERST LABORATORIES, INC., et al., Defendants | CIVIL ACTION NO. C-101-634<br>Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |
| J.B.D.L. Corp. d/b/a BECKETT APOTHECARY, et al., Plaintiffs,<br>v.<br>WYETH-AYERST LABORATORIES, INC., et al., Defendants, | CIVIL ACTION NO. C-1-01-704<br><br>Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |
| McHUGH PHARMACY WYNNEWOOD, INC. d/b/a TEPPER PHARMACY, et al., Plaintiff,<br>v.<br>WYETH-AYERST LABORATORIES, INC. et al., Defendants. | CIVIL ACTION NO. C-1-01-745<br><br>Judge Sandra S. Beckwith<br>Magistrate Judge Jack Sherman, Jr. |

**DEFENDANT WYETH'S FIRST SET OF MERITS-RELATED REQUESTS FOR PRODUCTION OF DOCUMENTS ADDRESSED TO CVS MERIDIAN, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Wyeth requests that CVS Meridian, Inc. produce the documents requested below to the offices of Winston & Strawn, 35 West Walker Drive, Chicago, Illinois 60601 within 30 days after service of this request, in accordance with the Federal Rules of Civil Procedure and the instructions and definitions set forth below.

## DEFINITIONS

For the purpose of these document requests and accompanying instructions, the following terms are defined as indicated:

1. "You" and "your" shall mean CVS Meridian, Inc. or any other persons, including parents, subsidiaries, accountants, or advisors, acting or purporting to act on behalf of you.

2. "Duramed" shall mean Duramed Pharmaceuticals, Inc., and any predecessors, successors, or assigns (including but not limited to Barr Laboratories, Inc.), and any subsidiaries, parent companies, affiliates, officers, directors, agents, employees, contractors, or any other persons, including attorneys, accountants, or advisors, acting or purporting to act on behalf of Duramed.

3. "Wyeth" shall mean the defendants in this action, Wyeth Pharmaceuticals (formerly Wyeth-Ayerst Laboratories, Inc.) and Wyeth (formerly American Home Products Corporation).

4. "Document" shall be construed broadly to mean any material that a party may seek through Rule 34 of the Federal Rules of Civil Procedure, i.e., any written,

2

graphic, electronic, photographic, recorded or illustrative material of any kind or description, however produced or reproduced, and regardless of whether approved, signed, sent, received, redrafted, or executed. "Document" shall include, but not be limited to, any recorded "communication."

5. "Communication" shall mean any transmission or transfer of information of any kind, orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances.

6. "Relate to", "relating to" and "concerning" shall mean referencing, discussing, contradicting, undermining, supporting, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining in any way, directly, indirectly, legally, factually, or logically to the matter described.

7. "Person" shall mean any natural person, public or private corporation, partnership, joint venture, association, government or governmental entity, and any other form of business or legal organization or entity.

8. "Cenestin" shall mean all dosages and forms of Duramed's branded conjugated estrogens product.

9. "Premarin" shall mean all dosages and forms of Wyeth's branded conjugated estrogens products, including Premarin®, Premphase®, and Prempro™.

10. "ET" shall mean estrogen therapy, including all dosages and forms of estrogen products for women.

11. "HT" shall mean hormone therapy, including all dosages and forms of the estrogen and progestin products for women.

12. "MCO" shall mean any managed care organization, including but not limited to healthcare maintenance organizations (HMOs), preferred provider organizations (PPOs), point of service plans (POS), and pharmacy benefits managers (PBMs).

13. "Speculative Purchasing" shall mean any purchases in which the volume of product purchased is determined, in whole or in part, by the purchaser's expectation, belief, or knowledge that the manufacturer will increase the price of its product after the purchase is completed, or that the average wholesale price will increase and that such increase will result in higher reimbursements from MCOs with respect to your sale of said product or the purchase of more than one month's supply of product, or taking advantage of manufacturer's purchasing "buy-in" opportunity.

14. The "Duramed Litigation" shall mean the lawsuit captioned *Duramed Pharmaceuticals, Inc. v. Wyeth-Ayerst Laboratories, Inc.*, Civil Action No. C-1-00-735 (S.D. Ohio, Western Division).

15. "Wholesaler" shall mean any person (as that term is defined herein) that purchases pharmaceutical products directly from a manufacturer and resells the products to any person other than an end consumer.

## INSTRUCTIONS

In construing the document requests listed below, the following instructions shall apply:

1. Unless otherwise specified, the period covered by these document requests is from March 30, 1998, to the date of your responses to these requests or your production, whichever is later.

4

2. All documents and things responsive to these requests that come into your possession, custody or control after you have made your first response to these requests shall be produced promptly to Wyeth in accordance with your obligation to supplement responses under Rule 26(e) of the Federal Rules of Civil Procedure.

