IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CVS MERIDIAN, INC. and RITE AID CORPORATION Plaintiffs, v. WYETH Defendant. | : : : : : : : : : : NO. C-1-03-781 |

RESPONSES TO DEFENDANT'S FIRST SET OF
MERITS-RELATED REQUESTS FOR
PRODUCTION OF DOCUMENTS TO CVS MERIDIAN, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff CVS Meridian, Inc. ("CVS") hereby responds to Defendant's first set of request for production as follows:

### General Objections

The following General Objections apply to and are hereby incorporated by reference in response to each Request.

1. CVS objects to the definitions and instructions set forth in the Requests to the extent that the definitions and instructions exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules and/or differ from the ordinary usage of the English language. Without waiving this objection and subject to it, CVS states that it will respond to the Requests

in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the ordinary usage of the English language.

2. CVS objects to each Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery. To the extent that any such information is or may be disclosed in response to the Requests, the disclosure of any such information is inadvertent and should not be deemed a waiver of any privilege or immunity with respect to that or any other information.

3. CVS objects to the Requests on the grounds that they are overly broad and unduly burdensome in that they are not limited as to time. Without waiving this objection and subject to it, CVS states that it will produce responsive documents for the period from 1999 to the present.

4. CVS agrees to search for responsive documents at locations where a significant number of responsive documents is likely to be found, including the administrative headquarters of CVS's pharmacy operations. It is possible, but unlikely, that additional responsive documents may exist at other locations, including CVS's individual stores. CVS objects to searching additional locations on the grounds that doing so would be unduly burdensome given the likelihood that no additional responsive documents would be found.

5. To the extent that the Requests seek individual store purchase records and routine transactional documents, CVS objects on the grounds that searching for and producing such documents would be unduly burdensome and would not provide defendants with any information that cannot be provided in purchase summaries. Therefore, where, in response to a Request, CVS indicates that it will search for and produce documents concerning its purchases, such documents will exclude individual purchase records and routine transactional documents.

6. CVS expressly reserves the right to object at trial, on relevance or any other ground, to the admission of any document produced in response to the Requests. In addition, CVS expressly reserves the right to supplement these responses as a result of further investigation and discovery in this matter.

## Responses

**Request No. 1:** Documents sufficient to show, for each day prior to November 10, 2003, the number of hours that the law firm of Hangley Aronchick Segal & Pudlin worked for you in connection with the filing of this lawsuit, including but not limited to any investigation, consideration, or preparation prior to the filing of this lawsuit.

**Response:** CVS objects to this request on the grounds that it calls for production of documents protected by the attorney-client privilege and work product doctrine.

**Request No. 2:** All documents relating to your retention of Hangley Aronchick Segal & Pudlin as counsel in this case, including but not limited to the retainer agreement between you and Hangley Aronchick Segal & Pudlin, and all documents sufficient to show the date you first communicated with Hangley Aronchick Segal & Pudlin concerning potential representation in this matter.

**Response:** CVS objects to this request on the grounds that it calls for production of documents protected by the attorney-client privilege and work product doctrine.

**Request No. 3:** All documents relating to your retention of Steve Shadowen, or any other attorney to represent you in connection with any matter relating to your purchases of Premarin.

**Response:** CVS objects to this request on the grounds that it calls for production of documents protected by the attorney-client privilege and work product doctrine.

**Request No. 4:** All documents relating to or constituting any assignment to you by McKesson Corporation or any other entity of any portion of its antitrust claims against Wyeth.

**Response:**    CVS objects to this request on the grounds that it is vague, not

reasonably calculated to lead to the discovery of admissible evidence, and calls for production of

documents covered by the attorney-client privilege and work product doctrine. Without waiving

these objections and subject to them, CVS states that it will search for and produce at a mutually

agreeable time and place a copy of the assignment.

**Request No. 5:** All documents constituting or concerning communications with MCOs, Wyeth, Duramed or any other person relating to Premarin or Cenestin, or any other ET or HT product including, but not limited to, documents relating to the price, availability, coverage, or reimbursement of Premarin, Cenestin or any other ET or HT product.

**Response:**    CVS objects to this request on the grounds that it is overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence. Without waiving these objections and subject to them, CVS states that it will search

for and produce at a mutually agreeable time and place responsive documents within its

possession, custody, or control relating to Premarin and Cenestin.

