

One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
215-568-0300 /facsimile

30 North Third Street, Suite 700
Harrisburg, PA 17101-1701
717-364-1020 /facsimile

20 Brace Road, Suite 201
Cherry Hill, NJ 08034
856-616-2170/facsimile

www.hangley.com

# HANGLEY ARONCHICK SEGAL & PUDLIN
*Attorneys at Law | A Professional Corporation*

## TELECOPY TRANSMITTAL SHEET

| | | |
|---|---|---|
| | **Date:** | February 13, 2004 |
| **From:** Gordon A. Einhorn | **Telephone No.** | (717) 364-1004 |
| **HASP Client/Matter No.** 26900-020 | **Telecopier No.** | (717) 364-1020 |

Total Number of Pages Transmitted including this Cover Sheet: **3**

| To | Telecopy No. | Telephone No. |
|---|---|---|
| David S. Eggert | (202) 942-5999 | (202) 942-5000 |
| Matt Meisner | | (202) 942-6507 |

**Message:**

**Date Sent:** _____   **Time Sent:** _____   **By:** _____

If you have any problems receiving this telecopy call the sender.

**CONFIDENTIALITY NOTICE:** The information contained in this telefacsimile message is privileged and confidential, and intended only for the use of the individual(s) and/or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of the telecopied materials is strictly prohibited and review by any individual other than the intended recipient shall not constitute waiver of the attorney-client, work product, joint-defense, and/or other applicable privileges. If you have received this transmission in error, please immediately notify us by telephone (collect) to arrange for return of the materials. Thank you.



30 North Third Street, Suite 700
Harrisburg, PA 17101-1701
717-364-1020 /facsimile

One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
215-568-0300 /facsimile

20 Brace Road, Suite 201
Cherry Hill, NJ 08034-2634
856-616-2170 /facsimile

www.hangley.com

# HANGLEY ARONCHICK SEGAL & PUDLIN

*Attorneys at Law | A Professional Corporation*

Gordon A. Einhorn
Direct Dial: 717-364-1004
E-mail: geinhorn@hangley.com

February 13, 2004

**Via Facsimile and U.S. Mail**

David S. Eggert
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, DC 20004

    Re:    CVS Meridian, Inc. and Rite Aid Corp. v. Wyeth

Dear David:

    This letter is a follow-up to our telephone conference on February 4, 2003 in which we discussed our respective positions concerning Wyeth's first set of document requests to CVS and Rite Aid to which our clients have asserted certain objections. In light of our discussion, we are able to provide the following responses.

    With respect to Request No. 5, we stand by our objections but will consider providing information for certain additional products. Please provide the NDC numbers for the products you have in mind.

    With respect to Request No. 6, as we discussed, our clients will broaden their search to include documents within their possession, custody, and control that concern increases in price.

    With respect to Request Nos. 7, 8, 9, and 11, we stand by our original objections.

    With respect to Request No. 10, CVS and Rite Aid stand by their original objections but will consider providing responses for additional products if you will provide the NDC numbers for the products you have in mind.

    With respect to Request No. 15 to CVS (No. 16 to Rite Aid), as we discussed, in addition to the objection asserted in our original response, any such documents are likely to be covered by the attorney client privilege and/or work product doctrine.

David S. Eggert
February 13, 2004
Page 2

      With respect to Request No. 16 to CVS (No. 17 to Rite Aid), we agreed to search for any direct communication between our clients and any members of the class, i.e. communication which would not be covered by the attorney-client privilege. Since our conversation, both CVS and Rite Aid have conducted such a search and determined that no responsive documents exist.

      With respect to Request Nos. 17 and 18 to CVS (Nos. 18 and 19 to Rite Aid), CVS and Rite Aid stand by their original objections.

      With respect to Request No. 26 to CVS (No. 27 to Rite Aid), CVS and Rite Aid stand by their original objections. In addition to the specific objections, I would point out that any such information, if it exists, is likely to be found only at the individual store level and in individual purchase records. Therefore, General Objections 4 and 5 also apply.

      I believe that covers all the items for which we promised a response following our conference. In addition, please be advised that we are giving further study to Request Nos. 1, 2, and 3 and will forward an additional letter on those items shortly.

      Please call me if you have any questions.

                  Very truly yours,

                  Gordon A. Einhorn

GAE/jhb

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. Corp. d/b/a<br>BECKETT APOTHECARY, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>WYETH-AYERST LABORATORIES, INC.,<br>et al.,<br><br>      Defendants. | Civil Action No. C-1-01-704<br><br>Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |
| CVS MERIDIAN, INC. AND RITE AID<br>CORP.,<br><br>      Plaintiffs,<br><br>    v.<br><br>WYETH,<br><br>      Defendant. | Civil Action No. C-1-03-781<br><br>Judge Sandra S. Beckwith |

**AFFIDAVIT OF MATTHEW D. MEISNER PURSUANT TO
FED. R. CIV. P. 37 AND LOCAL RULE 37.2 IN SUPPORT OF DEFENDANT
WYETH'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS
FROM CVS MERIDIAN, INC. AND RITE AIR CORPORATION**

1. My name is Matthew D. Meisner. I am over eighteen years old and am an attorney for Wyeth in this matter. I have personal knowledge of the facts set forth in this affidavit.

2. In connection with this matter, Wyeth served document requests on CVS Meridian, Inc. ("CVS") and Rite Aid Corporation ("Rite Aid") on December 23, 2003.

