**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **MARJORIE FERRELL, et al.** | : | |
| **Plaintiffs,** | : | |
| | : | **NO.  C-1-01-447** |
| **v.** | : | |
| | : | |
| **WYETH-AYERST LABORATORIES,** | : | **Judge Sandra S. Beckwith** |
| **INC., et al.        Defendants.** | : | **Magistrate Judge Timothy S. Hogan** |
| | : | |
| **J.B.D.L. Corp. d/b/a BECKETT** | : | |
| **APOTHECARY, et al.,** | : | |
| **Plaintiffs,** | : | **No. C-1-01-704** |
| | : | |
| **v.** | : | |
| | : | **Judge Sandra S. Beckwith** |
| **WYETH-AYERST LABORATORIES,** | : | **Magistrate Judge Timothy S. Hogan** |
| **INC., et al.,        Defendants.** | : | |
| | : | |

---

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
MOTION TO AMEND CASE MANAGEMENT ORDER**

---

Plaintiffs CVS Meridian, Inc. ('CVS") and Rite Aid Corporation ("Rite Aid")

have moved to amend this Court's Amended Case Management Order ("CMO") in order to

separate their claims from the Consolidated Direct Purchaser Action in recognition of the fact

that they are opt-out plaintiffs who are entitled to separately prosecute their claims against

Defendant Wyeth.  Plaintiffs' right to control their own litigation was effectively lost when their

action was consolidated for all purposes with the Direct Purchaser Action, pursuant to the terms

of the pre-existing CMO.  As such, Plaintiffs have moved that the CMO be amended to order

that their case, while coordinated for pretrial purposes, is no longer consolidated with the Direct Purchaser Action, thus restoring to them their right to control their own case.

As discussed in detail in Plaintiffs' initial brief, the consolidation of Plaintiffs' case with the Direct Purchaser Action has defeated the purpose of the opt out procedure set forth in Fed. R. Civ. P. 23 and due process requires the opportunity to opt out. *Phillips Petroleum v. Shutts*, 472 U.S. 797, 812 (1985).[1] By opting out, Plaintiffs gained the right to individually prosecute their claims separate from the claims of the class. However, since being consolidated under the current CMO, Plaintiffs have lost the right to control their case, including the right to negotiate settlements and other matters with defense counsel, to consult with and employ experts, and to file motions and responses to Defendant's motions. As part of the consolidated Direct Purchaser Action, the opt out plaintiffs have lost the ability to engage in any of these activities which, according to the CMO, have been delegated to previously designated lead counsel for the Direct Purchasers. As opt-out Plaintiffs, CVS and Rite Aid should not have been made a part of the consolidated Direct Purchaser Action and through the present motion have sought to undo that consolidation and make limited adjustments in the CMO to accommodate the presence of opt-out Plaintiffs in the Coordinated Action.

Defendant Wyeth opposes Plaintiffs' motion asserting that granting it will result in "sweeping modifications" and "massive inefficiency and duplication." These characterizations, however, are grossly overstated. Rather than asking for sweeping modifications, the requested changes to the CMO would simply provide for the participation of opt-out Plaintiffs, of which there were none at the time the CMO was entered. Similarly, the

---

[1]    Wyeth's contention that the holding in *Shutts* is applicable only when there is a question of personal jurisdiction is inaccurate. The decision makes clear that the opportunity for an absent class member to opt out always involves due process concerns.

requested changes will not result in inefficiency and duplication.  Although they would not be part of the Consolidated Direct Purchaser Action, CVS and Rite Aid would remain a part of the Coordinated Action and, as such, they would continue to participate jointly with the members of the Direct Purchaser Class and the End Payor Class in all coordinated pre-trial proceedings. Contrary to Wyeth's claims, the central purpose of the CMO, to promote judicial economy and avoid duplication, would still be served.[2]

Wyeth also argues that the status quo should be maintained, because the CMO provides that not only should all previously filed Direct Purchaser Actions be consolidated, but all *subsequently* filed actions should likewise be made a part of the Consolidated Action.  Wyeth contends that it is significant that the Court did not distinguish between subsequently filed class actions and subsequently filed claims of opt-out plaintiffs.  However, it is not clear that the Court was considering subsequently filed claims of opt-out plaintiffs when it entered the CMO. Indeed, the fact that the CMO provides that all subsequently filed direct purchasers claims are to be overseen by co-lead *Class* counsel strongly suggests that only subsequently filed *Class* cases were being considered when it was ordered that these cases were to be made part of the Consolidated Direct Purchaser Action.

