FILED
DEC 11 2003
AT 8:30 ___ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE REMERON ANTITRUST
LITIGATION

Consolidated Case
Civil Action No. 02-2007 (FSH)

---

CVS MERIDIAN, INC. and
RITE AID CORPORATION,

Plaintiffs,

v.

ORGANON, INC. and
AKZO NOBEL N.V.,

Defendants.

Civil Action No. 03-05488

ENTERED
ON THE DOCKET
DEC 11 2003
WILLIAM T. WALSH, CLERK
(Deputy Clerk)

## AMENDED COORDINATION AND CASE MANAGEMENT ORDER

WHEREAS, this action is related to a number of other actions previously filed against Akzo Nobel N.V. and Organon, Inc. (now Organon USA Inc.) ("Defendants") in the United States District Court for the District of New Jersey seeking to recover under federal and state antitrust law for injuries allegedly resulting from Defendants' exclusion of generic competitors in connection with the marketing of the drug Remeron;

WHEREAS, those previously-filed actions consist of the "Consolidated Direct Purchaser Class Actions," the "Consolidated End-Payor Class Actions," the "Coordinated Patent Actions" (the "Actions") and the "Walgreen action";

WHEREAS, on April 21, 2003, the Court held a status conference of all counsel in the Actions;

WHEREAS, in its Amended Case Management Order No. 1, dated June 11, 2003, the Court consolidated or coordinated the Actions, provided for organization of plaintiffs' counsel in certain of the Actions and set forth certain pretrial deadlines in the Actions;

Exhibit A

WHEREAS, the Court subsequently entered the First Amendment to Case Management Order No 1, dated June 30, 2003, in which certain of the deadlines set forth in Case Management Order No 1 were extended;

WHEREAS, the Court subsequently entered a Coordination and Case Management Order, dated July 15, 2003, in which the Walgreen action was coordinated for pretrial proceedings with the Consolidated Direct Purchaser Class Actions, the Consolidated End-Payor Class Actions and the Coordinated Patent Actions (together with the Walgreen action, the "Coordinated Actions");

WHEREAS the Court and the parties to this case desire to promote judicial economy, and to avoid duplication; and

WHEREAS, in order to promote judicial economy and avoid duplication, the parties have requested that the Court provide for coordination solely for pretrial purposes between this case and the Coordinated Actions; and for good cause shown,

IT IS ON THIS _10_ DAY OF _November_, 2003, HEREBY ORDERED as follows:

1.  This action shall be known as the "CVS/Rite Aid action." The CVS/Rite Aid action is hereby coordinated for pretrial proceedings with the Consolidated Direct Purchaser Actions, the Consolidated End-Payor Actions, the Coordinated Patent Actions and the Walgreen action, as those terms are defined in Amended Case Management Order No. 1 and the Coordinated and Case Management Order. Henceforth, the "Coordinated Actions" shall consist of the Consolidated Direct Purchaser Actions, the Consolidated End-Payor Actions, the Coordinated Patent Actions, the Walgreen action and the CVS/Rite Aid action. The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in

2

which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

    2.    Plaintiffs' counsel of record in the CVS/Rite Aid action are:

Michael Lieberman, Esquire
Elaine C. Lippmann, Esquire
Hangley Aronchick Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
Tel: (215) 568-6200

Steve D. Shadowen, Esquire
Hangley Aronchick Segal & Pudlin
30 North Third Street, Suite 700
Harrisburg, PA 17101-1701
Tel: (717) 364-1010

    3.    Defendants' counsel of record in the CVS/Rite Aid action are:

Kevin J. McKenna, Esquire
Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C.
One Riverfront Plaza
Newark, NJ 07102
Tel: (973) 596-5400

Dean Ringel, Esquire
Patricia Farren, Esquire
Laurence T. Sorkin, Esquire
Joel Kurtzberg, Esquire
Cahill Gordon & Reindell LLP
80 Pine Street
New York, NY 10005
Tel: (212) 701-3000

    4.    Plaintiffs' counsel of record in the CVS/Rite Aid action shall reasonably coordinate with Co-Lead Counsel and Liaison Counsel in the Consolidated Direct Purchaser Actions, Co-Lead and Liaison Counsel in the Consolidated End-Payor Class Actions, Counsel of record in the Patent Actions and Counsel of record in the Walgreen action to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other Court papers,

3

discovery papers, and discovery practice. Communications in this regard among Plaintiffs in the Coordinated Actions shall not constitute a waiver of the attorney work product privilege, attorney-client privilege or any other privilege or confidentiality claim.

5. No responsive pleading in the CVS/Rite Aid action shall be due until after the Court decides the pending motion to dismiss in the *Meijer* and *Louisiana Wholesale* actions. Once an order deciding the motion is entered, the following schedule shall apply:

    a. If the Motion is granted in whole or in part, Plaintiffs will have 30 days to: (i) file and serve an Amended Complaint; (ii) agree to be bound by the decision and pursue an appeal; or (iii) notify Defendants that they are required to respond to the Amended Complaint (in which case Defendants will have 30 days from receipt of such notice to respond);

    b. If the motion is denied, Defendants will have 30 days to respond to Plaintiffs' Complaint.

6. Discovery deadlines and all other pretrial deadlines in the CVS/Rite Aid action shall be those applicable to the Consolidated Direct Purchaser Class Actions, as set forth in Amended Case Management Order No. 1, the First Amendment to Case Management Order No. 1, and any subsequent amendment thereto.

7. All discovery obtained by any plaintiff in any of the Coordinated Actions shall be made available to Plaintiffs in all Coordinated Actions, subject to compliance with applicable protective orders and any other orders of the Court. All discovery obtained by Defendants in any of the Coordinated Actions shall be deemed discovered in each of the Coordinated Actions.

8. ___ So long as the provisions of this Order regarding service are complied with, depositions noticed or taken hereinafter in any of the Coordinated Actions shall be treated as though noticed or taken in this action.

9. All pleadings, notices, discovery requests and other papers served or filed in any of the Coordinated Actions shall be served on Plaintiffs' counsel in this action, and all pleadings, notices, discovery requests and other papers served or filed in the CVS/Rite Aid action shall be served on counsel in the other Coordinated Actions in accordance with Amended Case Management Order No. 1.

10. The Protective Order entered by the Court in certain of the Coordinated Actions on February 25, 2002, and the Addendum to Protective Order subsequently entered on June 25, 2003, are hereby made applicable to the CVS/Rite Aid action. Counsel identified in paragraph 2 above and their stenographic, clerical and paralegal employees or agents whose duties and responsibilities require access to material designated as CONFIDENTIAL shall be deemed added to paragraph 12 of the February 25, 2002 Protective Order. By moving for entry of this Order, Plaintiffs' counsel have indicated their consent to be bound by all applicable provisions of the Protective Order and the Addendum.

_____
Honorable Patty Shwartz
United States Magistrate Judge

Copies to all
counsel of record.