IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. Corp. d/b/a<br>BECKETT APOTHECARY, et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>WYETH-AYERST LABORATORIES, INC.,<br>   et al.,<br><br>           Defendants. | Civil Action No. C-1-01-704<br><br>Magistrate Judge Timothy S. Hogan |

**WYETH'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER QUASHING WYETH'S SUBPOENAS SEEKING "SPECULATIVE PURCHASING" DISCOVERY FROM CLASS MEMBER WHOLESALERS**

Wyeth respectfully requests this Court to reconsider in part its June 7, 2004 Order. Specifically, as set forth herein, Wyeth requests this Court not to *bar* Wyeth from obtaining discovery relating to speculative purchasing from Cardinal Health ("Cardinal") and AmerisourceBergen ("Amerisource"), but rather to *limit* the amount of such discovery that Wyeth may obtain from them.

**DISCUSSION**

In a comprehensive opinion dated June 7, 2004, this Court ordered plaintiffs CVS and Rite Aid to respond to Wyeth's speculative purchasing requests, but barred Wyeth from obtaining any such discovery from the two largest wholesalers in the class, Cardinal and Amerisource. However, because speculative purchasing is a practice that is engaged in primarily by large wholesalers like Cardinal and Amerisource, Wyeth will be unable to obtain the speculative purchasing evidence that it needs if its discovery is confined to

CVS and Rite Aid. Without the ability to obtain at least some speculative purchasing evidence from Cardinal and Amerisource, Wyeth's ability to defend itself in this case will be severely hampered.

Wyeth therefore respectfully requests this Court to reconsider its June 7, 2004 Order, for the following reasons:

- First, as this Court correctly ruled, the speculative purchasing discovery sought by Wyeth is relevant to "an important issue in this case," and "the fact finders need to know" whether speculative purchasing was a cause of Wyeth's price increases. *See* Order at 5-6. Moreover, such discovery is clearly permissible under *Hanover Shoe v. United Shoe Machinery,* 392 U.S. 481 (1968). *See* Order at 5-7.

- Second, the most important evidence of speculative purchasing is within the possession of Cardinal and Amerisource, the largest wholesalers in the class, who account for approximately 50% of the purchases of Premarin by the entire class. Wyeth cannot establish from its own files – or the files of named class representatives or CVS or Rite Aid – why the speculative purchasing practices of large wholesalers provide the wholesalers with a strong incentive not to oppose price increases by Wyeth.

- Third, it would be fundamentally unfair to allow Cardinal and Amerisource – who will reap the lion's share of any recovery in this suit – to avoid all discovery obligations, particularly when plaintiffs themselves have required many third-party recipients (with no relationship to the lawsuit at all) to produce substantial discovery in this case and Wyeth has provided more than 700,000 pages of documents and 12 witnesses for deposition.

- Fourth, the fact that Cardinal and Amerisource are class members does not support a decision to bar Wyeth from all discovery on an issue of such vital importance to Wyeth's defense. The balance between Wyeth's need for discovery and the right of class members to be free of unduly burdensome discovery can best be met by a reasonable limitation on the requested discovery, not a complete ban.

Plaintiffs have argued strenuously – both in their papers and at the hearing before this Court – that it is not credible that Wyeth's pricing was influenced by wholesalers' receptivity to price increases. In light of the vigorous attacks that plaintiffs presumably intend to direct at the credibility of Wyeth's witnesses, it is imperative that Wyeth be able to show, from the files of the largest wholesalers themselves, how important speculative

purchasing is to their business and why it is reasonable that they would be receptive to price increases to sustain their speculative purchasing. This is not merely a matter of "corroborating" evidence that Wyeth can obtain elsewhere. As noted, Wyeth will be unable to show why large wholesalers favored price increases by relying upon its own files or the files of retailers such as CVS and Rite Aid.

Accordingly, Wyeth respectfully requests that this Court modify its Order and require Cardinal and Amerisource to respond to two of Wyeth's nine discovery requests seeking speculative purchasing evidence – *i.e.*, Request Nos. 2 and 3 – and to produce two witnesses each to testify about speculative purchasing. By modifying its Order in this respect, the Court could strike a more equitable balance between the desire of class members to be free from unduly burdensome discovery and Wyeth's legitimate need for important evidence that is only in the hands of these class members.[1]

### A. Cardinal and Amerisource Should Not Be Immune from All Discovery Simply Because They Are Class Members.

There is no doubt that the large national wholesalers like Cardinal and Amerisource are the real parties in interest in this case. Cardinal and Amerisource together account for approximately 50% of all Premarin purchases from Wyeth. Together, these two wholesalers are asserting claims against Wyeth in this action that will likely amount to hundreds of millions of dollars. The class representatives, in contrast, are two small retail stores with very limited Premarin purchases, who do not engage in

