Westlaw.

1986 WL 7978  
(Cite as: 1986 WL 7978 (N.D.Ill.))

Page 1

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.

JEAN JOHNSTONE, Plaintiff,  
v.  
CATHY FOX, et al., Defendants.

No. 85 C 3179.

July 11, 1986.

MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

*1 The parties are in dispute over the authorship of and copyright to a certain kitchen design. Plaintiff brings this suit against Cathy and James Fox (the 'Foxes'), owners of the home in which the design was implemented, and Thomas McDonald ('McDonald'), an interior designer. McDonald, pro se, has filed an answer and counterclaim. Plaintiff moves to dismiss the counterclaim for failure to state a claim. [FN1]

I. Discussion

The First Claim for Relief (Count I), essentially alleges McDonald has been injured by the filing of this lawsuit. McDonald seeks monetary and injunctive relief for this injury under a plethora of legal theories including copyright infringement, unfair trade and deceptive business practices, fraud, unfair competition, libel, and defamation.

While the court must construe pro se pleadings with extraordinary liberality, the counterclaim must allege facts sufficient to support these claims. It utterly fails to do so. The court surmises McDonald's intent is to allege claims for malicious prosecution or abuse of process. Yet, there is no indication in the counterclaim that plaintiff brought this action without reasonable cause or a proper purpose. The pleadings indicate the existence of a bona fide dispute. Such a dispute does not give rise to the claims stated in or suggested by Count I. Accordingly, Count I of the counterclaim is dismissed.

In the Second Claim for Relief (County II), McDonald seeks to join plaintiff's attorneys as defendants. Count II alleges this suit could have been avoided had plaintiff's attorneys made the prefiling inquiries required by Fed. R. Civ. P. 11. As discussed above, the record indicates the existence of a legitimate dispute. Court II is simply devoid of factual averments suggesting a violation of Rule 11. Its conclusory allegations are insufficient. Thus, Count II of the counterclaim is dismissed.

The Third Claim for Relief (Count III) is, in reality, a discovery request which has no place in a counterclaim. McDonald may pursue discovery as provided for in the Federal Rules of Civil Procedure. Discovery, though, is a two way street. McDonald must satisfy the legitimate discovery requests of the other parties. For now, the court dismisses Count, III, and with it, the entire counterclaim.

Finally, in his response to this motion, McDonald proposes amendments to the counterclaim. Inasmuch as these amendments do not remedy the counterclaim's deficiencies, the court denies McDonald's request to so amend it.

II. Conclusion

Plaintiff's motion to dismiss McDonald's counterclaim is granted. McDonald's request to amend the counterclaim is denied. The counterclaim is dismissed.

> FN1 Dismissal for failure to state a claim is proper only if 'it appears beyond doubt that the [counterclaimant] can prove no set of facts in support of his [counterclaim] which would entitle him to relief.' Conley

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1986 WL 7978
**(Cite as: 1986 WL 7978 (N.D.Ill.))**

Page 2

v. Gibson, 355 U.S. 41, 45-46 (1957). The court must take all the counterclaim's well-pleaded allegations as true and view them, together with all reasonable inferences to be drawn therefrom, in the light most favorable to the counterclaimant. See Powe v. City of Chicago, 664 F.2d 639, 642 (7th Cir. 1981).

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works