UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE POLYESTER STAPLE ANTITRUST LITIGATION ) ) ) | MDL DOCKET NO: 3:03CV1516 ALL CASES |

THIS MATTER comes before the Court on Defendants' Motion To Compel "Downstream" Information as well as responsive briefs of Class Plaintiffs and Non-Class Plaintiffs, and Defendants' reply. On January 8, 2004, the Court heard oral argument from designated representatives of the parties. At the conclusion of the hearing, the Court denied Defendant's motion in its entirety. The instant order does not alter the Court's earlier ruling in any way, but merely reduces the Court's reasoning to writing.

I. Summary Of The Parties' Arguments

In support of their motion, Defendants make the following arguments. First, Defendants claim that discovery of the information sought, referred to by the parties as 'downstream data,'[1] is required to defend the claims of both Direct and Indirect Purchaser plaintiffs. More specifically, Defendants claim that downstream data will enable them to dispel Plaintiffs' claim that an antitrust conspiracy existed by demonstrating alternative explanations justifying or offsetting any alleged illegal price increase during the relevant time period. In order to do as they propose, Defendants state that they need to be able to explore "demand variations" within the industry.

---

[1] The information Defendants seek to compel consists primarily of Plaintiffs' production costs and profit data for each end-use or product that was manufactured incorporating polyester staple. Defendants requested that this information be organized to reflect the data as it pertained to each individual customer of the Plaintiff corporations.

1



Defendants also contend that downstream discovery will demonstrate conflicts of interest among class members, rendering class certification inappropriate. According to Defendants, not all class members (as the class is presently defined) could be impacted by the alleged conspiracy in the same manner or to the same degree. Thus, Defendants question Class Plaintiffs' ability to satisfy Rule 23 requirements regarding adequacy of representation as well as the requirement that common questions of law and fact predominate over questions affecting individual members of the class.[2]

Class Plaintiffs and Non-Class Plaintiffs alike disagree with Defendants' position that downstream data is relevant for either of these stated purposes. According to Plaintiffs, the only prices that are relevant to proof of impact are the prices charged by Defendants to Direct Purchaser Plaintiffs.

In terms of class certification, Class Plaintiffs deny that any fundamental conflict exists among the class members such that the adequacy of its class representatives should be at issue. Class Plaintiffs also assert that the predominance requirement of Fed. R. Civ. P. 23(b)(3) will be met in this case by showing that a price increase impacted all class members in a common way - via an overcharge.

---

[2] Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In considering class certification, the Court must also consider:

> 1) whether the questions of law and fact common to the members of the class predominate over any questions affecting only individual members; and
> 2) whether a class action is superior to the other available methods for the fair and efficient administration of the controversy.
> Fed. R. Civ. P. 23(b)(3).

Non-Class Plaintiffs also contend that, as Direct Purchasers, they are not required to provide the individualized downstream data requested notwithstanding the fact that some Non-Class Plaintiffs also have state law Indirect Purchaser claims.

## II. FED. R. CIV. P. 26(b)

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . ." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. However, discovery may be limited by the Court if it finds that, " the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(iii).

## III. Framework For Analysis

Analysis of Defendant's motion to compel is twofold. The first issue is whether the downstream data sought has any relevance to Plaintiffs' claims or any defenses raised by Defendants, or any bearing on the question of class certification, namely, adequacy and / or predominance required under FED. R. CIV. P. 23(a)(4) and (b)(6). FED. R. CIV. P. 26(b); In Re Vitamins Antitrust Litigation, 198 F.R.D. 296, 299 (D.D.C.2000). If the downstream data is deemed relevant for either of these purposes, the Court must then consider whether the benefits of this information to Defendants outweighs the burden or expense that discovery of this information would impose upon Plaintiffs. Id. The Court will first briefly address Defendants' relevance arguments.

3