HLM, Jr.   MGD
DxB   RG
PRK   PN
JMM   BDC
DFS   JA
ELC   KSZ
PxK   ETN
MDA   NWC
DCS (HYTRIN)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE FOLDING CARTON )
ANTITRUST LITIGATION )
                                       ) Master File No. MDL 250
)
THIS DOCUMENT RELATES TO: )
ALL ACTIONS )

PRETRIAL ORDER NO. 32

MEMORANDUM AND ORDER

     This cause is before the court on plaintiffs' motion to modify or vacate the portion of Pretrial Order No. 24 ordering plaintiffs to produce certain financial information sought in defendants' Revised Request No. 16.[1] For the reasons hereinafter stated, the motion is granted.

     In Pretrial Order No. 30, we denied plaintiffs' 28 U.S.C. § 1292(b) motion for an order certifying for interlocutory appeal the provision of Pretrial Order No. 24 ordering plaintiffs to produce certain financial information sought in defendants' Revised Request No. 16. In Pretrial

---

[1] Revised Request No. 16 seeks:
    A copy of plaintiff's annual reports, balance sheets, profit and loss statements and intra-company annual financial reports or plaintiff's operations utilizing folding cartons.

-2-

Order No. 30, we also deferred ruling on plaintiffs' alternative motion to vacate or modify Pretrial Order No. 24 with respect to Revised Request No. 16. Although we ruled that defendants are not entitled to plaintiffs' financial information to support a pass-on defense, we wanted to give defendants an opportunity to show how the financial information they seek is relevant to the subject matter of this litigation. We stated that, absent such a showing, plaintiffs' motion to vacate or modify would be granted.

Defendants offer three reasons or arguments why the financial data they seek in Revised Request No. 16[2] is relevant to the subject matter of the litigation. Plaintiffs take issue with defendants' arguments. We will consider each of the arguments separately.

---

[2] Before arguing why the documents are relevant to plaintiffs' overcharge claims, defendants enunciate what they consider to be the legal standards applicable to their discovery request. Defendants submit that just because plaintiffs do not intend to use their financial data as evidence does not mean that the data is irrelevant for purposes of discovery. Defendants state that they are not bound by plaintiffs' theory of the case and that they may use their own theories and concepts of proof to support their defense. They assert also that they need not show that the financial data sought is directly admissible into evidence. Defendants point out that discovery is to be considered relevant when there is any possibility that the information sought may be relevant to the subject matter of the litigation.
  Defendants further assert that plaintiffs must prove separately three elements — (1) antitrust violation, (2) impact or fact of damage, and (3) amount of damage. Defendants contend that Revised Request No. 16 relates to the issues of impact and
(Continued on page 3)

-3-

"Countervailing Power"

    Defendants assert that the financial data sought is relevant to determine whether large and prosperous purchasers of folding cartons exercised "countervailing power" to prevent prices of folding cartons from rising to improperly high levels. Plaintiffs concede that some of the purchasers of folding cartons included large and prosperous buyers. They assert, however, that this is completely inconsequential, just as it was in the Electrical Equipment cases, including Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 225 F. Supp. 332 (N.D. Ill. 1963), aff'd, 335 F.2d 203 (7th Cir. 1964).

    We do not find defendants' "countervailing power" argument persuasive. The defense that plaintiffs' economic power could have kept the prices of folding cartons down is irrelevant where, as here, the crucial issue is whether there was a conspiracy to fix prices. To suggest that a conspiracy was not as successful as it might have otherwise been because of the plaintiffs' countervailing economic power is absurd. Such an alleged "economic check" is of no consequence in a price fixing case.

    In addition, defendants' "countervailing power"

---

(2 continued from page 2)

damages. They maintain that plaintiffs may not "avoid the necessity of proving impact or fact of damage by inducing the Court 'to presume' damage from the proof of conspiracy." (Defendants' Brief at 2).