-7-

<u>Id</u>. Plaintiffs assert that the magnitude and complexity of such investigations would dwarf the genuine issues of conspiracy and overcharge. Finally, plaintiffs state that such investigations are clearly proscribed by the Supreme Court's decision in <u>Illinois Brick</u>.

As we have stated previously, the mere fact that plaintiffs are entitled to financial data about defendants does not mean that defendants are necessarily entitled to plaintiffs' financial data. <u>See</u> Pretrial Order No. 24, <u>In Re Folding Carton Antitrust Litigation</u>, 76 F.R.D. 420 (N.D. Ill. 1977). Whether plaintiffs should be required to produce financial information is a separate question. <u>Id</u>.

We agree with plaintiffs that whether the profitability of purchasers' operations using folding cartons increased by more than the standard price indices is irrelevant to the subject matter of this litigation. If there was an overcharge, its amount can be determined by looking at the price movement of folding cartons and not the profit pictures of various folding carton purchasers. If plaintiffs are entitled to recover for an overcharge, they will do so regardless of whether their profits decreased or increased during the period of the conspiracy. <u>Hanover Shoe, Inc. v. United Shoe Machinery Corp.</u>, 392 U.S. 481 (1968). Whether purchasers absorbed, passed-on, or made a

-8-

profit on the overcharges in comparison with the industry generally is irrelevant, and investigations into such matters are proscribed by Illinois Brick.

Other Matters

Defendants question our reliance on plaintiffs' statement that they seek to recover only overcharges and not lost profits or injury to business. When we issued Pretrial Order No. 30, we thought plaintiffs' position was clear. Whatever uncertainty defendants may have thought previously existed in the record has been formally clarified by plaintiffs. They have stated categorically that "[p]laintiffs do not and will not seek to recover lost profits." (Plaintiffs' Reply Brief at 1).

Defendants nevertheless assert that none of the statements concerning the intentions of the named plaintiffs indicate any commitment concerning potential claims for consequential damages by opt out plaintiffs or by class members. They submit that "[s]ince it is doubtful that the named plaintiffs as class representatives have authority to waive consequential damage claims of class members, a court order barring such claims (perhaps after notice to the class) would be necessary before defendants could be confident that these claims had been eliminated from this litigation." (Defendants' Brief at 8). Consequently, defendants suggest that if we conclude that the claims for consequential damages have been eliminated from this litigation, an order should

-9-

be entered barring any named plaintiffs, class members, or opt outs who have filed suits which are before us from asserting any claims for damages other than alleged overcharges. Absent such an order barring plaintiffs, defendants assert that it is undisputed that Revised Request No. 16 is relevant to the damage claims.

Finally, defendants submit that, if any claimants intend to assert consequential damage claims, then defendants are entitled to the requested financial data from <u>all</u> plaintiffs; not just from those members who may ultimately seek consequential damages. Defendants reason that proof of causation between a claimed overcharge by defendants and a "turndown" in the profits of a class member claiming consequential damages is inherently conjectural. Therefore, they argue that they are entitled to discovery in an effort to rebut the claimed impact by using as a comparison profitability figures relating to the named plaintiffs who were not claiming consequential damages.

We must first note that the motion before us was filed by counsel representing the class. Plaintiffs who have opted out of the class and filed individual actions did not join in the motion. We do not know upon what damage theory these nonclass plaintiffs are proceeding. If they seek to recover lost profits or for injury to business, defendants would be entitled to discover their financial data. We do not agree with defendants that we should enter an order