IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. Corp. d/b/a <br> BECKETT APOTHECARY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WYETH-AYERST LABORATORIES, INC., <br> et al., <br><br> Defendants. | Civil Action No. C-1-01-704 <br><br> Magistrate Judge Timothy S. Hogan |

**WYETH'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION
FOR PARTIAL RECONSIDERATION OF JUNE 7, 2004 ORDER**

Wyeth respectfully submits this reply memorandum in further support of its motion requesting this Court to reconsider in part its Order of June 7, 2004. Wyeth requests that this Court permit Wyeth to obtain limited discovery of speculative purchasing matters from Amerisource Bergen ("Amerisource") and Cardinal Health ("Cardinal"), rather than barring such discovery entirely.

**DISCUSSION**

Plaintiffs misperceive the basis for Wyeth's motion for partial reconsideration of this Court's Order concerning "speculative purchasing" discovery. Contrary to plaintiffs' contentions, Wyeth is not trying to re-argue the legal issues addressed by this Court, nor is it attempting to get a "second bite at the apple." Wyeth readily acknowledges that this Court's Order was comprehensive, that the Court correctly construed the applicable case precedents governing the relevance of speculative purchasing, and that the Court properly determined that it needed to balance the

importance of speculative purchasing discovery to Wyeth against any undue burden that such discovery would impose upon Cardinal and Amerisource.

Wyeth has moved for reconsideration for a simple, but extremely important, reason. In weighing Wyeth's need for discovery against the burden of such discovery upon Cardinal and Amerisource, this Court concluded that because the discovery would impose burdens on Cardinal and Amerisource, such discovery should be denied altogether. However, by denying Wyeth any discovery, the Court has significantly hindered Wyeth's ability to establish a defense that plaintiffs are vigorously contesting. In connection with this discovery motion, Plaintiffs have attempted to label Wyeth's speculative purchasing defense as "purely hypothetical," unsupported by "one iota of evidence," and "completely devoid" of merit. Undoubtedly, they will try to launch an equally aggressive attack when Wyeth advances this defense on the merits.

Wyeth fully intends to support its speculative purchasing defense through testimony from its own witnesses – as indeed, Wyeth has already done through evidence submitted in connection with its motion to compel such discovery. But there is a significant difference between evidence that Wyeth's own witnesses may put forth regarding speculative purchasing and comparable evidence that comes directly from the wholesalers who actually engage in speculative purchasing. Cardinal and Amerisource do not deny that speculative purchasing is an important facet of their business and profit models, and they do not deny that they have evidence of such speculative purchasing practices.

Furthermore, the importance to Wyeth of such discovery is underscored by Judge Beckwith's June 30, 2004 Order granting in part and denying in part plaintiffs' motion

2

for class certification in the "indirect purchaser" suit against Wyeth. *Ferrell v. Wyeth-Ayerst Labs.,* No. C-1-01-447. In that Order, Judge Beckwith cited *Valley Drug Co. v. Geneva Pharmaceuticals,* 350 F. 3d 1181 (11th Cir. 2003) and acknowledged that conflicts between large customers (who may have benefited from the challenged pricing practices of Wyeth) and other, smaller class members might be grounds for denying class certification entirely. Order of June 30, 2004 at 11-12. Judge Beckwith concluded that there was currently insufficient evidence of such class member conflicts in the record, but expressly stated her intention to "revisit this issue" if Wyeth were to develop such evidence. Of course, Wyeth would be blocked from developing similar evidence of conflicts between large wholesalers and smaller class members in this case, if it is precluded from obtaining any speculative purchasing discovery from Cardinal and Amerisource.

It is in this context that Wyeth respectfully requests this Court to reconsider its decision barring Wyeth from obtaining any speculative purchasing discovery from Cardinal or Amerisource. Wyeth's motion does not require this Court to revisit any of the legal issues it has resolved, and it does not undermine the finality of decision-making that underlies the general reluctance of courts to entertain motions for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Rather, Wyeth is simply asking this Court to consider whether a better "balance" could be struck by imposing a significant *limitation* upon Wyeth's right to discovery, rather than an outright *ban* on such discovery.

Specifically, Wyeth has proposed that it be allowed to obtain documents responsive to just two of its nine document requests, and that it be allowed to take just

3

two depositions from each wholesaler. Wyeth respectfully submits that allowing such limited discovery would be a more fair and equitable means of effectuating this Court's goal of striking a balance between Wyeth's need for relevant evidence and class members' desire to be free from unduly burdensome discovery. Indeed, plaintiffs' opposition brief does not contend that it would be burdensome for Cardinal or Amerisource to respond to the limited discovery that Wyeth proposed in its motion for reconsideration.

In sum, Wyeth does not request this Court to reconsider its legal rulings. It simply asks the Court to reconsider whether the ban on speculative purchasing discovery from Amerisource and Cardinal best achieves the balance that the Court properly sought to strike.

## CONCLUSION

Wyeth respectfully requests that this Court grant its motion for reconsideration, and to permit Wyeth to obtain the limited discovery of Cardinal and Amerisource proposed in that motion.

Respectfully submitted,

s/Grant S. Cowan
James R. Adams  (0008253)
Grant S. Cowan   (0029667)
**FROST BROWN TODD LLC**
2200 PNC Center
201 E. Fifth Street
Cincinnati, Ohio  45202-4182


**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, D.C.  20004-1206
(202) 942-5000


**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois  60601-9703
(312) 558-5600


Counsel for Defendants

Dated:  July 6, 2004

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing has been served electronically this 6th day of July, 2004 on all Counsel of Record with the CM/ECF Registration and by U.S. mail, postage prepaid and facsimile upon the following:

Eliot Long, Esq.
BUCHANAN INGERSOLL
1835 Market Street, 14th Floor
Philadelphia, PA  19103-2985
Facsimile: 215-665-8760

                                              s/Grant S. Cowan
                                              Grant S. Cowan
                                              Frost Brown Todd LLC