## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| J.B.D.L. CORP., d/b/a BECKETT APOTHECARY, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil No. C-1-01-704 |
| | : | |
| v. | : | Judge Sandra S. Beckwith |
| | : | Magistrate Judge Timothy S. Hogan |
| WYETH-AYERST LABORATORIES, INC., et al., | : | |
| | : | |
| Defendants. | : | |

### ABSENT CLASS MEMBER AMERISOURCEBERGEN CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO WYETH'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER QUASHING WYETH'S SUBPOENA SEEKING "SPECULATIVE PURCHASING" DISCOVERY FROM CLASS MEMBER WHOLESALERS

AmerisourceBergen Corporation ("ABC") joins in and incorporates by reference Direct Purchaser Class Plaintiffs' Memorandum in Opposition to Wyeth's Objections, and writes separately in order to make three points.[1]

First, as Magistrate Judge Hogan correctly held, Wyeth's ability to conduct discovery of ABC is sharply restricted by ABC's status as a non-party and absent member of the class. "A Rule 23 class action is intended to be prosecuted by a class representative without the necessity of absent class members taking an active role in the litigation. The class action rule was designed to protect the class member from this burden." ALBA CONTE AND HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 16:4 (4th ed. 2002). Thus, as other courts (and

---

[1] ABC also incorporates by reference, and respectfully refers the Court, to Absent Class Member AmerisourceBergen Corporation's Memorandum of Law in Opposition to Wyeth's Motion to Compel the Production of Documents and in Support of its Cross Motion to Modify Subpoena *Duces Tecum* and to Quash Subpoenas *Ad Testificandum* Served by Wyeth, and the exhibits attached thereto, which were before Magistrate Judge Hogan when he issued the ruling to which Wyeth objects.

Magistrate Judge Hogan) have recognized, discovery from absent class members like ABC "should be sharply limited and allowed only on a strong showing of justification." *Kline v. First Western Gov't Sec., Inc.*, No. Civ. A. 83-1076, 1996 WL 122717, at *2 (E.D. Pa. Mar. 11, 1996) (quoting WRIGHT, MILLER & KANE, FEDERAL PRAC. & PROC. § 2171 (2d ed. 1994)) (denying motion for leave to take discovery of absent class members); MANUAL FOR COMPLEX LITIGATION § 30.232 (3d ed. 2000). *See also In re Worlds of Wonder Sec. Litig.*, No. C-87-5491, 1992 WL 330411, at *2 (N.D. Cal. July 9, 1992) (granting motion to quash subpoena served on absent class member and explaining that "[a]bsent class members are not parties and separate discovery of individual class members not representatives is ordinarily not permitted"). Moreover, where, as here, a defendant seeks depositions as well as documents from an absent member, "the party seeking to take deposition discovery of absent class members has an even *heavier* burden with respect to demonstrating necessity. . . ." *In re Worlds of Wonder Sec. Litig.*, 1992 WL 330411, at *3 (emphasis in original) (citing *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974)). *See also Redmond v. Moody's Inv. Serv.*, No. 92 CIV 9161, 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995) ("[T]he burden on the defendant to justify discovery of absent class members by means of deposition is particularly heavy."). Magistrate Judge Hogan's decision was well within this settled authority and should be sustained.

Second, despite all of this authority, and contrary to Wyeth's argument that ABC has sought to "avoid all discovery obligations," Def. Br. at 4, ABC has in fact completed a substantial production in response to the uncontested portions of Wyeth's document subpoena. On April 28, 2004, before the argument before Magistrate Judge Hogan, ABC voluntarily produced over 500 pages of documents in response to Request Nos. 1, 7, 10, 11, 14, 15 and 16 of Wyeth's subpoena. Then, on June 7, 2004 – eleven days before Wyeth moved Magistrate Judge

Hogan for reconsideration and two weeks before it filed the instant objections – ABC completed

its voluntary production in response to Request No. 5 of Wyeth's subpoena by producing a CD-

ROM containing electronic data (which translates into thousands of pages of paper documents)

regarding *all of its actual purchases* of Premarin, Cenestin, and 22 allegedly related products

from March 30, 1998 through April 30, 2004 – more than a six-year period. This data includes,

among other things, the date of purchase, quantity purchased, and price paid by ABC for all of its

purchases during that time period. ABC made this substantial production, without conceding

that it had any obligation to do so, in the spirit of good-faith compromise. Wyeth's demand for

more – and, in particular, its continuing insistence on deposing ABC representatives – is simply

overreaching. [2]

    Finally, Wyeth has not shown any justification for the discovery it seeks. Wyeth's claim

to so-called "speculative purchasing" discovery rests solely on the argument that the purchasing

decisions of ABC and other wholesalers – about which Wyeth now claims to *lack sufficient*

*information* – somehow caused Wyeth to increase its prices in the first place. This fanciful, "tail-

wagging-the-dog" argument falls far short of the showing required to subject an absent class

member to burdensome document requests (let alone the deposition of its CEO), particularly in

light of the substantial production that ABC already has made.

---

[2]     The discovery that Wyeth seeks is far from the narrow discovery that Wyeth portrays it to be. Wyeth has made a "narrowing" proffer in its motion for reconsideration that ABC be compelled to respond "only" to Request Nos. 2 and 3 and present "only" two witnesses for a deposition. Request Nos. 2 and 3, however, by their terms would require ABC to produce so-called "speculative purchasing" information for, not just Premarin, but every single pharmaceutical product that ABC has purchased from March 30, 1998 through the present.

For these reasons, as well as those set forth in Class Plaintiffs' memorandum and ABC's memorandum before Magistrate Judge Hogan, ABC respectfully requests that Wyeth's motion be denied.

Respectfully submitted,

/s/ Thomas L. Long
Thomas L. Long (0023127)
Baker & Hostetler
Capitol Square, Suite 2100
65 East State Street
Columbus, OH  43215
(614) 228-1541

OF COUNSEL

Howard D. Scher (motion for admission *pro hac vice* pending)
Steven E. Bizar (admitted *pro hac vice*)
Eliot G. Long  (motion for admission *pro hac vice* pending)
BUCHANAN INGERSOLL PC
1835 Market Street, 14th Floor
Philadelphia, PA  19103
Telephone:  (215) 665-8700
Facsimile:  (215) 665-8760

Attorneys for AmerisourceBergen
Corporation

Dated:  July 9, 2004

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing document has been served electronically this 9th day of July 2004, on all counsel of record with CM/ECF registration and by U.S. Mail, postage pre-paid and facsimile upon the following:

Grant S. Cowan, Esquire
Frost Brown Todd LLC
2200 PNC Center, 201 East Fifth Street
Cincinnati, OH 45202-5715

Dan K. Webb, Esquire
W. Gordon Dobie, Esquire
Winston & Strawn
35 West Wacker Drive
Chicago, IL 60601

David S. Eggert, Esquire
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

Theresa L. Groh, Esquire
Murdock, Goldenberg, Schneider & Groh
700 Walnut Street, Suite 400
Cincinnati, OH 45202-2011

Jay S. Cohen, Esquire
Spector, Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Ruthanne Gordon, Esquire
David Sorensen, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

/s/ Eliot G. Long
Eliot G. Long