IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. CORP., d/b/a BECKETT APOTHECARY, et al., | : : : |
| Plaintiffs, | : : Civil No. C-1-01-704 |
| v. | : : Magistrate Judge Timothy S. Hogan |
| WYETH-AYERST LABORATORIES, INC., et al., | : : : |
| Defendants. | : : |

**ABSENT CLASS MEMBER CARDINAL HEALTH INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO WYETH'S MOTION
FOR PARTIAL RECONSIDERATION OF ORDER QUASHING WYETH'S
SUBPOENA SEEKING "SPECULATIVE PURCHASING" DISCOVERY
FROM CLASS MEMBER WHOLESALERS**

Cardinal Health Inc. ("Cardinal Health") respectfully submits that the Court should deny Wyeth's motion for reconsideration for three reasons.[1]

First, Wyeth has presented absolutely nothing that might justify reconsideration, but instead merely urges the Court to change its mind. That, of course, is not a proper basis for a motion for reconsideration. *See, e.g., Caudill Seed and Warehouse Co. v. Prophet 21, Inc.*, 126 F. Supp. 2d 937, 938 (E.D. Pa. 2001) (denying motion for reconsideration where defendant "is merely asking the Court to change its mind, which is not a proper basis for a motion for reconsideration"); *Union Oil Co. of California v. John Brown E & C*, No. 94 C 424, 1998 WL 100325, at *1 (N.D. Ill. Feb. 23, 1998) (issuing order to show cause why party filing motion for reconsideration should not be sanctioned under Rule 11 where the party's motion "do[es]

---

[1] Cardinal Health joins in, and incorporates herein by reference, Direct Purchaser Class Plaintiffs' Memorandum in Opposition to Defendant Wyeth's Motion for Partial Reconsideration of Order Quashing Wyeth's Subpoenas seeking "Speculative Purchasing" Discovery from Absent Class Member Wholesalers.

nothing but express dissatisfaction with a prior ruling and ask the [C]ourt to change its mind"). *See also Fisher v. Wellington Exempted Village Sch. Bd. of Educ.*, 223 F. Supp. 2d 833, 850 (N.D. Ohio 2001) (explaining that motions for reconsideration are "extraordinary in nature and . . . should be discouraged," especially where they "merely restyle or re-hash the initial issues" and "renew arguments already considered and rejected by a [C]ourt") (citations omitted). Wyeth has failed even to allege any change in circumstances or prevailing law that might justify reconsideration, and its motion should be summarily denied for that reason.

Second, and to make matters worse, Wyeth fails to acknowledge a change in circumstances that makes the Court's ruling all the more appropriate and that fatally undermines its request for reconsideration. Cardinal Health voluntarily has compiled electronic data in response to Wyeth's subpoena and will be producing a CD-ROM containing electronic data (which translates into thousands of pages of paper documents) regarding *all of its actual purchases* of Premarin, Cenestin, and 22 allegedly related products from March 30, 1998 through April 30, 2004 – more than a six-year period. Thus, it simply is not true, as Wyeth argues, that Cardinal Health has "avoid[ed] *all* discovery obligations." Wyeth Br. at 2. In the spirit of good faith compromise, and without conceding that it in fact has any discovery obligations, Cardinal Health is in the process of making a voluminous and substantial production.

Finally, Wyeth's motion once again fails to acknowledge the standard that applies to discovery sought from absent class members like Cardinal Health here. As this Court correctly held, discovery of absent class members "should be sharply limited and allowed only on a strong showing of justification." June 7, 2004 Order at 6 (citing MANUAL FOR COMPLEX LITIGATION § 30.232 (3d ed. 2000)). Moreover, "the party seeking to take deposition discovery of absent class members has an even *heavier* burden with respect to demonstrating necessity. . . ." *In re Worlds*

*of Wonder Sec. Litig.*, No. C-87-5491, 1992 WL 330411, at *3 (N.D. Cal. July 9, 1992) (emphasis in original) (citing *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974)). *See also Redmond v. Moody's Inv. Serv.*, No. 92 CIV 9161, 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995) ("[T]he burden on the defendant to justify discovery of absent class members by means of deposition is particularly heavy.").

Wyeth's "showing" in support of the discovery it seeks[2] – both in its initial motion and its current request that the Court change its ruling on that motion – falls far short of this standard. Wyeth's only "showing" is a fanciful, tail-wagging-the-dog legal argument that wholesalers' purchasing strategies (about which Wyeth now claims *to lack sufficient information*) somehow caused Wyeth's own pricing decisions in the first place. As this Court recognized, the discovery that Wyeth seeks on the basis of this argument could yield, at most, merely corroborative evidence. Indeed, as explained above, Wyeth now has (in addition to many other documents) Cardinal Health's data regarding its actual purchases of Premarin, Cenestin, and 22 allegedly related pharmaceuticals during the allegedly relevant time period. Wyeth's demand for more (in the form of a motion that merely asks the Court to change its mind and fails to acknowledge that Cardinal Health is in the process of producing) and, in particular, its continuing insistence on depositions without even attempting to explain how or why depositions might be necessary, is simply overreaching.

---

[2] Wyeth attempts to minimize the scope of this discovery by arguing that it now is seeking to compel Cardinal Health to respond "only" to Request Nos. 2 and 3. Request Nos. 2 and 3, however, by their terms would require Cardinal Health to produce so-called "speculative purchasing" information for, not just Premarin, but every single pharmaceutical product that Cardinal Health has purchased from March 30, 1998 through the present. Thus, Wyeth's new request is not the minimal request that Wyeth portrays it to be.

For these reasons, as well as those set forth in Class Plaintiffs' memorandum, Cardinal Health respectfully requests that Wyeth's motion be denied.

           Respectfully submitted,

           /s/ Thomas L. Long
           Thomas L. Long (0023127)
           Baker & Hostetler
           Capitol Square, Suite 2100
           65 East State Street
           Columbus, OH  43215
           (614) 228-1541

           Attorneys for Cardinal Health, Inc.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing document has been served electronically this 9th day of July 2004, on all counsel of record with CM/ECF registration and by U.S. Mail, postage pre-paid and facsimile upon the following:

Grant S. Cowan, Esquire
Frost Brown Todd LLC
2200 PNC Center, 201 East Fifth Street
Cincinnati, OH 45202-5715

David S. Eggert, Esquire
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

Jay S. Cohen, Esquire
Spector, Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Dan K. Webb, Esquire
W. Gordon Dobie, Esquire
Winston & Strawn
35 West Wacker Drive
Chicago, IL 60601

Theresa L. Groh, Esquire
Murdock, Goldenberg, Schneider & Groh
700 Walnut Street, Suite 400
Cincinnati, OH 45202-2011

Ruthanne Gordon, Esquire
David Sorensen, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

/s/ Thomas L. Long
Thomas L. Long