IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. CORP., d/b/a BECKETT APOTHECARY, et al., | |
| Plaintiffs, | Civil No. C-1-01-704 |
| v. | Judge Sandra S. Beckwith |
| WYETH-AYERST LABORATORIES, INC., et al., | Magistrate Judge Timothy S. Hogan |
| Defendants. | |

**ABSENT CLASS MEMBER CARDINAL HEALTH INC.'S MEMORANDUM OF LAW IN OPPOSITION TO WYETH'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER QUASHING WYETH'S SUBPOENA SEEKING "SPECULATIVE PURCHASING" DISCOVERY FROM CLASS MEMBER WHOLESALERS**

Cardinal Health Inc. ("Cardinal Health") joins in and incorporates by reference Direct Purchaser Class Plaintiffs' Memorandum in Opposition to Wyeth's Objections, and writes separately in order to make three points.[1]

First, as Magistrate Judge Hogan correctly held, Wyeth's ability to conduct discovery of Cardinal Health is sharply restricted by Cardinal Health's status as a non-party and absent member of the class. "A Rule 23 class action is intended to be prosecuted by a class representative without the necessity of absent class members taking an active role in the litigation. The class action rule was designed to protect the class member from this burden." ALBA CONTE AND HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 16:4 (4th ed. 2002).

---

[1] Cardinal Health also incorporates by reference, and respectfully refers the Court, to Absent Class Member Cardinal Health Inc.'s Memorandum of Law in Opposition to Wyeth's Motion to Compel the Production of Documents and in Support of its Cross Motion to Modify Subpoena *Duces Tecum* and to Quash Subpoenas *Ad Testificandum* Served by Wyeth, and the exhibits attached thereto, which were before Magistrate Judge Hogan when he issued the ruling to which Wyeth objects.

Thus, as other courts (and Magistrate Judge Hogan) have recognized, discovery from absent class members like Cardinal Health "should be sharply limited and allowed only on a strong showing of justification." *Kline v. First Western Gov't Sec., Inc.*, No. Civ. A. 83-1076, 1996 WL 122717, at *2 (E.D. Pa. Mar. 11, 1996) (quoting WRIGHT, MILLER & KANE, FEDERAL PRAC. & PROC. § 2171 (2d ed. 1994)) (denying motion for leave to take discovery of absent class members); MANUAL FOR COMPLEX LITIGATION § 30.232 (3d ed. 2000). *See also In re Worlds of Wonder Sec. Litig.*, No. C-87-5491, 1992 WL 330411, at *2 (N.D. Cal. July 9, 1992) (granting motion to quash subpoena served on absent class member and explaining that "[a]bsent class members are not parties and separate discovery of individual class members not representatives is ordinarily not permitted"). Moreover, where, as here, a defendant seeks depositions as well as documents from an absent member, "the party seeking to take deposition discovery of absent class members has an even *heavier* burden with respect to demonstrating necessity. . . ." *In re Worlds of Wonder Sec. Litig.*, 1992 WL 330411, at *3 (emphasis in original) (citing *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974)). *See also Redmond v. Moody's Inv. Serv.*, No. 92 CIV 9161, 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995) ("[T]he burden on the defendant to justify discovery of absent class members by means of deposition is particularly heavy."). Magistrate Judge Hogan's decision was well within this settled authority and should be sustained.

Second, despite all of this authority, and contrary to Wyeth's argument that Cardinal Health has sought to "avoid all discovery obligations," Def. Br. at 4, Cardinal Health has in fact compiled data in response to the uncontested portions of Wyeth's document subpoena.

Finally, Wyeth has not shown any justification for the discovery it seeks. Wyeth's claim to so-called "speculative purchasing" discovery rests solely on the argument that the purchasing

decisions of Cardinal Health and other wholesalers – about which Wyeth now claims to *lack sufficient information* – somehow caused Wyeth to increase its prices in the first place. This fanciful, "tail-wagging-the-dog" argument falls far short of the showing required to subject an absent class member to burdensome document requests

For these reasons, as well as those set forth in Class Plaintiffs' memorandum and Cardinal Health's memorandum before Magistrate Judge Hogan, Cardinal Health respectfully requests that Wyeth's motion be denied.

    Respectfully submitted,

/s/ Thomas L. Long
Thomas L. Long (0023127)
Baker & Hostetler
Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215
(614) 228-1541

Attorneys for Cardinal Health, Inc.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing document has been served electronically this 9th day of July 2004, on all counsel of record with CM/ECF registration and by U.S. Mail, postage pre-paid and facsimile upon the following:

Grant S. Cowan, Esquire
Frost Brown Todd LLC
2200 PNC Center, 201 East Fifth Street
Cincinnati, OH  45202-5715

David S. Eggert, Esquire
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C.  20004-1206

Jay S. Cohen, Esquire
Spector, Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, PA  19103

Dan K. Webb, Esquire
W. Gordon Dobie, Esquire
Winston & Strawn
35 West Wacker Drive
Chicago, IL  60601

Theresa L. Groh, Esquire
Murdock, Goldenberg, Schneider & Groh
700 Walnut Street, Suite 400
Cincinnati, OH  45202-2011

Ruthanne Gordon, Esquire
David Sorensen, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103

/s/ Thomas L. Long
Thomas L. Long