IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| J.B.D.L. Corp. d/b/a<br>BECKETT APOTHECARY, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>WYETH-AYERST LABORATORIES, INC.,<br> et al.,<br><br>      Defendants. | Civil Action No. C-1-01-704<br><br>Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |

**WYETH'S REPLY MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE'S ORDER QUASHING WYETH'S SUBPOENAS FOR "SPECULATIVE PURCHASING" DISCOVERY FROM CLASS MEMBER WHOLESALERS**

<u>**ORAL ARGUMENT REQUESTED**</u>

   Wyeth submits this reply memorandum in further support of its objections to Magistrate Judge Hogan's Order of June 7, 2004 (the "Order"). In their response to Wyeth's objections, plaintiffs have failed to present any persuasive reason why Wyeth should not obtain the discovery regarding "speculative purchasing" that it seeks from two large wholesalers, Amerisource Bergen Corporation ("Amerisource") and Cardinal Health Inc. ("Cardinal"). Wyeth respectfully requests that this Court modify the Order to permit such discovery. Wyeth respectfully requests the opportunity for oral argument on its Objections To Magistrate Judge's Order Quashing Wyeth's Subpoena For "Speculative Purchasing" Discovery From Class Member Wholesalers.

## DISCUSSION

Magistrate Judge Hogan concluded that speculative purchasing is an "important issue in this case" (Order at 5) and permitted Wyeth to obtain discovery relating to speculative purchasing from plaintiffs CVS and Rite-Aid. However, he did not permit Wyeth to obtain such discovery from Cardinal and Amerisource, two large wholesalers that account for almost half of the purchases of Premarin by the class. Wyeth's discovery requests were narrowly limited, not unduly burdensome, made in good faith, and sought relevant information not available from the class representatives. In these circumstances, discovery from Cardinal and Amerisource should have been allowed.

### I.    STANDARD OF REVIEW

Plaintiffs argue that this Court should "defer to a magistrate judge's ruling" and "refrain from second guessing the magistrate judge's pre-trial discovery rulings." (Pl. Mem. at 6.) The cases plaintiffs cite, however, deal with questions of fact, which are reviewed under the "clearly erroneous" standard. *See Harvard Pilgrim Health Care of New England v. Thompson*, 2004 WL 1166500, at *4 (D.R.I. May 26, 2004); *Governor of Kansas v. Norton*, 2004 WL 955398, at *1 (D. Kan. Apr. 26, 2004). Questions of law, such as the appropriate standard to apply when determining whether to grant discovery from class members, are reviewed under the less deferential "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992) (stating that the reviewing court "must exercise its independent judgment with respect to a Magistrate Judge's legal conclusions."), *aff'd*, 19 F.3d 1432(1994). "Contrary to law" review also applies to Magistrate Judge Hogan's decision not to require that plaintiffs' claims of burden be supported by evidence of the asserted burden.

Yet under either standard of review, Judge Hogan's decision should be modified, for the reasons stated below.

## II. PLAINTIFFS HAVE FAILED TO SHOW THAT SPECULATIVE PURCHASING INFORMATION IS NOT DISCOVERABLE.

Interestingly, plaintiffs' principal arguments to this Court in defending Judge Hogan's ruling are that (a) the information on speculative purchasing that Wyeth seeks from Cardinal and Amerisource is not relevant and (b) Wyeth already has access to the information at issue. Judge Hogan properly *rejected* both of these arguments. He found that the information Wyeth seeks is relevant to this case and that corroboration of facts "is a legitimate end of discovery." (Order at 5-6.)

Judge Hogan's only error was his ruling that *even though* Wyeth seeks discovery of relevant information, neither Cardinal nor Amerisource need respond to Wyeth's discovery requests, because those requests are unduly burdensome when targeted at absent class members (as opposed to CVS or Rite-Aid). Discovery of class members is permitted when (1) the information sought is relevant to common issues, (2) the discovery requests are tendered in good faith, and (3) the information sought is not available from class representatives. *See Transamerican Ref. Corp. v. Dravo Corp.*, 139 F.R.D. 619, 621 (S.D. Tex. 1991); *Krueger v. New York Tel. Co*., 163 F.R.D. 446, 450-51 (S.D.N.Y. 1995). This is the proper standard for determining if discovery should be permitted against class members; but Judge Hogan did not apply this standard.

Instead, Judge Hogan concluded that such discovery should not be permitted if it imposed a burden on class members. Moreover, Judge Hogan did not require Cardinal and Amerisource to produce evidence demonstrating the burden that responding to

3

discovery would pose to them. *See, e.g., Zatko v. Rogers Mfg. Co.*, 37 F.R.D. 29 (N.D. Ohio 1964) (requiring affidavits revealing the nature of the burden). Because these rulings misapplied the legal standards for seeking discovery from class members and for supporting claims of undue burden, the rulings were errors of law.

Plaintiffs scarcely join issue on these points. By focusing their arguments on the "relevance" of speculative purchasing – arguments that were flatly rejected by Judge Hogan – plaintiffs implicitly recognize that the case law does not justify a refusal by class members to produce relevant discovery where, as here, the discovery is sought in good faith and is not available from the class representatives. Similarly, plaintiffs provide no support for their view that an unsupported claim of burden is sufficient to insulate class members from discovery that is both relevant and important to key issues in the case.

