IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
J.B.D.L. Corp., d/b/a           )
Beckett Apothecary, et al.      )
                                )
            Plaintiffs,         )    Case No. 1:01-cv-704
                                )
    vs.                         )
                                )
Wyeth-Ayerst                    )
Laboratories, Inc., et al.,     )
                                )
            Defendants.         )
_____)
                                )
CVS Meridian, Inc. and Rite     )    Case No. 1:03-cv-781
Aid Corp.,                      )
            Plaintiffs,         )
                                )
    vs.                         )
                                )
Wyeth,                          )
                                )
            Defendant.          )
_____)
```

O R D E R

      This matter is before the Court on various objections to Magistrate Judge Hogan's Order (Doc. 112) concerning several discovery motions.  Plaintiffs CVS Meridian, Inc. ("CVS") and Rite Aid Corporation ("Rite Aid") object to those portions of the Order requiring them to produce documents about "speculative purchasing," and about their profits on Premarin and Cenestin sales.[1]  CVS and Rite Aid also object to the Order requiring them to produce their contracts with managed care organizations and

---

[1] CVS and Rite Aid opted out of the class certified in Case No. 01-704 and filed a separate suit against the Wyeth defendants (Case No. 03-781).  The CVS/Rite Aid suit is coordinated with No. 01-704, the lead direct purchaser complaint.

insurers that reflect reimbursement formulas for dispensing Premarin and similar products. (Doc. 115)

Defendants Wyeth and Wyeth Pharmaceuticals ("Wyeth") object to portions of the Order denying Wyeth's motion to compel the production of documents from, and quashing Wyeth's subpoenas to, absent class members Cardinal Health and AmerisourceBergen. (Doc. 114)

### Standard of Review

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, this Court may reverse a magistrate judge's ruling on a non-dispositive issue, such as a discovery request, only if it finds that the magistrate judge's ruling was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A magistrate judge enjoys broad discretion in resolving discovery disputes and determining the scope of allowable discovery. See Weeks v. Samsung Heavy Ind. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997); Hinsdale v. City of Liberal, 981 F.Supp. 1378, 1379 (D.Kan. 1997). A party seeking to overturn a magistrate judge's ruling on a discovery matter bears a heavy burden. Hudson v. General Dynamics Corp., 186 F.R.D. 271, 273 (D.Conn. 1999). Under this deferential standard, this Court will overturn a magistrate judge's decision only if it is left with a definite and firm conviction that a mistake has been made. Hinsdale, 981 F.Supp. at 1379; Hudson, 186 F.R.D. at 271.

Plaintiffs' Objections: CVS and Rite Aid first object to Magistrate Judge Hogan's Order requiring them to produce to Wyeth

documents concerning their "speculative purchases" of Premarin. The term "speculative purchase" refers to a large purchase or "stockpile" of a product, done in anticipation of manufacturer price increases.  This is apparently a common and well-known practice.  Wyeth contends that its list price increases were not caused by its rebate contracts with managed care organizations and pharmacy benefit managers (the contracts Plaintiffs allege violate the antitrust statute).  Wyeth argues that, given the realities of the pharmaceutical marketplace, its list prices would have increased "with or without" the challenged contracts, and that speculative purchasing data from Plaintiffs will assist Wyeth in proving its contention.  Plaintiffs argue that, under Hanover Shoe, Inc. v. United Shoe Mach. Corp., 392 U.S. 481 (1968), and Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977), this "downstream" sales information is not relevant to any antitrust defense, and thus is not discoverable.

    Magistrate Judge Hogan ordered CVS and Rite Aid to produce these documents, finding that such "downstream discovery" is permissible in antitrust cases in limited situations.  The information cannot be used to assert a "pass on" defense, or to argue about mitigation of antitrust damages.  In allowing this discovery, Magistrate Judge Hogan observed that "Wyeth wants to show that its own price setting was the result and not the cause of downstream speculative purchasing."

    The Court agrees with Magistrate Judge Hogan that, as a matter of law, this "downstream discovery" is not absolutely

prohibited in antitrust cases, as Plaintiffs suggest. See, e.g., In re Vitamins Antitrust Litigation, 198 F.R.D. 296, 299 (D.D.C. 2000). Magistrate Judge Hogan's Order in this regard is therefore not contrary to law. Nor is the Order clearly erroneous, as Magistrate Judge Hogan cogently explained the potential relevance of this information to Wyeth's defense.

CVS and Rite Aid next object to Magistrate Judge Hogan's Order requiring them to respond to Wyeth's Document Request No. 17, seeking profit information for sales of Premarin and Cenestin. CVS and Rite Aid argue that Request No. 17 is overly broad, even if discovery of their speculative purchases of Premarin is permitted. The Court disagrees. The plaintiffs in the "direct purchaser" cases, including CVS and Rite Aid, contend that Wyeth's rebate contracts limited Cenestin's availability in the marketplace. Magistrate Judge Hogan therefore correctly concluded that discovery of Plaintiffs' Cenestin transactions, including the information sought in Document Request No. 17, is proper.

