IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. Corp. d/b/a<br>BECKETT APOTHECARY, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>WYETH-AYERST LABORATORIES, INC.,<br>　et al.,<br><br>　　　　　　　Defendants. | Civil Action No. C-1-01-704<br><br>Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |
| CVS MERIDIAN, INC. AND RITE AID<br>CORP.,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>WYETH,<br><br>　　　　　　　Defendant. | Civil Action No. C-1-03-781<br><br>Judge Sandra S. Beckwith |

**RESPONSE OF DEFENDANT WYETH TO MOTION BY
PLAINTIFFS CVS MERIDIAN AND RITE AID
FOR CLARIFICATION OF THIS COURT'S DISCOVERY ORDER**

Eight months ago, after full briefing and oral argument, Magistrate Judge Hogan ordered plaintiffs CVS Meridian, Inc. and Rite Aid Corporation (collectively "plaintiffs") to produce documents in response to defendant Wyeth's longstanding discovery requests relating to plaintiffs' "speculative purchasing" practices. (Doc. Request Nos. 7, 8, 9, & 11.) Although no stay of discovery was granted, plaintiffs did not comply with the

Court's order. Three months ago, on November 4, 2004, Judge Beckwith upheld Magistrate Judge Hogan's order in its entirety. *See* Order of Magistrate Judge Hogan, dated June 7, 2004 (granting in part Wyeth's Motion to Compel the Production of Documents from CVS Meridian, Inc. and Rite Aid Corp.), *aff'd,* Order of Judge Beckwith, dated November 4, 2004 (overruling Plaintiffs CVS and Rite Aid's Objections to Magistrate Judge Hogan's Order) (collectively, "Court's Order").

To date, however, plaintiffs have failed to comply with this Court's Order. Instead of producing the documents that this Court ordered them to produce, plaintiffs seek further delay by contending that this Court's Order requires "clarification" – and by proposing a "clarification" that is actually a substantive modification of the Court's Order. In essence, plaintiffs' "motion for clarification" is an untimely motion for reconsideration. In fact, no clarification of the Court's Order is required, and the instant motion is part of plaintiffs' continuing effort to avoid producing documents that are critical to Wyeth's defense in this action. Plaintiffs should not be permitted to re-litigate the decision of this Court to compel discovery of speculative purchasing documents. Wyeth has patiently awaited the documents that plaintiffs were required to produce, but to no avail.

Given plaintiffs' unwillingness to comply with this Court's Order over the months since the Order was issued and affirmed, it is not sufficient for this Court merely to deny their motion for "clarification." Justice requires that a firm date be set for plaintiffs to comply with the Court's Order in full. Accordingly, Wyeth respectfully requests this Court to deny plaintiffs' motion for "clarification" and to order plaintiffs to comply in

full with the Court's Orders of June 7, 2004 and November 4, 2004 within seven (7) days.

## ARGUMENT

I.   <u>Plaintiffs' Motion is Both Inappropriate and Untimely</u>

Plaintiffs filed this motion nearly eight months after Magistrate Judge Hogan issued a ruling on the discovery requests at issue, and three months after Judge Beckwith upheld that ruling.  Over the course of the past three months there have been numerous discussions between Wyeth and plaintiffs, as Wyeth has strived to obtain compliance by plaintiffs with this Court's Order. At no time did plaintiffs ever suggest to Wyeth that they believed the Court's Order regarding speculative purchasing documents was unclear, or that any ambiguities in the Order precluded them from producing responsive speculative purchasing documents.  Plaintiffs never once raised with Wyeth the need for "clarification" of the Court's Order.  By filing this motion, therefore, plaintiffs have violated Local Rule 37.1, which states in pertinent part that "motions . . . relating to discovery *shall not be filed in this Court . . . unless counsel have first exhausted among themselves all extrajudicial means of resolving the differences*." (emphasis added). Plaintiffs' motion should be denied based on their inexcusable violation of the rules of this Court, as well as their unjustified delay in seeking the requested relief.

More importantly, plaintiffs' motion is simply one more effort to delay their compliance with this Court's Order.  Such delaying tactics should not be countenanced. Wyeth has repeatedly demanded the production of the documents subject to the Court's Order.  After providing a mere handful of relevant documents in January, plaintiffs have failed to comply.  Moreover, plaintiffs' delay has been prejudicial to Wyeth's defense of

this action, as Wyeth has been forced to submit both its expert reports and its summary judgment motion without the benefit of this important discovery. In addition, as a result of plaintiffs' failure to provide the Court-ordered discovery, Wyeth has been unable to take depositions of plaintiffs, which have been postponed pending completion of the document production. The Court has set an August 1, 2005 trial date, and Wyeth has been thwarted in its effort to complete crucial fact discovery against these named plaintiffs.

