UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| J.B.D.L. Corp. d/b/a<br>BECKETT APOTHECARY, et al.<br>　　　　Plaintiffs,<br><br>　　v.<br><br>WYETH<br>　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. C-1-01-704<br><br><br>Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |
| CVS MERIDIAN, INC. and<br>RITE AID CORPORATION,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>WYETH<br>　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. C-1-03-781<br><br><br>Judge Sandra S. Beckwith |

PLAINTIFFS CVS MERIDIAN, INC. AND RITE AID CORPORATION'S
REPLY MEMORANDUM IN FURTHER SUPPORT OF
MOTION FOR CLARIFICATION OF NOVEMBER 4, 2004 ORDER

The only issue before the Court on this motion is whether the Court intended its November 4, 2004 Order to require the production of highly sensitive speculative purchasing information that is concededly irrelevant. In its brief, Wyeth does not even attempt to dispute that speculative purchasing information relating to drugs other than Premarin and possibly a handful of "competing products" is irrelevant. Nor does Wyeth attempt to dispute that this

information is highly sensitive. Instead Wyeth argues that the Court's silence on this issue must have been deliberate and, even if it was not, Plaintiffs nevertheless should be required to produce this information on the thousands of other products they purchase because this motion was filed in January, not November. Neither of these arguments holds water.

### I. The November Order is Ambiguous.

As demonstrated in our opening brief, an ambiguity does exist in the Court's November Order. *See* Plaintiffs CVS Meridian, Inc. and Rite Aid Corporation's Memorandum in Support of Motion for Clarification of November 4, 2004 Order ("Opening Br.") at 3-5. The Court was silent on the issue of whether it intended to require the production of speculative purchasing information for every product Plaintiffs purchase. Given limitations found elsewhere in the relevant orders, however, it would make no sense not to limit the production here. While Wyeth assumes that the Court's silence was deliberate, given the nature of the documents at issue, Plaintiffs cannot simply assume that to be the case.[1]

### II. This Motion is Timely and Appropriate.

#### A. Local Rule 37.1 Does Not Apply.

This motion does not seek to resolve a discovery dispute. At issue here is the intended scope of a Court order, not a dispute between the parties. The only entity that can resolve ambiguities regarding that intended scope is this Court – not Wyeth and not the Plaintiffs. Local Rule 37.1 applies only to discovery disputes between parties. Since this is not such a dispute, Local Rule 37.1 does not apply here.

---

[1] Wyeth's argument that the presence of a protective order should alleviate Plaintiffs' concerns is a red herring. *See* Response of Defendant Wyeth to Motion By Plaintiffs CVS Meridian and Rite Aid for Clarification of This Court's Discovery Order at 7. The protective order was entered so that relevant information could be produced even if it is highly sensitive. It was not entered to provide an excuse for producing highly sensitive information that is irrelevant.

2

### B. Plaintiffs Did Not Delay in Filing this Motion.

Plaintiffs have not been sitting on their hands for three months, ignoring the Court's Order, as Wyeth suggests.[2] The November Order required the production of a broad range of documents and data. Plaintiffs have made substantial progress in complying with that Order. Boxes of documents have been produced. Negotiations with Wyeth on the scope of the sampling of sales data have been ongoing. And all of Plaintiffs' managed care contracts have been made available to Wyeth for review.

In the midst of this activity, Plaintiffs also began gathering the speculative purchasing documents. As we became immersed in that process, we realized that the Order, as written, might unintentionally call for the production of much highly sensitive information that is completely irrelevant. As we went back and re-reviewed the Order, it simply did not make sense that the Court would require the production of documents relating to all drugs here when it limited the production on core issues elsewhere. Rather than guess as to the meaning of the November Order, Plaintiffs decided to seek clarification by filing this motion. Plaintiffs filed this motion as soon as it became clear that clarification was necessary.

### C. Any Delay Did Not Impact the Overall Course of Discovery.

Even if there were some delay in seeking this clarification, it did not impede the overall course of discovery in this case. Wyeth has insisted that the remaining depositions of plaintiffs should not be taken until all documents are produced. And Wyeth is causing the delay as to at least a portion of the requested documents.

