IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| J.B.D.L. Corp., d/b/a Beckett Apothecary, et al. | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:01-cv-704 |
| vs. | ) ) | |
| Wyeth-Ayerst Laboratories, Inc., et al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| CVS Meridian, Inc. and Rite Aid Corp., | ) ) ) | Case No. 1:03-cv-781 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| Wyeth, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

O R D E R

    This matter is before the Court on the motion of CVS Meridian, Inc. and Rite Aid Corporation for "Clarification of this Court's November 4, 2004 Order" (Doc. 139). Defendant Wyeth has responded (Doc. 146) and the movants have replied (Doc. 148).

    The November 4, 2004 Order in question (Doc. 131) disposed of various objections to the order of Magistrate Judge Hogan (Doc. 112) concerning several discovery issues. One of those issues involved the production, sought by Wyeth, of what the parties call "speculative purchasing" information. Magistrate Judge Hogan found that Wyeth's request for production of

1

"speculative purchasing" information was permissible and overruled several objections from CVS and Rite Aid. Magistrate Judge Hogan's Order required CVS and Rite Aid to respond to Wyeth's Document Requests Nos. 7-9, 11, 17 and 18. (Doc. 112, at p. 7)

CVS and Rite Aid filed timely objections to that order (Doc. 115). In those objections, CVS and Rite Aid expressly stated their understanding that Magistrate Judge Hogan's order required them "to produce documents relating to speculative purchasing of pharmaceutical products (**including** Premarin and Cenestin). . ." (emphasis added). CVS and Rite Aid also specifically asked this Court to limit the production of those documents to Premarin only. Thus, it is beyond argument that CVS and Rite Aid were well aware that Judge Hogan's Order required the production of documents concerning "pharmaceutical sales" and was not limited to Premarin purchases.

This Court's November 4, 2004 Order overruled the objections filed by CVS and Rite Aid, including their request to limit the discovery to documents concerning Premarin. It is evident that the reasons Wyeth sought discovery of this information, and promulgated the requests for documents, go beyond the plaintiffs' purchases of Premarin.

Thus, it appears to the Court that no "clarification" of the Order is required. In reality, CVS and Rite Aid raise additional arguments against the production of the information, arguments that are untimely.

The Motion for "Clarification" is therefore denied.

DATED: February 28, 2005         <u>s/Sandra S. Beckwith</u>
                                 Sandra S. Beckwith, Chief Judge
                                  United States District Court