Westlaw.

Not Reported in F.Supp.2d
2000 WL 33654070 (W.D.Mich.), 46 Fed.R.Serv.3d 201
(Cite as: 2000 WL 33654070 (W.D.Mich.))

Page 1

▷

**Motions, Pleadings and Filings**

United States District Court, W.D. Michigan.
In re JACKSON NATIONAL LIFE INSURANCE
COMPANY PREMIUM LITIGATION
No. 96-MD-1122.

Feb. 8, 2000.

Feldman, Joel, Sachnoff & Weaver, Ltd., Chicago, IL.

Hubbard, Stephen L., Hubbard & Biederman, LLP, Dallas, TX.

Susman, Arthur T., Susman, Buehler & Watkins, Chicago, IL.

Weiss, Melvyn I., Milberg Weiss Bershad Hynes & Lerach, LLP, New York, NY.

Edelman, Daniel A., Edelman & Combs, Chicago, IL.

Trizna, Robert J., Trizna & Lepri, Chicago, IL.

Bockelman, Jr., C. William, O'Neill & Bockelman, P.C., Lake Forest, IL.

Misko, Fred Jr., Law Office of Fred Misko, Jr., Dallas, TX.

Caldwell, G. Wade, Martin, Drought & Torres, San Antonio, TX.

Phillips, Richard, Smith, Phillips, Mitchell, Scott & Rutherford, Batesville, MS.

DeYoung, Edwin, Liddell, Sapp, Zivley, Hill & LaBoon, LLP, Dallas, TX.

Miller, Marvin Alan, Miller, Faucher, Cafferty & Wexler, Chicago, IL.

Friedman, Andrew S., Bonnett, Faibourn, Friedman & Balint, Phoenix, AZ.

Finkelstein, Howard D., Finkelstein & Krinsk, San Diego, CA.

MEMORANDUM OPINION AND ORDER
AFFIRMING MAGISTRATE JUDGE'S ORDER
PRECLUDING
EXPERT WITNESS TESTIMONY

MCKEAGUE, District J.

*1 On September 29, 1999, Magistrate Judge Joseph G. Scoville issued an order precluding testimony by plaintiffs' expert Philip J. Bieluch. Plaintiffs have appealed the ruling.

Magistrate Judge Scoville's ruling is premised upon three findings. First, he found that plaintiffs violated Fed.R.Civ.P. 26(a)(2)(B) by providing defendant with an expert witness report that had not actually been "prepared" by the witness, Philip Bieluch. Second, he found that Mr. Bieluch testified untruthfully in his deposition concerning the authorship of the language of the report and that plaintiffs' counsel unjustifiably impeded defendant's counsel's search for the truth of the matter. Third, he concluded plaintiffs had failed to show their violation of Rule 26(a)(2) was harmless.

The magistrate judge's ruling on a nondispositive matter will be affirmed unless it is shown to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Factual findings are reviewed for clear error, while conclusions of law are reviewed de novo. *United States v. Navarro-Camacho,* 186 F.3d 701, 705 (6th Cir.1999). In reviewing the factual findings, the evidence must be considered in the light most likely to support the magistrate judge's decision. *Id.* "A factual finding will only be clearly erroneous when, although there may be evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.*

Applying this standard of review after duly considering the parties' briefs and exhibits, oral arguments of counsel, and the record of proceedings before Magistrate Judge Scoville, including the transcript of his thorough bench ruling, the Court finds no error in his factual findings. The record clearly supports the finding that the language of Mr. Bieluch's report, including the formulation of his opinions, was not prepared by him, but was provided to him by plaintiffs' counsel. Granted, Rule 26(a)(2)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:01-cv-00704-SSB-TSH   Document 168-12   Filed 05/13/2005   Page 2 of 2

Not Reported in F.Supp.2d                                                                                               Page 2
2000 WL 33654070 (W.D.Mich.), 46 Fed.R.Serv.3d 201
(Cite as: 2000 WL 33654070 (W.D.Mich.))

contemplates some assistance of counsel in the preparation of an expert's report. See *Marek v. Moore,* 171 F.R.D. 298 (D.Kan.1997). However, undeniable substantial similarities between Mr. Bieluch's report and the report of another expert prepared with assistance from the same counsel in an unrelated case, demonstrate that counsel's participation so exceeded the bounds of legitimate "assistance" as to negate the possibility that Mr. Bieluch actually prepared his own report within the meaning of Rule 26(a)(2). Plaintiffs' failure to furnish defendant with a report prepared by Mr. Bieluch constitutes a violation of Rule 26(a)(2). See *Indiana Ins. Co. v. Hussey Seating Co.,* 176 F.R.D. 291, 293-94 (S.D.Ind.1997) (Rule 26 held violated where portions of report were drafted by counsel and expert's report was not "written in a manner that reflected the testimony specifically to be given by him and embraced by him.")

The Court also concurs with the magistrate judge's finding that Mr. Bieluch testified untruthfully in his deposition. Plaintiff's counsel's attempts to assign arguably truthful meaning to Mr. Bieluch's testimony are not persuasive. Mr. Bieluch, with advice of counsel, clearly gave incomplete and misleading answers to legitimate questions concerning the authorship of his report.

*2 Magistrate Judge Scoville further concluded that plaintiffs' violation of Rule 26(a)(2) warranted exclusion of Mr. Bieluch's testimony pursuant to Fed.R.Civ.P. 37(c)(1) unless plaintiffs were able to show their violation was harmless. Finding that plaintiffs had not carried this burden, he imposed the exclusionary sanction. Plaintiffs object, contending defendant suffered no prejudice as a result of counsel's participation in the preparation of Mr. Bieluch's report. Since Mr. Bieluch was made available for deposition, plaintiffs contend, defendant was able to avoid any harm that might flow from the supposed Rule 26(a)(2) violation.

Again, the Court cannot find the magistrate judge clearly erred in finding the violation had not been shown to be harmless. In *Indiana Ins. Co.,* Rule 26(a)(2) was found to have been "technically" violated in that the expert's report had not been signed by the expert and included, in addition to the expert's own opinions, portions that were prepared by counsel. The violation was deemed harmless, however, because the report did contain portions actually prepared by the expert and because the expert, in deposition, frankly explained what portions of the report were his.

Here, in contrast, the Court is presented with something more than a mere "technical violation." First, it has been established that the language of Mr. Bieluch's report was originally prepared by plaintiffs' counsel. The report does not contain a statement of Mr. Bieluch's opinions in his own words. Moreover, Mr. Bieluch's deposition, rather than affording opportunity to remedy any prejudice, actually compounded the violation. When confronted with questions about the report's authorship, Mr. Bieluch gave misleading and evasive answers. It is this conduct by Mr. Bieluch, and plaintiffs' counsel, in the deposition, reflecting a cavalier or stubborn disregard for the Rules of Civil Procedure and the integrity of the judicial process which, in the Court's opinion, justifies the sanction imposed. The magistrate judge did not abuse his discretion in ordering Mr. Bieluch's testimony excluded.

Accordingly, plaintiffs' appeal is DENIED and the order precluding expert witness testimony is AFFIRMED.

IT IS SO ORDERED.

2000 WL 33654070 (W.D.Mich.), 46 Fed.R.Serv.3d 201

**Motions, Pleadings and Filings (Back to top)**

• 5:96MD01122 (Docket) (Aug. 06, 1996)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.