# EXHIBIT 8

Arnold & Porter Library - DC
10073774

1647
A11p
1996

# PROVING ANTITRUST DAMAGES

## Legal and Economic Issues

Section of Antitrust Law
American Bar Association

ANTITRUST PRACTICE GUIDE

persuasiveness of the reasoning and quantitative techniques that the plaintiff offers.

Plaintiffs typically rely on expert testimony to prove damages. The expert's opinion must be based on more than a general knowledge of the industry.[17] To establish an evidentiary foundation, the plaintiff must normally show that something very like the plaintiff's but for scenario has actually happened before and could have occurred again during the damage period if the defendant had not acted illegally:

> [T]he courts are not strict about the kind of foundations or theories which are employed so long as [the foundation] is credible and substantial; nevertheless some such foundation must be shown. It will not be rejected *where there is some prior experience with which to make a comparison.* With such evidentiary foundation there can be a projection; where, on the other hand, the profits are mere possibilities and are too far removed from reality, they must be held unacceptable.[18]

The most common evidentiary foundation is the plaintiff's own experience in a period before (or after) the illegal conduct affected the market–the so-called "before and after method." If the plaintiff was more successful under comparable conditions in the prior period, one may infer that it would have continued to do as well but for the defendant's illegal actions.[19] If the use of the plaintiff's experience in a prior period in the same market is impractical, courts may accept the experience of a comparable "yardstick" firm in a comparable market. The yardstick method poses more challenges than the before-and-after method, because

---

[17]  *McGlinchy*, 845 F.2d at 807 (rejecting plaintiff's "expert" projection of costs based on "experience plus inflation").

[18]  Webb v. Utah Tour Brokers Ass'n, 568 F.2d 670, 678 (10th Cir. 1977) (emphasis added).

[19]  The principal Supreme Court cases are *Bigelow*, 327 U.S. at 266; *Story Parchment*, 282 U.S. at 561-62; Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 378-79 (1927).