3. With respect to each document that is withheld from production for any reason, or any portion of a document that has been redacted in connection with the production for any reason, provide a statement setting forth:

    (a) the name and title of the document's author(s);

    (b) the name and title of the person(s) to whom copies of the document were sent;

    (c) the name and title of the person(s) to whom copies of the document were addressed;

    (d) the dates on which the document was written or otherwise produced, and the date on which it was mailed, sent, or otherwise delivered to the addressee(s);

    (e) the number of pages;

    (f) a brief description of the document's nature and subject matter; and

    (g) all grounds on which the document, or portion of the document, is being withheld or redacted.

4. This request for production of documents seeks production of every version of the documents requested, including, but not limited to, copies of the documents with marginalia, additional attachments, additional handwritten or typed

notes, indications of carbon copies, blind carbon copies, or distribution lists, and drafts and revisions of the document.

5. If any of the requested documents cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to produce the remainder.

6. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

7. The use of the singular herein shall be determined to include the plural, the masculine and the feminine, as appropriate in the context.

8. "Any" shall include and encompass "all" and vice versa.

9. "Each" shall include and encompass "every" and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Documents sufficient to show, for each day prior to November 10, 2003, the number of hours that the law firm of Hangley Aronchick Segal & Pudlin worked for you in connection with the filing of this lawsuit, including but not limited to any investigation, consideration, or preparation prior to the filing of this lawsuit.

**REQUEST NO. 2:** All documents relating to your retention of Hangley Aronchick Segal & Pudlin as counsel in this case, including but not limited to the retainer agreement between you and Hangley Aronchick Segal & Pudlin, and all document sufficient to show the date you first communicated with Hangley Aronchick Segal & Pudlin concerning potential representation in this matter.

**REQUEST NO. 3:** All documents relating to your retention of Steve Shadowen, or any other attorney to represent you in connection with any matter relating to your purchases of Premarin.

**REQUEST NO. 4:** All documents relating to or constituting any assignment to you by Cardinal Health, Inc., or any other entity of any portion of its antitrust claims against Wyeth.

**REQUEST NO. 5:** All documents constituting or concerning communications with MCOs, Wyeth, Duramed or any other person relating to Premarin or Cenestin, or any other ET or HT product including, but not limited to, documents relating to the price, availability, coverage, or reimbursement of Premarin, Cenestin or any other ET or HT product.

**REQUEST NO. 6:** All documents concerning possible or actual increases in the prices you paid for Premarin.

**REQUEST NO. 7:** All documents reflecting actual, potential or anticipated increases in the prices you paid for Premarin or other pharmaceutical products, including but not limited to any business plan or budget which anticipates such price increases.

**REQUEST NO. 8:** All documents which relate to "speculative purchasing" of Premarin or other pharmaceutical products.

**REQUEST NO. 9:** All documents which relate to whether your business model, or Wholesalers' business models, have relied upon price increases by manufacturers or average wholesale price increases for Premarin and other products in order for you or Wholesalers to maintain or increase profitability.

**REQUEST NO. 10:** Documents (in electronic format where available) sufficient to show, for each purchase of Premarin, Cenestin or any other ET or HT product from Wyeth, Duramed, Cardinal Health, Inc. or any other person, the following information:

(a) name and address of supplier (e.g., Wyeth, Duramed, Barr, Cardinal Health Inc., or other entities engaged in the distribution of brand name pharmaceuticals);

(b) product purchased (by NDC code);

(c) date of purchase;

(d) quantity purchased;

(e) list price;

(f) any discounts;

(g) any charge-backs;

**REQUEST NO. 11:** All documents relating to your guidelines, policies, procedures or practices in setting prices for Premarin, Cenestin, or any products purchased using "speculative purchasing" practices.

**REQUEST NO. 12:** All documents relating to contracts, agreements or other arrangements you have entered into with or been offered by Wyeth, Duramed, Wholesalers or other entities engaged in the distribution of band name pharmaceuticals, or any other person with respect to Premarin or Cenestin.

**REQUEST NO. 13:** All documents relating to contracts, agreements or other arrangements you have entered into with any person that provide for discounts or rebates with respect to any product you have sold, based on market share, exclusivity, or preferential product positioning (e.g., shelf space) within your store.

**REQUEST NO. 14:** All communications concerning this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

**REQUEST NO. 15:** All documents relating to this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

**REQUEST NO. 16:** All documents relating to communications with a) members of the class certified in *J.B.D.L. Corp. v. Wyeth-Ayerst Laboratories, Inc.*, (Civ. A. No. C-1-01-745) or b) counsel for the class in the *J.B.D.L.* lawsuit, concerning the *J.B.D.L. Corp.* lawsuits, this matter, or the allegations set forth in your complaint concerning Wyeth.