**Request No. 6:** All documents concerning possible or actual increases in the prices you paid for Premarin.

**Response:**    CVS objects to this request on the grounds that it is overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence. Without waiving these objections and subject to them, CVS states that it will search

for and produce at a mutually agreeable time and place any documents within its possession,

custody, and control documents sufficient to show increases in price.

**Request No. 7:** All documents reflecting actual, potential, or anticipated increases in the prices you paid for Premarin or other pharmaceutical products, including but not limited to any business plan or budget which anticipates such price increases.

**Response:**    CVS objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 8:**  All documents which relate to "speculative purchasing" of Premarin or other pharmaceutical products.

**Response:**    CVS objects to this request on the grounds that it is overly broad unduly burdensome and on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 9:**  All documents which relate to whether your business model, or Wholesalers' business models, have relied upon price increases by manufacturers or average wholesale price increases for Premarin and other products in order for you or Wholesalers to maintain or increase profitability.

**Response:**    CVS objects to this request on the grounds that it is overly broad unduly burdensome and on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 10:**  Documents (in electronic format where available) sufficient to show, for each purchase or Premarin, Cenestin or any other ET or HT product from Wyeth, Duramed, McKesson Corporation, or any other person, the following information:

    a.    name and address of supplier (e.g., Wyeth, Duramed, Barr, McKesson Corporation, and any other engaged in distribution of brand name pharmaceuticals);

    b.    product purchased (by NDC code);

    c.    date of purchase;

    d.    quantity purchased;

    e.    list price;

f.     any discounts; and

g.     any charge-backs;

**Response:**     CVS objects to this request on the grounds that it is overly broad, unduly burdensome, and on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections and subject to them, CVS states that it will search for and produce at a mutually agreeable time and place any responsive documents within its possession, custody, and control that relate to the purchase of Premarin and Cenestin.

**Request No. 11:**  All documents relating to your guidelines, policies, procedures or practices in setting prices for Premarin, Cenestin, or any products purchased using "speculative purchasing" practices.

**Response:**     CVS objects to this request on the grounds that it is overly broad, unduly burdensome and on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 12:**  All documents relating to contracts, agreements or other arrangements you have entered into with or been offered by Wyeth, Duramed, Wholesalers or other entities engaged in the distribution of brand name pharmaceuticals or any other person with respect to Premarin or Cenestin.

**Response:**     CVS objects to this request on the grounds that it is overly broad, unduly burdensome, that it seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections and subject to them, CVS states that it will search for and produce at a mutually agreeable time and place any responsive documents within its possession, custody, or control.

**Request No. 13:** All documents relating to contracts, agreements or other arrangements you have entered into with any person that provide for discounts or rebates with respect to any product you have sold, based on market share, exclusivity, or preferential product positioning (e.g., shelf space) within your store.

        **Response:**    CVS objects to this request on the grounds that it is overly broad, unduly burdensome, that it seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 14:** All communications concerning this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

        **Response:**    CVS objects to this request on the grounds that it fails to specify with reasonable particularity the documents sought.

**Request No. 15:** All documents concerning this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

        **Response:**    CVS objects to this request on the grounds that it fails to specify with reasonable particularity the documents sought.

**Request No. 16:** All documents relating to communications with a) members of the class certified in *J.B.D.L. Corp. v. Wyeth-Ayerst Laboratories, Inc.*, (Civ. A. No. C-1-01-745) or b) counsel for the class in the *J.B.D.L.* lawsuit, concerning the *J.B.D.L. Corp.* lawsuit, this matter, or the allegations set forth in your complaint concerning Wyeth.

        **Response:**    CVS objects to this request on the grounds that it is overly broad, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. CVS also objects on the grounds that the request seeks production of documents covered by the attorney/client privilege and work product doctrine.

**Request No. 17:** All documents relating to the amount of profits, or percentage of profit, you earn from sales of Premarin and Cenestin.

**Response:** CVS objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 18:** All documents relating to whether you have received an economic benefit from price increases of Premarin.