3.  On January 22, 2004, Hangley Aronchick Segal & Pudlin ("Hangley Aronchick") served responses to Wyeth's document requests to CVS and Rite Aid. Counsel for CVS and Rite Aid objected and refused to produce documents in response to many of Wyeth's document requests. No documents were produced at this time.

4.  My colleague David Eggert and I had a lengthy "meet and confer" discussion by telephone with Gordon Einhorn of Hangley Aronchick on February 4, 2004, in an attempt to secure the requested information without court involvement. Each of Wyeth's document requests was discussed in detail. We explained the relevance of each request, and provided the basis for Wyeth's need for the requested documents. We also offered to limit the scope of certain requests in order to reduce the burden to CVS and Rite Aid in responding to the document requests. Mr. Einhorn indicated that he would further consider our requests and get back to us to discuss the extent to which CVS and Rite Aid intended to produce responsive documents.

5.  On February 13, 2004, Mr. Einhorn sent a letter to David Eggert stating CVS' and Rite Aid's final position with respect to Wyeth's document requests (with the exception of Request Nos. 1-3, which were deferred until a later time). A copy of this letter is attached to the accompanying memorandum as Exhibit E. While CVS and Rite Aid have agreed to produce documents in response to some of Wyeth's requests, they refuse to produce any documents in response to several very important requests. As detailed in the memorandum supporting Wyeth's motion to compel, these requests seek information that is central to Wyeth's defense in this matter.

6.  In his February 13 letter, Mr. Einhorn indicated that, with respect to Request Nos. 5 and 10, plaintiffs would consider producing information relating to products other than

2

Premarin and Cenestin if Wyeth provided a complete list of the products encompassed by these requests. (Exhibit E). However, Mr. Einhorn later made clear that plaintiffs have no intention to produce this information. (Exhibit G).

7.   CVS and Rite Aid have also now confirmed that they will not produce any of the information sought in Request Nos. 1-3 (relating to the potential conflict of interest based on Hangley Aronchick's representation of both Wyeth and CVS/Rite Aid – apparently at the same time). Plaintiffs' counsel advised that they are preparing a "chronology" of their version of the communications with Wyeth that preceded the filing of the complaint, but will not produce any of the information sought in Request Nos. 1-3.

8.   Despite Wyeth's best efforts to resolve these issues without judicial intervention, CVS and Rite Aid have refused to provide any discovery in response to a number of Wyeth's document requests. Wyeth's motion to compel is focused on the requests for which CVS and Rite Aid have refused to produce documents.

I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on February 26, 2004.

<div style="text-align:right">
_____<br>
Matthew D. Meisner
</div>



"Gordon Einhorn"
&lt;gae@hangley.com&gt;

02/26/2004 06:07 PM

To: Matthew Meisner/Atty/DC/ArnoldAndPorter@APORTER
cc:
Subject: Re: Documents Regarding Hormone Therapy Products Other Than Premarin andCenestin

Mathew:
At this point, our position on those requests has not changed.

Gordon

&gt;&gt;&gt; &lt;Matthew_Meisner@aporter.com&gt; 02/25/04 05:55PM &gt;&gt;&gt;
Gordon,

I am still waiting to hear back from you with respect to my inquiry in the email below. Please let me know by the close of business tomorrow at the latest whether you are willing to produce documents in response to Request Nos. 5 and 10 to CVS and Rite Aid with respect to the products included on the attached list, so that we can determine whether these requests need to be included in our motion to compel (to be filed on Friday). Please let me know if you have any questions.

Matt


----- Forwarded by Matthew Meisner/Atty/DC/ArnoldAndPorter on 02/25/2004 05:51 PM -----

Matthew Meisner
DC - 755    202-942-6507
02/24/2004 10:06 AM

         To:    gae@hangley.com
         cc:
     bcc:
         Subject:    Documents Regarding Hormone Therapy Products Other Than Premarin and Cenestin

Gordon,

In your February 13, 2004 letter to David Eggert you indicate that, with respect to Wyeth's Request Nos. 5 and 10 to CVS and Rite Aid, you would consider providing information for certain products other than Premarin and Cenestin if we provided the NDC codes for the products we have in mind. Attached is a list of products covered by these requests, by NDC code as you requested. Please let us know by 2:00 p.m. tomorrow (2/25) whether you are willing to respond to Request Nos. 5 and 10 with respect to the products included on this list (or some subset thereof). Please let me know if you have any questions. Thanks.

Matt Meisner

## LIST OF DRUGS COVERED BY REQUEST NOS. 5 & 10 (BY NDC CODE)

| PRODUCT | NDC CODE (starting with) |
|---|---|
| PREMARIN | 00046 |
| CENESTIN | 51285 |
| ESTRACE | 00430 |
| MENEST | 61570 |
| OGEN | 00009 |
| ESTRADIOL | 00378, 00555, 00591, 00904, 51285, 52555, 59772 |
| ESTROPIPATE | 00378, 00555, 00591, 51285, 64248 |
| ORTHO-EST | 64248 |
| GYNODIOL | 66500 |
| PREMPRO | 00046 |
| FEMHRT | 00071 |
| ACTIVELLA | 00169 |
| PREMPHASE | 00046 |
| PREFEST | |
| VIVELLE-DOT | 00078 |
| CLIMARA | 50419 |
| ESTRADERM | 00083 |
| VIVELLE | 00078, 00083 |
| ESTRADIOL TRANSDML | 00378 |
| ESCLIM | 64248 |
| ALORA | 52544 |
| COMBIPATCH | 00078 |
| Vagifem | 00169 |
| Estratest | 00032 |