Finally, Wyeth contends that consolidation does not in any way impinge on Plaintiffs right to opt-out of the class because CVS and Rite Aid will still be entitled to present their own evidence at trial.  Wyeth, however, overlooks the fact that under the provisions of the CMO, Rite Aid's and CVS' counsel will be unable to fully and effectively represent their clients at trial.  The CMO unequivocally states that only Co-Lead Counsel in the Direct Purchaser action

---

[2]     Plaintiffs' request to be coordinated for pretrial purposes but not consolidated for trial is not without precedent, as is apparent from the Amended Coordination and Case Management Order from *In re: Remeron Antitrust Litigation*, attached hereto as Exhibit A.

(i.e., Class counsel) shall have authority "to conduct all pretrial, trial, and post trial proceedings." This provision alone makes clear that Wyeth's contention that Plaintiffs' right to opt out is "fully protected" is erroneous. That right can only be protected by removing Plaintiffs from the Consolidated Action.

## CONCLUSION

For the foregoing reasons, Plaintiffs CVS Meridian, Inc. and Rite Aid Corporation respectfully request that the Motion to Amend the Case Management Order be granted.

Respectfully submitted,

HANGLEY ARONCHICK SEGAL & PUDLIN

*/s/ Gordon A. Einhorn*
Steve D. Shadowen, I.D. No. 41953
Gordon A. Einhorn, I.D. No. 59006
30 North Third Street, Suite 700
Harrisburg, PA 17101
(717) 364-1004
(717) 364-1020 – facsimile

W.B. Markovits (0018514)
Markovits & Griewe, Co. L.P.A.
119 E. Court Street
Cincinnati, OH 45202
(513) 977-4774

*Attorneys for Plaintiffs CVS Meridian, Inc.*
*and Rite Aid Corporation*

Dated: March 9, 2004

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a copy of the foregoing has been served this 9th day of March 2004 via facsimile and first class mail.

| | |
|---|---|
| Grant S. Cowan<br>FROST BROWN TODD LLC<br>2200 PNC Center<br>201 East Fifth Street<br>Cincinnati, OH  45202<br>Facsimile:  513 651-6981 | Kenneth A. Wexler<br>KENNETH A. WEXLER AND ASSOCIATES<br>One North LaSalle, Suite 2000<br>Chicago, IL  60602<br>Facsimile:  312 346-0022 |
| Theresa L. Groh<br>MURDOCK, GOLDENBERG, SCHNEIDER & GROH<br>700 Walnut Street, Suite 400<br>Cincinatti, OH  45202<br>Facsimile:  513 345-8294 | Daniel E. Gustafson<br>HEINS MILLS & OLSON, P.C.<br>700 Northstar East<br>608 Second Avenue South<br>Minneapolis, MN  55402<br>Facsimile:  612 338-4692 |
| Jay S. Cohen<br>SPECTOR, ROSEMAN & KODROFF<br>1818 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Facsimile:  215 496-6611 | Joseph E. Conley, Jr.<br>BUECHEL & CONLEY<br>25 Crestview Hills Mall Road, Suite 104<br>Crestview Hills, KY  41017<br>Facsimile:  859 578-6609 |
| Ruthanne Gordon<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Facsimile:  215 875-4604 | Marc H. Edelson<br>HOFFMAN & EDELSON<br>45 West Court Street<br>Doylestown, PA 18901<br>Facsimile: |
| David S. Eggert<br>ARNOLD & PORTER<br>555 Twelfth Street, N.W.<br>Washington, DC  20004<br>Facsimile:  202 942-5999 | Patrick E. Cafferty<br>MILLER FAUCHER & CAFFERTY LLP<br>101 N. Main Street, Suite 885<br>Ann Arbor, MI  48104<br>Facsimile:  734 769-1207 |
| Janet G. Abaray<br>LOPEZ, HODES, RESTAINO, MILMAN, SKIKOS & POLOS<br>312 Walnut Street, Suite 2090<br>Cincinnati, OH  45202<br>Facsimile:  513 852-5611 | |

*/s/Gordon A. Einhorn*