---

[1] Because, by law, Wyeth must file objections with Judge Beckwith on or before June 21, Wyeth intends to file such objections to preserve its rights to obtain the discovery at issue. However, Wyeth will inform Judge Beckwith of this motion for reconsideration, and Wyeth will take the necessary steps to modify or withdraw the objections filed with Judge Beckwith, as appropriate, to reflect any action taken by this Court to grant Wyeth additional limited discovery, as requested herein.

speculative purchasing, and who do not have the type of information about speculative purchasing that Cardinal and Amerisource possess.[2]

There is no rule that class members are immune from discovery simply because it may require a reasonable effort by them to comply with discovery requests. Rather, most courts have permitted discovery of absent class members where (1) the information is relevant to the common issues in the case, (2) the requests are tendered in good faith, and (3) the same information is not available from class representatives.[3] Each of these requirements is clearly satisfied in this case, as this Court's Order reflects. The Court expressly recognized that "the information sought from Amerisource Bergen and

---

[2] Large wholesalers (unlike other class members) have admitted in public filings that they historically have depended upon speculative purchasing. For example, Cardinal's 2003 10-K states that it has "historically invested capital in pharmaceutical inventory to take advantage of relevant market dynamics, including anticipated manufacturer price increases." Cardinal 10-K, at 16. *See also* AmerisourceBergen 2001 10-K (noting that its increase in inventories reflected "inventory purchased to take advantage of buy-side gross profit margin opportunities including opportunities associated with manufacturer price increases and negotiated deals"); AmerisourceBergen 2003 10-K ("we have been able to lower our overall cost of goods and increase our profit margins by purchasing surplus inventory from pharmaceutical manufacturers in advance of anticipated price increases . . . ."). In sum, Cardinal and AmerisourceBergen are uniquely positioned to provide the information sought by Wyeth relating to speculative purchasing; Wyeth cannot obtain this information from retailers or its own files.

[3] *Transamerican Ref. Corp. v. Dravo Corp.*, 139 F.R.D. 619, 621 (S.D. Tex. 1991). *See also Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 450-51 (S.D.N.Y. 1995) (permitting depositions of absent class members where depositions would focus on classwide liability issues, were not aimed at harassing the absent class members, and the intended deponents were persons with information relevant to issues central to the litigation); *Easton & Co. v. Mut. Benefit Life Ins. Co.*, Civ. Nos. 91-4012, 92-2095, 1994 WL 248172 (D.N.J. May 18, 1994) (permitting discovery of absent plaintiff class members because "[i]t is fairly well-settled that, where warranted, discovery may be taken of absent class members" and discovery sought was relevant, not abusive, and could be targeted to omit information already known to defendants); *United States v. Trucking Employers, Inc.*, 72 F.R.D. 101, 105 (D.D.C. 1976) (permitting interrogatories of absent class members where inquiries were relevant to issues to be tried, and though requests were "not insubstantial," they were not overly burdensome in light of the absent class members' business and nature of evidence needed to enable the court to adjudicate the case); *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1004-06 (7th Cir. 1971) (holding that discovery from absent class members was appropriate where it sought information relevant to liability issue and was not used to take undue advantage of class members); *Robertson v. Nat'l Basketball Ass'n*, 67 F.R.D. 691, 700-01 (S.D.N.Y. 1975) (same).

Cardinal is relevant to the liability issue and not precluded by *Hanover*," and that "whether the indirect purchasers were passive victims of price increases or active promoters of such activity is an important issue in this case." Order at 6. There was no evidence whatsoever that Wyeth's requests were not a good-faith attempt to obtain the evidence requested. Furthermore, there was no contention that the information sought by Wyeth was in the possession of the named plaintiffs.

If Cardinal and Amerisource had been traditional third-party subpoena recipients, instead of class members, they would have been required to produce the requested discovery. Plaintiffs themselves have required numerous third-party MCOs and PBMs, with no financial stake in this litigation, to make substantial document productions and produce witnesses for deposition. Indeed, plaintiffs themselves have subpoenaed thousands of pages of documents in this case from five third parties, and have also taken depositions of four of them. Wyeth simply seeks to obtain limited discovery of relevant information that cannot be obtained from the class representatives in this case. *See*, *e.g.*, 5 A. Conte and H. Newberg, *Newberg on Class Actions* 16:3 (4th ed. 2002) (noting that absent class members are subject to same discovery procedures available for nonparty witnesses).