### A.   The Declaration of Professor Ordover Does Not Call into Question the Relevance of Speculative Purchasing.

Plaintiffs argue that speculative purchasing information is irrelevant based on selected quotations from the Declaration of Professor Janusz Ordover, which Wyeth submitted during the class certification phase of this litigation. In particular, plaintiffs cite Professor Ordover's statements that direct purchasers face a "derived demand" for pharmaceuticals and have little or no ability to affect that demand through their actions. (Pl. Mem. at 2.)

This same, flawed argument was presented by plaintiffs to Judge Hogan. The declaration of Professor Ordover does not address the issue of speculative purchasing at all. Professor Ordover's declaration addressed the separate issue of whether a manufacturer needs to lower its prices when confronted with new entry or increased

4

competition. (Ordover Decl. ¶ 22.) Contrary to plaintiffs' suggestion, Professor Ordover did not opine that direct purchasers have *no* effect on Wyeth's pricing decisions, let alone that speculative purchasing by large wholesalers has no such effect. Moreover, Professor Ordover's statements in no way undercut Magistrate Judge Hogan's finding that whether purchasers "were passive victims of price increases or active promoters of such activity is an important issue in this case." (Order at 6.)

In short, Judge Hogan was correct that speculative purchasing is an important issue in this case. Nothing that Professor Ordover has said is inconsistent with that conclusion.

> B.  **Relevant Information Not Available from Named Class Members Is Discoverable.**

Plaintiffs and Amerisource argue that the discovery Wyeth seeks from class members is foreclosed by such cases as *Clark v. Universal Builders, Inc.*, 501 F.2d 324 (7th Cir. 1971), and *Kline v. First W. Gov't Secs., Inc.*, 1996 WL 122717 (E.D. Pa. Mar. 11, 1996).[1] Plaintiffs are wrong. The courts in both *Clark* and *Kline* recognized that discovery from class members may be permitted when the requested information is relevant and sought in good faith – as opposed to discovery that is part of a strategy to defeat the benefits of class action litigation or reduce unfairly the number of class

---

[1] Amerisource and Cardinal also argue that Wyeth should not be entitled to discovery on speculative purchasing because they have agreed to produce (Cardinal) or have already produced (Amerisource) *other* information in response to Wyeth's discovery requests. This argument is a red herring. None of the information that Cardinal and Amerisource have produced or agreed to produce relates to speculative purchasing; it is simply factual, electronic data chronicling the purchases of Premarin by Cardinal and Amerisource.

5

members.  *See Clark,* 501 F.2d at 340-341; *Kline*, 1996 WL 122717, at *2.  There has never been any suggestion that such concerns are present here.

First, as Judge Hogan found, Wyeth is seeking discovery of *relevant* information from only a small number of class members, who in fact have made the majority of Premarin purchases during the class period.  (Order at 5.)  Cardinal and Amerisource themselves have made nearly half of those purchases.  Second, Judge Hogan made no finding that Wyeth was not seeking this discovery in good faith.  Wyeth is seeking discovery from class members not as a stratagem to reduce the size of the class, but because speculative purchasing is a practice engaged in primarily by large wholesalers, not small retail pharmacies like the named class representatives.

### C. Discovery of Speculative Purchasing Information Is Also Necessary To Demonstrate Potential Conflicts Among Class Members.

The importance to Wyeth of discovery on speculative purchasing is further underscored by this Court's June 30, 2004 Order granting in part and denying in part plaintiffs' motion for class certification in the "indirect purchaser" suit against Wyeth, *Ferrell v. Wyeth-Ayerst Labs.,* No. C-1-01-447.  In that Order, this Court cited *Valley Drug Co. v. Geneva Pharmaceuticals,* 350 F. 3d 1181 (11th Cir. 2003), and stated that conflicts between large customers (who may have benefited from the Wyeth pricing practices that plaintiffs challenge) and smaller class members might be grounds for denying class certification entirely.  (*Ferrell* Order of June 30, 2004, at 11-12.)  The Court concluded that there is currently insufficient evidence of such class member conflicts in the record, but indicated that it would "revisit this issue" if Wyeth were to develop such evidence.  *Id.* at 12.  In this case, Wyeth would be effectively blocked from

6

developing evidence of such conflicts between large wholesalers and smaller class members if it were precluded from obtaining speculative purchasing discovery from Cardinal and Amerisource.

## CONCLUSION

The speculative purchasing discovery that Wyeth seeks from two large class members is of vital importance to its defense in this case and cannot be obtained from the small class representatives. Wyeth respectfully requests that this Court modify Judge Hogan's Order of June 7, 2004 and permit Wyeth to obtain such discovery from Cardinal and Amerisource.

Respectfully submitted,

s/*Grant S. Cowan*
James R. Adams  (0008253)
Grant S. Cowan   (0029667)
**FROST BROWN TODD LLC**
2200 PNC Center
201 E. Fifth Street
Cincinnati, Ohio  45202-4182


**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, D.C.  20004-1206
(202) 942-5000


**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois  60601-9703
(312) 558-5600


Counsel for Defendants

Dated:  July 19, 2004

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing has been served electronically this 19th day of July, 2004 on all Counsel of Record with the CM/ECF Registration and by U.S. mail, postage prepaid and facsimile upon the following:

Eliot Long, Esq.
BUCHANAN INGERSOLL
1835 Market Street, 14th Floor
Philadelphia, PA  19103-2985
Facsimile: 215-665-8760

s/*Grant S. Cowan*
Grant S. Cowan
Frost Brown Todd LLC