Finally, CVS and Rite Aid object to Magistrate Judge Hogan's Order concerning Wyeth's Document Request No. 25, ordering CVS and Rite Aid to produce their contracts with managed care organizations and insurers containing reimbursement formulas for dispensing Premarin and Cenestin. CVS and Rite Aid claim that the contracts do not contain the specific reimbursement information that Wyeth wants, nor the specific information Wyeth believes is in the contracts. But CVS and Rite Aid admit the

contracts contain reimbursement formulas. It is clear that this information for Premarin and Cenestin is relevant to the issues in dispute between the parties. Magistrate Judge Hogan's Order compelling the production of these documents is not clearly erroneous nor contrary to law.

Plaintiffs CVS and Rite Aid's Objections to Magistrate Judge Hogan's Order are therefore OVERRULED.

<u>Wyeth's Objections</u>: Wyeth objects to the portion of Magistrate Judge Hogan's Order that denies Wyeth discovery of speculative purchasing information from absent class members. Wyeth served subpoenas on eight absent class members, but objects to the Order only as to Cardinal Health, Inc. and AmerisourceBergen Corporation. Wyeth contends that these two entities are national wholesalers that together make up almost half of the Premarin purchases of the entire class. Since Magistrate Judge Hogan ruled that speculative purchasing information can be discovered from CVS and Rite Aid, Wyeth argues it was clear error for the Magistrate Judge to bar Wyeth from discovering this information from these large but absent class members. Wyeth also asserts that two other absent class member wholesalers, McKesson Corporation and Quality King Distributors, Inc., both voluntarily complied with Wyeth's discovery requests.

Magistrate Judge Hogan noted that Wyeth sought this information not only to "corroborate" its claim that speculative purchases drove Wyeth's price increases, but also to discover whether or not these class members may have a conflict of

interest with the named plaintiff and the putative class representative, J.B.D.L. Corporation, a retail pharmacy. Magistrate Judge Hogan concluded that this challenge was precluded by this Court's decision certifying the direct purchaser class (Doc. 54), because this Court rejected Wyeth's conflict argument in granting the certification. Magistrate Judge Hogan also found that imposing Wyeth's discovery on the absent class members would be unduly burdensome and was not justified by Wyeth's stated purposes.

In granting class certification, this Court rejected Wyeth's argument that J.B.D.L. was not an adequate class representative because wholesaler class members engaged in large-scale speculative purchases of Premarin, from which they profited to a much larger extent than did J.B.D.L. After this Court's class certification order, the Eleventh Circuit decided Valley Drug v. Geneva Pharm., Inc., 350 F.3d 1181 (11th Cir. 2003), which de-certified a class of direct pharmaceutical purchasers, and held that the district court erred in denying "downstream discovery" when the evidence already before the court established antagonistic interests between the named plaintiffs and absent class members. (It was after Valley Drug was decided that Wyeth sought discovery of "downstream" information from the absent class members.)

Valley Drug involved a brand name manufacturer's contracts with generic competitors that allegedly stifled the introduction of the lower-priced generics into the market. The Eleventh

Circuit noted that three national wholesalers experienced a net economic benefit during the period the generics were kept out, due to their cost-plus sales mark-up on both branded and generic drugs. Moreover, the defendant submitted evidence that retailers could buy generics directly from their manufacturers, bypassing the wholesalers entirely (and thus reducing their profits) once a generic was available. These facts created the real threat of a fundamental economic conflict between the wholesalers and retailers. The Eleventh Circuit required the district court to permit "downstream" discovery to determine if these facts actually created a fundamental conflict precluding class certification.

Here, it is evident from the pleadings that speculative purchasing is not confined to the large wholesalers. Speculative purchasing apparently permits speculative profits no matter what the list price increase may be. The fact that an absent class member may have larger speculative profits than the named class representative does not immediately raise a specter of a fundamental class conflict. The Court also notes that AmerisourceBergen has submitted an affidavit specifically stating that it does not perceive any conflict between its interest and those of the Class Representatives, and has expressly authorized them to prosecute this action on its behalf. The Court is well aware of its duties under Rule 23(c)(1)(C) to refine or amend the class certification if the evidence presented to the Court should warrant that. But Rule 23(c)(1)(C) does not require the Court to

permit the extensive discovery that Wyeth is seeking.

The Manual for Complex Litigation cautions that post-certification discovery directed at absent class members should be conditioned upon a showing that it serves a legitimate purpose, and that the information cannot be obtained elsewhere. Magistrate Judge Hogan concluded that Wyeth's purpose - to corroborate the facts within Wyeth's knowledge that Wyeth claims explains its list price increases - did not justify the burden and expense of requiring Cardinal and AmerisourceBergen to respond to Wyeth's Document Requests 2-4, 6, 8, 9, 12, 13 and 17.

The Court is inclined to agree. Out of an abundance of caution, however, the Court has reviewed the document requests. They are indeed lengthy and quite broad, and preparing responses would impose a great burden on the absent class members (even though they are sophisticated corporations with ready access to legal counsel). Given the additional facts that (1) Wyeth is obtaining similar information from other plaintiffs (including CVS and Rite Aid) and (2) Wyeth asserts it is voluntarily obtaining similar information from two different wholesalers, the Court concludes that Magistrate Judge Hogan's Order denying Wyeth's motion to compel, and quashing Wyeth's subpoenas to the absent class members, is not contrary to law nor clearly erroneous. The Court therefore overrules Wyeth's objections.

DATED: November 4, 2004                s/Sandra S. Beckwith
                                       Sandra S. Beckwith, Chief Judge
                                       United States District Court