The time has come to put a stop to plaintiffs' delay. This Court should deny their untimely and unfounded request for "clarification," and order plaintiffs to produce *all* documents covered by the Court's Order within seven (7) days. If plaintiffs fail to produce these documents within the time set by this Court, Wyeth reserves the right to seek appropriate sanctions against plaintiffs.

II.     There is No Need For Clarification of the Court's Order

Even if plaintiffs' motion were timely, there is no need for any "clarification" of this Court's Order. As indicated in plaintiffs' motion, the discovery requests at issue seek documents relating to plaintiffs' speculative purchasing activities with respect to Premarin and other pharmaceutical products. Plaintiffs claim that the Court was "silent as to whether the production should be limited to documents that relate to Premarin," or whether Plaintiffs are required to produce documents relating to other pharmaceutical products. Acknowledging the obvious – that Wyeth's requests call for responsive documents that are not strictly limited to Premarin – plaintiffs nevertheless contend that clarification is required because the "Court did not specifically address this point."

Plaintiffs' argument is baseless. This Court carefully considered the arguments for and against compelling production of documents sought by Wyeth. The Court ordered production in response to some requests and limited or denied production in response to other requests. With respect to the requests at issue here, the Court clearly ordered plaintiffs to produce *all* documents responsive to these requests. *See* Order of Magistrate Judge Hogan dated June 7, 2004, at 7 ("CVS and Rite Aid shall respond to Wyeth's Document Requests Nos. 7-9, 11"); Order of Judge Beckwith dated November 4, 2004 (overruling plaintiffs' objections to Magistrate Judge Hogan's Order). Had the Court wished to limit the scope of the production, or to order that plaintiffs merely provide a "partial" response to these requests, it would have done so. But it did not. This Court ordered plaintiffs to comply with the discovery requests as issued by Wyeth. There is nothing ambiguous about this Court's Order, and nothing that needs "clarification." The motion by plaintiffs for "clarification" serves no purpose other than to delay further their compliance with this Court's Order. Yet each additional day of delay prejudices Wyeth's ability to defend this case.

III.   Plaintiffs Exaggerate the Scope of Wyeth's Requests

Plaintiffs originally opposed responding to Wyeth's discovery requests by arguing, *inter alia*, that it would be unduly burdensome for them to produce documents responsive to Wyeth's requests. This Court rejected plaintiffs' efforts to avoid discovery. Nevertheless, plaintiffs now come back to this Court and complain that the document

5

requests at issue require the production of information for "possibly tens of thousands of additional non-Wyeth products marketed by a thousand manufacturers."[1]

Plaintiffs failed to raise this concern with Wyeth at any time in the eight months since the issuance of this Court's Order. Had plaintiffs taken the time to discuss their concern with Wyeth months ago, Wyeth might well have been amenable to discussing ways to enable plaintiffs to produce promptly the documents that were most important to Wyeth. But plaintiffs never sought to engage in such a dialogue with Wyeth, and the relief they now seek from this Court would allow them to avoid producing documents that are clearly relevant to this action.

Specifically, plaintiffs are asking this Court to allow them to refuse to produce any documents responsive to Requests 7, 8, 9, or 11 unless those documents specifically relate to Premarin. Such a limitation is a trap. It would enable plaintiffs to withhold relevant documents (i) that generally discuss their speculative purchasing practices or policies, or (ii) that relate to speculative purchasing of a variety of pharmaceutical products, without identifying the specific products, or (iii) that relate to estrogen or hormone therapy products that compete with Premarin. Such documents are unquestionably relevant; they are important to Wyeth's defense; they are plainly within the scope of this Court's Order; and they should have been produced by plaintiffs long ago. There is no basis whatsoever for allowing plaintiffs to withhold such highly relevant and responsive documents.

---

[1] Notably, plaintiffs make no argument in their motion that this production would be unduly burdensome. To the contrary, plaintiffs had earlier told Wyeth that they had no responsive documents.