---

[2] Throughout its brief, Wyeth refers to an eight month delay. This is completely misleading. While Magistrate Judge Hogan entered an order in June 2004, Plaintiffs filed objections to that ruling and sought a stay pending a ruling on those objections. Having done so, it was entirely appropriate for Plaintiffs to wait until November, when the Court ruled on the objections, to begin collecting documents.

3

Recognizing the burden associated with producing transactional sales data, the Court ordered that Plaintiffs' production should be limited to a statistically valid sample. Only Wyeth can determine what sample is statistically valid because only Wyeth knows all of the purposes for which this data will be used. In December, Wyeth first proposed the parameters for a sample; Wyeth sought data showing every Premarin and Cenestin sale made in 46 months of a 60 month time period by any of Plaintiffs' stores that fell within over one-third of the states in which they do business. Explaining that this was much more than a sampling of data, Plaintiffs invited negotiations with Wyeth to narrow the temporal and geographic scope of the production. While some progress has been made as to the geographic scope, Wyeth has refused to propose any narrower time period.[3]

Plaintiffs stand ready to produce the ordered statistical sample of sales data. Wyeth's refusal to propose a reasonable sampling has prevented that from happening. Under Wyeth's own mandate, no depositions can go forward until that data is produced. Wyeth's unreasonable demands have prevented that production. Since Wyeth's own actions already delayed the depositions, any delay in producing speculative purchasing documents has not impacted the overall course of discovery.

### III. Plaintiffs Are Not Seeking to Withhold Relevant Documents.

Wyeth's claim that Plaintiffs are using this motion to try to withhold relevant documents is completely without merit. Plaintiffs recognize that speculative purchasing documents, as a general matter, have been ruled to be relevant discovery. Plaintiffs are not

---

[3] The scope of the ordered statistical sample is not the subject of this motion. As such, Plaintiffs provide herein only a limited discussion of this issue. If the Court would like to offer guidance on this issue, Plaintiffs respectfully request an opportunity to submit a short memoranda discussing, among other things, issues such as the importance of limiting the production to active data (as opposed to archived data) in Plaintiffs' computer system in order to reduce the burden associated with this production.

4

trying to relitigate that issue here. Nor are Plaintiffs attempting to find a way to withhold any relevant documents. To the contrary, Plaintiffs are attempting to make sure that all documents this Court intended be produced get produced. That is the purpose of this motion -- to clarify whether the Court intended Plaintiffs to produce speculative purchasing documents that relate to products other than Premarin.

## CONCLUSION

For the foregoing reasons and for the reasons set for in Plaintiffs' Opening Brief, Plaintiffs Rite Aid Corporation and CVS Meridian, Inc. respectfully request that the Court clarify its November 4, 2004 Order to indicate that Plaintiffs shall respond to Wyeth Document Request Nos. 7, 8, 9 and 11 with material limited to Premarin.

Steve D. Shadowen, I.D. No. 41953
Gordon A. Einhorn, I.D. No. 59006
Monica L. Rebuck I.D. No. 78225
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street, Suite 700
Harrisburg, PA 17101
(717) 364-1004
(717) 364-1020 – facsimile

W.B. Markovits (0018514)
MARKOVITS & GRIEWE, CO. L.P.A.
119 E. Court Street
Cincinnati, OH 45202
(513) 977-4774

*Attorneys for Plaintiffs CVS Meridian, Inc. and Rite Aid Corporation*

Dated: February 22, 2005

## **CERTIFICATE OF SERVICE**

        I hereby certify that a copy of the document has been electronically served on all parties with CM/ECF Registration on this 22nd day of February, 2005 and by regular U.S. mail, postage prepaid upon the following:

| | |
|---|---|
| Eliot Long<br>BUCHANON INGERSOLL<br>1835 Market Street, 14th Floor<br>Philadelphia, PA 19103-2985<br>Facsimile: 215 665-8760 | |

_____
Gordon A. Einhorn