**REQUEST NO. 17:** All documents relating to the amount of profits, or percentage of profit, you earn from sales of Premarin and Cenestin.

**REQUEST NO. 18:** All documents relating to whether you have received an economic benefit from price increases of Premarin.

**REQUEST NO. 19:** All documents discussing or concerning Wyeth's use of a "sole conjugated estrogens" clause in its contracts with MCOs and/or Wyeth's use of market share incentive rebates in its contracts with MCO's.

**REQUEST NO. 20:** All documents discussing or concerning the use of restrictive formulary policies or market share incentives rebates by pharmaceutical manufacturers other than Wyeth.

**REQUEST NO. 21:** All organization charts that identify the individuals in your organization responsible for purchasing Premarin or Cenestin, and all the persons responsible for establishing resale prices of Premarin or Cenestin.

**REQUEST NO. 22:** All documents comparing the therapeutic, pharmacological, or economic benefits of Premarin and Cenestin.

**REQUEST NO. 23:** All documents concerning Cenestin's ability or inability to obtain formulary status on formularies maintained by MCOs.

**REQUEST NO. 24:** All documents which relate to, or show, the fact of injury and the amount of damages to you that you contend was caused by the conduct alleged in the Complaint.

**REQUEST NO. 25:** All contracts, agreements, or arrangements with insurance companies or MCOs that relate to their payment or reimbursement to you for dispensing prescriptions of Premarin, Cenestin or other ET or HT products.

**REQUEST NO. 26:** All documents reflecting any occasion where a prescription for Premarin, Cenestin, or any ET or HT product has not been filled by you because the product was not on an MCO formulary.

**REQUEST NO. 27:** All documents reflecting any occasion where you dispensed Cenestin to a customer and an MCO determined either to charge a co-payment higher than the co-payment it would have charged for Premarin or determined not to reimburse for the purchase at all.

**REQUEST NO. 28:** Documents (in electronic format where available) sufficient to show the following information with respect to each Premarin, Cenestin, or other ET or HT prescription dispensed to your cash-paying customers (i.e., customers that paid the entire cost of their prescription drug purchase):

  (a)  date;

  (b)  NDC code;

  (c)  quantity dispensed; and

  (d)  price.

**REQUEST NO. 29:** Documents (in electronic format where available) sufficient to show the following information with respect to each Premarin, Cenestin, or other HT prescription dispensed to your managed care customers (i.e. customers covered by MCOs):

(a) date;

(b) name of MCO;

(c) the formulary or coverage status of the prescribed drug;

(d) NDC code;

(e) quantity dispensed;

(f) amount of co-payment paid by the customer;

(g) Average Wholesale Price for the prescribed drug at the time of the sale;

(h) amount you were reimbursed by an MCO;

(i) name of prescribing physician or other healthcare provider; and

(j) the amount of any dispensing fee.

**REQUEST NO. 30:** All documents concerning or constituting communications with MCOs, Wyeth, Duramed or any other person relating to Premarin or Cenestin, including but not limited to, communications relating to the price, availability, coverage, or reimbursement of Premarin or Cenestin.

**REQUEST NO. 31:** All documents relating to rebates or other discounts offered by or received from Wyeth or Duramed with respect to Premarin or Cenestin, including but not limited to Wyeth's "Shared Success" program.

Dated: December 23, 2003                       WYETH

                                               By: _____
                                                   One of its attorneys

James R. Adams
Grant S. Cowan
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-5715
(513) 651-6800

Dan K. Webb
W. Gordon Dobie
WINSTON & STRAWN
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

William J. Baer
David S. Eggert
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served this 23rd day of December 2003 in the manner indicated below:

W.B. Markovits (by hand delivery)
**MARKOVITS & GREIWE, CO. L.P.A.**
119 E. Court Street
Cincinnati, OH 45202
Facsimile: (513) 621-7086

Steve D. Shadowen (by first class mail and fax)
**HANGLEY ARONCHICK SEGAL & PUDLIN**
30 North Third Street, Suite 700
Harrisburg, PA 17101-1810
Facsimile: (787)364-1020

Theresa L. Groh (by hand delivery)
**MURDOCK, GOLDENBERG, SCHNEIDER & GROH**
700 Walnut Street, Suite 400
Cincinnati, OH 45202-2011
Facsimile: (513) 345-8294

Jay S. Cohen (by first class mail and fax)
**SPECTOR, ROSEMAN & KODROFF**
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Facsimile: (215) 496-6611

Ruthanne Gordon (by first class mail and fax)
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Facsimile: (215) 875-4606