**Response:** CVS objects to this request on the grounds that it is overly broad, unduly burdensome, and vague.

**Request No. 19:** All documents discussing or concerning Wyeth's use of a "sole conjugated estrogens" clause in its contracts with MCOs and/or Wyeth's use of the market share incentive rebates in its contracts with MCO's.

**Response:** CVS objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections and subject to them, CVS states that it will search for and produce at a mutually agreeable time and place any responsive documents within its possession, custody, or control.

**Request No. 20:** All documents discussing or concerning the use of restrictive formulary policies or market share incentives rebates by pharmaceutical manufacturers other than Wyeth.

**Response:** CVS objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 21:** All organization charts that identify the individuals in your organization responsible for purchasing Premarin or Cenestin, and all the persons responsible for establishing resale prices of Premarin or Cenestin.

      **Response:**    CVS objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections and subject to them, CVS states that it will produce documents identifying the individuals at CVS responsible for purchasing Premarin and Cenestin.

**Request No. 22:** All documents comparing the therapeutic, pharmacological, or economic benefits of Premarin and Cenestin.

      **Response:**    CVS objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection and subject to it, CVS states that it will search for and produce at a mutually agreeable time and place any documents within its possession, custody, and control that are responsive to this request.

**Request No. 23:** All documents concerning Cenestin's ability or inability to obtain formulary status on formularies maintained by MCOs.

      **Response:**    CVS objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection and subject to it, CVS states that it will search for and produce at a mutually agreeable time and place any documents within its possession, custody, and control that are responsive to this request.

**Request No. 24:**  All documents which relate to, or show, the fact of injury and the amount of damages to you that you contend was caused by the conduct alleged in the Complaint.

   **Response:**    CVS objects to this request on the grounds that it prematurely seeks expert discovery.  Without waiving this objection and subject to it, CVS states that it will search for and produce at a mutually agreeable time and place documents summarizing its purchases of Premarin and Cenestin and will produce information on the amount it was overcharged in one or more expert reports in accordance with the Court's scheduling order.

**Request No. 25:**  All contracts, agreements, or arrangements with insurance companies or MCOs that relate to their payment or reimbursement to you for dispensing prescriptions of Premarin, Cenestin or other ET or HT products.

   **Response:**    CVS objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 26:**  All documents reflecting any occasion where a prescription for Premarin, Cenestin, or any ET or HT product has not been filled by you because the product was not on an MCO formulary.

   **Response:**    CVS objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 27:**  All documents reflecting any occasion where you dispensed Cenestin to a customer and an MCO determined either to charge a co-payment higher that the co-payment it would have charged for Premarin or determined not to reimburse for the purchase at all.

**Response:** CVS objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 28:** Documents (in electronic format where available) sufficient to show the following information with respect to each Premarin, Cenestin, or other ET or HT prescription dispensed to your cash-paying customers (i.e., customers that paid the entire cost of their prescription drug purchase):

  a.    date;

  b.    NDC code;

  c.    quantity dispensed; and

  d.    price.

**Response:** CVS objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 29:** Documents (in electronic format where available) sufficient to show the following information with respect to each Premarin, Cenestin, or other HT prescription dispensed to your managed care customers (i.e., customers covered by MCOs):

  a.    date;

  b.    name of MCO;

  c.    the formulary or coverage status of the prescribed drug;

  d.    NDC code;

  e.    quantity dispensed;

  f.    amount of co-payment paid by the customer;

  g.    Average Wholesale Price for the prescribed drug at the time of the sale;

  h.    amount you were reimbursed by an MCO;

i.      name of prescribing physician or other healthcare provider; and

j.      the amount of any dispensing fee.

      **Response:**    CVS objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 30:**  All documents concerning or constituting communications with MCOs, Wyeth, Duramed or any other person relating to Premarin or Cenestin, including but not limited to, communications relating to the price, availability, coverage, or reimbursement of Premarin or Cenestin.

      **Response:**    CVS objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence without waiving the foregoing objections and subject to them, CVS states that it will search for and produce at a mutually agreeable time and place documents relating to the prices it paid for Premarin and Cenestin.

**Request No. 31:**  All documents relating to rebates or other discounts offered by or received from Wyeth or Duramed with respect to Premarin or Cenestin, including but not limited to Wyeth's "Shared Success" program.