In denying Wyeth the right to obtain discovery from Cardinal and Amerisource, this Court ruled that Wyeth's document requests were "extensive" and the costs of responding would be "considerable." Order at 6. Wyeth respectfully submits that where, as here, discovery focuses on an important issue in the case, such discovery should not be denied merely because it may impose some burden on the recipients. *See* Fed. R. Civ. P. 26(b)(2) (balancing whether "burden or expense of the proposed discovery outweighs its likely benefit"). Indeed, the "speculative purchasing" discovery

requests served on Cardinal and Amerisource were substantially identical to the requests served on CVS and Rite Aid, which this Court has allowed.  Furthermore, Wyeth would have been willing to negotiate a reduction in the scope of such discovery to ameliorate any significant burden on Cardinal or Amerisource – but in the pre-motion conferences, Cardinal and Amerisource would not budge from their position that they would not provide any speculative purchasing discovery at all.  It is also noteworthy that neither wholesaler has ever submitted any factual support for its claims of burden.[4]

In any event, even if Wyeth's discovery requests had imposed a substantial burden on Cardinal and Amerisource, Wyeth respectfully submits that the proper balance between its need for discovery on the important issue of speculative purchasing and the desire of class members to be free from burdensome discovery can best be met by *reducing* Wyeth's discovery rights – not *eliminating* its right to discovery entirely.

---

[4] No entity – whether a named plaintiff or an unnamed class member – can refuse to produce discovery based on claims of "burden" without providing supporting evidence of such burden. *See*, *e.g.*, *Sams v. State Farm Fire & Cas. Co.*, 123 B.R. 788, 794 (S.D. Ohio 1991) (denying motion for protective order where motion "contain[ed] only unsubstantiated allegations of 'annoyance and expensive burden' and [did] not provide either the specific examples or the articulated reasoning necessary to satisfy requirements for the issuance of a protective order"); *Laufman v. Oakley Bldg. & Loan Co.*, 72 F.R.D. 116, 121 (S.D. Ohio 1976) (rejecting arguments that discovery would be unduly burdensome where there was no "specific showing" of burden); *Zatko v. Rogers Mfg. Co.*, 37 F.R.D. 29, 31 (N.D. Ohio 1964) (rejecting objection to discovery as burdensome because it was "not accompanied by affidavits revealing the exact nature of the burden"); *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 513 (N.D. Iowa 2000) (rejecting objection to discovery as overbroad because "plaintiffs fail to offer any evidence or affidavits in support of these objections"); *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997) ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").

### B. Wyeth's Proposal To Limit the Scope of Its Requests Eliminates Any Possible Alleged Burden.

Wyeth proposes that the Court modify its June 7, 2004 Order to require Cardinal and Amerisource to respond only to Document Requests 2 and 3.[5] This proposal would eliminate the following "speculative purchasing" document requests: Nos. 4, 6, 8, 9, 12, 13, and 17. Wyeth further submits that rather than being barred from taking any depositions of Amerisource or Cardinal, it should at least be permitted to take two depositions of each wholesaler.

As modified in this manner, Wyeth's discovery would be quite limited and should not require an extensive effort by Cardinal or Amerisource. Speculative purchasing is a very important issue, but it is a relatively narrow one. Wyeth would not be asking Cardinal or Amerisource to produce voluminous transaction data, or to search for needles in a haystack. The discovery would be reasonable, yet it would provide Wyeth with the opportunity to obtain *some* discovery on an issue of critical importance in this case.

---

[5] Document Request No. 2 seeks "All documents reflecting your anticipation of price increases for Premarin or other pharmaceutical products, including but not limited to any business plan or budget which anticipates such price increases." Document Request No. 3 seeks "All documents which relate to 'speculative purchasing' of Premarin or other pharmaceutical products."

## CONCLUSION

Wyeth respectfully requests the Court to modify its June 7, 2004 Order to compel Cardinal and Amerisource to produce documents responsive to Document Request Nos. 2 and 3 (and to allow Wyeth to take two depositions each of Cardinal and Amerisource relating to such speculative purchasing).  By modifying its Order in this fashion, this Court can accommodate Wyeth's critical need for such discovery while still protecting class members from any undue burden.

          Respectfully submitted,

          s/*Grant S. Cowan*
          James R. Adams  (0008253)
          Grant S. Cowan   (0029667)
          **FROST BROWN TODD LLC**
          2200 PNC Center
          201 E. Fifth Street
          Cincinnati, Ohio  45202-4182

          **ARNOLD & PORTER LLP**
          555 Twelfth Street, N.W.
          Washington, D.C.  20004-1206
          (202) 942-5000

          **WINSTON & STRAWN LLP**
          35 West Wacker Drive
          Chicago, Illinois  60601-9703
          (312) 558-5600

          Counsel for Defendants

Dated:  June 18, 2004

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing has been served electronically this 18th day of June, 2004 on all Counsel of Record with the CM/ECF Registration and by U.S. mail, postage prepaid and Facsimile upon the following:

Eliot Long
**BUCHANAN INGERSOLL**
1835 Market Street, 14th Floor
Philadelphia, PA  19103-2985
Facsimile: 215-665-8760

                                                  s/*Grant S. Cowan*_____
                                                  Grant S. Cowan
                                                  Frost Brown Todd LLC