6

IV. <u>Plaintiffs' Purported Concerns Regarding Confidentiality are Baseless</u>

Plaintiffs' argument that speculative purchasing discovery should not be allowed for products other than Premarin based on the "highly sensitive" nature of the information sought is a red herring. As plaintiffs know well, a stipulated protective order was put in place long ago in this litigation to safeguard the confidentiality of documents produced in discovery. Since that time, highly confidential materials have been routinely exchanged between the parties without incident.

V. <u>Plaintiffs Should Be Required to Comply with the Court's Order in Full</u>

Plaintiffs' refusal to comply fully with this Court's Order is inexcusable. Moreover, that refusal extends beyond the "speculative purchasing" documents at issue in this motion. In addition to failing to produce all the "speculative purchasing" documents that the Court ordered produced under Document Requests 7, 8, 9 & 11, plaintiffs have also failed to date to comply with this Court's requirement that it produce a "statistically valid sample" of data reflecting individual transactions with consumers. *See* June 7, 2004 Order at 8.[2]

Wyeth has tried hard to accommodate plaintiffs' request for specificity as to what constitutes a "statistically valid sample" of data that would comply with the Court's Order. For example, Wyeth proposed a method of sampling that was limited to stores in fifteen states, during a portion of the time period at issue in the suit.[3] The sample that

---

[2] Judge Hogan's Order required that plaintiffs' produce a "statistically valid sample" of information described in Document Requests 26, 27 and 29 to CVS (which correspond to Document Requests 27, 28 and 30 to Rite Aid). *See* June 7, 2004 Order at 8.

[3] Wyeth requested data from CVS stores in 10 of the 38 states in which it operates and from 10 of the 28 states in which Rite Aid operates. After some discussion regarding the
Footnote continued on next page

Wyeth proposed was one that its experts believed would be statistically valid. Plaintiffs refused to accept the statistically valid sample proposed by Wyeth, and instead arbitrarily said that it would produce a "sample" of data limited to CVS stores in five states and Rite Aid stores in four states, for an arbitrary time period.[4] When Wyeth asked plaintiffs to affirm that their "sample" would constitute a "statistically valid sample" as required in this Court's Order, plaintiffs refused. *See* Exhibit A, attached hereto.

In short, plaintiffs have (1) refused to produce documents constituting a "statistically valid sample" proposed by Wyeth, yet at the same time (2) offered to produce a far more limited sample that they refuse to confirm to be "statistically valid." Plaintiffs should be ordered to comply with this portion of the Court's Order as well. If plaintiffs persist in rejecting the valid sample proposed by Wyeth, they should be ordered to produce a sample that they certify to be "statistically valid." In either case, they should be ordered to produce these documents within seven (7) days, as well.

## CONCLUSION

This Court ordered plaintiffs to produce discovery to Wyeth many months ago. Plaintiffs have still not complied with the Court's Order. Plaintiffs' motion for "clarification" is baseless. The motion should be denied, and plaintiffs should be ordered to comply in full with the Court's June 7, 2004 Order (as affirmed by Judge Beckwith on November 4, 2004) within seven (7) days.

---

Footnote continued from previous page
appropriate time period, Wyeth agreed to accept data from specified portions of 46 months during the relevant period. Plaintiffs refused to accept Wyeth's proposal.

[4] CVS stated that it would limit its production to data for the first week of February, May, August and November from 1999 to 2004, and Rite Aid said it would limit its production to these four weeks from 2002 to 2004 – thereby ignoring data for 3 years of the time period at issue in this case.

8

Respectfully submitted,

s/*Grant S. Cowan*
Grant S. Cowan   (0029667)
**FROST BROWN TODD LLC**
2200 PNC Center
201 E. Fifth Street
Cincinnati, Ohio  45202-4182

Douglas L. Wald
David S. Eggert
**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, D.C.  20004-1206
(202) 942-5000

Dan K. Webb
W. Gordon Dobie
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois  60601-9703
(312) 558-5600

Trial Attorneys for Defendants

Dated:  February 10, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response to Motion by Plaintiffs CVS Meridian and Rite Aid for Clarification of this Court's Discovery Order has been served electronically on all Counsel of Record with CM/ECF Registration on this 10th day of February, 2005, and by regular U.S. mail, postage prepaid upon the following:

Eliot Long, Esq.
**BUCHANAN INGERSOLL**
1835 Market Street, 14th Floor
Philadelphia, PA 19103-2985

s/*Grant S. Cowan*_____
Grant S. Cowan, Esq.
Frost Brown Todd LLC