      **Response:**    CVS objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection and subject to it, CVS states that it will search for and produce at a mutually agreeable time and place any responsive documents within its possession, custody, and control.

Steve D. Shadowen, I.D. No. 41953
Gordon A. Einhorn, I.D. No. 59006
Hangley Aronchick Segal & Pudlin
30 North Third Street, Suite 700
Harrisburg, PA 17101
(717) 364-1004
(717) 364-1020 – facsimile

W.B. Markovits (0018514)
Markovits & Griewe, Co. L.P.A.
119 E. Court Street
Cincinnati, OH  45202
(513) 977-4774

*Attorneys for Plaintiffs CVS Meridian, Inc.
and Rite Aid Corporation*

Dated:  January 22, 2004

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served this 22nd day of January 2004 as follows:

### *Via Facsimile and U.S. Mail*

David S. Eggert
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, DC  20004

### *Via U.S. Mail*

Grant S. Cowan
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH  45202

Theresa L. Groh
MURDOCK, GOLDENBERG, SCHNEIDER & GROH
700 Walnut Street, Suite 400
Cincinatti, OH  45202

Jay S. Cohen
SPECTOR, ROSEMAN & KODROFF
1818 Market Street, Suite 2500
Philadelphia, PA  19103

Ruthanne Gordon
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103


Gordon A. Einhorn

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| CVS MERIDIAN, INC. and | : | |
| RITE AID CORPORATION | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| WYETH | : | NO. C-1-03-781 |
| Defendant. | : | |
| | : | |

**RESPONSES TO DEFENDANT'S FIRST SET OF
MERITS-RELATED REQUESTS FOR
PRODUCTION OF DOCUMENTS TO RITE AID CORPORATION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Rite Aid Corporation ("Rite Aid") hereby responds to Defendant's first set of request for production as follows:

### General Objections

The following General Objections apply to and are hereby incorporated by reference in response to each Request.

1. Rite Aid objects to the definitions and instructions set forth in the Requests to the extent that the definitions and instructions exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules and/or differ from the ordinary usage of the English language. Without waiving this objection and subject to it, Rite Aid states that it will respond to

the Requests in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the ordinary usage of the English langugage.

    2.  Rite Aid objects to each Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery.  To the extent that any such information is or may be disclosed in response to the Requests, the disclosure of any such information is inadvertent and should not be deemed a waiver of any privilege or immunity with respect to that or any other information.

    3.  Rite Aid objects to the Requests on the grounds that they are overly broad and unduly burdensome in that they are not limited as to time.  Without waiving this objection and subject to it, Rite Aid states that it will produce responsive documents for the period from 1999 to the present.

    4.  Rite Aid agrees to search for responsive documents at locations where a significant number of responsive documents is likely to be found, including the administrative headquarters of Rite Aid's pharmacy operations.  It is possible, but unlikely, that additional responsive documents may exist at other locations, including Rite Aid's individual stores.  Rite Aid objects to searching additional locations on the grounds that doing so would be unduly burdensome given the likelihood that no additional responsive documents would be found.

    5.  To the extent that the Requests seek individual store purchase records and routine transactional documents, Rite Aid objects on the grounds that searching for and producing such documents would be unduly burdensome and would not provide defendants with any information that cannot be provided in purchase summaries.  Therefore, where, in response to a Request, Rite Aid indicates that it will search for and produce documents concerning its

purchases, such documents will exclude individual purchase records and routine transactional documents.

     6.  Rite Aid expressly reserves the right to object at trial, on relevance or any other ground, to the admission of any document produced in response to the Requests. In addition, Rite Aid expressly reserves the right to supplement these responses as a result of further investigation and discovery in this matter.

**Responses**

**Request No. 1:**  Documents sufficient to show, for each day prior to November 10, 2003, the number of hours that the law firm of Hangley Aronchick Segal & Pudlin worked for you in connection with the filing of this lawsuit, including but not limited to any investigation, consideration, or preparation prior to the filing of this lawsuit.

     **Response:**    Rite Aid objects to this request on the grounds that it calls for production of documents protected by the attorney-client privilege and work product doctrine.

**Request No. 2:**  All documents relating to your retention of Hangley Aronchick Segal & Pudlin as counsel in this case, including but not limited to the retainer agreement between you and Hangley Aronchick Segal & Pudlin, and all documents sufficient to show the date you first communicated with Hangley Aronchick Segal & Pudlin concerning potential representation in this matter.

     **Response:**    Rite Aid objects to this request on the grounds that it calls for production of documents protected by the attorney-client privilege and work product doctrine.

**Request No. 3:**  All documents relating to your retention of Steve Shadowen, or any other attorney to represent you in connection with any matter relating to your purchases of Premarin.

     **Response:**    Rite Aid objects to this request on the grounds that it calls for production of documents protected by the attorney-client privilege and work product doctrine.

3

**Request No. 4:**  All documents relating to or constituting any assignment to you by McKesson Corporation or any other entity of any portion of its antitrust claims against Wyeth.

      **Response:**    Rite Aid objects to this request on the grounds that it is vague, not reasonably calculated to lead to the discovery of admissible evidence, and calls for production of documents covered by the attorney-client privilege and work product doctrine. Without waiving these objections and subject to them, Rite Aid states that it will search for and produce at a mutually agreeable time and place a copy of the assignment.

**Request No. 5:**  All documents constituting or concerning communications with MCOs, Wyeth, Duramed or any other person relating to Premarin or Cenestin, or any other ET or HT product including, but not limited to, documents relating to the price, availability, coverage, or reimbursement of Premarin, Cenestin or any other ET or HT product.

      **Response:**    Rite Aid objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections and subject to them, Rite Aid states that it will search for and produce at a mutually agreeable time and place responsive documents within its possession, custody, or control relating to Premarin and Cenestin.

**Request No. 6:**  All documents concerning possible or actual increases in the prices you paid for Premarin.

      **Response:**    Rite Aid objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections and subject to them, Rite Aid states that it will search for and produce at a mutually agreeable time and place any documents within its possession, custody, and control documents sufficient to show increases in price.

**Request No. 7:** All documents reflecting actual, potential, or anticipated increases in the prices you paid for Premarin or other pharmaceutical products, including but not limited to any business plan or budget which anticipates such price increases.

      **Response:**    Rite Aid objects to this request on the grounds that it is overly

broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead

to the discovery of admissible evidence.

**Request No. 8:** All documents which relate to "speculative purchasing" of Premarin or other pharmaceutical products.

      **Response:**    Rite Aid objects to this request on the grounds that it is overly

broad, unduly burdensome, and on the grounds that it seeks irrelevant information and is not

reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 9:** All documents which relate to whether your business model, or Wholesalers' business models, have relied upon price increases by manufacturers or average wholesale price increases for Premarin and other products in order for you or Wholesalers to maintain or increase profitability.

      **Response:**    Rite Aid objects to this request on the grounds that it is overly

broad, unduly burdensome, and on the grounds that it seeks irrelevant information and is not

reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 10:** Documents (in electronic format where available) sufficient to show, for each purchase or Premarin, Cenestin or any other ET or HT product from Wyeth, Duramed, McKesson Corporation, or any other person, the following information:    &bull;

    a.    name and address of supplier (e.g., Wyeth, Duramed, Barr, McKesson Corporation, and any other engaged in distribution of brand name pharmaceuticals);

    b.    product purchased (by NDC code);

    c.    date of purchase;

d.     quantity purchased;

e.     list price;

f.     any discounts; and

g.      any charge-backs;

**Response:**     Rite Aid objects to this request on the grounds that it is overly

broad, unduly burdensome, and on the grounds that it seeks irrelevant information and is not

reasonably calculated to lead to the discovery of admissible evidence. Without waiving these

objections and subject to them, Rite Aid states that it will search for and produce at a mutually

agreeable time and place any responsive documents within its possession, custody, and control

that relate to the purchase of Premarin and Cenestin.

**Request No. 11:** All documents relating to your guidelines, policies, procedures or practices in setting prices for Premarin, Cenestin, or any products purchased using "speculative purchasing" practices.

**Response:**     Rite Aid objects to this request on the grounds that it is overly

broad, unduly burdensome and on the grounds that it seeks irrelevant information and is not

reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 12:** All documents relating to contracts, agreements or other arrangements you have entered into with or been offered by Wyeth, Duramed, Wholesalers or other entities engaged in the distribution of brand name pharmaceuticals or any other person with respect to Premarin or Cenestin.

**Response:**     Rite Aid objects to this request on the grounds that it is overly

broad, unduly burdensome, that it seeks irrelevant information, and is not reasonably calculated

to lead to the discovery of admissible evidence. Without waiving these objections and subject to

them, Rite Aid states that it will search for and produce at a mutually agreeable time and place

any responsive documents within its possession, custody, or control.

**Request No. 13:** All documents relating to your branded pharmaceutical products contract with McKesson Corporation, which is referred to in your 10-K filed February 5, 2003, pp. 6-7.

        **Response:**    Rite Aid objects to this request on the grounds that it is overly

broad, unduly burdensome, and on the grounds that it seeks irrelevant information and is not

reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 14:** All documents relating to contracts, agreements or other arrangements you have entered into with any person that provide for discounts or rebates with respect to any product you have sold, based on market share, exclusivity, or preferential product positioning (e.g., shelf space) within your store.

        **Response:**    Rite Aid objects to this request on the grounds that it is overly

broad, unduly burdensome, that it seeks irrelevant information, and is not reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 15:** All communications concerning this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

        **Response:**    Rite Aid objects to this request on the grounds that it fails to

specify with reasonable particularity the documents sought.

**Request No. 16:** All documents concerning this lawsuit, the *Duramed* Litigation or the allegations set forth in the Complaint.

        **Response:**    Rite Aid objects to this request on the grounds that it fails to

specify with reasonable particularity the documents sought.

**Request No. 17:**  All documents relating to communications with a) members of the class certified in *J.B.D.L. Corp. v. Wyeth-Ayerst Laboratories, Inc.*, (Civ. A. No. C-1-01-745) or b) counsel for the class in the *J.B.D.L.* lawsuit, concerning the *J.B.D.L. Corp.* lawsuit, this matter, or the allegations set forth in your complaint concerning Wyeth.

> **Response:**    Rite Aid objects to this request on the grounds that it is overly broad, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  Rite Aid also objects on the grounds that the request seeks production of documents covered by the attorney/client privilege and work product doctrine.

**Request No. 18:**  All documents relating to the amount of profits, or percentage of profit, you earn from sales of Premarin and Cenestin.

> **Response:**    Rite Aid objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 19:**  All documents relating to whether you have received an economic benefit from price increases of Premarin.

> **Response:**    Rite Aid objects to this request on the grounds that it is overly broad, unduly burdensome, and vague.

**Request No. 20:**  All documents discussing or concerning Wyeth's use of a "sole conjugated estrogens" clause in its contracts with MCOs and/or Wyeth's use of the market share incentive rebates in its contracts with MCO's.

> **Response:**    Rite Aid objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections and subject to them, Rite Aid states that it will search for and produce at a mutually agreeable time and place any responsive documents within its possession, custody, or control.

**Request No. 21:** All documents discussing or concerning the use of restrictive formulary policies or market share incentives rebates by pharmaceutical manufacturers other than Wyeth.

      **Response:**    Rite Aid objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 22:** All organization charts that identify the individuals in your organization responsible for purchasing Premarin or Cenestin, and all the persons responsible for establishing resale prices of Premarin or Cenestin.

      **Response:**    Rite Aid objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections and subject to them, Rite Aid states that it will produce documents identifying the individuals at Rite Aid responsible for purchasing Premarin and Cenestin.

**Request No. 23:** All documents comparing the therapeutic, pharmacological, or economic benefits of Premarin and Cenestin.

      **Response:**    Rite Aid objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection and subject to it, Rite Aid states that it will search for and produce at a mutually agreeable time and place any documents within its possession, custody, and control that are responsive to this request.

**Request No. 24:** All documents concerning Cenestin's ability or inability to obtain formulary status on formularies maintained by MCOs.

**Response:**    Rite Aid objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection and subject to it, Rite Aid states that it will search for and produce at a mutually agreeable time and place any documents within its possession, custody, and control that are responsive to this request.

**Request No. 25:**  All documents which relate to, or show, the fact of injury and the amount of damages to you that you contend was caused by the conduct alleged in the Complaint.

**Response:**    Rite Aid objects to this request on the grounds that it prematurely seeks expert discovery.  Without waiving this objection and subject to it, Rite Aid states that it will search for and produce at a mutually agreeable time and place documents summarizing its purchases of Premarin and Cenestin and will produce information on the amount it was overcharged in one or more expert reports in accordance with the Court's scheduling order.

**Request No. 26:**  All contracts, agreements, or arrangements with insurance companies or MCOs that relate to their payment or reimbursement to you for dispensing prescriptions of Premarin, Cenestin or other ET or HT products.

**Response:**    Rite Aid objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 27:**  All documents reflecting any occasion where a prescription for Premarin, Cenestin, or any ET or HT product has not been filled by you because the product was not on an MCO formulary.

**Response:**    Rite Aid objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 28:**  All documents reflecting any occasion where you dispensed Cenestin to a customer and an MCO determined either to charge a co-payment higher that the co-payment it would have charged for Premarin or determined not to reimburse for the purchase at all.

**Response:**    Rite Aid objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 29:**  Documents (in electronic format where available) sufficient to show the following information with respect to each Premarin, Cenestin, or other ET or HT prescription dispensed to your cash-paying customers (i.e., customers that paid the entire cost of their prescription drug purchase):

    a.    date;

    b.    NDC code;

    c.    quantity dispensed; and

    d.    price.

**Response:**    Rite Aid objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 30:**  Documents (in electronic format where available) sufficient to show the following information with respect to each Premarin, Cenestin, or other HT prescription dispensed to your managed care customers (i.e., customers covered by MCOs):

    a.    date;

    b.    name of MCO;

c.      the formulary or coverage status of the prescribed drug;

d.      NDC code;

e.      quantity dispensed;

f.      amount of co-payment paid by the customer;

g.      Average Wholesale Price for the prescribed drug at the time of the sale;

h.      amount you were reimbursed by an MCO;

i.      name of prescribing physician or other healthcare provider; and

j.      the amount of any dispensing fee.

**Response:**    Rite Aid objects to this request on the grounds that it is overly

broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead

to the discovery of admissible evidence.

**Request No. 31:**  All documents concerning or constituting communications with MCOs,
Wyeth, Duramed or any other person relating to Premarin or Cenestin, including but not limited
to, communications relating to the price, availability, coverage, or reimbursement of Premarin or
Cenestin.

**Response:**    Rite Aid objects to this request on the grounds that it is overly

broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead

to the discovery of admissible evidence without waiving the foregoing objections and subject to

them, Rite Aid states that it will search for and produce at a mutually agreeable time and place

documents relating to the prices it paid for Premarin and Cenestin.

**Request No. 32:**  All documents relating to rebates or other discounts offered by or received
from Wyeth or Duramed with respect to Premarin or Cenestin, including but not limited to
Wyeth's "Shared Success" program.

**Response:**    Rite Aid objects to this request on the grounds that it is vague,

overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence.  Without waiving this objection and subject to it, Rite Aid states that it will

search for and produce at a mutually agreeable time and place any responsive documents within

its possession, custody, and control.


Steve D. Shadowen, I.D. No. 41953
Gordon A. Einhorn, I.D. No. 59006
Hangley Aronchick Segal & Pudlin
30 North Third Street, Suite 700
Harrisburg, PA 17101
(717) 364-1004
(717) 364-1020 – facsimile

W.B. Markovits (0018514)
Markovits & Griewe, Co. L.P.A.
119 E. Court Street
Cincinnati, OH  45202
(513) 977-4774


*Attorneys for Plaintiffs CVS Meridian, Inc.
and Rite Aid Corporation*

Dated:  January 22, 2004

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served this 22nd day of January 2004 as follows:

*Via Facsimile and U.S. Mail*

David S. Eggert
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, DC 20004

*Via U.S. Mail*

Grant S. Cowan
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202

Theresa L. Groh
MURDOCK, GOLDENBERG, SCHNEIDER & GROH
700 Walnut Street, Suite 400
Cincinatti, OH 45202

Jay S. Cohen
SPECTOR, ROSEMAN & KODROFF
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Ruthanne Gordon
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

Gordon A. Einhorn